Jason Schultz (SBN 212600)
*jason@eff.org*
Corynne McSherry (SBN 221504)
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x106
Facsimile: (202) 707-9066

Attorneys for Plaintiff
STEPHANIE LENZ

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHANIE LENZ, | No. C 07-03783-MEJ |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | (Jury Trial Demanded) |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., | |
| and | |
| UNIVERSAL MUSIC PUBLISHING GROUP, | |
| Defendants. | |

1.    This is a civil action seeking injunctive relief and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA"), intentional interference with contract, and declaratory relief.

2.    This case arises from an improper legal claim of copyright infringement against a

mother who made a short video recording of her children playing and dancing, which she later made available to her family and friends on the popular Internet video website YouTube. The threat successfully compelled YouTube to remove Plaintiff's original video from public access.

## PARTIES

3.    Plaintiff Stephanie Lenz ("Lenz") is an individual residing in Gallitzin, Pennsylvania.

4.    On information and belief, Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Music Publishing Group (collectively, "Universal" or "Defendants") are business entities and/or corporations that each maintain a principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this claim pursuant to the Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act (28 U.S.C. § 2291). This Court has supplemental subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a) in that the state law claim arises from the same case or controversy and transaction or occurrence as the federal law claims arise.

6.    Plaintiff is informed, believes and thereon alleges that Defendants have sufficient contacts with this district generally and, in particular, with the events herein alleged, that they are subject to the exercise of jurisdiction of this Court.

## VENUE AND INTRADISTRICT ASSIGNMENT

7.    Venue is proper in this district under 28 U.S.C. § 1391.

8.    Assignment to the San Jose division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division.

## FACTUAL ALLEGATIONS

9.    YouTube is a video-sharing website where millions of Internet users post videos to make them available to others for viewing. These videos range from traditional home recordings of personal events to news reports, advertisements, and television programs. YouTube's website is available at the web address www.youtube.com.

10.    On information and belief, Defendants are music publishing companies. On information and belief, Defendants own or administer the copyrights in music written and performed by the artist Prince, including the song "Let's Go Crazy."

11.    Plaintiff Stephanie Lenz is a mother, wife, writer and editor.  She and her husband have two children, three-year-old Zoe and eighteen-month-old Holden.

12.    On or about February 7, 2007, Lenz's children were playing in the family's kitchen when Holden began dancing to the Prince song "Let's Go Crazy," which Zoe and Holden had recently heard on television during the Super Bowl halftime show.  Lenz used her digital camera to create a 29-second video recording of the children's activities, which consisted primarily of Holden's dance performance.  Lenz later transferred the recording onto her computer and saved it as a video computer file (hereafter "Holden Dance Video").

13.    On or about February 8, 2007, Lenz uploaded the Holden Dance Video from her computer to the YouTube website for her family and friends to enjoy.  The video was publicly available at the Internet address <http://www.youtube.com/watch?v=N1KfJHFWlhQ>.

14.    On information and belief, on or about June 4, 2007, Defendants, through their representative, demanded that YouTube remove the Holden Dance Video from the YouTube website because the video allegedly infringed a copyright owned or administered by Defendants.  By authorizing the demand, Defendants affirmed under penalty of perjury that their notice of infringement was accurate and that they were authorized to make the infringement claim arising from the Prince song "Let's Go Crazy."

15.    On June 6, 2007, YouTube sent Lenz an email notifying her that it had removed the Holden Dance Video pursuant to Universal's notification that the material infringed their copyright.  The email also warned Lenz that repeated incidents of copyright infringement could lead to the deletion of her YouTube account and all videos uploaded to the account.

16.    Lenz sent YouTube a counter-notification on June 27, 2007, demanding that her video be reposted because it does not infringe Universal's copyright in any way.  Regardless, the Holden Dance Video has remained unavailable on YouTube for more than six weeks.

1

## COUNT I: 17 U.S.C. § 512(F) MISREPRESENTATION

2      17.    Plaintiff repeats and incorporates herein by reference the allegations in the preceding

3  paragraphs of this complaint.

4      18.    On information and belief, the Holden Dance Video does not infringe any copyright

5  owned or administered by Defendants because Lenz's use of the Prince song "Let's Go Crazy" is a

6  self-evident non-infringing fair use under 17 U.S.C. § 107.

7      19.    On information and belief, Defendants knew or should have known that the Holden

8  Dance Video did not infringe any Universal copyrights on the date they sent YouTube their

9  complaint under the DMCA.

10      20.    Accordingly, Defendants violated 17 U.S.C. § 512(f) by knowingly materially

11  misrepresenting that Holden Dance Video infringed Universal's copyright.

12      21.    As a direct and proximate result of Defendants' actions, Plaintiff has been injured

13  substantially and irreparably.  Such injury includes, but is not limited to, the financial and personal

14  expenses associated with responding to the complaint and harm to her free speech rights under the

15  First Amendment.

16

## COUNT II: INTERFERENCE WITH CONTRACT

17      22.    Plaintiff repeats and incorporates herein by reference the allegations in the

18  preceding paragraphs of this complaint.

19      23.    From February 2007 to June 2007, Lenz contracted with YouTube for the hosting of

20  the Holden Dance Video pursuant to YouTube's Terms of Use.

21      24.    On information and belief, Defendants knew of the contractual relationship between

22  Lenz and YouTube.

23      25.    On information and belief, Defendants' notice to YouTube was intended to cause

24  YouTube to terminate, interfere with, interrupt, or otherwise limit Lenz's contractual rights with

25  YouTube under the Terms of Service by misrepresenting that the posting of the Holden Dance

26  Video infringed Universal's copyrights.

27      26.    Defendants' actions did disrupt Lenz's contract with YouTube for hosting the

28  Holden Dance Video.  As a result of these actions, the video was unavailable on YouTube for more

than six weeks.

27.    As a direct and proximate result of Defendants' actions, Lenz has been injured substantially and irreparably.  Such injuries include, but are not limited to, the harm to her free speech rights under the First Amendment.

### COUNT III: DECLARATORY RELIEF OF NON-INFRINGEMENT

28.    Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this complaint.

29.    There is a real and actual controversy between Plaintiff and Defendants regarding whether the Holden Dance Video constitutes infringement of a copyright lawfully owned or administered by Defendants.

30.    Plaintiff contends that posting of her footage was and is lawful, consistent with the Copyright Act of the United States of America, including those laws prohibiting direct, contributory or vicarious infringement, laws protecting fair use and the First Amendment to the United States Constitution, and judicial decisions construing such laws, doctrines, and provisions.

31.    Wherefore, Plaintiff requests that the Court determine and adjudge that each and every one of the above-stated propositions states the law applicable to the facts involved in this action.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

1.    A declaratory judgment that the Holden Dance Video posted by Plaintiff does not infringe any copyright owned or administered by Defendants;

2.    Injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from bringing any lawsuit or threat against Plaintiff for copyright infringement in connection with the Holden Dance Video, including, but not limited to, the video's publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website;

3.    Damages according to proof;

4.    Attorneys fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, on a Private Attorney General basis, or otherwise as allowed by law;

6.    Plaintiff's costs and disbursements; and

7.    Such other and further relief as the Court shall find just and proper.

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED:  August 15, 2007

By _____/s/_____
Jason Schultz, Esq.
Corynne McSherry, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

Marcia Hofmann, Esq.
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x106
Facsimile: (202) 707-9066

Attorneys for Plaintiff
STEPHANIE LENZ