KURT OPSAHL (SBN 191303)
kurt@eff.org
CORYNNE MCSHERRY (SBN 221504)
corynne@eff.org
MARCIA HOFMANN (SBN 250087)
marcia@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
AMY C. TOVAR (SBN 230370)
Amy.Tovar@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
and UNIVERSAL MUSIC PUBLISHING GROUP

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHANIE LENZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>　　and<br><br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>　　　　　　Defendants. | No. C 07-03783-JF<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>DATE: December 19, 2007<br>TIME: 9:00 a.m.<br>CTRM: 3 (Hon. Jeremy Fogel) |

Plaintiff Stephanie Lenz ("Lenz") and Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Music Publishing Group (collectively, "Universal") jointly submit this Case Management Conference Statement in advance of the December 19, 2007, case management conference.

### 1.    Jurisdiction and Service

Lenz contends that this Court has subject matter jurisdiction over this claim pursuant to the Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act (28 U.S.C. § 2291), and that this Court has supplemental subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a) in that the state law claim arises from the same case or controversy and transaction or occurrence as the federal law claims arise.

Universal disputes the jurisdictional basis for all three of Lenz's claims. Universal contends that the lack of jurisdiction over Lenz's claim under the Declaratory Judgment Act can and should be resolved in at the pleading stage, and Universal has moved to dismiss that claim as part of its presently pending Motion to Dismiss and Special Motion to Strike (hereinafter "Motion to Dismiss"). Universal also disputes the basis upon which jurisdiction has been invoked for Lenz's other two claims, for alleged violation of Section 512(f) of the Digital Millennium Copyright Act ("DMCA") and tortious interference with contract. Universal contends that it did not send its notice to YouTube pursuant to the DMCA, and that there is no subject matter jurisdiction over Plaintiff's claim under Section 512(f) of the DMCA. In the absence of jurisdiction over her federal claims, Plaintiff cannot invoke the Court's supplemental jurisdiction over her state law claim. Plaintiff in her complaint makes the factual allegation that Universal sent its notice pursuant to the DMCA. Although Universal disputes that factual allegation, the dispute is not ripe for resolution at the pleading stage.

### 2.    Facts

The underlying facts of this case have been discussed in the parties' briefing on the Motion to Dismiss and are therefore summarized only briefly here. Lenz posted to YouTube a video, which is 29 seconds in length and which features her child dancing to the Prince song "Let's Go Crazy." The video is also entitled "Let's Go Crazy #1." Universal, which administers the

1
JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

copyright in that musical composition, sent YouTube a written notice stating, *inter alia*, that it had a good faith belief that Lenz's posting made an unauthorized use of the Prince's copyrighted composition. Universal requested that YouTube remove the posting or disable access to it. YouTube blocked access to Lenz's posting for a period of time. Plaintiff sent YouTube a counter-notification, stating, *inter alia*, that she had a good faith belief that the disabling of access to her posting was as a result of mistake or misidentification of the posting. YouTube has since restored access to Lenz's posting and it is available at <http://www.youtube.com/watch?v=N1KfJHFWlhQ>.

On July 24, 2007, Lenz filed a Complaint. Lenz contends that her posting was a self-evident non-infringing fair use and that Universal violated federal and state law by sending the notice. Lenz's Complaint alleges causes of action for misrepresentation under 17 U.S.C. § 512(f), intentional interference with her contractual use of YouTube's hosting services, and seeks a declaratory judgment of noninfringment. Following discussions with Universal's counsel, Lenz amended her Complaint on August 15, 2007, to add an additional defendant.

### 3. Legal Issues

The parties' respective briefs on the Motion to Dismiss identify a number of legal issues regarding each of Lenz's claims. Although the parties do not necessarily agree regarding the phrasing of each issue, the parties believe (either individually or jointly) that, if the Court does not grant the motion to dismiss and if the Court finds that it has subject matter jurisdiction for each of the claims alleged by Lenz, then the case raises the following issues:

- Whether Lenz's use of "Let's Go Crazy" was a noninfringing fair use;
- Whether Universal is charged under Section 512(f) with making an *ex ante* determination that a user's unauthorized use of copyrighted material would qualify as a non-infringing fair use prior to sending a notice;
- Whether Section 512(f) of the DMCA applies to Universal's notice;
- Whether, if Section 512(f) does apply, Universal's notice violated the statute by knowingly materially misrepresenting that Lenz's posting made an infringing use of "Let's Go Crazy";

- The proper standard for assessing damages under Section 512(f);
- Whether Lenz has any damages under Section 512(f);
- Whether Universal tortiously interfered with Lenz's contractual relations with YouTube;
- Whether such interference damaged Lenz, and to what extent;
- Whether Lenz's state law claim arises from activity that is protected under California's anti-SLAPP statute and thus whether Lenz is required to demonstrate a legal and factual probability of prevailing on that claim (this issue is the subject of the pending motion to strike);
- Whether Lenz's state law claim is preempted by the DMCA;
- Whether the Court has jurisdiction to resolve Lenz's declaratory judgment claim;
- If the Court does have jurisdiction over Lenz's declaratory judgment claim, the merits of that claim and Universal's defenses thereto;
- Whether Universal is entitled to an award of attorneys' fees and costs.

