Kurt Opsahl (SBN 191303)
*kurt@eff.org*
Michael Kwun (SBN 198945)
*michael@eff.org*
Corynne McSherry (SBN 221504)
*corynne@eff.org*
Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

KELLY M. KLAUS (SBN 161091)
*Kelly.Klaus@mto.com*
AMY C. TOVAR (SBN 230370)
*Amy.Tovar@mto.com*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
and UNIVERSAL MUSIC PUBLISHING GROUP

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHANIE LENZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>　and<br><br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>　　　　　Defendants. | No. C 07-03783-JF<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>DATE: July 18, 2008<br>TIME:  9:00 a.m.<br>CTRM: 3 (Hon. Jeremy Fogel) |

5402660.1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Plaintiff Stephanie Lenz ("Lenz") and Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Music Publishing Group (collectively, "Universal") jointly submit this Case Management Conference Statement in advance of the July 18, 2008, case management conference.

Lenz and Universal previously submitted a joint case management statement on December 5, 2008, in advance of the conference scheduled for December 19, 2007. That conference was scheduled to follow the hearing on Universal's Motion to Dismiss and Special Motion to Strike. The hearing was deferred pending the Court's Order on Universal's motion. The Statement below updates the previous statement in light of the Court's subsequent Order granting Universal's Motion to Dismiss and denying Universal's Motion to Strike; Lenz's filing of her Second Amended Complaint; and Universal's Motion to Dismiss Lenz's Second Amended Complaint.

### 1. Jurisdiction and Service

Lenz contends that this Court has subject matter jurisdiction over her claim under Section 512(f) of the Digital Millennium Copyright Act ("DMCA"), pursuant to the Copyright Act (17 U.S.C. § 101 et seq.), 28 U.S.C. §§ 1331 and 1338.

Universal disputes the basis upon which Lenz invokes jurisdiction for her claimed violation of Section 512(f). Universal contends that it did not send its notice to YouTube pursuant to the DMCA, and that there is no subject matter jurisdiction over Lenz's claim under Section 512(f) or the Copyright Act.

Lenz's position is that her complaint makes the factual allegation that Universal sent its notice pursuant to the DMCA. Lenz contends that, although Universal disputes her factual allegation, the dispute is not ripe for resolution at the pleading stage. Universal contends that whether the DMCA applies to the notice it sent to YouTube is a legal conclusion, and that Lenz's factual allegations are not determinative.

### 2. Facts

The underlying facts of this case have been discussed in the parties' briefing on the first and second Motions to Dismiss and are therefore summarized only briefly here. Lenz posted to YouTube a video, which is 29 seconds in length and which features her child dancing to the Prince

song "Let's Go Crazy." The video is also entitled "Let's Go Crazy #1." Universal, which administers the copyright in that musical composition, sent YouTube a written notice stating, *inter alia*, that it had a good faith belief that Lenz's posting made an unauthorized use of the Prince's copyrighted composition. Universal requested that YouTube remove the posting or disable access to it. YouTube blocked access to Lenz's posting for a period of time. Plaintiff sent YouTube a counter-notification, stating, *inter alia*, that she had a good faith belief that the disabling of access to her posting was as a result of mistake or misidentification of the posting. YouTube has since restored access to Lenz's posting and it is available at <http://www.youtube.com/watch?v=N1KfJHFWlhQ>.

On July 24, 2007, Lenz filed a Complaint contending that Universal violated federal and state law by sending the notice. Lenz's Complaint alleged causes of action for misrepresentation under 17 U.S.C. § 512(f), intentional interference with her contractual use of YouTube's hosting services, and sought a declaratory judgment of noninfringment. Following discussions with Universal's counsel, Lenz amended her Complaint on August 15, 2007, to add an additional defendant. On September 21, 2007, Universal moved to dismiss Lenz's federal claims and to strike Lenz's state law claim.

On April 8, 2008, this Court granted Universal's motion to dismiss, with leave to amend as to Lenz's Section 512(f) claim and without leave to amend based on a lack of subject matter jurrisdiction as to her declaratory judgment claim; the Court denied the motion to strike without prejudice. *Lenz v. Universal Music Corp.*, 2008 WL 962102 (N.D. Cal. Apr 08, 2008). On April 18, 2008, Lenz filed a Second Amended Complaint, which contains a single cause of action for misrepresentation under 17 U.S.C. § 512(f). On May 23, 2008, Universal moved to dismiss Lenz's Second Amended Complaint. Briefing is complete on that motion and the hearing is set for July 18, 2008.

3. <u>Legal Issues</u>

The parties' respective briefs on the second Motion to Dismiss identify a number of legal issues regarding Lenz's claim. Although the parties do not necessarily agree regarding the phrasing of each issue, the parties believe (either individually or jointly) that, if the Court does not

grant the motion to dismiss and if the Court finds that it has subject matter jurisdiction for Lenz's claim, then the case raises at least the following legal issues:

- Whether Section 512(f) of the DMCA applies to Universal's notice;
- Whether Lenz's use of "Let's Go Crazy" was a noninfringing fair use;
- Whether Universal is charged under Section 512(f) with making an *ex ante* determination that a user's unauthorized use of copyrighted material would be deemed to be a non-infringing fair use prior to sending a notice;
- Whether Universal's notice is deemed to make a representation concerning whether or not Lenz's use would be deemed to be a non-infringing fair use;
- Whether, if Section 512(f) does apply, Universal violated the statute by knowingly materially misrepresenting that Lenz's posting made an infringing use of "Let's Go Crazy";
- Whether, if Section 512(f) does apply, Universal violated the statute by knowingly materially misrepresenting that, at the time it sent the notice, Universal had a good faith belief that Lenz's post made an infringing use of "Let's Go Crazy";
- The proper standard for assessing damages under Section 512(f);
- Whether Lenz has any damages under Section 512(f);

### 4. Motions

As noted, Universal has filed a Motion to Dismiss Lenz's Second Amended Complaint, currently on calendar for hearing on July 18, 2008, at 9:00 a.m.

### 5. Amendment of Pleadings

Plaintiff may seek to amend the pleadings if she believes that other parties should be added or that one or more of the named defendants should be dismissed. The parties do not anticipate the potential for any other amendments to the pleadings at this juncture.

### 6. Evidence Preservation

The parties have discussed evidence preservation and have taken steps to prevent erasure or loss of potentially relevant materials, including electronic data. In particular, both sides have taken steps to prevent erasure or loss of all potentially relevant materials related to Lenz, the YouTube

1   posting at issue in the case, or Universal's notice to YouTube and Lenz's counter-notice.

2   The parties disagree whether the parties' preservation obligation extends more broadly. Lenz has asked Universal to preserve all information, including electronic data and/or other documents, pertaining to Defendants' (and/or their agents') policies and practices with respect to the identification of and DMCA takedowns sent in response to potentially infringing material on the Internet, as of January 4, 2005, to the present. Lenz contends that this material is potentially relevant to a number of disputed issues, including but not limited to Defendants' state of mind and whether they acted in bad faith when they sent the DMCA notice.

9   Universal believes this category of information is vastly overbroad; that the burden of complying with it would be substantial; that the underlying information is irrelevant to the claims or defenses in this case.  Contrary to Lenz's contention, the underlying information has no relevance to Universal's "state of mind."  The "state of mind" that Plaintiff alleges in her Second Amended Complaint is that Universal "knew," "should have known" or "would have no substantial doubt had [it] been acting in good faith" that *Lenz's* YouTube posting was a "self-evident non-infringing fair use."  Universal explains in its Motion to Dismiss why Plaintiff's pleading is insufficient to state a Section 512(f) claim under established law.  For purposes of Lenz's preservation request, the important point is that Universal's takedown notices for the period of the last *three years* have nothing to do with what Universal subjectively knew about the "self-evident" nature of Lenz's posting, or about any of the allegations in this case.

20   In light of this dispute, Lenz anticipates that it may be necessary to seek an order directing Universal to preserve the disputed information.  Universal objects to any such order.

22              7.    Disclosures

23   The parties have agreed that if the Court denies all or part of the Motion to Dismiss, the parties will make initial disclosures within ten business days of the Court's ruling.

25              8.    Discovery

26   The parties have agreed to stay the commencement of discovery pending the Court's resolution of the pending Motion to Dismiss.  If the Court denies the Motion to Dismiss, the parties have agreed they may commence the service of discovery requests at any time on or after ten

1  business days from the date of the Court's ruling.

2  If the case proceeds past dismissal, the parties presently envision relatively focused
3  discovery, including limited third party discovery, and do not anticipate the need for any further
4  modifications of the discovery rules.

5          3.      <u>Class Actions</u>

6  This case is not a class action.

7          4.      <u>Related Cases</u>

8  The parties are not aware of any related cases.

9          5.      <u>Relief</u>

10  Plaintiff seeks injunctive relief and monetary damages for the violation of 17 U.S.C. §
11  512(f). Plaintiff's calculation of damages is ongoing pending expert assessment, but will be based,
12  in part, upon the loss of access to YouTube's services, costs responding to the DMCA notice, and
13  damage to Plaintiff's free speech rights.

14  Universal contends that Plaintiff has no damages and that it is entitled to an award of its
15  attorneys' fees and costs. Universal also disputes Plaintiff's claim that she is entitled to injunctive
16  relief under Section 512(f).

17          6.      <u>Settlement and ADR</u>

18  The parties agree that the Court's ADR processes would be unlikely to help resolve this
19  case at this juncture. The parties are agreeable to stipulating to postponing all ADR procedures
20  until the Court rules on the Motion to Dismiss.

21          7.      <u>Consent to Magistrate for All Purposes</u>

22  The parties have declined to have a magistrate judge conduct all further proceedings,
23  including trial and entry of judgment.

24          8.      <u>Other References</u>

25  The parties believe that this case is not suitable for reference to binding arbitration, a
26  special master, or the Judicial Panel on Multidistrict Litigation.

27          9.      <u>Narrowing of Issues</u>

28  At this juncture, the parties do not anticipate a narrowing of issues by agreement. If the

Motion to Dismiss is denied in whole or in part, the parties anticipate there may be cross-motions for summary judgment directed to all or part of the case. The parties believe it is premature to consider whether to bifurcate any issues, claims, or defenses.

### 10. Expedited Schedule

The parties do not believe this case is appropriate for expedited scheduling.

### 11. Scheduling

If the Court denies the Motion to Dismiss in whole or in part, the parties request that the Court adopt the following case management schedule :

- Fact discovery cut-off:  six months after any order denying the Motion to Dismiss in whole or in part.
- Designation of affirmative experts:  30 days after the close of fact discovery.
- Designation of rebuttal experts:  30 days after the designation of affirmative experts.
- Expert discovery cut-off:  90 days after the close of fact discovery.
- Last day to file dispositive motions:  30 days after the close of expert discovery.
- Pretrial conference:  90 days after the close of expert discovery.
- Trial:  120 days after the close of expert discovery.

### 12. Trial

Plaintiff has requested a trial by jury. The parties anticipate that a trial of this matter would take no more than three to four days.

### 13. Disclosure of NonParty Interested Entities or Persons

Each party has filed a Certification of Interested Entities or Persons as required by Local Rule 3-16. Both certifications state that, aside from the named parties, there is no interest to report.

14. <u>Other Matters.</u>

The parties are not aware of any other matters to be addressed at this time.

DATED: July 8, 2008

ELECTRONIC FRONTIER FOUNDATION

By  /s/Michael Kwun
   Kurt Opsahl
   Michael Kwun
   Corynne McSherry

   Attorneys for Plaintiff STEPHANIE LENZ

MUNGER, TOLLES & OLSON LLP

By:  /s/Kelly M. Klaus
   Kelly M. Klaus
   Amy C. Tovar

Attorneys for Defendants

UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP

**<u>ATTESTATION PURSUANT TO GENERAL ORDER 45, PARAGRAPH X.B.</u>**

I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

DATED: July 8, 2008     By  /s/
   Michael Kwun