Kurt Opsahl (SBN 191303)
kurt@eff.org
Michael Kwun (SBN 198945)
michael@eff.org
Corynne McSherry (SBN 221504)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                  Plaintiff,<br><br>  v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                  Defendants. | No. C 07-03783-JF<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY AUGUST 20, 2008 ORDER FOR INTERLOCUTORY APPEAL AND TO STAY PENDING RESOLUTION OF 1292(b) PROCEEDINGS**<br><br>DATE: N/A [For submission on papers, per Stipulation and Order]<br>CTRM: 3 (Hon. Jeremy Fogel) |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................................ii

I.   INTRODUCTION ........................................................................................................................ 1

II.  ARGUMENT ............................................................................................................................... 2

   A.  Certification of Immediate Appeal Should Be Denied Because Universal Cannot Meet Its Burden of Showing Extraordinary Circumstances ...................................................................... 2

      1.  There Is No Substantial Ground For Difference of Opinion As to Whether a Fair Use Is Authorized By Law ................................................................................................................ 2

      2.  Immediate Appeal Will Neither Advance the Litigation Nor Promote Judicial Economy . 6

      3.  Interlocutory Appeals Should Not Be Permitted Where, As Here, the Underlying Case is "Ordinary Litigation" ............................................................................................................. 6

   B.  Universal Cannot Meet the Legal Standard For a Stay Pending Appeal............................... 8

      1.  Universal Can Show Neither Irreparable Harm Nor Probable Success ............................. 9

      2.  The Balance of Hardships Weighs Heavily in Lenz's Favor and Universal Has Not Raised a Serious Question Sufficient to Merit a Stay................................................................... 10

      3.  The Public Interest Weighs Against a Stay....................................................................... 11

III.  CONCLUSION........................................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster*, 114 F. Supp. 2d 896 (N.D. Cal. 2000) .......................................... 12

*A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004 (9th Cir. 2001) ............................................. 12

*Abbassi v. I.N.S.*, 143 F.3d 513 (9th Cir. 1998) ............................................................................ 8

*Allen v. Bayer Corp.* (*In re Phenylpropanolamine (ppa) Prods. Liab. Litig.),* 460 F.3d 1217 (9th Cir. 2006) ................................................................................................................................ 12

*Assoc. of Am. Med. Colleges v. Cuomo*, 928 F.2d 519 (2d Cir. 1991) .......................................... 3

*Benda v. Grand Lodge of Int'l Assoc. of Machinists and Aerospace Workers*, 584 F.2d 308 (9th Cir. 1978) ................................................................................................................................ 10

*Bobolakis v. Compania Panamena Maritima San Gerassimo, S.A.,* 168 F. Supp. 236 (S.D.N.Y. 1958) ..................................................................................................................................... 7

*Campbell v. Acuff-Rose Music*, 510 U.S. 569 (1994) ................................................................. 12

*Cardona v. General Motors Corp.*, 939 F. Supp. 351 (D.N.J. 1996) ............................................. 3

*Comm. on The Judiciary U.S. House of Representatives v. Miers*, __ F. Supp. 2d __, 2008 WL 3906419 (D.D.C. Aug. 26, 2008) ........................................................................................ 10

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) .................................................................. 2

*Cortez v. MTD Prods. Inc.,* 927 F. Supp. 386 (N.D. Cal. 1996) ................................................... 6

*Dorsey v. Nat'l Enquirer, Inc.,* 973 F.2d 1431 (9th Cir. 1992) .................................................... 12

*FDIC v. First Nat'l Bank*, 604 F. Supp. 616 (E.D. Wis. 1985) ..................................................... 5

*Gagan v. Sharer*, 2006 WL 3736057 (D. Ariz. Nov. 6, 2006) ...................................................... 5

*Good Gov't Group of Seal Beach, Inc. v. Super. Ct.,* 22 Cal. 3d 672 (1978) .............................. 12

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2005 WL 832398 (N.D. Cal. March 30, 2005) ..................................................................................................................................... 7

*Grand Canyon Trust v. Tucson Elec. Power Co.*, 391 F.3d 979 (9th Cir. 2004) .......................... 10

*Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738 (2d Cir.1952) ..................................... 11

*In re Conseco Life Ins. Cost of Ins. Litig.,* 2005 WL 5678841 (C.D. Cal. May 31, 2005) .............. 5

*In re Flor*, 79 F.3d 281 (2d. Cir 1996) ......................................................................................... 5

*James v. Price Stern Sloan, Inc*. 283 F.3d 1064 (9th Cir. 2002) ................................................... 2

*Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16 (D.D.C. 2002) ......... 3

*L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996) ............................................................................... 4

*Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983) ................................................................. 8, 11

*Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197 (9th Cir. 1980) ..... 8

*Mateo v. M/S Kiso*, 805 F. Supp. 792 (N.D. Cal. 1992) ........................................................ 2, 7

*Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280 (E.D. Pa. 1983) ........................................... 5

*Nat'l Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365 (9th Cir. 1984) ................................... 8

*Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374 (9th Cir. 1985) ........................ 9

*Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004) ...................... 3, 7

*Pagtaluna v. Malaza*, 291 F.3d 639 (9th Cir. 2002) ................................................................ 10

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867 (9th Cir. 2000) ........... 8

*Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974) ......................................... 9

*Republic of the Phil. v. Marcos*, 862 F.2d 1355 (9th Cir. 1988) ............................................... 8

*Rossi v. Motion Picture Ass'n of Am.*, 391 F.3d 1000 (9th Cir. 2004) ............................... 2, 4, 7

*Shurance v. Planning Control Int'l.* 839 F.2d 1347 (9th Cir. 1988) ......................................... 6

*Singh v. Daimler-Benz. A.G.,* 800 F. Supp. 260 (E.D. Pa. 1992) ............................................... 6

*Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417 (1984) .................................. 3

*State of Cal. ex rel. Christensen v. F.T.C.*, 549 F.2d 1321 (9th Cir. 1977) ............................... 9

*Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115 (9th Cir. 1999) ............................. 8

*Travis v. Folsom Cordova Unified School Dist.,* 2007 WL 1821465 (E.D. Cal. June 25, 2007) ..... 11

*U.S. Rubber v. Wright*, 359 F.2d 784 (9th Cir. 1966) ............................................................ 6, 7

*U.S. v. City of Los Angeles*, 595 F.2d 1386 (9th Cir. 1979) ....................................................... 9

*U.S. v. Real Property at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020 (9th Cir. 1999) ......... 4

*U.S. v. Woodbury*, 263 F.2d 784 (9th Cir. 1959) ....................................................................... 1

*UMG v. Augusto,* 558 F. Supp. 2d 1055 (C.D. Cal., 2008) ........................................................ 7

*Valdovinos v. McGrath*, 2007 WL 2023505 (N.D. Cal. July 12, 2007) ..................................... 5

*Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549 (9th Cir. 1977) ............................... 11

**Statutes**

17 U.S.C. § 512 ............................................................................................................................ 3

28 U.S.C. § 1292 ................................................................................................................... 2, 6

**Other Authorities**

16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3930 (2008) ............................................................................................................... 5

**Legislative Materials**

S. Rep. No. 105-190 (1998) ............................................................................................. 3, 4, 12

## I. INTRODUCTION

Plaintiff Stephanie Lenz respectfully urges this Court to deny the motion of Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Music Publishing Group (collectively "Universal") for interlocutory appeal certification and a stay of the case. Last month, this Court correctly rejected Universal's claim that content owners do not have to consider whether there is an actual infringement before sending a takedown notice under section 512 of the Digital Millennium Copyright Act ("DMCA"). Specifically, the Court held that a copyright owner must consider fair use before alleging that online material is "not authorized by law." As the Court indicated, the decision was an important but straightforward ruling—the plain meaning of the statute is unambiguous, and there is no question that fair uses are "authorized by law."

Universal disagrees with the Court's decision, and wants a chance to appeal to the Ninth Circuit. It also wants to avoid responding to discovery and motion practice in the meantime. But here, too, the law is unambiguous: mere disagreement with a Court's decision is not sufficient to justify the extraordinary remedy of immediate interlocutory appeal, much less a delay of all proceedings until the Ninth Circuit weighs in (if it chooses to do so). Further, a stay would be particularly inappropriate given that proceeding with the case will not result in irreparable, or even significant, harm to Universal, but additional delay may impose substantial hardship on Ms. Lenz.

It has been over a year since Ms. Lenz first sought her day in court. Ms. Lenz respectfully asks to move on to discovery so that this case may proceed towards a final judgment. The discovery process should be neither lengthy nor arduous, and the path to final judgment should be swift. Universal would not be prejudiced, since it may then seek appellate review of this Court's decision. Moreover, that court will be able to perform its review, as appropriate, in the context of a developed factual record.

Accordingly, Ms. Lenz respectfully requests that this Court deny Universal's Motion in its entirety.

## II.     ARGUMENT

### A.     Certification of Immediate Appeal Should Be Denied Because Universal Cannot Meet Its Burden of Showing Extraordinary Circumstances

The Ninth Circuit has cautioned that section 1292(b) "is to be applied sparingly and only in exceptional cases." *U.S. v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959); *see also James v. Price Stern Sloan, Inc*. 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (interlocutory appeals are limited to "rare circumstances."). It is Universal's burden to show that this Court's August 20 Order ("Order") creates such an exceptional case, *i.e.*, that it involves a controlling question of law, that there is a substantial ground for difference of opinion with respect to that question, *and* that an immediate appeal may materially advance the termination of this litigation. *See* 28 U.S.C. § 1292(b); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (party seeking certification of an interlocutory appeal has the burden to show the presence of exceptional circumstances); *see also Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992) (interlocutory appeal "exists for those exceptional circumstances where considerations of judicial economy and fairness demand interlocutory review" and the party seeking certification has the burden to show such circumstances exist). Universal cannot meet that burden. First, there is no substantial ground for a difference of opinion as to the central question addressed by this Court's ruling: whether the sender of a takedown notice must consider whether a use is fair—and therefore authorized by section 107 of the Copyright Act—before it sends a notice alleging that the use is not "authorized by law." Second, an appeal now will not materially advance the termination of this litigation.

### 1.     There Is No Substantial Ground For Difference of Opinion As to Whether a Fair Use Is Authorized By Law

Attempting to manufacture a substantial ground for difference of opinion, Universal re-hashes the same arguments set out in its prior pleadings: that fair use is a defense and, therefore, infringing until a court finds otherwise; that Congress intended fair uses to be handled solely through the counter-notice procedure; that it is too hard for content owners to form a good faith belief as to whether a use is fair; and that *Rossi v. Motion Picture Ass'n of Am*., 391 F.3d 1000 (9th

2

Cir. 2004), forbids requiring them to form such a belief. *See* Defendants' Mot. to Certify August 20, 2008 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Pending Resolution of § 1292(b) Proceedings ("Appeal/Stay Mot.") at 3-6. This Court has already rejected these arguments. *See* Order Denying Motion to Dismiss ("Order"), Dkt No. 45, at 4-8.

Universal disagrees with the Court's conclusions, but that disagreement does not justify the extraordinary remedy Universal seeks. *Mateo*, 805 F. Supp. at 800 ("a party's strong disagreement with the Court's ruling is not sufficient for there to be 'a substantial ground for difference of opinion;' the proponent of an appeal must make some greater showing."); *see also Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (same). Instead, Universal must demonstrate the existence of "genuine doubt as to the correct legal standard." *Cardona v. General Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996).

There is no such genuine doubt here, just unambiguous statutory language and clear case law. The meaning of sections 106, 107, and 512 of the Copyright Act is plain and reinforced by numerous appellate and district court decisions. Section 512 requires a copyright owner to affirmatively represent that the use to which it objects is *not* authorized by law. 17 U.S.C. § 512(c)(3). A fair use is a lawful use, *i.e.,* a use authorized by law. *See* Order at 5-6; *see also, e.g., Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 433 (1984) ("Any individual may reproduce a copyrighted work for a 'fair use;' the copyright owner does not possess the exclusive right to such a use . . . [thus] anyone who makes fair use of the work is not an infringer with respect to such use."); *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1200 (N.D. Cal. 2004) ("a fair use is not infringement of a copyright.") (citations omitted); *see also Assoc. of Am. Med. Colleges v. Cuomo*, 928 F.2d 519, 523 (2d Cir. 1991) ("[i]t has long been recognized that certain unauthorized but 'fair' uses of copyrighted material do not constitute copyright infringement."). Therefore, a copyright owner must consider whether a given use might be fair before representing that the use is not "authorized by law." *See* Order at 5-6.

Universal's invocation of the counter-notice procedure is inapposite: the counter-notice procedure does not suffice to protect fair use and there is no record to suggest that Congress thought it would. Unlike 512(f), it does not help *deter* abusive takedown notices, but merely

provides a means of ameliorating the ill effects of such takedowns after the fact. *See* Order at 7-8; *see also* S. Rep. No. 105-190 at 59 (1998) (section 512(f) "is intended to deter knowingly false allegations to service providers in recognition that such misrepresentations are detrimental to rights holders, service providers, and Internet users.").

As for the burden on content owners, a consideration of fair use is simply part of the initial review that is already required under the DMCA. *See* Order at 7. In most cases, a consideration of fair use is straightforward and should not hamper a copyright owner's ability to efficiently enforce its rights. *Id.* In the rare case where it is less obvious, any additional burden is more than justified by the countervailing importance of balancing "the need for rapid response . . . with end-users' legitimate interest in not having material removed without recourse." S. Rep. No. 105-190 at 21.

Finally, the Court's Order is easily reconciled with *Rossi*. As the Court observes, *Rossi* held that content owners must form a subjective good faith belief as to the legality of the use before sending a takedown notice and that belief need not depend on a full investigation into the material in question. *See* Order at 4-5; *Rossi*, 391 F.3d at 1003-04. The *Rossi* court did *not* hold that an owner need not give due consideration to whether a use is authorized by the Copyright Act—by Section 107 or some other provision—in the process of forming that subjective good faith belief. Indeed, such a holding would reward willful blindness on the part of copyright owners. *See, e.g. U.S. v. Real Property at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020, 1028 (9th Cir. 1999) ("An owner cannot deliberately avoid actual knowledge through 'willful blindness'"); *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996) (finding of "deliberate indifference" to civil rights violation may rest on "deliberate indifference to a known, or so obvious as to imply knowledge of, danger, by a supervisor who participated in creating the danger").

Moreover, contrary to Universal's assertion, Appeal/Stay Mot. at 5, there are many ways in which a copyright owner can show "proper consideration" that do not require a *post hoc* assessment of reasonableness. For example, witnesses might testify that they were aware of the fair use factors and explain how they considered them before sending the takedown. A copyright owner might document its efforts to educate agents as to the fair use factors and its policies

4

regarding takedowns of possible fair uses.[1] Following *Rossi* and this Court's Order, a copyright owner might use such evidence to demonstrate the basis for its subjective good faith belief, including that it considered fair use.[2] What the owner may not do is ignore fair use altogether.

Universal's further protestation that the issue is one of first impression is equally unavailing. As the Second Circuit has counseled, and numerous courts in this circuit have acknowledged, the "mere presence of a disputed issue that is question of first impression, standing alone, is insufficient . . . rather, [the court must] 'analyze the strength of arguments in opposition to the challenged ruling when deciding whether . . . there is *substantial* ground for dispute.'" *In re Flor*, 79 F.3d 281, 284 (2d. Cir 1996) (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (italics in original)); *see also In re Conseco Life Ins. Cost of Ins. Litig.*, 2005 WL 5678841 *2 (C.D. Cal. May 31, 2005) (same, citing *In re Flor*); *Valdovinos v. McGrath*, 2007 WL 2023505, *3 (N.D. Cal. July 12, 2007) (lack of case law in controlling jurisdiction applying recent Supreme Court ruling did not establish substantial ground for difference of opinion where moving party could not identify conflicting opinions in other jurisdictions); *see also* 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3930 (2008) ("District court judges have not been bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression;" collecting cases).

Moreover, courts have squarely rejected the "issue of first impression" argument where, as here, the issue is only "new" because it is unfounded. *See, e.g., Gagan v. Sharer*, 2006 WL 3736057, *3 (D. Ariz. Nov. 6, 2006) (denying certification where issue of first impression—whether collection efforts qualified as an "action" under Arizona law—"scarcely present[ed] "a substantial ground for difference of opinion."); *FDIC v. First Nat'l Bank*, 604 F. Supp. 616, 622 (E.D. Wis. 1985) ("[T]he apparent lack of clear authority on private rights of action under the numerous federal banking laws invoked by the plaintiff suggests that any difference of opinion on this issue might prove more spurious than real.").

---

[1] Ms. Lenz does not concede that any of these examples, taken alone, might suffice to establish such proper consideration.

[2] Indeed, a full factual record in this regard would materially assist consideration of the legal questions should a party later choose to appeal final judgment.

In sum, there is no substantial ground for difference of opinion on the merits of the Court's ruling. The motion should be denied for this reason alone.

### 2. Immediate Appeal Will Neither Advance the Litigation Nor Promote Judicial Economy

Nor will immediate appeal materially advance the litigation or promote judicial economy. According to the most recent numbers available (2007), the Ninth Circuit takes an average of one and a half years to dispose of appeals.[3] Thus a final judgment could be reached in this case well before that court had a chance to decide Universal's proposed interlocutory appeal. *See Shurance v. Planning Control Int'l.* 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear certified appeal in part because decision of Ninth Circuit might come after scheduled trial date); *Cortez v. MTD Prods. Inc.,* 927 F. Supp. 386, 394 (N.D. Cal. 1996) (denying motion for interlocutory review where, *inter alia,* case had been pending for over a year and was due to be completed in a few months and parties could then seek appellate review); *see also Singh v. Daimler-Benz. A.G.,* 800 F. Supp. 260, 263 (E.D. Pa. 1992) (denying certification for interlocutory appeal on jurisdictional issue where, *inter alia*, litigation materially advanced only if appellate court ruled for plaintiff; if not "the litigation will not be advanced, but instead will be considerably delayed.").

Finally, Universal's claim that this Court's Order will prompt a "wave" of new 512(f) lawsuits in California, Appeal/Stay Mot. at 1, is neither reasonable nor logical. As an initial matter, this assertion is unrelated to this lawsuit, as there is no suggestion that Ms. Lenz will institute further litigation against Universal. Moreover, as the Order makes clear, and as Ms. Lenz has always maintained, only in exceptional cases will an instance of fair use be so clear that a copyright owner's assertion to the contrary meets the requisite standard of bad faith under section 512(f). *See* Order at 6-7.

### 3. Interlocutory Appeals Should Not Be Permitted Where, As Here, the Underlying Case is "Ordinary Litigation"

Taking its cue from the legislative history of the Interlocutory Appeals Act, the Ninth

---

[3] *See U.S. Courts of Appeals—Median Time Interval in Months for Merit Terminations of Appeals Arising from the U.S. District Courts, by Circuit*, http://www.uscourts.gov/judbus2007/appendices/B04ASep07.pdf.

Circuit has stressed that section 1292(b) "'should and will be used only in exceptional cases where immediate appeal might help avoid protracted or expensive litigation, such as antitrust and similar protracted cases.'" *U.S. Rubber v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (quoting S.Rep.No.2434 *as reprinted in* 1958 U.S.C.C.A.N., pp. 5255, 5260). Thus, "'it is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.'" *Id; see also Mateo*, 805 F.Supp. at 800.

While the rights Ms. Lenz seeks to vindicate are important, there is nothing exceptional about the course of this litigation. As set forth in the Joint Case Management statement, the parties concur that discovery in this case will be relatively limited. Joint Case Management Conference Statement ("CMC Stmt."), Dkt. No. 43 at 4. The parties have proposed a schedule for completion of discovery within approximately ten months. CMC Stmt. at 6. Both parties anticipate moving for summary judgment shortly after discovery closes. It is very possible that these motions will decide the case and, therefore, that a final judgment could be reached in just over one year. The losing party has the option to appeal that final judgment, giving the Ninth Circuit the opportunity to consider the legal issues in light of a full factual record. *Cf. Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2005 WL 832398, *5-6 (N.D. Cal. March 30, 2005) (denying motion to dismiss because, *inter alia,* given the "importance of this case to the parties and others similarly situated, ... resolution of the novel legal questions presented . . . should await the development of a full factual record.").[4]

Interlocutory appeal was never intended for a case, like this one, that involves an important legal question but is otherwise straightforward. *U.S. Rubber,* 359 F.2d at 785 (Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases."); *see also Bobolakis v. Compania Panamena Maritima San Gerassimo, S.A.,* 168 F. Supp. 236, 239-40 (S.D.N.Y. 1958)

---

[4] Indeed, the leading Section 512(f) cases all decided the related questions on summary judgment, or an appeal thereto, after the parties had had an opportunity to develop their evidence. *See, e.g. Rossi v. Motion Picture Ass'n of Am.*, 391 F.3d 1000 (9th Cir. 2004); *Online Policy Group v. Diebold,* 337 F. Supp. 2d 1195 (N.D. Cal. 2004), *UMG v. Augusto,* 558 F. Supp. 2d 1055 (C.D. Cal., 2008).

(denying request for certification where there was nothing exceptional about case, other than that it involved an important legal question, and litigation would not involve "unusual" expenditure of time and money; noting section 1292(b) was not "akin to a 'certiorari' policy for the Courts of Appeals whereby 'important' cases would receive special appellate treatment."). Universal requests an extraordinary remedy for its ordinary disagreement with an adverse ruling. That request should be denied, and Ms. Lenz should be allowed to pursue her claims without the added burden of responding to a premature appeal.

### B. Universal Cannot Meet the Legal Standard For a Stay Pending Appeal

Universal's request for a stay of proceedings while it pursues the proposed appeal should be denied because Universal cannot meet its burden of justifying such a stay.

To obtain the remedy it seeks, Universal has to meet the same standard required for a preliminary injunction. *See Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983), rev'd in part on other grounds, 463 U.S. 1328 (1983). Thus, Universal must show either (1) that it faces irreparable harm if the action goes forward and that is likely to succeed on the merits or its appeal; or (2) that the balance of hardships favors a stay and that "serious questions" are raised. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000); *accord, Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (*en banc*). These tests are "not separate" but rather represent "the outer reaches 'of a single continuum'" that, in essence, imposes on the court a "duty to balance the interests of all parties and weigh the damage to each, mindful of the moving party's burden to show the possibility of irreparable injury to itself and the probability of success on the merits." *Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201, 1203 (9th Cir. 1980). *Id.* at 1203. Finally, hardship and probability of success stand in reciprocal relationship. *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999), (citing *Nat'l Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)). Thus, where the relative hardship is greater for the non-moving party, the party seeking a stay must show a higher probability of success on the merits, and vice versa.

Universal has done none of the above. It has not shown that it will be significantly harmed

(much less irreparably harmed) if a stay does not issue, nor that it is likely to persuade a higher court of the merits of its position. Instead, it has simply complained that going forward will "cost real money" and insisted that Lenz will not be damaged by further delay because this case is all about "principle." Appeal/Stay Mot. at 8-9. In fact, there is a very real possibility that Ms. Lenz will be prejudiced by a delay of eighteen months or more while an appeal is pending, as relevant witnesses may move on to new employers, memories may fade, and relevant records may be lost or destroyed.

Accordingly, Ms. Lenz respectfully requests that this Court deny Universal's stay request.

### 1. Universal Can Show Neither Irreparable Harm Nor Probable Success

The central issue in determining whether a stay is appropriate is whether the movant has demonstrated "a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (citations omitted). No such threat exists here. Indeed, Universal fails to identify any special inconvenience that could qualify as "irreparable harm." Instead, Universal simply notes that "[t]he costs associated with marching ahead with this litigation will be significant." Appeal/Stay Motion at p.8.

Litigation costs – even if "significant" – do not constitute irreparable harm. *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *accord U.S. v. City of Los Angeles*, 595 F.2d 1386, 1391 (9th Cir. 1979); *State of Cal. ex rel. Christensen v. F.T.C.*, 549 F.2d 1321, 1323 (9th Cir. 1977). Moreover, the litigation costs of this case should be comparatively small. Universal has already conceded that discovery in this case would likely be "relatively focused." CMC Stmt. at 4. And while there may be some dispute as to the scope of discovery, Universal has not identified (nor is there reason to anticipate) unusual or excessive motion practice.

As for the merits, for the reasons explained above, the Ninth Circuit is no more likely than this Court has been to favor Universal's radical view of its obligations under the DMCA. *See* Section III.A.1, *supra*. This Court has already considered and rejected Universal's arguments in light of the plain language of the Copyright Act and relevant precedents. Universal does not, because it cannot, offer any persuasive argument that the Ninth Circuit would overturn this Court's

opinion.

In essence, Universal's basis for seeking a stay pending appeal "boils down to a claim that the underlying issue is important. But that is beside the point and does not demonstrate a likelihood of success on the merits. Simply calling an issue important . . . does not transform the [] arguments into a likelihood of success . . . ." *Comm. on The Judiciary U.S. House of Representatives v. Miers*, __ F. Supp. 2d __, 2008 WL 3906419, *2 (D.D.C. Aug. 26, 2008) (denying request for stay pending appeal).[5]

2. The Balance of Hardships Weighs Heavily in Lenz's Favor and Universal Has Not Raised a Serious Question Sufficient to Merit a Stay

The "relative hardship to the parties" is a "critical element" in deciding whether a stay is justified. *See Benda v. Grand Lodge of Int'l Assoc. of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed,* 441 U.S. 937 (1979). Here, that element weighs heavily in Ms. Lenz's favor.

First, Universal has not shown that allowing this case to proceed would cause it to suffer *any* significant hardship. As noted above, the scope of discovery in this case is likely to be comparatively narrow. CMC Stmt. at p.4. While it may disagree with Lenz over the precise scope of that discovery, Universal offers nothing to indicate that responding to it would prove to be unusually burdensome, only that it would "cost real money." Appeal/Stay Mot. at 8. Universal is surely capable of mustering the resources to handle normal discovery, even if it costs some "real money." It is equally capable of handling normal motion practice and, if necessary, defending itself at trial.

However, a stay *would* impose a significant hardship on Ms. Lenz. Prompt discovery will help safeguard Ms. Lenz's ability to obtain relevant, admissible evidence to support her claim.[6] A delay, by contrast, will increase the chances that potentially critical documents will be lost, witness

---

[5] The Court of Appeals for the District of Columbia subsequently ordered a temporary administrative stay of the order the defendant sought to appeal, pending further briefing on appellate jurisdiction over the proposed appeal. *Comm. on The Judiciary U.S. House of Representatives v. Miers,* No. 08-5357, slip op. (D.C. Cir. Sept. 4, 2008). The court did not rule on the merits of the motion for stay pending appeal. *Id.*

[6] Universal implies that stay cannot prejudice a party unless she has incurred substantial monetary damages. Universal offers no legal support for this position, for there is none.

memories will fade, and witnesses will become unavailable. *See Grand Canyon Trust v. Tucson Elec. Power Co.*, 391 F.3d 979, 988 (9th Cir. 2004) ("Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died."); *Pagtaluna v. Malaza*, 291 F.3d 639 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). The danger is especially acute where, as here, the beliefs and impressions of key figures (*e.g.*, Universal employee Alina Moffat, who sent the notice that caused the takedown of Ms. Lenz's video) may be central to case.

Universal also fails to demonstrate that its Motion raises "serious questions," particularly given the substantial hardship that a stay would impose on Lenz. "'[S]erious questions' refers to questions which cannot be resolved one way or the other at the hearing … and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Serious question are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of the Phil.*, 862 F.2d at 1362 (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir.1952)).

The question Universal raises meets none of these criteria. This Court has resolved the question, after extensive briefing and a hearing on the issue, taking guidance from clear statutory law and the relevant precedents. Universal has offered nothing new to explain why the Court's determination is so "doubtful" that more "deliberative investigation" is required. There is no risk that one side will prevent resolution of the question or execution of any judgment. There is only Universal's hope that a different court will come to a different conclusion. Many defendants who lose motions to dismiss doubtless share a similar hope and similarly want to avoid discovery, but this has never been sufficient for a stay.

### 3. The Public Interest Weighs Against a Stay.

In cases such as this one, "the public interest is a factor to be strongly considered." *Lopez*, 713 F.2d at 1435; *see also Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977). Here, the public interest surely favors allowing Lenz to proceed with her effort to vindicate her claims. At a minimum, the public has an overriding interest in "the just, speedy, and

inexpensive determination of every action." *Travis v. Folsom Cordova Unified School Dist.,* 2007 WL 1821465, *2 (E.D. Cal. June 25, 2007) (quoting Fed. R. Civ. P. 1). Thus, "orderly and expeditious resolution of disputes is a matter of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.,* (citing *Allen v. Bayer Corp. (In re Phenylpropanolamine (ppa) Prods. Liab. Litig.),* 460 F.3d 1217, 1228 (9th Cir. 2006)).

Further, the public interest particularly favors prompt resolution of cases, such as this one, that implicate free speech rights. *See Dorsey v. Nat'l Enquirer, Inc.,* 973 F.2d 1431, 1435 (9th Cir. 1992) ("'Because unnecessarily protracted litigation would have a chilling effect upon the exercise of First Amendment rights, speedy resolution of cases involving free speech is desirable.'") (quoting *Good Gov't Group of Seal Beach, Inc. v. Super. Ct.,* 22 Cal. 3d 672 (1978), *cert denied*, 441 U.S. 961 (1979)). Fair use is an essential guarantee of "breathing space" for free speech "within the confines of copyright." *Campbell v. Acuff-Rose Music,* 510 U.S. 569, 579 (1994); *accord A&M Records, Inc. v. Napster*, 114 F. Supp. 2d 896, 922 (N.D. Cal. 2000) ("free speech concerns 'are protected by and coextensive with the fair use doctrine.'"), *aff'd in part, rev'd in part on other grounds by A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004 (9th Cir. 2001). Section 512(f) was designed to ensure, *inter alia,* that the DMCA takedown process does not unduly impinge on that breathing space. *See* Order at 7-8; S. Rep. No. 105-190 at 59 (1998). Thus, the public interest in free expression strongly favors allowing an action that seeks to enforce section 512(f) rights based on fair use to go forward promptly.

//
//

### III.  CONCLUSION

The Court and the parties have already invested ample time and resources in litigating the preliminary matters in this case. Ms. Lenz would like to proceed with the limited discovery required to establish the factual record necessary to reach a final judgment. Universal would like to try again with another court and avoid its discovery obligations in the meantime. However, Universal has not and cannot shoulder its heavy burden to show the extraordinary circumstances that could justify granting either request.

Ms. Lenz respectfully requests that the Court deny Universal's Motion in its entirety.

DATED: September 9, 2008                By         /s/
                                         Corynne McSherry, Esq.

                           ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