1  KELLY M. KLAUS (SBN 161091)
   Kelly.Klaus@mto.com
2  AMY C. TOVAR (SBN 230370)
   Amy.Tovar@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA  90071-1560
5  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
6
   Attorneys for Defendants
7  UNIVERSAL MUSIC CORP.,
   UNIVERSAL MUSIC PUBLISHING, INC.,
8  AND UNIVERSAL MUSIC PUBLISHING GROUP

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | STEPHANIE LENZ,                          | CASE NO.  CV 07-03783-JF
13 |                  Plaintiff,               | **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**
14 |         vs.                               |
15 | UNIVERSAL MUSIC CORP.,                    |
16 | UNIVERSAL MUSIC PUBLISHING,               |
   | INC., and UNIVERSAL MUSIC                 |
17 | PUBLISHING GROUP,                         |
18 |                  Defendants.              |

19
20
21
22
23
24
25
26
27
28

Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group ("Defendants") answer the Second Amended Complaint ("SAC") filed by Plaintiff Stephanie Lenz ("Plaintiff") as follows:

1. The allegations of Paragraph 1 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 1.

2. The allegations of Paragraph 2 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 2.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis deny the allegations of Paragraph 3.

4. Answering the allegations of Paragraph 4, Defendant Universal Music Corp. avers that it is a Delaware corporation whose principal place of business is in Santa Monica, California; Defendant Universal Music Publishing, Inc. avers that it is a California corporation whose principal place of business is in Santa Monica, California; and Defendants aver that Defendant Universal Music Publishing Group does not exist as a legal entity. Except as specifically averred herein, Defendants deny the allegations in Paragraph 4.

5. The allegations of Paragraph 5 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 5.

6. Answering the allegations of Paragraph 6, Defendants Universal Music Corp. and Universal Music Publishing, Inc. aver that they are subject to personal jurisdiction in this District. Defendant Universal Music Publishing Group does not exist as a legal entity and thus is not subject to personal jurisdiction. Except as specifically averred herein, Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. Answering the allegations of Paragraph 9, Defendants aver that they are informed and believe that YouTube, LLC maintains its headquarters in San Bruno, California and operates a website located at www.youtube.com. Except as specifically averred herein, Defendants deny the allegations in Paragraph 9.

10. Answering the allegations of Paragraph 10, Defendants Universal Music Corp. and Universal Music Publishing, Inc. aver they are engaged in the business of music publishing and that Defendant Universal Musical Corp. administers copyrights in certain musical compositions owned or controlled by Prince Rogers Nelson d/b/a Controversy Music, professionally known as "Prince," including the composition, "Let's Go Crazy." Except as specifically averred herein, Defendants deny the allegations in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis deny the allegations of Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis deny the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

15. The allegations of Paragraph 15 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny the allegations of Paragraph 16.

17. Answering the allegations of Paragraph 17, Defendants aver that a video entitled, "'Let's Go Crazy' #1," has been posted to www.youtube.com/watch?v=N1KfJHFWlhQ. Except as specifically averred herein, Defendants deny the allegations in Paragraph 17.

18. The allegations of Paragraph 18 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 18.

19. Answering the allegations of Paragraph 19, Defendants aver that Defendants Universal Music Corp. and Universal Music Publishing, Inc. employ persons who, in the course of business, consider issues relating to the United States copyright laws. Except as specifically averred herein, Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Answering the allegations of Paragraph 21, Defendants aver that on June 4, 2007, Defendant Universal Music Corp. caused an email to be sent to the address copyright@youtube.com, and that this email is the best evidence of its contents. Except as specifically averred herein, Defendants deny the allegations of Paragraph 21.

22. Answering the allegations of Paragraph 22, Defendants aver that the June 4, 2007 email referenced in Paragraph 21 above was sent to the address copyright@youtube.com; that the website www.youtube.com includes a page entitled, "Terms of Use"; and that the text of the "Terms of Use" page as it existed on a particular date is the best evidence of the contents of that pages as of that date. Except as specifically averred herein, Defendants deny the allegations of Paragraph 22.

23. The allegations of Paragraph 23 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny the allegations of Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny the allegations of Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny the allegations of Paragraph 26.

27. Answering the allegations of Paragraph 27, Defendants aver that on June 8, 2007, they received an email message from the address copyright@youtube.com, forwarding an email message from the address edenza@gmail.com dated June 7, 2007, and that the June 7, 2007 email

is the best evidence of its contents. Except as specifically averred herein, Defendants deny the allegations of Paragraph 27.

28.  Answering the allegations of Paragraph 28, Defendants aver that Exhibit E to Plaintiffs' SAC appears to be a copy of a printout of the posting of an article from the website www.reuters.com and that the article itself is the best evidence of what www.reuters.com reported. Except as specifically averred herein, Defendants deny the allegations of Paragraph 28.

29.  Answering the allegations of Paragraph 29, Defendants aver that Exhibit E to Plaintiffs' SAC appears to be a copy of a printout of the posting of an article from the website www.reuters.com and that the article itself is the best evidence of what www.reuters.com reported. Except as specifically averred herein, Defendants deny the allegations of Paragraph 29.

30.  Answering the allegations of Paragraph 30, Defendants aver that Exhibit F to Plaintiffs' SAC appears to be a copy of a printout of the posting of an article from the website www.abcnews.go.com and that the article itself is the best evidence of what www.abcnews.go.com reported. Except as specifically averred herein, Defendants deny the allegations of Paragraph 30.

31.  Defendants deny the allegation of Paragraph 31.

32.  The allegations of Paragraph 32 are an incorporation of the preceding allegations of the SAC to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 32.

33.  The allegations of Paragraph 33 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 33.

34.  The allegations of Paragraph 34 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 34.

35.  Defendants deny the allegations of Paragraph 35.

36. The allegations of Paragraph 36 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 36.

37. The allegations of Paragraph 37 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 37.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis deny the allegations of Paragraph 38.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

39. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Bad Faith)

40. Plaintiff is barred from recovery of damages or any other relief because Plaintiff acted in bad faith.

### Third Affirmative Defense

(No Damages)

41. Plaintiff's claim fails because she has suffered no damages.

### Fourth Affirmative Defense

(Estoppel)

42. Plaintiff's claim is barred by the doctrine of estoppel.

### Fifth Affirmative Defense

(Waiver)

43. Plaintiff's claim is barred by the doctrine of waiver.

### Sixth Affirmative Defense

(Failure to Mitigate)

44. Without admitting that Plaintiff suffered any injury in any way, to the extent that Plaintiff did suffer such injury, her claim is barred in whole or in part because she failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate her damages.

### Seventh Affirmative Defense

(Unclean Hands)

45. Plaintiff's claim is barred or abated substantially because she is guilty of unclean hands.

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiff take nothing by her Second Amended Complaint and that the Second Amended Complaint be dismissed in its entirety with prejudice;

2. That Defendants be awarded their costs and attorneys' fees incurred herein; and

3. That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED: September 30, 2008            MUNGER, TOLLES & OLSON LLP


By: /s/ Kelly M. Klaus
    KELLY M. KLAUS

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING
GROUP