\*\*E-Filed 10/28/08\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>              Plaintiff,<br><br>            v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>              Defendants. | Case Number C 07-3783 JF (RS)<br><br>**ORDER[1] DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL**<br><br>[re: docket no. 47] |

Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group (collectively, "Universal") seek certification of the Court's August 20, 2008 Order (the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and a stay of the proceedings pending resolution of the appeal. Because Universal has not met the requirements for such certification, the motion will be denied.[2]

---

[1] This disposition is not designated for publication in the official reports.

[2] The parties stipulated to a shortened briefing schedule and requested submission of the instant motion on the papers.

## I. BACKGROUND

The instant action involves a song playing in the background of a video that Plaintiff Stephanie Lenz ("Lenz") posted to YouTube.com. As owner of the song's copyright, Universal sent YouTube a takedown notice pursuant to Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 (2000). YouTube removed the video. In response, Lenz sent YouTube a DMCA counter-notification on June 27, 2007. She asserted that her video constituted fair use of the song and demanded that the video be re-posted. YouTube re-posted the video on its website about six weeks later.

On July 24, 2007, Lenz filed the instant action for misrepresentation pursuant to 17 U.S.C. § 512(f). She alleges that Universal lacked a good faith belief that the video actually infringed a copyright as required by 17 U.S.C. § 512(c)(3)(A). On May 23, 2008, Universal moved to dismiss the action for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Universal argued that "copyright owners cannot be required to evaluate the question of fair use prior to sending a takedown notice because fair use is merely an *excused* infringement of a copyright rather than a use *authorized* by the copyright owner or by law." Order at 5 (emphasis original). Lenz countered that "fair use *is* an authorized use of copyrighted material." *Id.* (emphasis original). The Court agreed with Lenz and denied Universal's motion to dismiss. Universal filed the instant motion on August 29, 2008, seeking certification of the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD

A district court, in its discretion, may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) there is a "controlling question of law," (2) on which there are "substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). As the Ninth Circuit has recognized, section 1292(b) is to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement Antitrust*, 673 F.2d at 1026 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (holding that "exceptional circumstances [must] justify a departure

from the basic policy of postponing appellate review until after the entry of a final judgment")); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (noting that section 1292(b) is available only "[i]n rare circumstances").

### III. DISCUSSION

Universal seeks certification of the following issue: "[W]hether 17 U.S.C. § 512(c)(3)(v) requires a copyright owner to consider the fair use doctrine in formulating a good faith belief that 'use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.'" Order at 4. The Court found that, at least in the context of the facts alleged in Lenz's complaint, the DMCA does require consideration of fair use prior to sending a takedown notice. Universal disagrees, and argues that the issue is appropriate for immediate appeal because (1) it involves a question that is potentially dispositive and therefore "controls" the case; (2) there are substantial grounds for disagreeing with the Court's resolution of the issue; and (3) the purely legal and dispositive nature of the question means that its resolution materially would advance the litigation, because if the Ninth Circuit were to answer the question differently, Lenz's case would be over. Lenz does not dispute that the issue involves a controlling question of law. However, she argues that there are no substantial grounds for difference of opinion and that immediate appeal will neither advance the litigation nor promote judicial economy. For the reasons discussed below, the Court agrees with Lenz.

**A. Substantial Grounds for Difference of Opinion**

Universal asserts that the question presented by the Order is one of first impression and that there are substantial grounds for disagreeing with this Court's conclusion. However, "'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion' under § 1292(b)." *In re Conseco Life Ins. Cost of Ins. Litig.*, No. Civ. 04-1610, 2005 WL 5678841, at *2 (C.D. Cal. May 31, 2005) (quoting *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996)). Moreover, "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing." *Id.* (citing *Mateo v. The M/S Kiso*, 805 F.Supp. 792, 800 (N.D. Cal. 1992) (abrogated on other grounds by

3

1  *Brockmeyer v. May*, 361 F.3d 1222, 1226 (9th Cir. 2004)).

2  As it did in its moving papers on the underlying motion, Universal argues that fair use is not a use authorized by law but instead is a defense that may be raised by a party accused of copyright infringement. It asserts that requiring an *ex ante* consideration of fair use will require a *post hoc* reasonableness inquiry inconsistent with the Ninth Circuit's holding in *Rossi v. Motion Picture Ass'n of America, Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004) (holding that "the 'good faith belief' requirement in § 512(c)(3)(A)(v) encompasses a subjective, rather than objective, standard"). However, Universal misconstrues the Order, which held merely that "[a]n allegation that a copyright owner acted *in bad faith* by issuing a takedown notice without proper consideration of the fair use doctrine...is sufficient to state a misrepresentation claim pursuant to Section 512(f) of the DMCA." Order at 6 (emphasis added). The Court did not hold that every takedown notice must be preceded by a full fair use investigation. *Id.* at 7 (citing *Rossi*, 391 F.3d at 1003-04). Rather, it recognized, as it has previously, that in a given case fair use may be so obvious that a copyright owner could not reasonably believe that actionable infringement was taking place. *See Online Policy Group v. Diebold, Inc.*, 337 F.Supp. 2d 1195, 1204 (N.D. Cal. 2004). In such a case, which is likely to be extremely rare, the policy objectives of the DMCA are served by requiring copyright owners at least to form a subjective good faith belief that the "particular use is not a fair use" before sending the takedown notice.

**B. Material Advancement of the Litigation**

Universal also asserts that an immediate appeal may "materially advance" the case because a reversal by the Ninth Circuit would terminate the litigation. While it is true that reversal of the Order might lead to dismissal of Lenz's 17 U.S.C. § 512(f) claim, an interlocutory appeal prior to any discovery would deprive the appellate court of a factual record that likely would aid its consideration of the legal questions presented. For instance, while Universal argues that the "indeterminancy of the fair use inquiry" would require courts to adjudicate the reasonableness of consideration of complex fair use factors thus applying an objective good faith standard contrary to the holding in *Rossi,* Lenz offers several examples of how courts might evaluate the "good faith belief" requirement under a subjective standard. To date, Universal has

not identified what if any steps it took to consider fair use when it sent the takedown notice for Lenz's video.³  Development of the factual record in this case likely will be helpful in establishing whether Universal formed a subjective good faith belief that use of the song in the video "in the manner complained of is not authorized by the copyright owner, its agent, or the law." *See* 17 U.S.C. § 512(c)(3)(A)(v).⁴

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for interlocutory appeal under section 1292(b) is DENIED.  The request to stay proceedings pending resolution of the appeal also is DENIED.

DATED: October 28, 2008

JEREMY FOGEL
United States District Judge

---

³Based upon correspondence received from counsel on October 10, 2008, it appears that Universal has deferred a response to Lenz's discovery requests pending resolution of the instant motion.

⁴This Court already has cautioned that it "has considerable doubt that Lenz will be able to prove that Universal acted with the subjective bad faith required by *Rossi*, and following discovery her claims well may be appropriate for summary judgment." Order at 8.

5

Case No. C 07-3783 JF
ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL
(JFEX1)

This order has been served upon the following persons:

Corynne McSherry
Email: corynne@eff.org

Jason M. Schultz
Email: jason@eff.org

Marcia Clare Hofmann
Email: marcia@eff.org

Michael Soonuk Kwun
Email: michael@eff.org

Kelly Max Klaus
Email: kelly.klaus@mto.com

Amy C. Tovar
Email: amy.tovar@mto.com

6

Case No. C 07-3783 JF
ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL
(JFEX1)