ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993
Email: fred@eff.org; kurt@eff.org
           corynne@eff.org

FOLGER LEVIN & KAHN LLP
MICHAEL F. KELLEHER
SUZANNE ELIZABETH RODE
275 Battery Street, Suite 2300
San Francisco, CA  94111
Telephone:     (415) 986-2800
Facsimile:     (415) 986-2827
Email: mkelleher@flk.com; srode@flk.com

KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
MICHAEL KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
Email: mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                              Plaintiff,<br><br>         v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                              Defendants. | Case No. C 07-03783-JF<br><br>**DECLARATION OF MICHAEL KWUN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Judge:      The Hon. Richard G. Seeborg<br>Courtroom: 4<br>Date Comp. Filed:     July 24, 2007<br><br>**[JOINT STIPULATION AND [PROPOSED] ORDER SHORTENING TIME; [PROPOSED] PROTECTIVE ORDER, AND MOTION FOR ENTRY OF PROTECTIVE ORDER FILED HEREWITH]** |

439653.02

I, MICHAEL KWUN, declare and state:

1.      I am an attorney licensed to practice law in the State of California and am of counsel with Keker & Van Nest LLP, attorneys for plaintiff Stephanie Lenz ("Lenz") in the above-captioned action.

2.      I have knowledge of the facts set forth herein, and if called upon as a witness thereto, I could do so competently under oath.

3.      On September 30, 2008, Lenz served her first set of Requests for Production on Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group (collectively, "Universal.")

4.      Universal served its responses and objections to Lenz's requests on November 3, 2008.  In General Objection No. 4, Universal objected to the requests "to the extent they seek documents that contain any confidential…material" and stated that it would produce such documents "only upon the entry of, and in accordance with the terms of, an appropriate protective order in this case."

5.      Universal served its first set of Requests for Production on November 3, 2008. Lenz served her responses and objections on December 17, 2008, and produced her first set of documents on that date.

6.      On December 19, 2008, I sent a letter to Kelly Klaus, counsel for Universal, responding to Universal's objections.  With respect to General Objection No. 4, I asked Universal to specify what documents it was withholding based on that objection and on what basis.

7.      Following that letter, counsel for the parties exchanged various emails, and in a December 22, 2008 email, Klaus indicated that "[w]e'll need to get a protective order in place before we produce any more documents."  In response to an email from me noting that we had yet to receive any document productions, Klaus stated that Universal "did produce documents with [its] motion papers."

8.      Also on December 22, 2008, Klaus offered to draft a Stipulated Protective Order. Klaus emailed Universal's draft Stipulated Protective Order on January 19, 2009.

2

439653.02

9.      My co-counsel Corynne McSherry sent Lenz's proposed revisions to Universal's draft order to Klaus on January 30, 2009.

10.     On February 3, 2009, I sent a letter to Klaus in which, among other things, I proposed that the parties meet and confer by telephone on February 10, 2009.  I followed up by email on February 13, and the parties discussed the Stipulated Protective Order and other issues by telephone on February 18, 2009.

11.     During that call, either I or my co-counsel proposed that the parties produce documents on an "Attorneys Eyes Only" basis while continuing to negotiate the terms of the Stipulated Protective Order.  Klaus stated that he would discuss that proposal with his clients.  At the time, both parties indicated that we were hopeful that we would be able to come to agreement on a Stipulated Protective Order quickly, which might avoid the need for an interim AEO agreement.

12.     Although the parties exchanged emails, including further drafts of a Stipulated Protective Order, we were unable to continue the telephonic meet and confer process due to Klaus's unavailability due to a trial. Although Klaus originally stated that the trial would last one week, he later indicated that it had continued on to a second week.

13.     With no agreed Protective Order yet in place, on March 12, 2009 co-counsel McSherry asked Klaus by email whether we could agree to produce documents on an Attorneys Eyes Only basis while continuing to negotiate the terms of the protective order.  Klaus responded that he was checking with his client.  On March 17, 2009, I emailed Klaus and again renewed that request, among other points.

14.     Klaus responded later that day, stating that Universal wanted "a firm protective order in place before they start turning over their confidential internal documents…."  Klaus mentioned the fact that Lenz was not an attorney, and that she "operates a blog site and comments routinely about the details of this case," as reasons for Universal's objection to her access to Highly Confidential material.

15.     The parties scheduled a telephone call for March 24, 2009, to continue their discussions regarding the Stipulated Protective Order (and other topics).  I received Universal's

439653.02

next draft of the Stipulated Protective Order from Klaus by email shortly before that call. A true and correct copy of that draft and the accompanying email is attached as Exhibit A.

16.     Klaus proposed in this call that rather than adding Lenz to the list of those authorized to view Highly Confidential material, Lenz could seek Universal's consent to view Highly Confidential documents on a document-by-document basis.

17.     I asked Klaus in this call whether Universal objected to Lenz's proposal regarding redaction of private nonparty information because it believed that her proposal would preclude Universal from doing anything it might actually want to do. Klaus responded in substance that Universal did not believe so. Klaus responded in substance that Universal objected to Lenz's plan for this material because it was unusual and different from this Court's form Stipulated Protective Order.

18.     At this point, the parties had met and conferred, by telephone and electronic mail, extensively in an attempt to resolve our differences over the terms of the Protective Order. While we had been successful in reaching mutually agreeable positions on many points, we had appeared to reach an impasse on the remaining open issues. And, in fact, during the March 24 telephone call the parties agreed that this was the case.

19.     Nonetheless, we agreed that my co-counsel Melissa Miksch would send a further revised draft of the Stipulated Protective Order to Klaus on March 26, 2009. A true and correct copy of that draft and the accompanying email is attached as Exhibit B.

20.     Between March 26 and March 31, 2009, the parties continued to exchange emails about the proposed Stipulated Protective Order.

21.     On March 31, 2009, Klaus agreed in email that further negotiations were unlikely to be productive.

22.     On April 6, 2009, I received a document production disk from Universal containing documents bearing Bates numbers UMC000001-UMC0000178. I reviewed those documents and they consist principally of entries from Lenz's blog, internet articles about this case, and YouTube's terms of use. All of these documents are accessible to anyone with internet access. Lenz had not received any documents from Universal (other than those attached to its

motions to dismiss) before this date.

23.     On April 7, 2009, Miksch asked Klaus to confirm whether Universal agreed to the proposal Lenz had made in her March 26, 2009 draft to allow use of Highly Confidential material in depositions of individuals who were independently entitled to review such material. Klaus was unable to confirm at that time whether or not Universal could agree to that proposal.

24.     Attached as Exhibit C is a true and correct copy of a post to Stephanie Lenz's "blog," dated March 13, 2009, entitled "Clever Title Here."

25.     Attached as Exhibit D is a true and correct order of Magistrate Judge Hillman's Minute Order of December 27, 2005, in *Perfect 10, Inc. v. Google Inc.*, No. 04-9484 (C.D. Cal.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 9, 2009, in San Francisco, California.

       */s/ Michael S. Kwun**
       MICHAEL S. KWUN

_____

* Electronically signed by Melissa J. Miksch, counsel for Plaintiff, with the concurrence of Michael S. Kwun.  N.D. Cal. G.O. 45 ¶  X.B.

DECLARATION OF MICHAEL KWUN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
CASE NO. C 07-03783-JF

439653.02

# EXHIBIT A

## Aaron Madfes

| | |
|---|---|
| **From:** | Kelly Klaus |
| **Sent:** | Tuesday, March 24, 2009 1:10 PM |
| **To:** | Michael S. Kwun; Melissa J. Miksch; Corynne McSherry |
| **Cc:** | Aull, Ashley |
| **Subject:** | Lenz/Universal - Draft Protective Order |
| **Attachments:** | Lenz v Universal Stipulated PO - MTO Edits 20090324.DOC |

As we discussed this morning, we inadvertently deleted certain language from Paragraph 10 that should be in the protective order. Here is a corrected draft. I appreciate you pointing this out. Let us know your thoughts on the rest of the order when you've had a chance to discuss with your client.

<<Lenz v Universal Stipulated PO - MTO Edits 20090324.DOC>>

MICHAEL KWUN (SBN 198945)
Michael@eff.org
CORYNNE MCSHERRY (SBN 221504)
Corynne@eff.org
ELECTRONIC FRONTIER
FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.
and UNIVERSAL MUSIC PUBLISHING
GROUP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING, INC.<br>and UNIVERSAL MUSIC PUBLISHING<br>GROUP,<br><br>          Defendants. | CASE NO.  CV-07-03783<br><br>**[PROPOSED] STIPULATED<br>PROTECTIVE ORDER** |



Plaintiff Stephanie Lenz and defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group (collectively "Universal"), by and through their respective counsel, hereby respectfully request that the Court enter the following Protective Order ("Order").

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, appealing, or attempting to settle this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order.  The Parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2.  DEFINITIONS

2.1  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things which have not been made public and which concern or relate to  proprietary information used by a Party or nonparty in, or pertaining to, its business, which is not generally known and which the Party or nonparty would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, marketing documents, and confidential business communications.

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:  highly sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty could create a substantial risk of serious injury to the disclosing Party or nonparty that could not be avoided by less restrictive means. ~~and (2) information that constitutes personally identifying information of nonparties, specifically personal names, telephone numbers and home addresses, and/or private facts that do not pertain to a Party's business, do not pertain this action, and are not generally known.~~

~~2.5    Nonparty Private Facts: information (regardless of how generated, stored or maintained) that constitutes personally identifying information of nonparties, specifically personal names, email addresses, telephone numbers and home addresses, and/or private facts that do not pertain to this action and are not generally known.2.6~~

~~2.6~~    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

~~2.7~~2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

~~2.8~~2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

~~2.9~~2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

~~2.10~~2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

~~2.11~~2.10    House Counsel: attorneys who are employees of a Party.

~~2.12~~2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

~~2.13~~2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a

competitor of a Party and who, at the time of retention, is not anticipated to become and employee

of a Party or a competitor of a Party. This definition includes a professional jury or trial

consultant retained in connection with this litigation.

~~2.14~~2.13        Professional Vendors: persons or entities that provide litigation support

services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

organizing, storing, retrieving data in any form or medium; etc.) and their employees and

subcontractors.

~~2.15~~2.14        Final Disposition:  The legal conclusion of this case, whether by final court

judgment and the exhaustion of all potential appeals, by voluntary dismissal, or by settlement.

**3.        SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined

above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or

counsel to or in court or in other settings that might reveal Protected Material.

**4.        DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order

otherwise directs.

**5.        DESIGNATING PROTECTED MATERIAL**

5.1        Exercise of Restraint and Care in Designating Material for Protection.  Each Party

or nonparty that designates information or items for protection under this Order must take care to

limit any such designation to specific material that qualifies under the appropriate standard.  A

Designating Party must take care to designate for protection only those parts of material,

documents, items or communications that qualify so that other portions for which protection is

not warranted are not swept unjustifiably within the ambit of this Order.  Mass indiscriminate or

routinized designations are prohibited.  Designations that are shown to be clearly unjustified or

that have been made for an improper purpose (~~including but not limited to seeking~~e.g., to

unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to the attention of a Designating Party that information it designated for protection does not qualify for protection, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings):  The Producing Party must affix the legend "Confidential,"" or "Highly Confidential – Attorneys' Eyes Only" or "Nonparty Private Facts" at the top or bottom of each page that contains Protected Material.  If only a portion of material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential," or "Highly Confidential – Attorneys' Eyes Only" or "Nonparty Private Facts") at the top of each page that contains Protected Material. If only a portion of material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> the Party or non-Party must either (1) state on the record, before the close of the deposition, hearing, or other proceeding, that the testimony or portions of the testimony shall be designated "Confidential~~,~~<u>" or</u> "Highly Confidential – Attorneys' Eyes Only~~" or "Nonparty Private Facts~~" or (2) provide written notice to all Parties, within 10 days after receipt of the official transcript, that the testimony or portions of the testimony shall be designated "Confidential~~,~~<u>" or</u> "Highly Confidential – Attorneys' Eyes Only~~" or "Nonparty Private Facts~~."  If only a portion of the testimony qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.  The Parties shall treat the testimony as "Highly Confidential – Attorneys' Eyes Only" until the expiration of such 10-day period.

Transcript pages containing Protected Material must be marked with the legend "Confidential~~,~~<u>" or</u> "Highly Confidential – Attorneys' Eyes Only~~" or "Nonparty Private Facts~~" as instructed by the Party or nonparty.  If only a portion of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

(c)     <u>for information produced in some form other than documentary, and for any other tangible item,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "Confidential~~,~~<u>" or</u> "Highly Confidential – Attorneys' Eyes Only~~" or "Nonparty Private Facts~~."  If only a portion of the material qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

(d)     <u>for information produced in electronic form on a computer readable medium (e.g., CD-ROM),</u> that the Producing Party affix in a prominent place on the storage medium on which the information is stored, and on any container(s) for such medium, the legend "Confidential~~,~~<u>" or</u> "Highly Confidential – Attorneys' Eyes Only~~" or "Nonparty Private Facts~~."  If only a portion of the material qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

~~5.3      Redaction of Highly Confidential Information: Documents that may be produced in this action include personal correspondence that may include personally identifying information and/or private, nonresponsive information of third parties.  To protect the privacy of nonparties, in additional to designating such documents as Highly Confidential, a Producing Party may provide redacted versions of such documents,  The unredacted versions may be used for reference but only the redacted version shall be used at deposition, filed with the court or used at trial, except that unredacted versions may be filed with the Court under seal for purposes of challenging a redaction that a Party believes to be improper.~~

~~5.3      Redaction of Nonresponsive Nonparty Private Facts: Documents that may be produced in this action include personal correspondence that may include private, nonresponsive information of nonparties.  To protect the privacy of nonparties, where information produced in any form includes nonresponsive information that also qualifies as Nonparty Private Facts, the Producing Party may redact it provided that the material (or portion thereof) is designated pursuant to the foregoing.~~

~~5.4~~5.3 <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential~~,~~<u>," or</u> "Highly Confidential – Attorneys' Eyes Only~~," or "Nonparty Private Facts~~" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential," <u>or</u> "Highly Confidential – Attorneys' Eyes Only~~" or "Nonparty Private Facts~~" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS ~~AND REDACTIONS~~**

6.1      <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation ~~or redaction~~ is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or redaction must do so in good faith and must begin the process by conferring with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

   6.3   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation or redaction after considering the justification offered by the Designating Party may, within fifteen (15) days of the conclusion of the meet-and-confer process, file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  Any opposition to such a motion is due five (5) business days after its service.  Any reply is due three (3) business days after service of the opposition.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. The Parties shall attempt in good faith to combine as many disputed issues as possible when bringing a motion under this Section 6.3.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Limited Use of Protected Material</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation.  A Receiving Party may not use Protected Material for any other purpose, including (by way of example and not of limitation) posting or disclosing Protected Material or information derived from Protected Material to Internet sites that discuss this litigation.  However, and for avoidance of doubt, a Receiving Party may post and disclose briefs and other documents that have been made part of the public record in this action.  In the event that a Receiving Party posts or discloses briefs or other documents containing information that was inadvertently included in the public record, or is inadvertently misdesignated and corrected under Section 5.43, the Receiving Party must immediately remove any such briefs or other documents from its own posts, and use all reasonable efforts to retrieve them from third-party websites and other locations where they are posted.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "Confidential" Information</u> and/or Nonparty Private Facts.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "Confidential" or "Nonparty Private Facts" may be disclosed only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A), and as to whom the procedures set forth in Section 7.4, below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staffs, to whom disclosure is reasonably necessary for this litigation;

(f)     Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that all Protected Material is retrieved by the party furnishing it upon completion of the services; and

(g)     an author, signatory, or prior recipient of the document or the original source of the information; and

(h)     During their depositions and in trial proceedings, witnesses to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A to this Order.  during their depositions and in trial proceedings, witnesses to whom disclosure is reasonably necessary for this litigation and who have

(gh)     Stephanie Lenz, provided she has signed Exhibit A to this Order.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3     Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, and to the following House Counsel: Harvey Geller, Deputy General Counsel, Senior Vice President, Business and Legal Affairs, Universal Music Group;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A) and as to whom the procedures set forth in Section 7.4, below, have been followed;

      (c)      the Court and its personnel;

      (d)      court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

      (e)      an author, signatory, or prior recipient of the document or the original source of the information

~~(f)       Stephanie Lenz, provided she has signed Exhibit A to this Order.(f)Stephanie Lenz~~.

~~For avoidance of doubt, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party shall not disclose an unredacted version of a document originally produced in redacted form, except that an unredacted version may be disclosed, by filing under seal, to the Court and its personnel for purposes of challenging a redaction that a Party believes to be improper.~~

      7.4    <u>Procedures for Approving Disclosure of "Confidential~~,~~<u>," and</u> "Highly Confidential – Attorneys' Eyes Only<u>"</u>~~ and "Nonparty Private Facts"~~" Information or Items to "Experts"</u>:

      (a)      Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "Confidential~~,~~<u>," or</u> "Highly Confidential – Attorneys' Eyes Only," ~~or "Nonparty Private Facts"~~first, at least seven court days prior to any disclosure, must make a written request to Designating Party that (1) identifies the specific "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current *curriculum vitae* (including identification of the Expert's current employer(s)), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in

connection with which the Expert has provided any professional services during the preceding five years.

(b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and describe with specificity any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet-and-confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. The burden of persuasion in any such challenge proceeding shall be on the ~~Designating~~ Party seeking to make the disclosure to the Expert.

~~For avoidance of doubt, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party shall not disclose an unredacted version of a document originally produced in redacted form, except that an unredacted version may be disclosed, by filing under seal, to the Court and its personnel for purposes of challenging a redaction that a Party believes to be improper.~~

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action as "Confidential" or

"Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party immediately in writing and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately in writing inform the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.      FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a ~~c~~Court ~~o~~Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material ~~, nor may a Party file an unredacted version of any document produced in redacted form, except that an unredacted version may be disclosed, by filing under seal, to the Court and its personnel for purposes of challenging a redaction that a Party believes to be improper~~.

~~7409509. 1~~
7426966.1

_A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 11.    FINAL DISPOSITION

Even after Final Disposition of this action (as defined above), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after a Final Disposition of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline affirming that (a) all Protected Material it received has been returned or destroyed and (b) the Receiving Party (as well as any individual(s) to whom the Receiving Party disclosed Protected Material in accordance with this Order) has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such materials contain Protected Material.  Counsel are also entitled to retain any backup tapes that may contain such an archival copy.  Any such archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations of this Order.  However, and for avoidance of doubt, a Receiving Party may retain and post online any briefs or other documents that have been made ~~art~~part of the public record in this action.  In the event that a Receiving Party posts or discloses briefs or other documents containing information that was inadvertently included in the public record, or is inadvertently misdesignated and corrected under Section 5.4, the Receiving Party must immediately remove any such briefs or other documents from its own posts, and use all reasonable efforts to retrieve them from third-party websites and other locations where they are posted.

## 12.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

Inadvertent production of any document that a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  The Designating Party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a Party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another Party or nonparty, such other Party shall within five (5) business days return to the requesting Party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document. The Party returning such material may then move the Court for an order compelling production of the material, but that Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

## 13.    MISCELLANEOUS

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Use of Designating Party's Own Materials</u>.  Nothing in this Order shall restrict a Designating Party's ability to use and disclose its own designated materials as it chooses.  Unless such use includes its public disclosure, a Designating Party's own use and disclosure of its own designated materials shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such materials in violation of this Order.

13.3    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.4   ~~Information From Other Sources.  This Order shall not apply to information in the public domain or obtained from other sources regardless of whether such information is also contained in materials designated as confidential pursuant to this Order. 13.5~~

~~13~~

~~13.~~

~~13.4.~~ Information From Other Sources. This ~~o~~Order ~~shall~~ does not apply to the lawful use of information that a Party lawfully obtains from ~~in the public domain or o~~obtained form other sources with the legal right to be in possession of such information.  However, in the event that a Receiving Party attempts to defend its use of ~~regardless of whether such~~ information that has been designated as Protected Material on the ground that such information is within the limitation set forth in the first sentence of this ~~is contained in materials designated as confidential pursuant to this Order~~Section 13.4, the burden in any proceeding or motion to enforce this Order against such use shall be on the Receiving Party to prove that it (a) is making a lawful use of such information, (b) lawfully obtained the information from another source with the legal right to be in possession of it and (c) obtained such information and used it in the manner objected to prior to receiving the Protected Material from the Designating Party in discovery in this matter.

13.5   Notice to Third Parties.  Upon entry of this Order, the Parties shall provide notice and a copy of this Order to all protected third parties who provided them documents or information in this action prior to entry of this Order.

13.5   Effective Pending Approval.  The Parties agree that, pending approval by the Court, this Stipulated Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Protective Order had been entered by the Court.

13.6   Retained Jurisdiction.  The Court shall retain jurisdiction to enforce this Order after Final Disposition, unless the Order is vacated.

13.7    <u>Modification</u>.  In the event any Party seeks to amend or vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation or noticed motion.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.


Dated: _____        _____

Attorneys for Plaintiff


Dated: _____        _____

Attorneys for Universal


PURSUANT TO STIPULATION, IT IS SO ORDERED


Dated: _____        _____

HON. JEREMY FOGEL

United States District Judge

## EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Lenz v. Universal Music Corp.*, Case No. CV 07-03783.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Printed Name: _____

Address: _____

Present Employer: _____

Designated as Expert for (if applicable): _____

Date: _____

City and State where sworn and signed: _____


Signature: _____

7409509. 1
7426966.1

# EXHIBIT B

## Melissa J. Miksch

| | |
|---|---|
| **From:** | Melissa J. Miksch |
| **Sent:** | Thursday, March 26, 2009 3:03 PM |
| **To:** | Kelly Klaus |
| **Cc:** | 'ashley.aull@mto.com'; Michael S. Kwun; Corynne McSherry; Ashok Ramani |
| **Subject:** | lenz v. universal - revisions to PO |
| **Attachments:** | KVNDOC1-#438632-v5-MCBEAL-P-Stip_PO_-_KVN_edits_20090326.DOC |

Dear Kelly,

Attached please find our revisions to the current edition of the protective order.  Items of note:

**Open Issues**
As discussed in our call on Tuesday, we've set out the two issues on which we both believe we cannot reach agreement and proposed that the court enter the other provisions of the order with the understanding that we will move to amend.  You'll find these changes in Section 1 and in the "so ordered" language at the end.  We are flexible about the proposed briefing schedule, though we would prefer to resolve these issues sooner rather than later.

**Use in Depositions** (Sections 7.2 and 7.3)
Under your revisions, neither Confidential nor Highly Confidential documents can be shown in deposition to people who did not actually author, sign, or receive them but are in fact entitled to view those same documents should they choose to do.  We believe that limiting disclosure to those independently authorized to view the documents would more than accommodate Universal's concerns about safeguarding the confidentiality of its Confidential and Highly Confidential information and are hopeful that this compromise will be acceptable to you. (It appears that this provision was inadvertently dropped from section 7.3 somewhere along the way).

**Use of Protected Material Obtained from Other Sources** (Section 13.4)
We are willing to accept your proposal that use of such material must be a lawful use of material that a Party has lawfully obtained.  However, we are not comfortable with the idea that a Receiving Party could be precluded from using information that has been published in a newspaper (for example) simply because one Party speculates that it may have come to light as a result of some unlawful act by a nonParty. That restriction could prohibit the Receiving Party from using the material in ways that would be open to anyone else.  Thus, we propose simplifying this section and simply reserving to both parties the right to seek a further protective order as need be.

We look forward to your thoughts.

Best regards,
Melissa

Melissa J. Miksch | Keker & Van Nest LLP | 710 Sansome Street, San Francisco, CA 94111
tel: 415.391.5400 | fax: 415.397.7188 | email: mmiksch@kvn.com

This message is intended only for the use of the individual or entity to whom it is addressed. The message is confidential and may contain attorney-client information, attorney work product or other privileged information. If you are not the intended recipient, you are hereby notified that any use or dissemination of this message is strictly prohibited. If you received this message in error, please notify the sender by replying to the message. When complete, please delete the original message.

ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993
Email: fred@eff.org; kurt@eff.org
          corynne@eff.org

KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
MICHAEL KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
Email: mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.
and UNIVERSAL MUSIC PUBLISHING
GROUP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEPHANIE LENZ,

Plaintiff,

vs.

UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.
and UNIVERSAL MUSIC PUBLISHING
GROUP,

Defendants.

CASE NO.  CV-07-03783

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

438632.05

7186793.3
7409509.1
7426966.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.  CV 07-03783

Plaintiff Stephanie Lenz and dDefendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group (collectively "Universal"), by and through their respective counsel, hereby respectfully request that the Court enter the following Protective Order ("Order").

## 1.    PURPOSES AND LIMITATIONS

1.1    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, appealing, or attempting to settle this litigation would be warranted. ~~Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order~~.

1.2    The Parties have accordingly agreed on most, but not all, aspects of a Stipulated Protective Order.  They disagree on certain issues despite having met and conferred with each other on multiple occasions.  The open issues are:

1)  Universal believes that it is appropriate for Harvey Geller, Deputy General Counsel, Senior Vice President, Business and Legal Affairs, Universal Music Group, but not Stephanie Lenz, to have access to material designated as "Highly Confidential" under this Order.  Lenz believes that it is appropriate for both Geller and Lenz to have access to "Highly Confidential" material.

2)  Lenz believes that it is appropriate to produce both redacted and unredacted versions of documents containing private facts about nonparties that do not pertain to this action under terms that require use of the redacted versions at deposition, in court filings, and at trial, but permit filing of the unredacted versions under seal should a Party wish to challenge a redaction.  Universal believes that this procedure is inappropriate.

The provisions affected by this disagreement are bolded and marked by brackets [] in the text below.  Pending resolution of these open issues, the Parties stipulate that:

a)  the Parties may designate documents as containing "nonparty private facts" (defined as information that constitutes personally identifying information of nonparties, specifically personal names, telephone numbers and home addresses, and/or private facts that do not pertain to a Party's business, do not pertain this

action, and are not generally known) and produce such documents in both redacted

and unredacted form; and

b)   neither Party shall file the unredacted version of a document identified by the other

party as containing "nonparty private facts," whether under seal or otherwise.

The Parties stipulate that except as described in this section, the bracketed provisions shall not be

effective unless and until the Court enters a further Order to that effect.

1.3     To resolve these open issues, the Parties propose the following briefing schedule:

i.   opening brief by Lenz due 5 court days after the Court approves this Stipulated

Protective Order;

ii.   opposing brief by Universal due 5 court days after Lenz files her opening brief;

iii.   reply brief by Lenz due 3 court days after Universal files its opposition; and

iv.   argument at the Court's convenience.

Upon resolution of these issues by the Court, the Parties will submit a definitive Protective Order

reflecting the Court's determinations.  In the meantime, the parties shall produce Protected

Material pursuant to the conditions set forth in this Stipulated Protective Order.

1.4     The Parties acknowledge, as set forth in Section 10, below, that this Stipulated

Protective Order creates no entitlement to file confidential information under seal.  Civil Local

Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be

applied when a Party seeks permission from the Court to file material under seal.

## 2.     DEFINITIONS

2.1     Party: any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the

medium or manner generated, stored, or maintained (including, among other things, testimony,

transcripts, or tangible things) that are produced or generated in disclosures or responses to

discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated,

stored or maintained) or tangible things which have not been made public and which concern or

relate to  proprietary information used by a Party or nonparty in, or pertaining to, its business, which is not generally known and which the Party or nonparty would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, marketing documents, and confidential business communications.

2.4   "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential" Information or Items:  (1) highly sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty could create a substantial risk of serious injury to the disclosing Party or nonparty that could not be avoided by less restrictive means,. and (2) information that constitutes personally identifying information of nonparties, specifically personal names, telephone numbers and home addresses, and/or private facts that do not pertain to a Party's business, do not pertain this action, and are not generally known[T1].

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — ~~Attorneys' Eyes Only~~."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel: attorneys who are employees of a Party.

2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become and employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

    2.14   Final Disposition:  The legal conclusion of this case, whether by final court judgment and the exhaustion of all potential appeals, by voluntary dismissal, or by settlement.

### 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

### 5.    DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard.  A Designating Party must take care to designate for protection only those parts of material, documents, items or communications that qualify so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to the attention of a Designating Party that information it designated for protection does not qualify for protection, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):  The Producing Party must affix the legend "Confidential" or "~~Highly Confidential – Attorneys' Eyes Only~~Highly Confidential" at the top or bottom of each page that contains Protected Material.  If only a portion of material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "~~Highly Confidential – Attorneys' Eyes Only~~Highly Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "~~Highly Confidential – Attorneys' Eyes Only~~Highly Confidential") at the top of each page that contains Protected Material.  If only a portion of material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

(b)      for testimony given in deposition or in other pretrial or trial proceedings,

the Party or non-Party must either (1) state on the record, before the close of the deposition,

hearing, or other proceeding, that the testimony or portions of the testimony shall be designated

"Confidential" or "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential" or (2)

provide written notice to all Parties, within 10 days after receipt of the official transcript, that the

testimony or portions of the testimony shall be designated "Confidential~~,~~" or "~~Highly~~

~~Confidential—Attorneys' Eyes Only~~Highly Confidential.~~"~~"  If only a portion of the testimony

qualifies for protection, the Producing Party must clearly identify the protected portions and, for

each portion, the level of protection being asserted.  The Parties shall treat the testimony as

"~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential" until the expiration of such 10-

day period.

Transcript pages containing Protected Material must be marked with the legend

"Confidential~~,~~" or "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential.~~"~~ as

instructed by the Party or nonparty.  If only a portion of the material on a page qualifies for

protection, the Producing Party must clearly identify the protected portions and, for each portion,

the level of protection being asserted.

(c)      for information produced in some form other than documentary, and for

any other tangible item, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or items is stored the legend "Confidential~~,~~" or

"~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential."  If only a portion of the

material qualifies for protection, the Producing Party must clearly identify the protected portions

and, for each portion, the level of protection being asserted.

(d)      for information produced in electronic form on a computer readable

medium (e.g., CD-ROM), that the Producing Party affix in a prominent place on the storage

medium on which the information is stored, and on any container(s) for such medium, the legend

"Confidential~~,~~" or "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential."  If only a

portion of the material qualifies for protection, the Producing Party must clearly identify the

protected portions and, for each portion, the level of protection being asserted.

[**5.3     Redaction of Highly Confidential Information: Documents that may be produced in this action include personal correspondence that may include personally identifying information and/or private, nonresponsive information of third parties.  To protect the privacy of nonparties, in additional to designating such documents as Highly Confidential, a Producing Party may provide redacted versions of such documents.  The unredacted versions may be used for reference but only the redacted version shall be used at deposition, filed with the court or used at trial, except that unredacted versions may be filed with the Court under seal for purposes of challenging a redaction that a Party believes to be improper**[IT2]**.**]

5.4~~5.3~~ Inadvertent Failure to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential~~,~~" or "~~Highly Confidential – Attorneys' Eyes Only~~Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential," or "~~Highly Confidential – Attorneys' Eyes Only~~Highly Confidential~~"~~" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS ~~AND~~ REDACTIONS**[IT3]

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation or redaction is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or redaction must do so in good faith and must begin the process by conferring with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation or redaction after considering the justification offered by the Designating Party may, within fifteen (15) days of the conclusion of the meet-and-confer process, file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  Any opposition to such a motion is due five (5) business days after its service.  Any reply is due three (3) business days after service of the opposition.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. The Parties shall attempt in good faith to combine as many disputed issues as possible when bringing a motion under this Section 6.3.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Limited Use of Protected Material.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation.  A Receiving Party may not use Protected Material for any other purpose, including (by way of example and not of limitation) posting or disclosing Protected Material or information derived from Protected Material to Internet sites that discuss this litigation.  However, and for avoidance of doubt, a Receiving Party may post and disclose briefs and other documents that have been made part of

the public record in this action.  In the event that a Receiving Party posts or discloses briefs or other documents containing information that was inadvertently included in the public record, or is inadvertently misdesignated and corrected under Section 5.43, the Receiving Party must immediately remove any such briefs or other documents from its own posts, and use all reasonable efforts to retrieve them from third-party websites and other locations where they are posted.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order[IT4].

7.2     Disclosure of "Confidential" Information and/or Nonparty Private Facts.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "Confidential" may be disclosed only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and as to whom the procedures set forth in Section 7.4, below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staffs, to whom disclosure is reasonably necessary for this litigation;

(f)      Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that all Protected Material is retrieved by the party furnishing it upon completion of the services; ~~and~~

(g)      an author, signatory, or prior recipient of the document or the original source of the information; and

(h)      During their depositions and in trial proceedings, witnesses (i) authorized or otherwise eligible to receive the Protected Material, (ii) to whom disclosure is reasonably necessary for this litigation, and (iii)who have signed Exhibit A to this Order.

(~~gh~~i)      Stephanie Lenz, provided she has signed Exhibit A to this Order.

7.3      Disclosure of "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "~~Highly Confidential—Attorneys' Eyes Only~~Highly Confidential" may be disclosed only to:

(a)      The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, and to the following House Counsel: Harvey Geller, Deputy General Counsel, Senior Vice President, Business and Legal Affairs, Universal Music Group;

(b)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and as to whom the procedures set forth in Section 7.4, below, have been followed;

(c)      the Court and its personnel;

(d)      court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; ~~and~~

(e)      an author, signatory, or prior recipient of the document or the original source of the information;

(f)      During their depositions and in trial proceedings, witnesses (i) authorized or otherwise eligible to receive the Protected Material, (ii) to whom disclosure is reasonably necessary for this litigation, and (iii)who have signed Exhibit A to this Order; and

**[(f)      Stephanie Lenz, provided she has signed Exhibit A to this Order.]**

**[For avoidance of doubt, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party shall not disclose an unredacted version of a document originally produced in redacted form, except that an unredacted version may be disclosed, by filing under seal, to the Court and its personnel for purposes of challenging a redaction that a Party believes to be improper[IT5].]**

7.4      Procedures for Approving Disclosure of "Confidential," and "Highly Confidential — Attorneys' Eyes OnlyHighly Confidential" " Information or Items to "Experts":

(a)      Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "Confidential," or "Highly Confidential — Attorneys' Eyes OnlyHighly Confidential," — first, at least seven court days prior to any disclosure, must make a written request to Designating Party that (1) identifies the specific "Confidential" or "Highly Confidential — Attorneys' Eyes OnlyHighly Confidential" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current *curriculum vitae* (including identification of the Expert's current employer(s)), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)      A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and describe with specificity any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet-and-confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. The burden of persuasion in any such challenge proceeding shall be on the Party seeking to make the disclosure to the Expert.

**[For avoidance of doubt, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party shall not disclose an unredacted version of a document originally produced in redacted form, except that an unredacted version may be disclosed, by filing under seal, to the Court and its personnel for purposes of challenging a redaction that a Party believes to be improper[TT6].]**

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action as "Confidential" or "Highly Confidential—Attorneys' Eyes Only Highly Confidential," the Receiving Party must so notify the Designating Party immediately in writing and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately in writing inform the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a cCourt oOrder secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, **[nor may a Party file an unredacted version of any document produced in redacted form, except that an unredacted version may be disclosed, by filing under seal, to the Court and its personnel for purposes of challenging a redaction that a Party believes to be improper[TT7].]**

_A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11.    FINAL DISPOSITION

Even after Final Disposition of this action (as defined above), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after a Final Disposition of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline affirming that (a) all Protected Material it received has been returned or destroyed and (b) the Receiving Party (as well as any individual(s) to whom the Receiving Party disclosed Protected Material in accordance with this Order) has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such materials contain Protected Material.  Counsel are also entitled to retain any backup tapes that may contain such an archival copy.  Any such archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations of this Order.  However, and for avoidance of doubt, a Receiving Party may retain and post online any briefs or other documents that have been made ~~art~~part of the public record in this action.  In the event that a Receiving Party posts or discloses briefs or other documents containing information that was inadvertently included in the public record, or is inadvertently misdesignated and corrected under Section 5.4, the Receiving Party must immediately remove any such briefs or other documents from its own posts, and use all reasonable efforts to retrieve them from third-party websites and other locations where they are posted.

12.     **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

Inadvertent production of any document that a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  The Designating Party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a Party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another Party or nonparty, such other Party shall within five (5) business days return to the requesting Party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document.  The Party returning such material may then move the Court for an order compelling production of the material, but that Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

13.     **MISCELLANEOUS**

13.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     <u>Use of Designating Party's Own Materials</u>.  Nothing in this Order shall restrict a Designating Party's ability to use and disclose its own designated materials as it chooses.  Unless such use includes its public disclosure, a Designating Party's own use and disclosure of its own designated materials shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such materials in violation of this Order.

13.3     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.4     Information From Other Sources. This Order does not apply to the lawful use of information that a Party lawfully obtains from the public domain or from other sources, nor does it preclude a Party from seeking a further Protective Order regarding such information.  with the legal right to be in possession of such information.  However, in the event that a Receiving Party attempts to defend its use of information that has been designated as Protected Material on the ground that such information is within the limitation set forth in the first sentence of this Section 13.4, the burden in any proceeding or motion to enforce this Order against such use shall be on the Receiving Party to prove that it (a) is making a lawful use of such information, (b) lawfully obtained the information from another source with the legal right to be in possession of it and (c) obtained such information and used it in the manner objected to prior to receiving the Protected Material from the Designating Party in discovery in this matter.

13.5    —Notice to Third Parties.  Upon entry of this Order, the Parties shall provide notice and a copy of this Order to all protected third parties who provided them documents or information in this action prior to entry of this Order.

13.5     Effective Pending Approval.  The Parties agree that, pending approval by the Court, this Stipulated Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Protective Order had been entered by the Court.

13.6     Retained Jurisdiction.  The Court shall retain jurisdiction to enforce this Order after Final Disposition, unless the Order is vacated.

13.7   <u>Modification</u>.  In the event any Party seeks to amend or vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation or noticed motion.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.


Dated: _____     _____

                             Attorneys for Plaintiff


Dated: _____     _____

                             Attorneys for Universal


PURSUANT TO STIPULATION, ~~IT IS SO ORDERED~~

1.   The Parties' proposed briefing schedule set forth in Section 1.3 for the open issues enumerated in Section 1.2 is approved; and

2.   The foregoing terms of thise stipulated Protective Order are approved except that, absent further order to the contrary, the provisions marked in bold and by brackets are not effective except as expressly provided in Section 1.2.

SO ORDERED.

Dated: _____     _____

                             HON. ~~JEREMY FOGEL~~ RICHARD SEEBORG

                             United States ~~District~~ Magistrate Judge

## **EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Lenz v. Universal Music Corp.*, Case No. CV 07-03783.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name:  _____

Address:  _____

Present Employer:  _____

Designated as Expert for (if applicable): _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

# EXHIBIT C

# So anyway...

**HOME**    **CONTACT**    **FIFTY THINGS**    **FISH IN THE SKY**



 [Warner Music hates your children (but loves your money)](#)    [1984](#) 

MARCH 13, 2009...12:44 PM

# Clever title here

 [Jump to Comments](#)

I have a lot of things to talk about but I have two problems: (1) time to sit and write them up and (2) the desire. #1 is solved fairly well on MWF when H is still at daycare (like now) but #2 is not so easily solved. Since we went into the discovery phase of my lawsuit, I've been wary about talking to anyone in any way about anything. I never know what innocent words might be twisted by UMG. And this includes blog entries, e-mails, chats, live conversations, everything. So I've honestly not had a great desire to create anything other than fiction and somethimg either knitted or baked. I am, however, refraining from making any raspberry berets.

So I'm not sure how to solve the problem other than to just push through it. So then I think, should I write about Hawk's comment that I much have too much testosterone b/c I have so few pairs of shoes? Should I write about how after bathtime, Holden has to have "Star Trek time" with Hawk and they watch a TNG episode? Should I write about how Luke Wilson was not at PT today and how I'd even bothered to comb my hair and everything for PT today so as to rightly impress him? Should I write about Minerva bitching all day Wednesday about Harry being out of the house? Should I write about Harry absolutely not missing his harblz? Should I write about the ridiculous amount of time I spend being

## Written by



edenza @ gmail . com







entertained by the forums at Amazon, especially the ABNA forums? Should I write about how I'm learning Spanish by repeating Judge Millian's proverbs from "People's Court?" Lo barato sale caro (the cheap comes out expensive). Should I write about the things I'm doing to save a couple of bucks (Target brand pantiliners = bad idea; sticks to cloth poorly but sticks to skin very well)? Should I write about the surgery Hawk's having next Thursday?

So yeah, I have ideas but I also have a sink full of dishes.

 Filed under [Blog Stew](#)           6 Comments



# 📝 6 Comments

### Teacake
March 13, 2009 at 2:17 pm

"refraining from making any raspberry berets."

I would like a raspberry beret. 



### Eden
March 13, 2009 at 2:24 pm

You can find them in a second-hand store.

### enappe27
March 13, 2009 at 2:37 pm

I feel your pain...in some small way, anyway. 

### thordora
March 13, 2009 at 3:07 pm



at least you'll have yarn soon!!!

### Eden
March 13, 2009 at 3:40 pm

Any raspberry colors? I feel like making a raspberry beret out of spite now.

March 2009

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

« Feb          Apr »

## Search

Select Category

## Recent Posts

- Some writing stuff
- We're collecting lingerie for needy sexy people
- Hey hey it's the Monkees
- Another one of these
- Can you knit or crochet a 5″ square?

## 📶 Feed

- Some writing stuff
- We're collecting lingerie for needy sexy people
- Hey hey it's the Monkees
- Another one of these
- Can you knit or crochet a 5″ square?

## Recent Comments

 Eden on We're collecting lingeri...

 CJ on We're collecting lingeri...

 lisacolondelay on Eek! Gnomes!

Clever title here « So anyway...

**calliemom**

March 15, 2009 at 12:40 am

And then there is the photo. I too have writing to do; no
motivation. "I feel your pain." 😊



 Kristin on Some writing stuff

 Eden on Easter
dinner planning

## Top Posts

- Cheesecake Factory cheesecake for
  half price
- Some writing stuff
- Wikipedia game: Five Clicks to Jesus
- Easter dinner planning
- We're collecting lingerie for needy
  sexy people
- It's official: We really hate Colorado
- Infant Wiccaning ceremony
- It's official: I hate Colorado
- Twenty wonderfully weird interviews
- I am Richie Cunningham and this is
  my wife Oprah

# Leave a Reply

Name (required)

Mail (will not be published) (required)

Website

Notify me of follow-up comments via email.

## Photos







More Photos

## Tags

29 Days birthday boobs **Bumblefuck**
celebrity charity eff erie family fashion

# EXHIBIT D

Perfect 10 Inc v. Google Inc et al                                                                    Doc. 9

Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION
### CIVIL MINUTES--GENERAL

Case No: CV 04-9484-AHM (SHx)          Date: December 27, 2005

Title   Perfect 10, Inc. v. Google Inc., et al.,

**DOCKETED ON CM**

**DEC 28 2005**

BY _____ 046

## DOCKET ENTRY

**PRESENT:**

Hon. STEPHEN J. HILLMAN, MAGISTRATE JUDGE

SANDRA BUTLER                    05- 51
Deputy Clerk                     Tape Number

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

Jeffrey Mauser                             Andrew Bridges
Daniel Cooper                              Anthony Malutta

**PROCEEDINGS: GOOGLE'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Following oral argument on December 21, 2005, the court now rules on Google's Motion for Entry of Protective Order. Defendant Amazon has joined in defendant Google's Motion papers, and in oral argument, though Amazon has not filed Motion papers of its own.

The court has carefully considered the strenuous arguments of Google and Amazon that their proposed Protective Order be entered. The defendants' Proposed Order would restrict in house counsel for Perfect 10 (Mr. Cooper) as well as Perfect 10's CEO (Dr. Zada) from access to certain anticipated discovery which defendants deem confidential and/or highly confidential. Defendants note that Perfect 10 is vigorously and ably represented by outside counsel (Mr. Mausner and other attorneys), and argue that access to some highly sensitive, proprietary and potentially embarrassing material should reasonably be restricted to outside counsel.

93

Minute Order
December 27, 2005
Page 2
==========

Defendants are fearful that access to certain anticipated discovery on the part of Dr. Zada and Mr. Cooper, even pursuant to Protective Order, would insufficiently protect defendants' interests. The defendants fear that Dr. Zada (in particular) has evidenced such a degree of public animus towards defendants, and a desire to publically embarrass defendants, that defendants have no confidence that Dr. Zada or his in-house attorney (Mr. Cooper) would abide by a Protective Order which permits them access to certain sensitive/proprietary discovery which defendants anticipate producing in this litigation.

Perfect 10 counters that it is not a "competitor" of defendants in any business sense (Perfect 10 is not in the search engine business, as are defendants); that Dr. Zada has an untarnished record of abiding by Protective Orders previously entered in other litigation (including Protective orders issued by this court); and that Dr. Zada has unique need for access to all discovery because of his daily personal involvement with the technical aspects of this litigation, consistent with his level of involvement in similar types of Perfect 10 intellectual property litigation. Dr. Zada asserts that he has never violated (nor been accused of violating) any Protective Order restricting his dissemination of highly confidential discovery.

The voluminous Motion papers contain ample documents suggesting that Dr. Zada might have motive to disparage and "expose" what he and Perfect 10 consider to be the illegal conduct of defendants' businesses. Nevertheless, in many other lawsuits there is a potential motive to embarrass opposing parties. But is there is reasonable likelihood that Dr. Zada and/or Mr. Cooper will flaunt the strict terms of a Protective Order which permits them access to sensitive and potentially embarrassing material, and thereby expose themselves to severe fines or even Contempt charges? On this record, this court cannot make such a finding.

Accordingly, the court enters plaintiff's Proposed Protective Order. Although the court does not make light of defendants' serious concerns, the court concludes that defendants simply have not shown that it is reasonably likely that Dr. Zada and/or Mr. Cooper would not abide by a Protective Order. Nor have defendants shown that their Proposed Protective Order would not unnecessarily restrict Dr. Zada's actual daily involvement in the litigation.

Minute Order
December 27, 2005
Page 3
==============

    Notwithstanding the court's conclusion, the court will reluctantly permit
defendants to revisit the issue on a very limited basis, when and if there are business
and technological "trade secrets" about to be disclosed, which secrets defendants
believe are currently so commercially sensitive  that partial reconsideration of the
Protective Order is justified. If and when such an occasion arises, defendants may
request expedited oral argument without Motion papers. It is fully expected that
Perfect 10 will fairly consider defendants' position as to one or more specific
requests of defendants, and Perfect 10 should not assume that this court will refuse to
modify the Protective Order it now enters. While the court has been solicitous of
Perfect 10's asserted needs in this litigation, the court may well modify the Protective
Order on an item by item basis, even if it modestly restricts Dr. Zada's and/or Mr.
Cooper's access to some material.

cc:    Judge Matz
       Judge Hillman
       Parties of Record