ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993
Email: fred@eff.org; kurt@eff.org; corynne@eff.org

FOLGER LEVIN & KAHN LLP
MICHAEL F. KELLEHER
SUZANNE ELIZABETH RODE
275 Battery Street, Suite 2300
San Francisco, CA  94111
Telephone:   (415) 986-2800
Facsimile:   (415) 986-2827
Email: mkelleher@flk.com; srode@flk.com

KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
MICHAEL KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com; mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>　　　　　　　　　Defendants. | Case No. C 07-03783-JF<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Date:　　May 6, 2009<br>Time:　　9:30 A.M.<br>Judge:　　The Hon. Richard G. Seeborg<br>Courtroom: 4<br>Date Comp. Filed:　　July 24, 2007<br><br>**[SUPPLEMENTAL DECLARATION OF MICHAEL S. KWUN FILED HEREWITH]** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Court need only answer four questions in order to resolve the issues presently before it:

1. **Can someone who isn't a lawyer keep a secret?**

2. **Should a party be able to show a confidential document to a person who is *already authorized* to see that document?**

3. **Can irrelevant personal and private facts about nonparties be excluded from deposition exhibits and the filed record in this case?**

4. **Should a party be able to freely use material it has lawfully obtained outside of the discovery process, such as information revealed in news reports, whether or not such material was also produced in the discovery process and designated as confidential?**

The answer to each of these questions is "yes." Lenz's motion should therefore be granted.[1]

## II.    ARGUMENT

**A.    Lenz should be able to see Highly Confidential material.**

Universal's arguments against allowing Lenz access to Highly Confidential material amount to little more than insults and insinuations. First, Universal misconstrues the burden on limiting discovery. Universal suggests that Lenz must show a need to see its Highly Confidential material. Opp. at 8-9. Not so: the party seeking to *limit* discovery must show good cause for overcoming the "well-established" rule that "the fruits of pretrial discovery are . . . presumptively public" absent a court order to the contrary. *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999); Fed. R. Civ. P. 26(c)(1).

Universal cannot meet its burden. Its essential claim, repeated at least four times, Opp. at 1, 7, 8, 10, is that Lenz should not be given access to the documents because she is "not a lawyer." But the parties will already be entitled to show highly confidential information to many non-lawyers: experts, vendors, court reporters, and court staff. The question is whether

---

[1] The parties' proposed Protective Orders differ only with respect to the issues in dispute in this Motion, save that Universal's proposed Order does not include Exhibit A. The Exhibit A attached to Lenz's proposed Order is identical in all respects to the version included in Universal's most recent draft Stipulated Protective Order (save that "Stipulated Protective Order" has been replaced by "Protective Order").

1  Universal can demonstrate good cause why one particular non-lawyer, Lenz, should be barred
2  from viewing such information.  Like Lenz, none of the other non-lawyers who can see Highly
3  Confidential material will be subject to state bar disciplinary procedures if they violate the
4  protective order.  But Lenz would be subject to the court's contempt power, and as a party would
5  also risk losing credibility with the Court if she violates its orders.

6  Universal intimates that Lenz's criticisms of Prince on her blog show her to be
7  "intemperate" and untrustworthy.  Opp. at 7.[2]  Yet, not one of the statements Universal identifies
8  discloses any confidential information, much less Universal's confidential information.  In fact,
9  none of the statements are even about Universal.

10  Universal also suggests that Lenz will not need to see any Highly Confidential material
11  because she is not important to the case but simply a "de facto representative of test litigation
12  brought by the Electronic Frontier Foundation."  Opp. at 8.  But the very blog posts over which
13  Universal dramatically sounds the alarm demonstrate that Lenz is deeply concerned with the
14  issues in this case.  .Her counsel's commitment to fair use does not lessen their responsibility to
15  Lenz as a client or create good cause for denying Lenz her right to participate in her
16  representation.

17  And Universal's claim that Lenz herself agrees that there are some documents that
18  "should" be kept from her is simply false.  Opp. at 1, 4.  Lenz did not agree that any document
19  "should" be kept from her.  Rather, in an attempt to avoid having to burden the Court with this
20  issue, Lenz suggested that she might be willing to agree that she would be denied access to the
21  particular agreement between Universal and YouTube that Universal had repeatedly raised
22  during the meet and confer process as one that Universal felt would be inappropriate for Lenz to
23  see.  Supp. Kwun Decl., ¶ 4**.**

---

[2] Universal also cites a blog post that does not even mention Prince, Universal, or this case (save, perhaps, Lenz's suggestion that she would share a video of her son dancing to another song "but…you know.").  Klaus Decl, Ex. H.  In that post, Lenz writes about a day in which she visited her husband ( "Hawk") in the hospital after his second surgery in the course of a life-threatening illness that emerged last fall and has put Lenz and her family under enormous strain. Supp. Kwun Decl, ¶¶ 5-6.  She mentions enjoying a mai-tai while writing, and makes fun of the effect the drink has had on her normally clear writing style.  Klaus Decl., Ex. H.  Universal does not explain what in this post allegedly constitutes "ample cause" to worry about "how

1   Universal's suggestion that Lenz's counsel should simply ask Universal's permission to
2   share confidential documents—i.e., tell Universal which documents, in their judgment, contain
3   information they need to show to Lenz—is untenable.  First, Universal assumes that this is a
4   "small" case, arguing it concerns merely a single video.  In denying Universal's second motion
5   to dismiss, Judge Fogel pointed to Lenz's allegations regarding Universal's general enforcement
6   policies concerning Prince's music.  As such, discovery will extend well beyond a single video
7   and may include documents that must be shared with Lenz in order to evaluate possible litigation
8   strategies.  But more fundamentally, while Universal suggests that it will be obvious what
9   documents are important, the protections afforded to an attorney's mental impressions cannot so
10  easily be swept aside.  Just as an attorney should not be required to share notes on witness
11  interviews because such notes would reveal what aspects of the statement the attorney found
12  important enough to record, Lenz's attorneys should not be required to explain what documents
13  they believe to be important enough to share with their client.[3]  *See Hickman v. Taylor*, 329 U.S.
14  495, 509-510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted
15  inquiries into the files and the mental impressions of an attorney.").

**B.    The Protective Order should not artificially constrain Lenz from showing documents in depositions to people who can see them anyway.**

If a person is already authorized to see a document, there can be no plausible reason to preclude Lenz from showing that document to that person in a deposition.  Universal has not shown good cause for any contrary rule.  Fed. R. Civ. P. 26(c)(1).  In fact, Universal apparently concedes that Lenz should at least be entitled to show such a confidential document to an employee of the *producing party*.  *See* Opp. at 3 n.1. That proposal, however, is unnecessarily limited.  If, for example, Lenz wants to show a document that Universal has designated as "confidential" to a third party witness, it is merely common sense that Lenz should be entitled to

---

scrupulously" Lenz would adhere to the protective order.  Opp. at 7 (citing Klaus Decl., Ex H).

[3] Universal claims that this issue is "unripe."  Opp. at 2.  This is disingenuous: if this issue will be ripe only when Lenz's counsel finally see Universal's Highly Confidential documents and actually believe it necessary to show one to Lenz, it can be raised only in a manner that would defeat the very purpose of Lenz's request.  This is why Lenz asks this Court to resolve this controversy now.

show that witness that document so long as that witness is already authorized to see it—regardless of whether the witness is or ever was a Universal employee.  Lenz should not be prevented from showing documents to those who are otherwise entitled to see them.

**C.      Irrelevant personal and private information about nonparties should stay out of the filed record and deposition exhibits.**

Universal mischaracterizes Lenz's request as one to "*delete*" information from the "discovery record."  Opp. at 10 (emphasis in original).  In fact, Lenz's proposal requires the production of both redacted and unredacted versions of documents produced.  Thus, Lenz's proposal does not affect what information is available to Universal in discovery, but only what information the parties may file with the Court.  Given that Universal has already shown a willingness to file documents of questionable relevance in what can only be assumed is an attempt to embarrass Lenz, *see* Klaus Decl., Ex. H, Lenz's proposal is entirely appropriate.

The Federal Rules of Civil Procedure already require redaction of certain private information in filed documents, and expressly contemplate the redaction of additional private information under appropriate circumstances.  Fed. R. Civ. P. 5.2(a) & (e)(1).  Lenz's proposal accomplishes as much, with no burden to Universal.

Universal's suggestion that Lenz's proposal is too vague, Opp. at 10-11, is simply incorrect.  Parties would be entitled to redact (while also producing non-redacted copies) "information that constitutes personally identifying information of nonparties, specifically personal names, telephone numbers and home addresses, and/or private facts that do not pertain to a Party's business, do not pertain [to] this action, and are not generally known."  Lenz's Proposed Protective Order at 1-2, ¶2.4.  This is no more vague that the typical definitions applied to "confidential" or "highly confidential" information in protective orders that are routinely approved in this district and others.

Nor would Lenz's proposal "invite expense, motion practice, and delay."  *See* Opp. at 11.  If parties over-designate, Lenz trusts that the Court will quickly rectify the situation.  If parties needlessly seek to file non-party private facts in the record, Lenz again trusts that the Court will be able to offer the parties guidance in short order.  There is no more reason to believe Lenz's

4
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER
CASE NO. C 07-03783-JF

440559.02

1  proposal will result in motion practice (beyond the present motion) or delay than there is to
2  assume the other aspects of the Protective Order will.
3        This case is about a dispute between Lenz and Universal.  There is no need for the parties
4  to include irrelevant private facts about nonparties in the filed record or deposition exhibits.  The
5  Court should adopt Lenz's Protective Order.

**D.   The Protective Order should not artificially constrain Lenz from speaking about what any member of the public may discuss.**

The Protective Order should not govern the use of material obtained outside of the discovery process. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1080-81 (9th Cir. 1988) (vacating protective order because "the court may not issue an order limiting a party in the use it may make of information not acquired under the discovery rules, even though had the same information been sought through discovery the opposing party would have been entitled to a protective order.") (internal quotation marks and citation omitted); *see also Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol*, 742 F. Supp. 165, 166 (S.D.N.Y. 1990) (denying order to turn over documents because "[n]either the Federal Rules of Civil Procedure nor courts' inherent powers support an order prohibiting use of information innocently obtained from third parties without use of judicial process.").

Lenz simply seeks to make that point clear, lest she find herself in the position of being forbidden from using information that any nonparty would be free to use, such as a newspaper report or other public document.[4]  Characterizing a protective order that restricts the parties'

---

[4] Universal contends that Lenz's proposed language—"information that a party lawfully obtains from the public domain or from other sources," Lenz's Proposed Protective Order ¶ 13.4—is "vague and unintelligible."  Opp. at 11-12.  Lenz has repeatedly explained what this language is supposed to mean during the meet and confer process—that, if Lenz or her counsel acquire a document or learn information *other* than through discovery in this action, they are free to exercise their full panoply of First Amendment rights with respect to that information whether or not Universal had also produced that same information under a confidentiality designation.  The "meat" Universal proposed to add was unacceptable because—as Lenz also repeatedly explained—it would forbid her and her counsel to speak about information published *in a newspaper* unless Lenz could show that the reporter obtained it lawfully, simply because Universal produced that same information in discovery and designated it confidential.  This a Protective Order may not do.  *Seattle Times Co. v. Rhinehardt*, 467 U.S. 20, 34 (1984); *In re Rafferty*, 864 F.2d 151, 155 (D.C. Cir. 1988).  If the wording is the only issue, Lenz also believes it would be acceptable for the Protective Order simply to state that it does not apply to information obtained outside of discovery, even if that information is similar or identical to

1  ability to use material obtained outside the discovery process as a "prior restraint" is hardly
2  "wild," Opp. at 12,[5] but judicially endorsed. *Rodgers v. U.S. Steel Corp.*, 536 F.2d 1001, 1006-
3  07 (3d Cir. 1976) ("In our view, the district court's order" prohibiting disclosure of information
4  obtained outside of discovery "constitutes a prior restraint on the speech of petitioners' counsel in
5  violation of the First Amendment").

### III.  CONCLUSION

For the reasons explained above and in Lenz's Motion itself, Lenz respectfully asks the Court to enter Lenz's Proposed Protective Order.

Dated:  April 24, 2009                                KEKER & VAN NEST, LLP

By:  ____*/s/ Melissa J. Miksch*____
ASHOK RAMANI
MICHAEL S. KWUN
MELISSA J. MIKSCH
Attorneys for Plaintiff
STEPHANIE LENZ

---

information a party has designated "Confidential" or "Highly Confidential" under the terms of the Protective Order.

[5] Universal's actual position on the substance of Lenz's approach is not clear. In its opposition, it suggests that the Protective Order should be silent on this point, leaving the parties to rely on existing case law.  Opp. at 12.  But either Universal has no disagreement with Lenz on the substance of that law, in which case adopting Lenz's approach does no harm, or Universal does disagree, in which case the Court should address the issue so that the parties may guide their conduct appropriately.