*E-Filed 5/1/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC CORP., et al.<br><br>    Defendants.<br>_____/ | NO. C 07-3783 JF (RS)<br><br>**ORDER RE: PROTECTIVE ORDER DISPUTE** |

    Plaintiff Stephanie Lenz moves for entry of a protective order governing the disclosure of confidential material. Specifically, Lenz requests that the Court modify the Northern District's sample protective order to: (1) change the designation "Highly Confidential - Attorneys' Eyes Only" to "Highly Confidential" in order to add Lenz, a non-attorney, to the list of persons entitled to review documents designated for attorneys' eyes only; (2) create a new category of protected documents entitled "non-party private facts" that only attorney's could see for documents Lenz believes contain private information about parties not related to this litigation in order to protect their privacy; and (3) add language to the sample protective order allowing the use of materials obtained outside of discovery (from the "public domain"). In response, defendant Universal Music Corp. ("Universal") maintains that none of these additions are necessary and therefore requests that the Court simply enter the Northern District's sample protective order. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

The sample protective order found on the Northern District's website serves as a basis for the parties to meet and confer and enter into a negotiated stipulated protective order.  The changes Lenz has suggested are far too expansive considering that the current sample order adequately protects the concerns raised in her papers.  While she understandably harbors concerns regarding the disclosure of private information, protective orders routinely strike the balance between the protection against improper use of private information and the need to exchange relevant materials.  Lenz may utilize the designations under the protective order which are designed precisely to address her concerns: protect against the misuse and improper disclosure of materials produced.  Such regularly invoked procedures are generally viewed as adequate to address the concerns Lenz raises and she suggests no reason why the information here is of some magnitude beyond that implicated in other litigation.

Lenz's argument in support of allowing her to view documents relies on a hypothetical dispute that has not materialized.  If Lenz believes that a document should not be designated "Highly Confidential - Attorneys' Eyes Only," the sample protective order provides that she can require Universal either to re-designate the documents or to articulate its reason for keeping it so designated.  That said, a protective order operates only to control dissemination and treatment of the requested information between the parties and does not operate to restrict the disclosure of information in court filings or at trial.  Accordingly, the parties are instructed to use the sample protective order provided on this district's website as a model to enter into a stipulated protective order within five days of the date of this order.

IT IS SO ORDERED.

Dated: 5/1/09

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE: PROTECTIVE ORDER DISPUTE
C 07-5148 JW (RS)

2