***E-Filed 5/11/09***

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING, INC. and<br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>　　　　　Defendants. | CASE NO. CV-07-03783-JF (RS)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Richard G. Seeborg<br>Courtroom: 4 |

**1. PURPOSES AND LIMITATIONS**

1.1 Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, appealing, or attempting to settle this litigation would be warranted.

1.2 As set forth in Section 10, below, this Protective Order ("Order") creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2. DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things which have not been made public and which concern or relate to (1) proprietary information used by a Party or nonparty in, or pertaining to, its business, which is not generally known and which the Party or nonparty would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, marketing documents, and confidential business communications; or (2) and private facts that do not pertain to a Party's business, do not pertain this action, and are not generally known.

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: highly sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty could create a substantial risk of serious injury to the disclosing Party or nonparty that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become and employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14    Final Disposition:  The legal conclusion of this case, whether by final court judgment and the exhaustion of all potential appeals, by voluntary dismissal, or by settlement.

**3.     SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.      DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard.  A Designating Party must take care to designate for protection only those parts of material, documents, items or communications that qualify so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to the attention of a Designating Party that information it designated for protection does not qualify for protection, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings):  The Producing Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains

Protected Material.  If only a portion of material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains Protected Material. If only a portion of material on a page qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the Party or non-Party must either (1) state on the record, before the close of the deposition, hearing, or other proceeding, that the testimony or portions of the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or (2) provide written notice to all Parties, within 10 days after receipt of the official transcript, that the testimony or portions of the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If only a portion of the testimony qualifies for protection, the Producing Party must clearly identify the protected portions and, for each portion, the level of protection being asserted. The Parties shall treat the testimony as "Highly Confidential – Attorneys' Eyes Only" until the expiration of such 10-day period.

Transcript pages containing Protected Material must be marked with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Party or nonparty.  If only a portion of the material on a page qualifies for protection, the Producing Party

1  must clearly identify the protected portions and, for each portion, the level of protection being
2  asserted.

3     (c) <u>for information produced in some form other than documentary, and for
4  any other tangible item</u>, that the Producing Party affix in a prominent place on the exterior of the
5  container or containers in which the information or items is stored the legend "Confidential" or
6  "Highly Confidential – Attorneys' Eyes Only." If only a portion of the material qualifies for
7  protection, the Producing Party must clearly identify the protected portions and, for each portion,
8  the level of protection being asserted.

9     (d) <u>for information produced in electronic form on a computer readable
10 medium (e.g., CD-ROM)</u>, that the Producing Party affix in a prominent place on the storage
11 medium on which the information is stored, and on any container(s) for such medium, the legend
12 "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only a portion of the material
13 qualifies for protection, the Producing Party must clearly identify the protected portions and, for
14 each portion, the level of protection being asserted.

15   5.3 <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to
16 designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'
17 Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection
18 under this Order for such material. If material is appropriately designated as "Confidential," or
19 "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the
20 Receiving Party, on timely notification of the designation, must make reasonable efforts to assure
21 that the material is treated in accordance with the provisions of this Order.

22  **6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23   6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
24 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
25 economic burdens, or a later significant disruption or delay of the litigation, a Party does not
26 waive its right to challenge a confidentiality designation by electing not to mount a challenge
27 promptly after the original designation is disclosed.

28

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, within fifteen (15) days of the conclusion of the meet-and-confer process, file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  Any opposition to such a motion is due five (5) business days after its service.  Any reply is due three (3) business days after service of the opposition.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. The Parties shall attempt in good faith to combine as many disputed issues as possible when bringing a motion under this Section 6.3.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Limited Use of Protected Material.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation.  A Receiving Party may not use Protected Material for any other purpose, including (by way of example and not of

limitation) posting or disclosing Protected Material or information derived from Protected Material to Internet sites that discuss this litigation. However, and for avoidance of doubt, a Receiving Party may post and disclose briefs and other documents that have been made part of the public record in this action. In the event that a Receiving Party posts or discloses briefs or other documents containing information that was inadvertently included in the public record, or is inadvertently misdesignated and corrected under Section 5.3, the Receiving Party must immediately remove any such briefs or other documents from its own posts, and use all reasonable efforts to retrieve them from third-party websites and other locations where they are posted. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

7.2 <u>Disclosure of "Confidential" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "Confidential" may be disclosed only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and as to whom the procedures set forth in Section 7.4, below, have been followed;

| | |
|---|---|
| 1 | (d) the Court and its personnel; |
| 2 | (e) court reporters and their staffs, to whom disclosure is reasonably necessary for this |
| 3 | litigation; |
| 4 | (f) Professional Vendors to whom disclosure is reasonably necessary for this |
| 5 | litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), |
| 6 | provided that all Protected Material is retrieved by the party furnishing it upon completion of the |
| 7 | services; |
| 8 | (g) an author, signatory, or prior recipient of the document or the original source of |
| 9 | the information; |
| 10 | (h) Stephanie Lenz, provided she has signed Exhibit A to this Order. |
| 11 | 7.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>. Unless |
| 12 | otherwise ordered by the Court or permitted in writing by the Designating Party, information or |
| 13 | items designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to: |
| 14 | (a) The Receiving Party's Outside Counsel of record in this action, as well as |
| 15 | employees of said Counsel to whom it is reasonably necessary to disclose the information for this |
| 16 | litigation, and to the following House Counsel: Harvey Geller, Deputy General Counsel, Senior |
| 17 | Vice President, Business and Legal Affairs, Universal Music Group; |
| 18 | (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is |
| 19 | reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by |
| 20 | Protective Order" (Exhibit A) and as to whom the procedures set forth in Section 7.4, below, have |
| 21 | been followed; |
| 22 | (c) the Court and its personnel; |
| 23 | (d) court reporters and their staffs, to whom disclosure is reasonably necessary for this |
| 24 | litigation; |
| 25 | (e) Professional Vendors to whom disclosure is reasonably necessary for this |
| 26 | litigation, and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A), |
| 27 | provided that all Protected Material is retrieved by the party furnishing it upon completion of the |
| 28 | services; |

(f) an author, signatory, or prior recipient of the document or the original source of the information.

7.4 Procedures for Approving Disclosure of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" Information or Items to "Experts":

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," first, at least seven court days prior to any disclosure, must make a written request to Designating Party that (1) identifies the specific "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current *curriculum vitae* (including identification of the Expert's current employer(s)), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and describe with specificity any additional means that might be used

to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet-and-confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. The burden of persuasion in any such challenge proceeding shall be on the Party seeking to make the disclosure to the Expert.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party immediately in writing and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately in writing inform the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION**

Even after Final Disposition of this action (as defined above), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after a Final Disposition of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline affirming that (a) all Protected Material it received has been returned or destroyed and (b) the Receiving Party (as well as any individual(s) to whom the Receiving Party disclosed Protected Material in accordance with this Order) has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such materials contain Protected Material. Counsel are also entitled to retain any backup tapes that may contain such an archival copy. Any such archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations of this Order. However, and for avoidance of doubt, a Receiving Party may retain and post online any briefs or other documents that have been made part of the public record in this

action. In the event that a Receiving Party posts or discloses briefs or other documents containing information that was inadvertently included in the public record, or is inadvertently misdesignated and corrected under Section 5.4, the Receiving Party must immediately remove any such briefs or other documents from its own posts, and use all reasonable efforts to retrieve them from third-party websites and other locations where they are posted.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

Inadvertent production of any document that a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The Designating Party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a Party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another Party or nonparty, such other Party shall within five (5) business days return to the requesting Party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document. The Party returning such material may then move the Court for an order compelling production of the material, but that Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

**13.     MISCELLANEOUS**

13.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2     <u>Use of Designating Party's Own Materials</u>.  Nothing in this Order shall restrict a Designating Party's ability to use and disclose its own designated materials as it chooses. Unless such use includes its public disclosure, a Designating Party's own use and disclosure of its own designated materials shall not waive the protections of this Order and shall not entitle other Parties or non-Parties to disclose such materials in violation of this Order.

7738142.1                                     - 12 -                    [PROPOSED] STIPULATED PROTECTIVE ORDER
C 07-03783-JF (RS)

13.3 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.4 Notice to Third Parties. Upon entry of this Order, the Parties shall provide notice and a copy of this Order to all protected third parties who provided them documents or information in this action prior to entry of this Order.

13.5 Retained Jurisdiction. The Court shall retain jurisdiction to enforce this Order after Final Disposition, unless the Order is vacated.

13.6 Modification. In the event any Party seeks to amend or vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation or noticed motion.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: May 5, 2009      /s/ *Melissa J. Miksch*
                        KEKER & VAN NEST LLP
                        Attorneys for Plaintiff

Dated: May 5, 2009      /s/ *Kelly M. Klaus*
                        MUNGER, TOLLES & OLSON LLP
                        Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 5/11/09          _____
                        HON. RICHARD SEEBORG
                        United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Lenz v. Universal Music Corp.*, Case No. CV 07-03783. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Address: _____

Present Employer: _____

Designated as Expert for (if applicable): _____

Date: _____

City and State where sworn and signed: _____

Signature: _____