1 KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
2 L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
3 MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
4 Thirty-Fifth Floor
Los Angeles, CA 90071-1560
5 Telephone: (213) 683-9100
Facsimile: (213) 687-3702
6
Attorneys for Defendants
7 UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.
8 and UNIVERSAL MUSIC PUBLISHING
GROUP
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING, INC. and<br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>          Defendants. | CASE NO. CV-07-03783-JF (RS)<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL THE PRODUCTION OF INITIAL DISCLOSURES AND DOCUMENTS RE: PLAINTIFF'S CLAIM OF DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 5, 2009<br>Time:  9:30 a.m.<br>Judge: Hon. Richard G. Seeborg<br>Courtroom: 4<br><br>[Declaration of Kelly M. Klaus and [Proposed] Order filed concurrently]<br><br>**PUBLIC REDACTED VERSION** |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on August 5, 2009, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 4 of the above-captioned Court, located at 280 South First Street, San Jose, California, 95113, Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Music Publishing Group ("Defendants" or "Universal") will and hereby do move the Court for an order compelling production of supplemental initial disclosures providing all non-privileged information relating to damages in accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii), as well as all non-privileged documents and information responsive to Universal's Request for Production No. 23, Request for Admission Nos. 19-21, and Interrogatory No. 1, to the extent any of the same relate to damages alleged to have been incurred "as the result of" YouTube's reliance upon Universal's notice of infringement.

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Kelly M. Klaus, and all exhibits thereto; all pleadings and documents on file in this action; and such other materials or argument as the Court may consider prior to deciding this Motion.

DATED: July 1, 2009        MUNGER, TOLLES & OLSON LLP


By:        */s/ Kelly M. Klaus*
                KELLY M. KLAUS

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
and UNIVERSAL MUSIC PUBLISHING GROUP

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION AND SUMMARY OF ARGUMENT .................................................. 1

II. BACKGROUND ............................................................................................................... 2

  A. Plaintiff's Claim Under 17 U.S.C ......................................................................... 2

  B. Plaintiff's Counsel Represents To The Court That Plaintiff Incurred Actual Damages In The Form Of Attorneys' Fees In Responding To Universal's Notice ..................................................................................................................... 4

  C. Plaintiff's Refusal To Disclose Or Produce Any Evidence Relating To Her Claim Of Damages In Responding To Universal's Notice .................................... 5

III. UNIVERSAL'S REQUESTS SEEK INDISPUTABLY RELEVANT DOCUMENTS AND COMMUNICATIONS ................................................................... 6

  A. This Motion Seeks Indisputably Relevant Information ......................................... 6

    1. Damages Are A Required Element Of Plaintiff's Claim Under Section 512(f) ........................................................................................... 6

    2. Plaintiff Is Required To Produce Her Damages "Computation" And All Supporting Documents As Part Of Her Initial Disclosure Obligations ................................................................................................ 7

  B. This Motion Has Nothing To Do With Plaintiff's Alleged Litigation Fees And Expenses ........................................................................................................ 7

  C. If Plaintiff Does Not Have Any Evidence Of Actual Damages Alleged "As A Result Of" Universal's Notice To YouTube, She Must Disclose That Fact ......................................................................................................................... 8

IV. Plaintiff's Proffered Justifications For Refusing To Disclose Or Produce Evidence Of Her Damages Are Meritless ........................................................................................ 9

  A. Plaintiff's Burden Objection Is Meritless .............................................................. 9

  B. Plaintiff's Privilege Objection Is Meritless.......................................................... 10

  C. Plaintiff's Contention That "Expert Testimony" Is Needed Before She Can Make The Required Initial Disclosures Is Meritless............................................ 10

  D. Plaintiff's Request For Bifurcation Of All Damages Discovery Is Meritless And In Any Event Is Not A Basis For Delaying This Motion To Compel Absent A Bifurcation Order From The District Court ......................................... 11

V. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Clarke v. Am. Commerce Nat'l Bank*,
  974 F.2d 127 (9th Cir. 1992) ............................................................................................... 10

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 335 (2005) ............................................................................................................ 7

*In re Eashai*,
  87 F.3d 1082 (9th Cir. 1996) ............................................................................................ 7, 8

*Johnson & Johnson v. RE Serv. Co., Inc.*,
  2004 WL 3174428 (N.D. Cal. 2004) ................................................................................... 9

*Newton v. Diamond*,
  388 F.3d 1189 (9th Cir. 2004) ............................................................................................. 2

*Rossi v. MPAA*,
  391 F.3d 1000 (9th Cir. 2004) ............................................................................................. 7

### FEDERAL STATUTES

17 U.S.C. § 505 ............................................................................................................................ 8

17 U.S.C. § 512(f) .................................................................................................................... 1, 7

### FEDERAL RULES

Fed. R. Civ. P. 26(a)(1)(A)(iii) .................................................................................................... 5

Fed. R. Civ. P. 26(b)(2)(C)(iii) .................................................................................................... 9

### LEGISLATIVE MATERIALS

S. Rep. No. 105-190 (1998) ........................................................................................................ 7

### TREATISES

Restatement (Second) of Torts §§ 525, 548A, 549 (1977) ......................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

The Plaintiff in this case claims a violation of 17 U.S.C. § 512(f) as a result of Defendants' ("Universal"[1]) having sent to YouTube a notice containing the accurate representation that Universal had a "good faith belief" that Plaintiff's video posting including the Prince composition "Let's Go Crazy" was not authorized by "the copyright holder, its agent, or the law[.]"  To meet the burden of proving her claim, Plaintiff must establish a number of elements that are set forth in the text of the statute itself, including the element of damages:

> (f) Misrepresentations.— Any person who knowingly materially misrepresents under this section— (1) that material or activity is infringing, . . .shall be liable for *any damages, including costs and attorneys' fees, incurred by the alleged infringer . . .who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing*, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. 512(f) (emphasis added).

***This Motion Seeks Highly Relevant Discovery***:  The discovery at issue on this motion is Plaintiff's computation of the amount of damages she claims to have incurred "as the result of" YouTube's alleged reliance on Universal's notice, as well as any documents relating to or evidencing those claimed damages.  Such damages are an essential element of Plaintiff's claim under § 512(f), and Plaintiff's counsel represented to the District Court (Judge Fogel) at the dismissal stage that Plaintiff had incurred such damages, namely, attorneys' fees and costs in preparing a response to Universal's notice.  The Initial Disclosure Rules, as well as Universal's discovery requests, call for Plaintiff to produce this indisputably relevant information.

***Plaintiff's Objections To Complying With Her Disclosure Obligations And Producing The Requested Discovery Are Meritless***:  Plaintiff has refused to meet her Initial Disclosure obligations or to provide discovery going to an essential element of her claim based on a series of specious and unfounded objections.  She has asserted — without justification or explanation —

---

[1] The Defendants named in Plaintiff's Second Amended Complaint (Doc. No. 34) ("SAC") are Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group.  They are referred to collectively in this brief as "Universal."

| 8216069.1 | - 1 - | MOTION TO COMPEL EVIDENCE OF DAMAGES<br>C 07-03783-JF (RS) |

1  that there is an undue burden to providing this discovery. Plaintiff does not attempt to
2  substantiate the burden objection because there is no burden. The entirety of Plaintiff's responses
3  to YouTube — for which Plaintiff's counsel represented to Judge Fogel Plaintiff had claimed
4  damages — consisted of a handful of short emails. Any burden associated with calculating
5  alleged damages or providing relevant documentation would be minimal or non-existent.
6  Plaintiff's privilege objection to such information likewise is meritless. The *amount* of any
7  claimed fees or expenses is not privileged, nor would an invoice or other document showing that
8  Plaintiff actually incurred some actual damage be privileged.
9      It appears that Plaintiff is resisting providing the required disclosures and discovery
10 because, contrary to what her counsel represented to Judge Fogel to defeat the motion to dismiss,
11 *Plaintiff has no actual damages* under § 512(f). Plaintiff may not like having to admit that she
12 has no evidence to support an essential element of her cause of action, but that is not a basis for
13 failing to comply with her disclosure and discovery obligations.

**II.  BACKGROUND**

    **A.  Plaintiff's Claim Under 17 U.S.C. § 512(f)**

16     This case arises from Plaintiff Stephanie Lenz's posting on YouTube of a video that
17 makes an admittedly unauthorized use of the musical composition, "Let's Go Crazy," by the artist
18 professionally known as Prince. Universal administers the copyright to the "Let's Go Crazy"
19 composition, as well as a number of other of Prince's compositions.[2] Plaintiff entitled the video,
20 "'Let's Go Crazy' #1," and it is the first result listed when one types "Let's Go Crazy" into
21 YouTube's search engine.
22     On June 4, 2007, Universal sent YouTube a notice requesting that YouTube remove or
23 disable access to Plaintiff's video and nearly 200 other postings that also made unauthorized uses
24 of Prince's compositions. In accordance with YouTube's posted Terms of Use, Universal
25 declared that it had "a good faith belief that the above-described activity is not authorized by the

---

[2] The copyright in the "Let's Go Crazy" composition is separate and distinct from the copyright in the sound recording that embodies that composition. *See Newton v. Diamond*, 388 F.3d 1189, 1191 (9th Cir. 2004). This case concerns the composition copyright.

8216069.1      - 2 -      MOTION TO COMPEL EVIDENCE OF DAMAGES
C 07-03783-JF (RS)

1 copyright owner, its agent, or the law." SAC Ex. A at 6; SAC Ex. B at 3 (YouTube Terms of
2 Use). YouTube removed the video and sent Plaintiff an email notifying her that it had done so.
3 SAC ¶ 25.
4      On June 7, 2007, Plaintiff sent YouTube a short email message, which Plaintiff described
5 "as a counter notice." Exh. B.[3] Plaintiff stated that she was "shocked," "appalled," and
6 "disgusted" by Universal's notice, and said that she "believe[d] that if I had simply titled the
7 video differently" — *i.e.*, something other than the title of the Prince song that Plaintiff used in
8 the video — "it never would have been noticed." *Id.*
9      On June 27, 2007, Plaintiff sent YouTube a second email, again containing what she
10 described as a counter-notice. Exh. C. The second notice differed from the first in that Plaintiff
11 did not say anything about purporting to be "shocked" (or similar adjectives), and also that
12 Plaintiff attested to the points that she did include under penalty of perjury, as YouTube's Terms
13 of Use require. *Id.* Otherwise, the second notice contained the same basic information about
14 Plaintiff's name, contact information, and the like, as had been in the first email message. *Id.*
15 After receiving Plaintiff's second email, YouTube restored Plaintiff's video to the site, where it
16 remains to this day, having been played more than 800,000 times. SAC ¶ 27. During the several
17 weeks that Plaintiff's "Let's Go Crazy" video was not on YouTube, Plaintiff retained her
18 YouTube account, and several of her other video postings remained up and running.
19      On July 24, 2007, Plaintiff filed her original complaint against Universal, seeking
20 damages under 17 U.S.C. § 512(f), based on Plaintiff's allegation that Universal "knowingly
21 materially misrepresent[ed]" that her "Let's Go Crazy" posting was infringing. Complaint (Doc.
22 No. 1) ¶ 20. Plaintiff subsequently filed a first amended complaint, changing the names of the
23 Universal Defendants, and the District Court dismissed that Complaint (with leave to amend the
24 § 512(f) claim) on April 8, 2008. (Doc. No. 32.)
25      Plaintiff filed her Second Amended Complaint on April 18, 2008, alleging, *inter alia*, that
26 she was "injured substantively and irreparably" as a result of Defendants' actions, and that such
27
28 [3] Unless otherwise noted, all "Exh." cites are to the accompanying Declaration of Kelly M. Klaus.

injury included "*the financial and personal expenses associated with responding to the claim of infringement* and harm to her free speech rights under the First Amendment." SAC ¶ 38 (emphasis added).

### B. Plaintiff's Counsel Represents To The Court That Plaintiff Incurred Actual Damages In The Form Of Attorneys' Fees In Responding To Universal's Notice

Universal moved to dismiss Plaintiff's Second Amended Complaint, in part on the ground that Plaintiff failed to allege any damages as required to support a claim under 17 U.S.C. § 512(f). *See* Mot. to Dismiss (Doc. No. 38) at 18-19. At the hearing on Universal's Motion, Judge Fogel stated at the outset that he wanted to "focus on the issue that I have the most concern about which is the *damages element of this claim*." Exh. A (Hearing Tr. (July 18, 2008) at 3:18-20) (emphasis added). Judge Fogel asked Plaintiff's counsel to identify "what actual damages did the plaintiff incur." *Id.* at 3:25-4:1. Plaintiff's counsel responded that Plaintiff had incurred (1) the lost value of time in responding to the notice; (2) the value of YouTube's services while the "Let's Go Crazy" video was off that site; and (3) "attorneys fees and costs and having to respond to the notice." *Id.* at 4:2-5:1. Judge Fogel then asked counsel whether Plaintiff alleged that she "expended attorneys fees in responding to the take down notice." *Id.* at 5:11-14. Plaintiff's counsel represented that Plaintiff "did need to seek legal counsel . . . in determining how to respond." *Id.* at 5:15-19. Judge Fogel then asked, "There could, hypothetically, be an allegation that a response to the original take down notice *involved an actual expense to get professional services.*" *Id.* at 5:20-23 (emphasis added). Plaintiff's counsel stated that she agreed. *Id.* at 5:24.

In denying Defendants' Motion to Dismiss the Second Amended complaint, Judge Fogel specifically relied upon the representation made by Plaintiff's counsel in concluding that Plaintiff, at the pleading stage, adequately alleged the element of damages:

> At oral argument, counsel for Lenz indicated that while the damages incurred in preparing Lenz's counter-notice cannot be elaborated upon for reasons of privilege, Lenz *did incur actual damages in reviewing counter-notice procedures, seeking the assistance of an attorney, and responding to the takedown notice. Though damages may be nominal and their exact nature is yet to be determined, the Court concludes that Lenz adequately has alleged cognizable injury under the DMCA*.

Order Denying Def.'s Mtn. to Dismiss Second Am. Complaint (Doc. No. 45) at 9:4-9 (emphasis added and citation omitted).

### C. Plaintiff's Refusal To Disclose Or Produce *Any* Evidence Relating To Her Claim Of Damages In Responding To Universal's Notice

Notwithstanding her representations (through counsel) to the Court that she sustained "actual damages in reviewing counter-notice procedures, seeking the assistance of an attorney, and responding to the takedown notice[,]" *id.*, Plaintiff has steadfastly refused to produce *any* information substantiating that representation.

Plaintiff first was required to make initial disclosures of the "computation of *each category of damages claimed*," in addition to "documents or other evidentiary material . . . on which each computation is based[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Plaintiff did nothing of the kind. Her Initial Disclosures asserted, *ipse dixit*, that her "investigation of [her own] damages is ongoing and will likely be subject to expert reports and testimony." Exh. F at 3 (Plaintiff's Initial Disclosures). Plaintiff simply recited the same three general categories of damages her counsel has asserted existed at the motion to dismiss hearing, *id.* at 4, but failed to provide any supporting computations or documents. *See* Exh. A at 4:2-5:1.

Second, Universal's document requests, requests for admission, and interrogatories have sought to discover the amount of damages that Plaintiff claims she actually incurs, as well as all documents that evidence, refer to or relate to Plaintiff's those claimed damages. Exh. G, at No. 23; Ex H at No. 19-21; Ex. I at No. 1. Plaintiff has refused to based on unsupportable claims of attorney-client privilege and burden. *See* Exhs. N, O. The parties have met and conferred on this issue, but Plaintiff has refused to provide proper Initial Disclosures or to respond to Universal's requests relating to her claimed damages.[4] *See* Klaus Decl. ¶¶ 5-6.

---

[4] Plaintiff did produce a credit card receipt, purportedly for the cost of purchasing a hard drive *a year and a half* after she filed this lawsuit, ostensibly for the purpose of meeting her discovery obligations to preserve relevant evidence. *See* Exhs. D, K at 9:3-20. This purported *litigation expense* is irrelevant to the damages compensable under § 512(f), or to the type of damages discussed by Judge Fogel at the hearing on the motion to dismiss, or in the Order denying the same. The type of damages discussed there - and at issue on this motion - are Plaintiff's alleged damages *responding to Universal's notice to YouTube*.

1    Based on documents that Plaintiff has produced, it appears that she is doing everything

2 she can to resist damages discovery because Plaintiff *has no such damages, and thus no claim*

3 *under § 512(f)*.  In a June 14, 2007 email message to her mother, Plaintiff stated that ▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  That email message

5 makes it clear that Plaintiff was not charged *anything* by EFF in connection with responding to

6 Universal's notice:

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9 Exh. E, P-E_002685 (emphasis added).  Plaintiff has further provided a supplemental

10 interrogatory response stating that she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 Exh. K at 9:17-19.[5]  It thus appears that Plaintiff incurred *no* actual fees or costs of any kind as a

13 result of responding to Universal's notice to YouTube.  As discussed below, if that in fact is the

14 case, that is information that Universal is entitled to know now, in order to prepare for summary

15 judgment and/or trial in this matter.

16 **III.   UNIVERSAL'S REQUESTS SEEK INDISPUTABLY RELEVANT DOCUMENTS AND COMMUNICATIONS**

17

18    **A.   This Motion Seeks Indisputably Relevant Information**

19       **1.   Damages Are A Required Element Of Plaintiff's Claim Under Section 512(f)**

20 As Judge Fogel recognized in the Order denying Universal's Motion to Dismiss, actual

21 damages are a required element of a claim under 17 U.S.C. § 512(f).  The language of the statute

22 itself is clear that such damages are limited to those actual damages "incurred . . . *as the result of*

23 the service provider relying upon such misrepresentation in removing or disabling access to the

24 material or activity claimed to be infringing[.]"  17 U.S.C. § 512(f) (emphasis added).  What is

25 more, § 512(f) is a statute about knowingly fraudulent misrepresentations.  *See Rossi v. MPAA,*

---

[5] Universal has requested that Plaintiff produce whatever written agreement or other document memorializes this obligation of Plaintiff "to assign her damages or other recovery in this litigation[,]" as such document could relate to the claim of damages in this case.  *See* Exh. M at 2. The agreement is not subject to any claim of privilege, and Plaintiff must produce it.

1  391 F.3d 1000, 1004-05 (9th Cir. 2004) (§ 512(f) proscribes only knowingly false, material

2  misrepresentations in notice subject to the statute); S. Rep. No. 105-190, at 49 (1998) ("[Section

3  512(f)] is intended to deter knowingly false allegations."). Fraud statutes generally require a

4  showing of pecuniary loss as an element of the cause of action. *See* Restatement (Second) of

5  Torts §§ 525, 548A, 549 (1977). *See also Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 343-44

6  (2005); *In re Eashai*, 87 F.3d 1082, 1087, 1091-92 (9th Cir. 1996). As the text of the statute

7  makes clear (and as confirmed by the District Court's ruling on the motion to dismiss), § 512(f) is

8  no exception. Plaintiff must prove actual damages as a result of the alleged knowing material

9  misrepresentation as a core element of her cause of action.

10  Universal's requests to obtain information and documents relating to the damages claim

11  seek information that indisputably is relevant to Plaintiff's claim.

### 2. Plaintiff Is Required To Produce Her Damages "Computation" And All Supporting Documents As Part Of Her Initial Disclosure Obligations

14  Separate and apart from Universal's discovery requests, Plaintiff has an independent

15  obligation under the Federal Rules of Civil Procedure to produce both a damages "computation"

16  and all documents that support that computation.

17  Federal Rule 26(a)(1)(A)(iii) requires Plaintiff to produce a "computation of *each*

18  *category of damages* claimed," as well as "the documents or other evidentiary material, unless

19  privileged or protected from disclosure, on which each computation is based[.]" (Emphasis

20  added.) These disclosures are mandatory, and Plaintiff is required to make them without even

21  awaiting a formal discovery request. *Id.* at 26(a)(1)(A).

### B. This Motion Has Nothing To Do With Plaintiff's Alleged *Litigation* Fees And Expenses

24  Plaintiff has asserted that damages discovery would be burdensome and invasive of the

25  attorney-client privilege, because she intends to claim as damages the amount of fees and costs

26  incurred by her lawyers in prosecuting this lawsuit. *See* Exh. O. That contention is without

27  merit. Attorneys' fees and costs that a party actually incurs in prosecuting a case for a violation

28  of § 512(f) are not damages incurred "as a result of" a notice that violates that statute. Such fees

and costs, should they actually be incurred by a plaintiff (which, as discussed above, appears not to be the case here) are the costs of litigation. They are recoverable, if at all, in accordance with the fee/cost award provision of Title 17. *See* 17 U.S.C. § 505 (separately providing for award of attorneys' fees and costs incurred as the result of litigation "under this title," which includes § 512(f)). A party does not satisfy the required element of actual damages by rolling up fees in a lawsuit.[6]

In any event, whether *litigation* fees and costs can be actual damages under § 512(f) is a complete red herring on this motion to compel. Universal has limited this motion to whatever damages Plaintiff may claim that she incurred "as the result of" YouTube's alleged reliance upon Universal's notice, *i.e.*, whatever damages Plaintiff may claim she actually incurred *responding to that notice*. As discussed below, the period in question is less than a month (and likely less than two weeks), and there is no burden to Plaintiff from providing such information and documents.

### C. If Plaintiff Does Not Have Any Evidence Of Actual Damages Alleged "As A Result Of" Universal's Notice To YouTube, She Must Disclose That Fact

It appears that the reason Plaintiff has raised spurious objections to producing any evidence to substantiate her allegation of damages is that Plaintiff in fact incurred *no* damages in responding to Universal's notice. If Plaintiff has no such evidence, that in and of itself is a highly relevant fact, since it would negate an essential element of Plaintiff's claim for relief. That fact must be disclosed. Plaintiff already has been able to take this case past the pleading stage and into discovery based on her counsel's representations to the District Court that Plaintiff actually incurred damages in responding to Universal's notice. Universal is entitled to know the true facts, so that it can prepare for summary judgment and/or trial.

---

[6] Section 512(f)'s provision that actual damages may "include[e] costs and attorney's fees" is simply a recognition that some entities (unlike Plaintiff, as appears here) may actually incur fees and costs in *responding to a notice* that violates the statute, and that fees and costs thus actually incurred may be an element of damages "as the result of" the service provider's reliance on the notice.

### IV. Plaintiff's Proffered Justifications For Refusing To Disclose Or Produce Evidence Of Her Damages Are Meritless

#### A. Plaintiff's Burden Objection Is Meritless

Plaintiff objects to damages discovery first on the ground of burden. Objections based on burden are not well-taken where the requested documents are proof of an essential *element* of a claim; in such cases, it is clear that the claimed burden *does not* outweigh the likely benefit of such discovery. *See generally* Fed. R. Civ. P. 26(b)(2)(C)(iii). In any event, Plaintiff's claim of burden here is not and cannot be supported. Universal asked Plaintiff to state, with specificity, what the burden would be of producing a computation and documents relating to Plaintiff's alleged damages *in responding to Universal's notice to YouTube* (as distinct from all of the costs associated with this litigation). Plaintiff's counsel would not describe any actual burden. Exh. O. As the party claiming burden as a basis to producing discovery, Plaintiff must identify specific facts detailing what the burden is. *Johnson & Johnson v. RE Serv. Co., Inc.*, 2004 WL 3174428, at *2 (N.D. Cal. 2004). Plaintiff's failure to do that is fatal to the burden objection.

Plaintiff will not describe the burden because there is none. Plaintiff received word of Universal's notice to YouTube on June 5, 2007. Exh. R at ¶ 10. Plaintiff's "response" to that notification took the form of email messages — in particular, one sent June 7, 2007, and the other sent June 27, 2007. *See* Exhs. B, C. It does not appear that Plaintiff incurred any actual expenses or damages of any kind during that three-week time-frame, but if she did, there is no conceivable claim of burden to having to compute the amount of the expense, or to provide whatever documents relate to it, for that extremely limited period of time.[7]

In sum, any burden on Plaintiff to meeting her discovery obligations would be *de minimis* or non-existent.

---

[7] To the extent Plaintiff will attempt to claim as damages any amounts the she incurred in paying counsel to help her respond to Universal's notice, the time-frame is even narrower. As discussed above, it appears that Plaintiff's counsel at EFF did not first make contact with her until June 14, 2007 — just *13 days* before Plaintiff's second "counter-notice" to YouTube. *See* Exh. E (P-E_0002685); Exh. L, Entry 11 (privilege log). As reflected in Plaintiff's privilege log, furthermore, numerous exchanges with counsel at EFF during that period were not about responding to Universal's notice at all, but rather related to planning this lawsuit, which Plaintiff filed on July 24, 2007.

### B. Plaintiff's Privilege Objection Is Meritless

Plaintiff additionally objects to production of evidence substantiating the damages element of her claim on the ground of attorney-client privilege, claiming that producing billing-records reflecting attorney-time (and any invoices sent to Plaintiff as a result) would unduly impinge upon attorney-client communications. Exh. O. This claim is meritless. In the first place, even assuming that Plaintiff incurred any actual fees or costs, the *amount* of those fees and costs is not privileged information. What is more, Plaintiff cannot throw up a blanket privilege claim over documents (such as Plaintiff's fee agreement or any invoices or time sheets) memorializing expenses Plaintiff actually incurred. "Not all communications between attorney and client are privileged. . . . [T]he identity of the client, *the amount of the fee*, the identification of payment by case file name, *and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.*" *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129-30 (9th Cir. 1992) (ordering statements disclosed) (emphasis added). Plaintiff has no justification for refusing to produce a computation of fees incurred, charged and/or billed, as well as descriptions of that time.

### C. Plaintiff's Contention That "Expert Testimony" Is Needed Before She Can Make The Required Initial Disclosures Is Meritless

As discussed, Plaintiff's Initial Disclosures regarding damages are grossly inadequate. She provides no computation of *any* of her claimed damages, much less a shred of evidence supporting any of them. Exh. F.

Plaintiff asserts in her Initial Disclosure 's claims that she requires "expert testimony" to form computations or provide support for her claimed categories of damages. That contention is baseless. There is no need for expert testimony regarding Plaintiff's claimed "loss of access to YouTube's hosting services," because Plaintiff *pays nothing* to YouTube for hosting her videos, and in any event, her access to YouTube was not cut off. Plaintiff's video was not available on YouTube during the several-week period back in June 2007,[8] but other of her videos were.

---

[8] Plaintiff has revealed, however, that the video *was* available on Plaintiff's *own website* during the time in question. Exhs. K at 10:17-18, Q. Hence, even if Plaintiff could claim some monetary damage from not having her video on YouTube for several weeks (which she cannot),

Likewise, there is no need for any expert testimony to measure the expense of Plaintiff's time responding to Universal's notice. Plaintiff sent two extremely short (and in many respects redundant) emails to YouTube. Neither of those emails cost Plaintiff any money or lost opportunity, and if they did, she would not need an expert to calculate them. As for Plaintiff's third claimed category of damages — "attorneys' fees and costs" related to "responding to Universal's takedown notice" — if Plaintiff actually incurred are any such fees or costs (and that is doubtful), there is no need for an expert to calculate them.

### D. Plaintiff's Request For Bifurcation Of All Damages Discovery Is Meritless And In Any Event Is Not A Basis For Delaying This Motion To Compel Absent A Bifurcation Order From The District Court

In a last-ditch attempt to avoid providing damages discovery, Plaintiff asserted that all damages discovery and issues should await a determination on liability. Exh. O. Plaintiff's bifurcation suggestion ignores the fact that damages are an element of liability, and also that (given the extremely limited period of time in issue), there are no efficiencies to be gained from bifurcation, only tactical litigating advantages to Plaintiff. In any event, if Plaintiff wants to make a bifurcation motion, she needs to notice it, support it and present it to the District Court. Her ruminations about bifurcation are not a basis for delaying or denying this straightforward discovery motion.

## V. CONCLUSION

Defendants respectfully request that the Court grant their motion to compel and order Plaintiff to produce immediately her initial disclosures regarding damages, as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), and to produce all non-privileged documents that relate to Plaintiff's contention of having suffered any damages as the result of YouTube's alleged reliance on Universal's notice.

---

that damage would be non-existent, given that Plaintiff *herself* posted the video online on her own website.

1
2
3  Dated: July 1, 2009                                  MUNGER, TOLLES & OLSON LLP
4
                                                       By:      */s/ Kelly M. Klaus*
5                                                                KELLY M. KLAUS
6                                                      Attorneys for Defendants
7
8
...
28