EXHIBIT G

1   KELLY M. KLAUS (SBN 161091)
    Kelly.Klaus@mto.com
2   AMY C. TOVAR (SBN 230370)
    Amy.Tovar@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
5   Telephone:   (213) 683-9100
    Facsimile:   (213) 687-3702
6
    Attorneys for Defendants
7   UNIVERSAL MUSIC CORP.,
    UNIVERSAL MUSIC PUBLISHING, INC.,
8   AND UNIVERSAL MUSIC PUBLISHING GROUP

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12  STEPHANIE LENZ,                        CASE NO.  CV 07-03783-JF

13              Plaintiff,                 **DEFENDANTS' FIRST SET OF
                                           REQUESTS TO PLAINTIFF FOR
14                                         PRODUCTION OF DOCUMENTS AND
         vs.                               THINGS PURSUANT TO FEDERAL RULE
15                                         OF CIVIL PROCEDURE 34**
    UNIVERSAL MUSIC CORP.,
16  UNIVERSAL MUSIC PUBLISHING,
    INC., and UNIVERSAL MUSIC
17  PUBLISHING GROUP,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

6250592.1

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group ("Defendants") request that Plaintiff produce, not later than thirty days from the date of service hereof, the documents and things described in the following Rule 34 requests at the offices of Munger, Tolles & Olson LLP, 355 South Grand Avenue, 35th Floor, Los Angeles, CA 90071, or at such other place and time as may be agreed by counsel for the parties.

## DEFINITIONS AND INSTRUCTIONS

1.    The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.    The terms "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3.    The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.    As used herein, the term "document(s)" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, invoices, bills, statements, transcripts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices. The term "document(s)" shall also mean each copy that is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

5.      The terms "you" and "your" refer collectively to Plaintiff Stephanie Lenz and her employees, agents, attorneys and advisors.

6.      The term "Defendants" refers collectively to Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group.

7.      The term "YouTube" means YouTube, LLC or YouTube, Inc., as well as any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities or websites within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

8.      The term "Let's Go Crazy Video" refers to the video posted to YouTube at www.youtube.com/watch?v=N1KfJHFWlhQ or any portion thereof.

9.      You are required to produce all documents in the possession, custody or control of you or any of your partners, agents, employees, representatives, attorneys, auditors, accountants, or other professionals or experts.

10.     A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such document, in addition to the document.

11.     Pursuant to Federal Rule of Civil Procedure 34(b), you shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to these enumerated requests.  In either case, documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such documents are to be produced intact with such file folders, loose-leaf binders, or notebooks.  In producing documents, all documents that are physically attached to each other shall be left so attached.  Documents that are segregated or separated from other documents, shall be left so segregated or separated.

12.     Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(ii), you shall produce electronically stored information as follows:

All emails and e-files shall be produced as single page 300 dpi TIFF images with a Concordance load file and Opticon image cross reference file, indicating the range of TIFF

- 2 -

images for each record.  The Concordance load file shall contain at least the following delimited fields of metadata:

**For E-Mail**
Creation Date
Sent Date
Received Date
Email Folder
Subject
Author
Recipient
Cc
Bcc
Extracted Text

**For E-Files**
File Type
File Name
File Size
File Path
Creation Date
Modified Date
Accessed Date
Extracted Text

For each record, the Concordance load file shall also contain the custodian name/source of each record, the beginning and ending production bates number and the bates range of any existing attachments to a produced record (for e-mails).

Databases or any other e-files that are not otherwise processable (or will otherwise lose context/meaning from processing) shall be produced in native format.  Reasonable efforts should be made to meet-and-confer regarding any proprietary database formats to determine how they (or their relevant content) can be produced in a reasonably usable format.  Defendants further reserve the right to request production or re-production of any produced document in native format, should the electronic format be determined to be more reasonably usable.

All images should be branded with production bates numbers for reference and should also be branded with any designation for special treatment (i.e. Confidential), pursuant to any applicable protective order that may be entered in this matter.

Redacted documents shall be produced in accordance with the same production specification as indicated above, however, in lieu of extracted text, Optical Character Recognition (OCR) may be provided of the redacted text of the document.  Any redactions should be clearly marked on the TIFF images.

If you find any part of this specification unclear, or if you contend it is burdensome, Defendants request that you promptly communicate with Defendants' counsel to discuss the forms and volume of electronically stored information to be collected and produced.

13.     These requests are continuing in character so as to require you to produce for inspection and copying any documents not previously produced that you may from time to time acquire, obtain, locate, or identify, in accordance with the duty to supplement and correct under Federal Rule of Civil Procedure 26(e).

14.     If no documents are responsive to a particular request, you should state that no responsive documents exist.

15.     Any document responsive to a Rule 34 request that you do not produce by reason of a claim of privilege or otherwise, shall be identified in writing as follows:

       A.     State the general subject matter;

       B.     State the date the document was prepared and the date it bears;

       C.     Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the document;

       D.     Identify each person to whom the document was addressed and each person to whom the original or a copy of the document was sent;

       E.     Identify each person who has custody of the original or a copy of the document;

       F.     Identify each person referred to in the immediately preceding subparagraphs C, D, and E by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the document; and

       G.     State the privilege or immunity asserted.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents that constitute, refer to or relate to the Let's Go Crazy Video or any and all copies of the same, including without limitation the complete version of the video file from which the Let's Go Crazy Video was derived.

2.     All documents that constitute, refer to or relate to communications between you and YouTube, including without limitation any communications between your counsel and YouTube relating to the Let's Go Crazy Video or this lawsuit.

3.      All documents that constitute, refer to or relate to videos or audio recordings you have posted to YouTube or any other website, including without limitation the complete version of any video file from which any such posting was derived.

4.      All documents that evidence, refer to or relate to your purpose in creating or posting the Let's Go Crazy Video.

5.      All documents that evidence, refer to or relate to the performance or display of the Let's Go Crazy Video.

6.      All documents that evidence, refer to or relate to any uploading of the Let's Go Crazy Video to YouTube or any other website.

7.      All documents that evidence, refer to or relate to any of the allegations in or exhibits to your Second Amended Complaint ("SAC"), including without limitation all documents that support or that are contrary to any of the allegations in your SAC.

8.      All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that the Let's Go Crazy Video "could not substitute for the original Prince song in any conceivable market," as alleged by you in ¶ 15 of your SAC.

9.      All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that your "mother has difficulty downloading email files," as alleged by you in ¶ 16 of your SAC, including without limitation any email communications between you and your mother that include email attachments and any emails referring or relating to such attachments and whether they were opened or downloaded.

10.     Documents sufficient to identify the names and addresses of your "friends and family" members whom you allege at ¶ 17 of your SAC that you intended to enjoy the Let's Go Crazy Video.

11.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that Defendants "employ staff who are familiar with the Digital Millennium Copyright Act (including the Section 512 'good faith' requirements and the obligation to submit Section 512 notices under penalty of perjury), as well as the principles and application of the fair use doctrine," as alleged by you in ¶ 19 of your SAC.

12. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that Defendants "decided to issue a DMCA takedown notice despite their knowledge that the use of the Prince song in the video was a non-infringing fair use," as alleged by you in ¶ 20 of your SAC.

13. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that "YouTube treated the demand as a request for a takedown pursuant to Section 512(c)(3) of the DMCA," as alleged by you in ¶ 24 of your SAC.

14. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that "Prince himself demanded that Universal seek the removal of the" Let's Go Crazy Video, as alleged by you in ¶ 31 of your SAC.

15. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegations that "Universal sent the DMCA notice at Prince's behest," and that Universal sent such a notice "based not on the particular characteristics of the" Let's Go Crazy Video but on Universal's "belief that, as 'a matter or principle,' Prince has the right to have his music removed," as alleged by you in ¶ 31 of your SAC.

16. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that the Let's Go Crazy Video "does not infringe any copyright owned or administered by Defendants," as alleged by you in ¶ 33 of your SAC.

17. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that your use of "Let's Go Crazy" "is a self-evident non-infringing fair use under 17 U.S.C. § 107," as alleged by you in ¶ 34 of your SAC.

18. All documents that evidence, refer to or relate to whether your use of "Let's Go Crazy" is so obvious that the copyright owner or its agent could not have any belief that infringement was taking place.

19. All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that "Defendants had actual subjective knowledge" that the Let's Go Crazy Video "did not infringe any Universal copyrights on the date they sent

1  YouTube the takedown notice regarding the" Let's Go Crazy Video, as alleged by you in ¶ 35 of
2  your SAC.

3      20.  All documents that evidence, refer to or relate to (regardless of whether
4  supportive of or contrary to) your allegation that "Defendants acted in bad faith when they sent
5  the takedown notice," as alleged by you in ¶ 35 of your SAC.

6      21.  All documents that evidence, refer to or relate to (regardless of whether
7  supportive of or contrary to) your allegation that "Defendants should have known, if they had
8  acted with reasonable care or diligence, or would have had no substantial doubt had they been
9  acting in good faith," that the Let's Go Crazy Video "did not infringe any Universal copyrights on
10  the date they sent YouTube their complaint under the DMCA," as alleged by you in ¶ 36 of your
11  SAC.

12      22.  All documents that evidence, refer to or relate to (regardless of whether
13  supportive of or contrary to) your allegation that "Defendants violated 17 U.S.C. § 512(f) by
14  knowingly materially misrepresenting the" Let's Go Crazy Video "infringed Universal's
15  copyright," as alleged by you in ¶ 37 of your SAC.

16      23.  All documents that evidence, refer to or relate to (regardless of whether
17  supportive of or contrary to) your allegation that you have "been injured substantially and
18  irreparably" as "a direct and proximate result of Defendants' actions," as alleged by you in ¶ 38
19  of your SAC, including without limitation all documents that evidence, refer to or relate to any
20  costs or attorneys' fees your attorneys have represented to the Court that you incurred as a result
21  of Defendants' actions.

22      24.  All documents that evidence, refer to or relate to (regardless of whether
23  supportive of or contrary to) your allegation that you are "now fearful that someone might
24  construe some portion of a new home video to infringe a copyright," as alleged by you in ¶ 38 of
25  your SAC.

26      25.  All documents that evidence, refer to or relate to any interviews given by
27  you and or anyone affiliated with or related to you concerning the Let's Go Crazy Video or this
28  lawsuit.

6250592.1

26.     All documents that constitute, refer to or relate to any statement that you or any third party has posted in any form on the Internet regarding the Let's Go Crazy Video or this lawsuit.

27.     All documents that refer to or discuss this lawsuit.

28.     All documents that refer to or discuss any of Defendants.

29.     All documents that refer to or discuss "Universal," "UMG," "UMPG," or "Universal Music Group."

30.     All documents that evidence, refer to or relate to any actual or potential agreement between you and any third party regarding the rights to any work by or about you relating to the Let's Go Crazy Video or this lawsuit.

31.     All documents that constitute, refer to or relate to communications between the Electronic Frontier Foundation and any third party relating to Let's Go Crazy or the lawsuit.

32.     All documents that evidence, refer to or relate to actions you have taken to preserve document relating to this lawsuit.

DATED: November 3, 2008                    MUNGER, TOLLES & OLSON LLP


                                           By: _Kelly M. Klaus /Act_
                                                  KELLY M. KLAUS

                                           Attorneys for Defendants
                                           UNIVERSAL MUSIC CORP.,
                                           UNIVERSAL MUSIC PUBLISHING, INC.,
                                           AND UNIVERSAL MUSIC PUBLISHING
                                           GROUP

6250592.1                        - 8 -              Defendants' 1st Set of RFP's
                                                    NO. CV 07-03783-JF

1                                **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO:

3              I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco,

4   State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

5

6              On November 3, 2008, I served upon the interested party(ies) in this action the foregoing document(s) described as:

7                 **DEFENDANTS' FIRST SET OF REQUESTS TO PLAINTIFF**
                     **FOR PRODUCTION OF DOCUMENTS AND THINGS**

8                         **PURSUANT TO FEDERAL RULES OF**
                           **CIVIL PROCEDURE 34**

9

10   ☒  **BY HAND DELIVERY (AS INDICATED ON THE ATTACHED SERVICE LIST)**
By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an

11   addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

12   ☐  **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such

13   envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on

14   that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the

15   United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage

16   thereon fully prepaid on the same day it is placed for collection and mailing.

17   ☐  **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to

18   an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

19   ☐  **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to

20   be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the

21   machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by

22   this reference. The telephone number of the facsimile machine I used was (415) 512-4083. This facsimile machine complies with Rule 2003(3) of the California Rules of

23   Court.

24   ☐  **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

25   ☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

28

6272047.1                        - 1 -

1    Michael Kwun
     Corynne McSherry
2    ELECTRONIC FRONTIER
     FOUNDATION
3    454 Shotwell Street
     San Francisco, CA 94110
4

5    *Attorneys for Plaintiffs*
     Stephanie Lenz
6
     Executed on November 3, 2008, at San Francisco, California.
7

8    _____
                          Lori A. Nichols
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT H

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
AMY C. TOVAR (SBN 230370)
Amy.Tovar@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LENZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING,<br>INC., and UNIVERSAL MUSIC<br>PUBLISHING GROUP,<br><br>Defendants. | CASE NO.  CV 07-03783-JF<br><br>**DEFENDANTS' FIRST SET OF<br>REQUESTS FOR ADMISSION TO<br>PLAINTIFF** |

6323612.1

Pursuant to Federal Rule of Civil Procedure 36, Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group ("Universal" or "Defendants") request that Plaintiff Stephanie Lenz ("Plaintiff") respond, not later than thirty days from the date of service hereof, to the following Requests for Admission ("Requests"). These Requests are to be answered fully in writing under oath and served upon the undersigned counsel.

## DEFINITIONS

1.     The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the Request any information that might otherwise be construed to be outside its scope.

2.     The terms "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of any Request any information that might otherwise be construed to be outside its scope.

3.     The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of any Request any information that might otherwise be construed to be outside its scope.

4.     The terms "you" and "your" refer collectively to Plaintiff Stephanie Lenz and her employees, agents, attorneys and advisors.

5.     The term "YouTube" means YouTube, LLC or YouTube, Inc., as well as any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities or websites within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

6.     The term "Let's Go Crazy Video" refers to the video that you allege you posted to YouTube at www.youtube.com/watch?v=N1KfJHFWlhQ.

7.     The term "Let's Go Crazy" refers to the musical composition, "Let's Go Crazy," written by the artist Prince Rogers Nelson, professionally known as "Prince."

8.     The term "Prince" refers to the artist Prince Rogers Nelson, professionally known as "Prince."

Defendants' 1st Set of RFA'S
NO. CV 07-03783-JF

9.     The term "YouTube's Terms of Service" refers to the terms of service located at http://www.youtube.com/t/terms.

10.    The term "Universal's Notice" refers to the notice that you allege Universal sent to YouTube concerning the Let's Go Crazy Video.

## INSTRUCTIONS

1.     Each Request is required to be answered on the basis of Plaintiff's entire knowledge.

2.     If your response to any Request is anything but an unqualified admission, you shall identify such part of the request for admission and state your good faith basis for not admitting the request.

3.     These Requests are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure, and require timely supplementation if you obtain further responsive information or determine that you existing responses are inaccurate, inadequate, or incomplete.

4.     If an objection is made to any request herein, all information covered by the Request not subject to the objection should be produced.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Let's Go Crazy Video uses Let's Go Crazy in synchronization with the visual images of the Let's Go Crazy Video.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you intended for the Let's Go Crazy Video to use Let's Go Crazy in synchronization with the visual images Let's Go Crazy Video.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you selected the title "'Let's Go Crazy' #1" for the Let's Go Crazy Video that you posted to YouTube.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you selected the title "Let's Go Crazy #1" for the Let's Go Crazy Video that you posted to YouTube because Let's Go Crazy is audible on the posting.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, when you posted the Let's Go Crazy Video to YouTube, you knew that it could be viewed by persons you do not know.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you read YouTube's Terms of Service before you uploaded the Let's Go Crazy Video to the YouTube website.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you accepted YouTube's Terms of Service before you uploaded the Let's Go Crazy Video to the YouTube website.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you affirmed, represented and/or warranted to YouTube that you own or have the necessary licenses, rights, consents, and permissions to use and authorize YouTube to use all patent, trademark, trade secret, copyright or other proprietary rights in and to any and all video content submitted by you to YouTube.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you agreed not to submit material to YouTube that is copyrighted, protected by trade secret or otherwise subject to third party proprietary rights, including privacy and publicity rights, unless you are the owner of such rights or have permission from the rightful owner to post the material.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you agreed to grant to YouTube all of the authorization required under YouTube's Terms of Service with respect to any and all video content submitted by you to YouTube.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you never sought permission from Prince or anyone acting on Prince's behalf to use Let's Go Crazy in the Lets' Go Crazy Video.

6323612.1

Defendants' 1st Set of RFA'S
NO. CV 07-03783-JF

**REQUEST FOR ADMISSION NO. 12:**

Admit that you have never obtained permission from Prince or anyone acting on Prince's behalf to use Let's Go Crazy in the Let's Go Crazy Video.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you intended for the Let's Go Crazy Video to be performed within the United States.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you intended for the Let's Go Crazy Video to be displayed within the United States.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you intended for the Let's Go Crazy Video to be reproduced on YouTube's servers within the United States.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you intended for the Let's Go Crazy Video to be performed outside the United States.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you intended for the Let's Go Crazy Video to be displayed outside the United States.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you intended for the Let's Go Crazy Video to be reproduced on YouTube's servers outside the United States.

**REQUEST FOR ADMISSION NO. 19:**

Admit that you have not lost any money as a result of the Universal Notice being sent to YouTube.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you have not paid any money to any person as a result of the Universal Notice being sent to YouTube.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you have not become obligated to pay any money to any person as a result of the Universal Notice being sent to YouTube.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you have posted videos other than the Let's Go Crazy Video to YouTube.

**REQUEST FOR ADMISSION NO. 23:**

Admit that access to your YouTube postings other than the Let's Go Crazy Video was not blocked or disabled as a result of the Universal Notice being sent to YouTube.

DATED: December 10, 2008                     MUNGER, TOLLES & OLSON LLP


By: _Kelly M. Klaus/dlr_____
                     KELLY M. KLAUS

                     Attorneys for Defendants

6323612.1

Defendants' 1st Set of RFA'S
NO. CV 07-03783-JF

1

## **PROOF OF SERVICE BY HAND**

2        I am employed in the County of San Francisco, State of California.  I am over the

3    age of 18 and not a party to the within action.  My business address is 560 Mission Street,

4    Twenty-Seventh Floor, San Francisco, CA  94105-2907.

5        On December 10, 2008, I caused to be served the following document described

6    as:  **DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF** on

7    the interested party in this action by placing a true copy thereof enclosed in a sealed envelope

8    addressed as follows:

9
              Michael Kwun
10             Corynne McSherry
              ELECTRONIC FRONTIER FOUNDATION
11             454 Shotwell Street
              San Francisco, CA  94110
12             Tel: 415-436-9333
              *Attorneys for Plaintiff Stephanie Lenz*
13

14       I arranged to have such an envelope delivered by hand via Wheels of Justice, Inc.,

15    657 Mission Street, Suite 502, San Francisco, CA 94105 to the offices of the addressee.

16       I declare that I am employed in the office of a member of the bar of this court at

17    whose direction the service was made.

18       Executed on December 10, 2008, at San Francisco, California.

19

20                                      _Dolores L. Reyes_

21    _____
                                      Dolores L. Reyes
22

23

24

25

26

27

28

EXHIBIT I

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
AMY C. TOVAR (SBN 230370)
Amy.Tovar@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEPHANIE LENZ, | CASE NO.  CV 07-03783-JF |
|---|---|
| Plaintiff, | **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** |
| vs. | |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP, | |
| Defendants. | |

6569210.1

Pursuant to Federal Rule of Civil Procedure 33, Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group ("Universal" or "Defendants") request that Plaintiff Stephanie Lenz ("Plaintiff") answer, not later than thirty days from the date of service hereof, the following Interrogatories in writing, under oath, and served upon the undersigned counsel.

**DEFINITIONS**

1.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the Interrogatory any information that might otherwise be construed to be outside its scope.

2.      The terms "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of any Interrogatory any information that might otherwise be construed to be outside its scope.

3.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of any Interrogatory any information that might otherwise be construed to be outside its scope.

4.      The terms "you" and "your" refer collectively to Plaintiff Stephanie Lenz and her employees, agents, attorneys and advisors.

5.      The term "identify" means (a) with respect to a natural person, that person's: full name, last known home and business address, responsibilities with respect to the subject matter of the interrogatory, and the periods of time that person had such responsibilities; (b) with respect to a corporation, partnership or other business entity: that entity's full name including any "dba" names, form of organization, and address of principal place of business; (c) with respect to a document or thing: a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production, and shall include, where applicable, its date, author(s), recipient(s) and present location (including, as to documents that are posted on the World Wide Web, the URL where such document is located); (d) with respect to a communication: a description including the names of the parties to the

communication, the date of the communication, the substance of the communication, and all documents containing or relating to the communication.

6.     The term "communication" means any transmission or receipt of information of any kind, including, without limitation, in writing, orally, electronically or by any other means.

7.     The term "document" shall means any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, invoices, bills, statements, transcripts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.  The term "document(s)" shall also mean each copy that is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

8.     The term "person" includes any natural person or business or governmental entity of any type whatsoever.

9.     The term "YouTube" means YouTube, LLC or YouTube, Inc., as well as any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities or websites within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

10.     The term "Let's Go Crazy Video" refers to the video that you allege you posted to YouTube at www.youtube.com/watch?v=N1KfJHFWlhQ.

11.     The term "Universal's Notice" refers to the notice that you allege Universal sent to YouTube concerning the Let's Go Crazy Video.

## INSTRUCTIONS

1.     Each Interrogatory is required to be answered on the basis of Plaintiff's entire knowledge.

Defendants' 1st Set of Interrogatories
NO. CV 07-03783-JF

2.      These Interrogatories are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure, and require timely supplementation if you obtain further responsive information or determine that you existing answers are inaccurate, inadequate, or incomplete.

3.      If an objection is made to any Interrogatory herein, all information covered by the Interrogatory not subject to the objection should be provided.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each of your responses to Universal's First Set of Requests for Admission that is not an unqualified admission, state all facts and identify all documents upon which you base your response.

**INTERROGATORY NO. 2:**

Identify all copies of the Let's Go Crazy Video (including without limitation the complete version of the video file from which the Let's Go Crazy Video was derived) that are in your possession, custody or control.

**INTERROGATORY NO. 3:**

Identify all persons with whom you have had communications regarding the Let's Go Crazy Video or this lawsuit.

**INTERROGATORY NO. 4:**

Identify all publications (whether online or in physical format) that have published or broadcast interviews with you or anyone representing you regarding the Let's Go Crazy Video or this lawsuit.

**INTERROGATORY NO. 5:**

Identify all persons whom you intended to view the Let's Go Crazy Video.

**INTERROGATORY NO. 6:**

For each person identified in your response to Interrogatory No. 5, state whether that person viewed the Let's Go Crazy Video prior to your being notified of Universal's Notice having been sent to YouTube.

**INTERROGATORY NO. 7:**

For each person identified in your response to Interrogatory No. 5, state whether you contend that such person could not view the Let's Go Crazy Video unless you posted it to YouTube or another site hosting user-generated video content.

**INTERROGATORY NO. 8:**

As to any person identified in your response to Interrogatory No. 7, state all facts and identify all documents upon which you base your contention that such person could not view the Let's Go Crazy Video unless you posted it to YouTube or another site hosting user-generated video content.

**INTERROGATORY NO. 9:**

Identify all attorneys with whom you have had communications as a result of Universal's Notice, including without limitation all attorneys with whom you have had communications on the general subject of your response to Universal's Notice.

DATED: December 10, 2008                    MUNGER, TOLLES & OLSON LLP


By: _Kelly M. Klaus/ dlr_
　　　　　KELLY M. KLAUS

Attorneys for Defendants

Defendants' 1st Set of Interrogatories
NO. CV 07-03783-JF

**PROOF OF SERVICE BY HAND**

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA  94105-2907.

On December 10, 2008, I caused to be served the following document described as: **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** on the interested party in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Michael Kwun
> Corynne McSherry
> ELECTRONIC FRONTIER FOUNDATION
> 454 Shotwell Street
> San Francisco, CA  94110
> Tel: 415-436-9333
> *Attorneys for Plaintiff Stephanie Lenz*

I arranged to have such an envelope delivered by hand via Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, CA 94105 to the offices of the addressee.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 10, 2008, at San Francisco, California.

*Dolores L. Reyes*

Dolores L. Reyes

CERTIFICATE OF SERVICE BY HAND
CASE NO. CV 07-03783-JF