### 4. Motions

As noted, Universal has filed a Motion to Dismiss, currently on calendar for hearing with this case management conference on December 19, 2007, at 9:00 a.m.

### 5. Amendment of Pleadings

Plaintiff may amend the pleadings if discovery shows that other parties should be added or that one or more of the named defendants should be dismissed. The parties do not anticipate the potential for any other amendments to the pleadings at this juncture.

### 6. Evidence Preservation

The parties have discussed evidence preservation and have taken steps to prevent erasure or loss of potentially relevant materials, including electronic data. In particular, both sides have taken steps to prevent erasure or loss of all potentially relevant materials related to Lenz, the YouTube posting at issue in the case, or Universal's notice to YouTube and Lenz's counter-notice.

The parties disagree whether the parties' preservation obligation extends more broadly. Lenz has asked Universal to preserve all information, including electronic data and/or other

documents, pertaining to Defendants' (and/or their agents') policies and practices with respect to the identification of and DMCA takedowns sent in response to potentially infringing material on the Internet, as of January 4, 2005, to the present. Lenz contends that this material is potentially relevant to a number of disputed issues, including but not limited to Defendants' state of mind. Universal believes this category of information is vastly overbroad; that the burden of complying with it would be substantial; that the underlying information is irrelevant to the claims or defenses in this case. Contrary to Lenz's contention, the underlying information has no relevance to Universal's "state of mind." The "state of mind" that Plaintiff alleges in her complaint is that Universal "knew or should have known" that *Lenz's* YouTube posting was a "self-evident non-infringing fair use." Universal explains in its Motion to Dismiss why this standard is erroneous under established law. For purposes of Lenz's preservation request, the important point is that Universal's takedown notices for the period of the last *three years* have nothing to do with what Universal subjectively knew about the "self-evident" nature of Lenz's posting, or about any of the allegations in this case.

In light of this dispute, Lenz anticipates that it may be necessary to seek an order directing Universal to preserve the disputed information. Universal objects to any such order.

### 7. Disclosures

The parties have agreed that if the Court denies all or part of the Motion to Dismiss, the parties will make initial disclosures within ten business days of the Court's ruling.

### 8. Discovery

The parties have agreed to stay the commencement of discovery pending the Court's resolution of the Motion to Dismiss. If the Court denies all or part of the Motion to Dismiss, the parties have agreed they may commence the service of discovery requests at any time on or after ten business days from the date of the Court's ruling.

If the case proceeds past dismissal, the parties presently envision relatively focused discovery, including limited third party discovery, and do not anticipate the need for any further modifications of the discovery rules.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

The parties are not aware of any related cases.

### 11. Relief

Plaintiff seeks injunctive relief and monetary damages for the violation of 17 U.S.C. § 512(f), interference with contract and a declaration of non-infringement. Plaintiff's calculation of damages is ongoing pending expert assessment, but will be based, in part, upon the loss of access to YouTube's services, costs responding to the DMCA notice, and damage to Plaintiff's free speech rights.

Universal contends that Plaintiff has no damages and that it is entitled to an award of its attorneys' fees and costs.

### 12. Settlement and ADR

The parties agree that the Court's ADR processes would be unlikely to help resolve this case at this juncture. The parties are agreeable to stipulating to postponing all ADR procedures until the Court rules on the Motion to Dismiss.

### 13. Consent to Magistrate for All Purposes

The parties have declined to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

### 14. Other References

The parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At this juncture, the parties do not anticipate a narrowing of issues by agreement. If the Motion to Dismiss is denied in whole or in part, the parties anticipate there may be cross-motions for summary judgment directed to all or part of the case. The parties believe it is premature to consider whether to bifurcate any issues, claims, or defenses.

16. Expedited Schedule

The parties do not believe this case is appropriate for expedited scheduling.

17. Scheduling

If the Court denies the Motion to Dismiss in whole or in part, the parties request that the Court adopt the following case management schedule :

- Fact discovery cut-off: six months after any order denying the Motion to Dismiss in whole or in part.

- Designation of affirmative experts: 30 days after the close of fact discovery. Designation of rebuttal experts: 30 days after the designation of affirmative experts .

- Expert discovery cut-off: 90 days after the close of fact discovery.

- Last day to file dispositive motions: 30 days after the close of expert discovery.

- Pretrial conference: 90 days after the close of expert discovery.

- Trial: 120 days after the close of expert discovery.

18. Trial

Plaintiff has requested a trial by jury. The parties anticipate that a trial of this matter would take no more than three to four days.

19. Disclosure of NonParty Interested Entities or Persons

Each party has filed a Certification of Interested Entities or Persons as required by Local Rule 3-16. Both certifications state that, aside from the named parties, there is no interest to report.

//
//

20. <u>Other Matters.</u>

The parties are not aware of any other matters to be addressed at this time.

DATED: December 5, 2007

ELECTRONIC FRONTIER FOUNDATION

By _____/s/_____
Kurt Opsahl
Corynne McSherry
Marcia Hofmann

Attorneys for Plaintiff

STEPHANIE LENZ

MUNGER, TOLLES & OLSON LLP

By: _____/s/_____
Kelly M. Klaus
Amy C. Tovar

Attorneys for Defendants

UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP