EXHIBIT J

Michael Kwun (SBN 198945)
*michael@eff.org*
Corynne McSherry (SBN 221504)
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                              Plaintiff,<br><br>    v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>    and<br><br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                              Defendants. | No. C 07-03783-JF<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Stephanie

2 Lenz hereby responds to the Requests for Production of Documents and Things (Nos. 1-32)

3 propounded by Defendants Universal Music Corporation, Universal Music Publishing, Inc. and

4 Universal Music Publishing Group, Inc.

5    Lenz's investigations are ongoing, and Lenz specifically reserves the right to supplement,

6 amend, or modify these responses and to produce documents following the submission of

7 Defendants' substantive discovery responses and any Court order on matters regarding the

8 discovery deadlines in this case.  Lenz also reserves the right to supplement, amend, or modify

9 these responses should any additional documents become available.

10    Lenz's responses herein are not to be construed as a waiver of any right or objection, or

11 as an admission of the discoverability, relevance, materiality, or admissibility of any information

12 or document.

13                                    **GENERAL OBJECTIONS**

14    The following general objections are incorporated by reference into each Response set

15 forth hereafter.

16    1.    Lenz objects to all requests that call for documents protected from discovery by

17 the attorney-client privilege, work product immunity, and/or any other applicable privilege or

18 protection.  Responsive documents that are subject to the attorney-client privilege and/or work

19 product immunity, or that are otherwise immune from discovery, will be identified in a log of

20 privileged documents pursuant to Fed. R. Civ. P. 26(b)(5).  Lenz anticipates that the parties will

21 exchange such schedules at a mutually agreeable time.  Lenz objects to Instruction 14 to the

22 extent that it purports to impose on her any obligation to prepare a privilege log, if any, in excess

23 of the requirements of the Federal Rules of Civil Procedure.

24    2.    Lenz objects to these requests to the extent that they are overly broad,

25 unnecessarily burdensome, seek documents that are confidential to Lenz, and/or are not

26 reasonably calculated to lead to the discovery of admissible evidence.

27    3.    Lenz objects to these requests to the extent they seek third-party documents or

28 documents protected from disclosure under any confidentiality obligation imposed by contract,

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1   by order or by understanding binding upon Lenz, and to the extent that responding to the

2   requests would interfere with privacy and confidentiality interests of third parties. Where

3   responding to these requests would interfere with privacy and confidentiality interests of third

4   parties, Lenz will produce discoverable, responsive and non-privileged documents upon entry of

5   and pursuant to the terms of an appropriate protective order in this case.

6       4.      Lenz objects to these requests to the extent that they purport to impose any duty

7   beyond that specified in the Federal Rules of Civil Procedure or the Local Rules of the United

8   States District Court for the Northern District of California.

9       5.      Lenz objects to these requests as unnecessarily burdensome to the extent they

10  seek documents already in Defendants' possession and/or equally accessible to Defendants.  By

11  way of illustration, Lenz will not produce documents that have been filed with the court as

12  pleadings or exhibits thereto.

13      6.      Lenz objects to these requests to the extent they seek documents not readily in her

14  possession, custody or control. Lenz will make reasonable efforts to search for responsive and

15  discoverable documents and objects to these requests to the extent that they seek a broader

16  search.

17      7.      Lenz's responses to these requests are subject to and without waiver of any

18  objections, including claims of privilege and/or work product protection.

19      8.      Lenz objects to Universal's definition and use of the term "You" to the extent it

20  refers to "advisors" as vague, ambiguous and unintelligible, because there is no commonly

21  accepted meaning for that term that would allow Lenz to engage in an appropriate search. To the

22  extent that the definition would purport to impose on Lenz an obligation to seek documents held

23  by others and not created in the context of an agency relationship, Lenz objects that those

24  documents are not within her possession, custody or control, and the request is not reasonably

25  calculated to lead to the discovery of admissible evidence.  To the extent the definition is

26  intended to target documents in the possession of EFF attorneys and other employees as a result

27  of activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz

28  further objects that the definition improperly seeks to reach outside the scope of party discovery,

3

1   is harassing, and intended to chill free political and critical speech. Lenz's responses are based

2   on an understanding that "Lenz" means Plaintiff and those acting on her behalf in an agency

3   relationship.  By way of illustration, Lenz will not produce presentations on fair use given by

4   EFF attorneys and other employees as part of their duties apart from representing Lenz even if

5   those presentations reference the Lenz case; emails from mailing lists to which EFF attorneys

6   and other EFF employees subscribe as part of their duties apart from representing Lenz that

7   reference the case; or news articles in the possession of EFF attorneys and other employees as

8   part of their duties apart from representing Lenz that reference the case.

9       9.    Lenz objects to Universal's definition and use of the term "YouTube" to the

10  extent it refers to "advisors" as vague, ambiguous and unintelligible because there is no

11  commonly accepted meaning for that term that would allow Lenz to engage in an appropriate

12  search.  Lenz's responses are based on an understanding that "YouTube" means YouTube, LLC

13  and those Lenz reasonably understands to act on YouTube's behalf in an agency relationship.

14      10.   Lenz objects to Universal's Instruction 12 as unduly burdensome and harassing in

15  light of the technology available to her.  Lenz is an individual represented by a non-profit law

16  firm without direct access to the specific commercial technology referenced.  Lenz will produce

17  electronically stored information in a reasonably usable format.  If Defendants are not satisfied

18  with the nature of her production, Lenz will discuss appropriate means to resolve their concerns.

19      11.   Lenz's production of any document does not constitute and should not be

20  construed as a waiver of these General Objections nor an admission that the document produced

21  is discoverable or admissible under the Federal Rules of Civil Procedure.

22      12.   These General Objections are made, to the extent applicable, in response to each

23  of the Requests as if the objections were fully set forth therein.

24      13.   Lenz responds to each of the requests based upon information and documentation

25  available as of the date hereof and reserve the right to supplement and amend her responses.

26  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

27  **REQUEST FOR PRODUCTION NO. 1**

28      All documents that constitute, refer to or relate to the Let's Go Crazy Video or any and

---

4

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1   all copies of the same, including without limitation the complete version of the video file from

2   which the Let's Go Crazy Video was derived.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4          Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

5   this request as overly broad, unnecessarily burdensome and seeking information that is not

6   reasonably calculated to lead to the discovery of admissible evidence.  For example, versions of

7   the video other than the one posted at YouTube are not relevant to the claims or defenses in this

8   action, and are not reasonably calculated to lead to the discovery of admissible evidence. Lenz

9   further objects to this request to the extent that it calls for the production of privileged documents

10  and things. Lenz further objects to this request to the extent any such documents are publicly

11  available.   Subject to and notwithstanding these objections, Lenz will produce a complete

12  version of the video file from with the disputed video was derived.  Lenz will also produce non-

13  privileged communications that refer or relate to the Holden video (i.e., the video posted on

14  YouTube that is the subject of this lawsuit).

15  **REQUEST FOR PRODUCTION NO. 2**

16         All documents that constitute, refer to or relate to communication between you and

17  YouTube, including without limitation any communications between your counsel and YouTube

18  relating to the Let's Go Crazy Video or this lawsuit.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

20         Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

21  this request as overly broad, unnecessarily burdensome and seeking information that is not

22  reasonably calculated to lead to the discovery of admissible evidence, because Lenz's

23  communications with YouTube that do not relate to the Holden video or this lawsuit are neither

24  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Lenz further

25  objects to this request to the extent that it calls for the production of privileged documents and

26  things.  Subject to and notwithstanding these objections, Lenz will produce documents within her

27  possession, custody and control reflecting communications with YouTube relating to the

28  takedown of the disputed video and this Action.

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1 | **REQUEST FOR PRODUCTION NO. 3**

2 |        All documents that constitute, refer to or relate to videos or audio recordings you have

3 | posted to YouTube or any other website, including without limitation the complete version of

4 | any video file from which any such posting was derived.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

6 |        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

7 | this request as overly broad, unnecessarily burdensome and seeking information that is not

8 | reasonably calculated to lead to the discovery of admissible evidence, because Lenz's activities

9 | with regard to videos other than the Holden video is not at issue in this case. Lenz further objects

10 | to this request to the extent that it calls for the production of privileged documents and things.

11 | Lenz further objects to this request to the extent any such documents are publicly available and

12 | therefore equally accessible to Defendants.  Lenz further objects to the extent that this request is

13 | redundant of previous requests.   Subject to and notwithstanding these objections, Lenz will

14 | produce a complete version of the video file from which the disputed video was derived.  Lenz

15 | will also produce responsive, non-privileged documents within her possession, custody and

16 | control, if any, reflecting communications relating to the Holden video (i.e., the video posted on

17 | YouTube that is the subject of this lawsuit).

18 | **REQUEST FOR PRODUCTION NO. 4**

19 |        All documents that evidence, refer to or relate to your purpose in creating or posting the

20 | Let's Go Crazy Video.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

22 |        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

23 | this request to the extent that it calls for the production of privileged documents and things.

24 | Subject to and notwithstanding these objections, Lenz will produce non-privileged documents in

25 | her possession, custody and control, if any, responsive to this request.

26 | **REQUEST FOR PRODUCTION NO. 5**

27 |        All documents that evidence, refer to or relate to the performance or display of the Let's

28 | Go Crazy Video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Lenz incorporates the General Objections set forth above. In addition, Lenz objects to this request as overly broad, unnecessarily burdensome and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this request to the extent that it calls for the production of privileged documents and things. Lenz further objects to this request to the extent any such documents are publicly available. Lenz further objects to this request as vague, ambiguous, and unintelligible in that "performance" or "display" could be intended to have many meanings, some of which might depend on, for example, a legal determination of how third parties accessed the video, which information is not readily accessible to Lenz. Lenz's response to this request is based on an understanding that "performance or display" as used in this particular request is intended to refer to "views" on YouTube, as determined by YouTube. Lenz further objects to this request to the extent that it is intended to require her to create documents using statistical tools available to her as a YouTube account holder (including but not limited to the YouTube "Insight" tools). Subject to and notwithstanding these objections, and to the extent that she understands the request, Lenz will produce responsive, non-privileged, documents in her possession, custody and control, if any, relating to her decision to post the disputed video on YouTube and communications relating to that posting.

**REQUEST FOR PRODUCTION NO. 6**

All documents that evidence, refer to or relate to any uploading of the Let's Go Crazy Video to YouTube or any other website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Lenz incorporates the General Objections set forth above. In addition, Lenz objects to this Request as overly broad, unnecessarily burdensome and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this request to the extent that it calls for the production of privileged documents and things. Lenz further objects to this request to the extent any such documents are publicly available. Lenz further objects to this request as vague, ambiguous, and unintelligible in that there is no

1   commonly accepted meaning for that term "uploading" that would allow Lenz to engage in an

2   appropriate search. Subject to and notwithstanding these objections, and to the extent that she

3   understands the request, Lenz will produce responsive, non-privileged, documents in her

4   possession, custody and control, if any, relating to her decision to post the disputed video on

5   YouTube and/or other online video hosting websites and communications relating to such

6   posting(s).

7   **REQUEST FOR PRODUCTION NO. 7**

8   All documents that evidence, refer to or relate to any of the allegations in or exhibits to

9   your Second Amended Complaint ("SAC"), including without limitation all documents that

10   support or that are contrary to any of the allegations in your SAC.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

12   Lenz incorporates the General Objections set forth above. Lenz further objects to this

13   request to the extent that it calls for the production of privileged documents and things. Lenz

14   further objects to this request to the extent any such documents are publicly available and

15   therefore equally accessible to Defendants. Lenz further objects to this Request to the extent that

16   responsive documents are overwhelmingly likely to be in Defendants' possession, custody and

17   control. Subject to and notwithstanding these objections, if Universal will specify the allegations

18   to which the request pertains, Lenz will consider the narrowed request in due course.

19   **REQUEST FOR PRODUCTION NO. 8**

20   All documents that evidence, refer to or relate to (regardless of whether supportive of or

21   contrary to) your allegation that the Let's Go Crazy Video "could not substitute for the original

22   Prince song in any conceivable market", as alleged by you in ¶ 15 of your SAC.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

24   Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

25   this request to the extent that it calls for the production of privileged documents and things. Lenz

26   further objects to this request on the ground that responsive documents are overwhelmingly

27   likely to be in Defendants' possession, custody and control. Subject to and notwithstanding

28   these objections, Lenz will produce non-privileged documents in her possession, custody, and

1   control, if any, responsive to this request.

2   **REQUEST FOR PRODUCTION NO. 9**

3         All documents that evidence, refer to or relate to (regardless of whether supportive of or

4   contrary to) your allegation that your "mother has difficulty downloading email files," as alleged

5   by you in ¶ 16 of your SAC, including without limitation any email communications between

6   you and your mother that include email attachments and any emails referring or relating to such

7   attachments and whether they were opened or downloaded.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

9         Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

10   this Request to the extent that it calls for the production of privileged documents and things.

11   Subject to and notwithstanding these objections, Lenz will produce non-privileged documents in

12   her possession, custody, and control, if any, responsive to this request.

13   **REQUEST FOR PRODUCTION NO. 10**

14         Documents sufficient to identify the names and addresses of your "friends and family"

15   members whom you allege at ¶ 17 of your SAC that you intended to enjoy the Let's Go Crazy

16   Video.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

18         Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

19   this request as harassing, unnecessarily burdensome and seeking information that is not

20   reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to

21   this request to the extent that it calls for the production of privileged or otherwise confidential

22   documents and things. Lenz further objects to this request to the extent that responding to this

23   request would interfere with privacy and confidentiality interests of third parties. Lenz will not

24   produce documents responsive to this request, other than the documents responsive to Request

25   For Production No. 9.

26   **REQUEST FOR PRODUCTION NO. 11**

27         All documents that evidence, refer to or relate to (regardless of whether supportive of or

28   contrary to) your allegation that Defendants "employ staff who are familiar with the Digital

1 Millennium Copyright Act (including the Section 512 'good faith' requirements and the
2 obligation to submit Section 512 notices under penalty of perjury), as well as the principles and
3 application of the fair use doctrine," as alleged by you in ¶ 19 of your SAC.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

5 Lenz incorporates the General Objections set forth above. In addition, Lenz objects to
6 this Request to the extent that it calls for the production of privileged documents and things.
7 Lenz objects to this request on the ground that responsive documents are overwhelmingly likely
8 to be in Defendants' possession, custody and control. Subject to and notwithstanding these
9 objections, Lenz will produce non-privileged, documents in her possession, custody, and control,
10 if any, responsive to this request.

11 **REQUEST FOR PRODUCTION NO. 12**

12 All documents that evidence, refer to or relate to (regardless of whether supportive of or
13 contrary to) your allegation that Defendants "decided to issue a DMCA takedown notice despite
14 their knowledge that the use of the Prince song in the video was a non-infringing fair use," as
15 alleged by you in ¶ 20 of your SAC.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

17 Lenz incorporates the General Objections set forth above. In addition, Lenz objects to
18 this Request to the extent that it calls for the production of privileged documents and things.
19 Lenz further objects to this request on the ground that responsive documents are overwhelmingly
20 likely to be in Defendants' possession, custody and control. Subject to and notwithstanding these
21 objections, Lenz will produce non-privileged documents in her possession, custody, and control,
22 if any, responsive to this request.

23 **REQUEST FOR PRODUCTION NO. 13**

24 All documents that evidence, refer to or relate to (regardless of whether supportive of or
25 contrary to) your allegation that "YouTube treated the demand as a request for a takedown
26 pursuant to Section 512(c)(3) of the DMCA," as alleged by you in ¶ 24 of your SAC.

27 **RESPONSE TO REQUEST FOR PRODUCTION**

28 Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1  this request to the extent that it calls for the production of privileged documents and things.  Lenz

2  objects to this request on the ground that responsive documents are overwhelmingly likely to be

3  in YouTube's possession, custody and control. Subject to and notwithstanding these objections,

4  Lenz will produce non-privileged documents in her possession, custody, and control, if any,

5  responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 14**

7       All documents that evidence, refer to or relate to (regardless of whether supportive of or

8  contrary to) your allegation that "Prince himself demanded that Universal seek the removal of

9  the" Let's Go Crazy Video, as alleged by you in ¶ 31 of your SAC.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

11      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

12  this request to the extent that it calls for the production of privileged documents and things.  Lenz

13  objects to this request on the ground that responsive documents are overwhelmingly likely to be

14  in Defendants' possession, custody and control. Subject to and notwithstanding these objections,

15  Lenz will produce non-privileged documents in her possession, custody, and control, if any,

16  responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 15**

18      All documents that evidence, refer to or relate to (regardless of whether supportive of or

19  contrary to) your allegations that "Universal sent the DMCA notice at Prince's behest," and that

20  Universal sent such a notice "based not on the particular characteristics of the" Let's Go Crazy

21  Video but on Universal's "belief that, as 'a matter or principle,' Prince has the right to have his

22  music removed," as alleged by you in ¶ 31 of your SAC.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

24      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

25  this request to the extent that it calls for the production of privileged documents and things. Lenz

26  further objects to this request on the ground that responsive documents are overwhelmingly

27  likely to be in Defendants' possession, custody and control.  Subject to and notwithstanding

28  these objections, Lenz will produce non-privileged documents in her possession, custody, and

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1  control, if any, responsive to this request.

2  **REQUEST FOR PRODUCTION NO. 16**

3        All documents that evidence, refer to or relate to (regardless of whether supportive of or

4  contrary to) your allegation that the Let's Go Crazy Video "does not infringe any copyright

5  owned or administered by Defendants," as alleged by you in ¶ 33 of your SAC.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

7        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

8  this request to the extent that it calls for the production of privileged documents and things.  Lenz

9  object to this request to the extent that responsive documents are overwhelmingly likely to be in

10  Defendants' possession, custody and control.  Lenz further objects to this request to the extent

11  that it is redundant of prior requests.  Subject to and notwithstanding these objections, Lenz will

12  produce non-privileged documents in her possession, custody, and control, if any, responsive to

13  this request.

14  **REQUEST FOR PRODUCTION NO. 17**

15        All documents that evidence, refer to or relate to (regardless of whether in support of or

16  contrary to) your allegation that your use of "Let's Go Crazy" "is a self-evident non-infringing

17  fair use under 17 U.S.C. § 107," as alleged by you in ¶ 34 of your SAC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

19        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

20  this Request to the extent that it calls for the production of privileged documents and things.

21  Lenz further objects to this request to the extent that responsive documents are overwhelmingly

22  likely to be in Defendants' possession, custody and control.  Lenz further objects to this request

23  to the extent that it is redundant of prior requests.    Subject to and notwithstanding these

24  objections, Lenz will produce non-privileged documents in her possession, custody, and control,

25  if any, responsive to this request.

26  **REQUEST FOR PRODUCTION NO. 18**

27        All documents that evidence, refer to or relate whether your use of "Let's Go Crazy" is so

28  obvious that the copyright owner or its agent could not have any belief that infringement was

1   taking place.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

3     Lenz objects to this request as vague, ambiguous and unintelligible in that it she cannot

4   discern what is meant by her use being "obvious."   Lenz's response is based on her

5   understanding that Defendants intended to say "is so obviously a fair use." Lenz further objects

6   to this request to the extent that responsive documents are overwhelmingly likely to be in

7   Defendants' possession, custody and control. Lenz further objects to this request to the extent

8   that it is redundant of prior requests.   Lenz will not produce documents responsive to this

9   request, other than documents she has agreed to produce in response to Request No. 17.

10   **REQUEST FOR PRODUCTION NO. 19**

11     All documents that evidence, refer to or relate to (regardless of whether supportive of or

12   contrary to) your allegation that "Defendant had actual subjective knowledge" that the Let's Go

13   Crazy Video "did not infringe any Universal copyrights on the date they sent YouTube the

14   takedown notice regarding the" Let's Go Crazy Video, as alleged by you in ¶ 35 of your SAC.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

16     Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

17   this request to the extent that it calls for the production of privileged documents and things.  Lenz

18   further objects to this request on the ground that responsive documents are overwhelmingly

19   likely to be in Defendants' possession, custody and control.  Lenz further objects to this request

20   to the extent that it is redundant of prior requests.   Subject to and notwithstanding these

21   objections, Lenz will produce non-privileged documents in her possession, custody, and control,

22   if any, responsive to this request.

23   **REQUEST FOR PRODUCTION NO. 20**

24     All documents that evidence, refer to or relate to (regardless of whether supportive of or

25   contrary to) your allegation that "Defendants acted in bad faith when they sent the takedown

26   notice," as alleged by you in ¶ 35 of your SAC.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

28     Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1  this Request to the extent that it calls for the production of privileged documents and things.

2  Lenz further objects to this request on the ground that responsive documents are overwhelmingly

3  likely to be in Defendants' possession, custody and control. Lenz further objects to this request

4  to the extent that it is redundant of prior requests. Subject to and notwithstanding these

5  objections, Lenz will produce non-privileged documents in her possession, custody, and control,

6  if any, responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 21**

8  All documents that evidence, refer to or relate to (regardless of whether supportive of or

9  contrary to) your allegation that "Defendants should have known, if they had acted with

10  reasonable care or diligence, or would have had no substantial doubt had they been acting in

11  good faith," that the Let's Go Crazy Video "did not infringe any Universal copyrights on the date

12  they sent YouTube their complaint under the DMCA," as alleged by you in ¶ 36 of your SAC.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

14  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

15  this request to the extent that it calls for the production of privileged documents and things. Lenz

16  further objects to this request on the ground that responsive documents are overwhelmingly

17  likely to be in Defendants' possession, custody and control. Lenz further objects to this request

18  to the extent that it is redundant of prior requests. Subject to and notwithstanding these

19  objections, Lenz will produce non-privileged documents in her possession, custody, and control,

20  if any, responsive to this request.

21  **REQUEST FOR PRODUCTION NO. 22**

22  All documents that evidence, refer to or relate to (regardless of whether supportive of or

23  contrary to) your allegation that "Defendants violated 17 U.S.C. § 512(f) by knowingly

24  materially misrepresenting the" Let's Go Crazy Video "infringed Universal's copyright" as

25  alleged by you in ¶ 37 of your SAC.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

27  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

28  this request to the extent that it calls for the production of privileged documents and things. Lenz

1    further objects to this request on the ground that responsive documents are overwhelmingly

2    likely to be in Defendants' possession, custody and control.  Lenz further objects to this request

3    to the extent that it is redundant of prior requests.    Subject to and notwithstanding these

4    objections, Lenz will produce non-privileged documents in her possession, custody, and control,

5    if any, responsive to this request.

6    **REQUEST FOR PRODUCTION NO. 23**

7         All documents that evidence, refer to or relate to (regardless of whether supportive of or

8    contrary to) your allegation that you have "been injured substantially and irreparably" as "a

9    direct and proximate result of Defendants actions," as alleged by you in ¶ 38 of your SAC,

10   including without limitation all documents that evidence, refer to or relate to any costs or

11   attorney's fees your attorneys have represented to the Court that you incurred as a result of

12   Defendants' actions.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

14        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

15   this request to the extent that it calls for the production of privileged documents and things.  Lenz

16   further objects to this request to the extent that it is redundant of prior requests.  Lenz further

17   objects to this request as overly burdensome and harassing to the extent that it interferes with the

18   attorney-client relationship and seeks documents that are overwhelmingly likely to be privileged.

19   Lenz further objects to this request on the ground that it prematurely calls for expert discovery.

20   Lenz further objects to this request to the extent it seeks third-party documents or documents

21   protected from disclosure under any confidentiality obligation imposed by contract, by order or

22   by understanding binding upon Lenz, and to the extent that responding to this request would

23   interfere with privacy and confidentiality interests of third parties.   Lenz will not produce

24   attorney time or cost records, expert reports, or other expert documents at this stage of this

25   lawsuit.   Subject to and notwithstanding these objections, Lenz will produce non-privileged

26   documents in her possession, custody, and control, if any, responsive to this request.   To the

27   extent that responding to this request would interfere with privacy and confidentiality interests of

28   third parties, Lenz will produce discoverable, responsive and non-privileged documents within

---

15

1  her possession, custody and control, if any, upon entry of and pursuant to the terms of an

2  appropriate protective order in this case.

3  **REQUEST FOR PRODUCTION NO. 24**

4      All documents that evidence, refer to or relate to (regardless of whether supportive of or

5  contrary to) your allegation that you are "now fearful that someone might construe some portion

6  of a new home video to infringe a copyright," as alleged by you in ¶ 38 of your SAC.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

8      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

9  this request to the extent that it calls for the production of privileged documents and things. Lenz

10 further objects to this request to the extent that it is redundant of prior requests.  Lenz further

11 objects to this request to the extent it seeks third-party documents or documents protected from

12 disclosure under any confidentiality obligation imposed by contract, by order or by

13 understanding binding upon Lenz, and to the extent that responding to this request would

14 interfere with privacy and confidentiality interests of third parties.   Subject to and

15 notwithstanding these objections, Lenz will produce non-privileged documents in her possession,

16 custody, and control, if any, responsive to this request.  To the extent that responding to this

17 request would interfere with privacy and confidentiality interests of third parties, Lenz will

18 produce discoverable, responsive and non-privileged documents within her possession, custody

19 and control, if any, upon entry of and pursuant to the terms of an appropriate protective order in

20 this case.

21 **REQUEST FOR PRODUCTION NO. 25**

22     All documents that evidence, refer to or relate to any interviews given by you or anyone

23 affiliated with or related to you concerning the Let's Go Crazy Video or this lawsuit.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

25     Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

26 this request as overly broad, unnecessarily burdensome and seeking information that is not

27 reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

28 request to the extent that it calls for the production of privileged documents and things.  Lenz

---

16

1   further objects to this request to the extent any such documents are publicly available and,

2   therefore, equally available to Defendants.   Lenz further objects to this request as vague,

3   ambiguous, and unintelligible in that there is no commonly accepted definition of the term

4   "interview" that would permit her to conduct a search.  Lenz further objects to this request to the

5   extent it seeks third-party documents or documents protected from disclosure under any

6   confidentiality obligation imposed by contract, by order or by understanding binding upon Lenz,

7   and to the extent that responding to this request would interfere with privacy and confidentiality

8   interests of third parties.  Lenz further objects to this request to the extent that it seeks documents

9   held by others and not created in the context of an agency relationship because such documents

10   are not within her possession, custody or control, and the request is not reasonably calculated to

11   lead to the discovery of admissible evidence.  To the extent the request seeks documents in the

12   possession of EFF attorneys, employees, or others "affiliated" or "related" to Lenz as a result of

13   activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz further

14   objects that the definition is harassing and intended to chill free political and critical speech.

15   Lenz's responses are based on an understanding that "you or anyone affiliated with or related to

16   you" means Plaintiff and those acting on her behalf in an agency relationship.  Subject to and

17   notwithstanding these objections, and to the extent that she understands the request, Lenz will

18   produce responsive, non-privileged documents within her possession, custody and control, if

19   any, reflecting communications with members of the press in connection with this lawsuit.  To

20   the extent that responding to this request would interfere with privacy and confidentiality

21   interests of third parties, Lenz will produce discoverable, responsive and non-privileged

22   documents within her possession, custody and control, if any, upon entry of and pursuant to the

23   terms of an appropriate protective order in this case.

24   **REQUEST FOR PRODUCTION NO. 26**

25       All documents that constitute, refer to or relate to any statement that you or any third

26   party has posted in any form on the internet regarding the Let's Go Crazy Video or this lawsuit.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

28       Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1   this Request as overly broad, unnecessarily burdensome and seeking information that is not

2   reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

3   Request to the extent that it calls for the production of privileged documents and things.  Lenz

4   further objects to this request to the extent any such documents are publicly available and,

5   therefore, equally available to Defendants.  Lenz further objects to this request to the extent it

6   seeks third-party documents or documents protected from disclosure under any confidentiality

7   obligation imposed by contract, by order or by understanding binding upon Lenz, and to the

8   extent that responding to this request would interfere with privacy and confidentiality interests of

9   third parties.  Lenz further objects to this request to the extent that it seeks documents held by

10  others and not created in the context of an agency relationship because such documents are not

11  within her possession, custody or control, and the request is not reasonably calculated to lead to

12  the discovery of admissible evidence.   To the extent the request seeks documents in the

13  possession of EFF attorneys and employees as a result of activities not undertaken on Lenz's

14  behalf in the context of an agency relationship, Lenz further objects that the definition is

15  harassing and intended to chill free political and critical speech. Lenz's responses are based on

16  an understanding that "you" means Plaintiff and those acting on her behalf in an agency

17  relationship.   Subject to and notwithstanding these objections, and to the extent that she

18  understands the request, Lenz will produce responsive, non-privileged documents within her

19  possession, custody and control, if any, reflecting her communications with members of the press

20  in connection with this lawsuit and commenting on the lawsuit.  To the extent that responding to

21  this request would interfere with privacy and confidentiality interests of third parties, Lenz will

22  produce discoverable, responsive and non-privileged documents within her possession, custody

23  and control, if any, upon entry of and pursuant to the terms of an appropriate protective order in

24  this case.

25  **REQUEST FOR PRODUCTION NO. 27**

26      All documents that refer to or discuss this lawsuit.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

28      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1  this request as overly broad, unnecessarily burdensome and seeking information that is not

2  reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

3  request to the extent that it calls for the production of privileged documents and things.  Lenz

4  further objects to this request to the extent any such documents are publicly available and,

5  therefore, equally available to Defendants.  Lenz further objects to this request to the extent that

6  it is redundant of prior requests.  Lenz further objects to this request to the extent it seeks third-

7  party documents or documents protected from disclosure under any confidentiality obligation

8  imposed by contract, by order or by understanding binding upon Lenz, and to the extent that

9  responding to this request would interfere with privacy and confidentiality interests of third

10  parties.  Lenz further objects to this request to the extent that it seeks documents held by others

11  and not created in the context of an agency relationship because such documents are not within

12  her possession, custody or control, and the request is not reasonably calculated to lead to the

13  discovery of admissible evidence.  To the extent the request seeks documents in the possession

14  of EFF attorneys and employees as a result of activities not undertaken on Lenz's behalf in the

15  context of an agency relationship, Lenz further objects that the definition is harassing and

16  intended to chill free political and critical speech.  Lenz will not produce documents in response

17  to this request, except to the extent that Lenz has agreed to produce documents responsive to

18  other requests.

19  **REQUEST FOR PRODUCTION NO. 28**

20      All documents that refer to or discuss any of Defendants.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

22      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

23  this request as overly broad, unnecessarily burdensome and seeking information that is not

24  reasonably calculated to lead to the discovery of admissible evidence, at least because

25  Defendants are large corporations with expansive dealings that go far beyond the scope of this

26  case.  For example, if Lenz has in her possession, custody or control CDs published by one or

27  more of the defendants, that is neither relevant nor reasonably calculated to lead to the discovery

28  of admissible evidence.  Lenz further objects to this request to the extent that it calls for the

1   production of privileged documents and things.  Lenz further objects to this request to the extent

2   any such documents are publicly available and, therefore, equally available to Defendants.  Lenz

3   further objects to this request to the extent that it is redundant of prior requests.  Lenz further

4   objects to this request to the extent it seeks third-party documents or documents protected from

5   disclosure under any confidentiality obligation imposed by contract, by order or by

6   understanding binding upon Lenz, and to the extent that responding to this request would

7   interfere with privacy and confidentiality interests of third parties.  Lenz further objects to this

8   request to the extent that it seeks documents held by others and not created in the context of an

9   agency relationship because such documents are not within her possession, custody or control,

10  and the request is not reasonably calculated to lead to the discovery of admissible evidence.  To

11  the extent the request seeks documents in the possession of EFF attorneys and employees as a

12  result of activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz

13  further objects that the definition is harassing and intended to chill free political and critical

14  speech. Lenz will not produce documents in response to this request, except to the extent that

15  Lenz has agreed to produce documents responsive to other requests.

16  **REQUEST FOR PRODUCTION NO. 29**

17          All documents that refer to or discuss "Universal," "UMG," "UMPG," or "Universal

18  Music Group."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

20          Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

21  this request as overly broad, unnecessarily burdensome and seeking information that is not

22  reasonably calculated to lead to the discovery of admissible evidence, at least because

23  Defendants are large corporations with expansive dealings that go far beyond the scope of this

24  case.  For example, if Lenz has in her possession, custody or control CDs published by one or

25  more of the defendants, that is neither relevant nor reasonably calculated to lead to the discovery

26  of admissible evidence.  Lenz further objects to this request to the extent that it calls for the

27  production of privileged documents and things.  Lenz further objects to this request to the extent

28  any such documents are publicly available and, therefore, equally available to Defendants. Lenz

1  further objects to this request to the extent that it is redundant of prior requests. Lenz further

2  objects to this request to the extent it seeks third-party documents or documents protected from

3  disclosure under any confidentiality obligation imposed by contract, by order or by

4  understanding binding upon Lenz, and to the extent that responding to this request would

5  interfere with privacy and confidentiality interests of third parties. Lenz further objects to this

6  request to the extent that it seeks documents held by others and not created in the context of an

7  agency relationship because such documents are not within her possession, custody or control,

8  and the request is not reasonably calculated to lead to the discovery of admissible evidence. To

9  the extent the request seeks documents in the possession of EFF attorneys and employees as a

10  result of activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz

11  further objects that the definition is harassing and intended to chill free political and critical

12  speech. Lenz will not produce documents in response to this request, except to the extent that

13  Lenz has agreed to produce documents responsive to other requests.

14  **REQUEST FOR PRODUCTION NO. 30**

15  All documents that evidence, refer to or relate to any actual or potential agreement

16  between you and any third party regarding the rights to any work by or about you relating to the

17  Let's Go Crazy Video or this lawsuit.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

19  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

20  this request as seeking information that is not reasonably calculated to lead to the discovery of

21  admissible evidence. Lenz further objects to this request to the extent that it calls for the

22  production of privileged documents and things. Lenz further objects to this request as vague,

23  ambiguous and unintelligible in that there is no commonly accepted meaning of the terms

24  "agreement" and "the rights to any work by or about you" that would permit her to conduct such

25  a search. Subject to and notwithstanding these objections, and to the extent that she understands

26  the request, Lenz is not aware of any such agreement.

27  **REQUEST FOR PRODUCTION NO. 31**

28  All documents that constitute, refer to or relate to communications between the

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1   Electronic Frontier Foundation and any third party relating to Let's Go Crazy Video or this

2   lawsuit.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

4   Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

5   this Request as overly broad, unnecessarily burdensome and seeking information that is not

6   reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

7   Request to the extent that it calls for the production of privileged documents and things.  Lenz

8   further objects to this request to the extent any such documents are publicly available and,

9   therefore, equally available to Defendants. Lenz further objects to this request to the extent that it

10  seeks documents held by others and not created in the context of an agency relationship because

11  such documents are not within her possession, custody or control, and the request is not

12  reasonably calculated to lead to the discovery of admissible evidence.  To the extent the request

13  seeks documents in the possession of EFF attorneys and employees as a result of activities not

14  undertaken on Lenz's behalf in the context of an agency relationship, Lenz further objects that

15  the definition is harassing and intended to chill free political and critical speech.  Subject to and

16  notwithstanding these objections, and to the extent that she understands the request, Lenz will

17  produce responsive, non-privileged documents within her possession, custody and control

18  relating to EFF's communications with YouTube on her behalf; EFF's communications with

19  members of the press directly relating to this lawsuit, and EFF blog posts made in the context of

20  EFF's role as counsel for Lenz.

21  **REQUEST FOR PRODUCTION NO. 32**

22  All documents that evidence, refer to or relate to actions you have taken to preserve

23  documents relating to this lawsuit.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

25  Lenz objects to this request to the extent that it calls for the production of privileged

26  documents and things. Subject to and notwithstanding these objections, Lenz will produce

27  responsive non-privileged documents, if any, within her possession, custody and control.  To the

28  extent that responding to this request would interfere with privacy and confidentiality interests of

1    third parties, Lenz will produce discoverable, responsive and non-privileged documents within

2    her possession, custody and control, if any, upon entry of and pursuant to the terms of an

3    appropriate protective order in this case.

4

5    Dated:  December 17, 2008                          ELECTRONIC FRONTIER FOUNDATION

6

7

8                                                       By: _____

9                                                            CORYNNE MCSHERRY
                                                            Attorneys for Plaintiff
10                                                           STEPHANIE LENZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

**PROOF OF SERVICE**

I, Leticia Perez, declare:

I am employed in the City and County of San Francisco, California by Electronic Frontier Foundation at 454 Shotwell Street, San Francisco, California 94110. I am over the age of eighteen years and am not a party to the within cause.

On December 17, 2008, at the above-referenced address, I served the attached PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION on the interested parties in said cause by

___ personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

_X_ placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing to the person(s) at the address(es) set forth below:

Kelly M. Klaus
Amy C. Tovar
MUNGER, TOLLES & OLSEN, LLP
355 South Grand Avenue
35th Floor
Los Angeles, California 90071-1560

___ facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine telephone number (415) 436-9993, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

___ consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 17, 2008

_____
LETICIA PEREZ

-1-
PROOF OF SERVICE

EXHIBIT K

CONFIDENTIAL —
Filed Under Seal

EXHIBIT L

PRIVILEGE LOG
Lenz v. Universal Music Corp.
Case No. C 07-03783-JF

| Entry | Doc Type | Date | From | To | CC | Description | Priv Type |
|-------|----------|------|------|-----|-----|-------------|-----------|
| 1 | Email | 6/5/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication seeking legal advice re counter-notice procedure | AC |
| 2 | Email | 6/5/2007 | Theryn Fleming | Stephanie Lenz | | Confidential communication containing legal advice re counter-notice procedure | AC |
| 3 | Email | 6/6/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication discussing legal advice re response to DMCA notice | AC |
| 4 | Email | 6/6/2007 | Theryn Fleming | Stephanie Lenz | | Confidential communication containing legal advice re DMCA Notice | AC |
| 5 | Email | 6/6/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication discussing legal advice re copyright issues | AC |
| 6 | Email | 6/6/2007 | Theryn Fleming | Stephanie Lenz | | Confidential communication containing legal advice re copyright issues | AC |
| 7 | Email | 6/6/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication seeking and containing legal advice re counter-notice procedure and copyright law | AC |
| 8 | Email | 6/6/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication seeking and containing legal advice re counter-notice procedure | AC |
| 9 | Email | 6/14/2007 | Theryn Fleming | Stephanie Lenz | | Confidential communication discussing legal advice re response to DMCA Notice | AC |
| 10 | Email | 6/14/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication discussing legal advice of counsel re DMCA Notice | AC |
| 11 | Email | 6/14/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re litigation strategy | AC/WP |
| 12 | Email | 6/14/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 13 | Email | 6/14/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |
| 14 | Email | 6/14/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 15 | Email | 6/14/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication seeking legal advice re DMCA Notice | AC |
| 16 | Email | 6/14/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re request for legal advice re DMCA Notice | AC |
| 17 | Email | 6/14/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication seeking legal advice re DMCA Notice | AC |
| 18 | Email with attachment | 6/18/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy and retainer agreement | AC/WP |
| 19 | Email | 6/18/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy and retainer agreement | AC/WP |

PRIVILEGE LOG
Lenz v. Universal Music Corp.
Case No. C 07-03783-JF

| Entry | Doc Type | Date | From | To | CC | Description | Priv Type |
|---|---|---|---|---|---|---|---|
| 20 | Email | 6/18/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re litigation strategy and retainer agreement | AC/WP |
| 21 | Email | 6/18/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy and retainer agreement | AC/WP |
| 22 | Email | 6/19/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re draft complaint and counter-notice | AC/WP |
| 23 | Email | 6/19/2007 | Marcia Hofmann | Stephanie Lenz; Corynne McSherry | | Confidential communication re draft complaint and counter-notice | AC/WP |
| 24 | Email | 6/19/2007 | Stephanie Lenz | Marcia Hofmann | Corynne McSherry | Confidential communication re draft complaint and counter-notice | AC/WP |
| 25 | Email | 6/19/2007 | Corynne McSherry | Marcia Hofmann | Stephanie Lenz | Confidential communication re draft complaint and counter-notice | AC/WP |
| 26 | Email | 6/19/2007 | Marcia Hofmann | Corynne McSherry | Stephanie Lenz | Confidential communication re draft complaint and counter-notice | AC/WP |
| 27 | Email with attachment | 6/20/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re retainer agreement for present litigation | AC/WP |
| 28 | Email | 6/20/2007 | Stephanie Lenz | Marcia Hofmann | Corynne McSherry | Confidential communication re retainer agreement for present litigation | AC/WP |
| 29 | Email | 6/22/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication concerning background materials for litigation | AC/WP |
| 30 | Email | 6/22/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication concerning background materials for litigation | AC/WP |
| 31 | Email | 6/22/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication concerning background materials for litigation | AC/WP |
| 32 | Email with attachments | 6/22/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication forwarding communications related to present litigation | AC/WP |
| 33 | Email with attachment | 6/22/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re litigation strategy | AC/WP |
| 34 | Email | 6/22/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 35 | Email | 6/22/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |
| 36 | Email | 6/22/2007 | Corynne McSherry | Marcia Hofmann | Stephanie Lenz | Confidential communication re litigation strategy | AC/WP |
| 37 | Email | 6/22/2007 | Stephanie Lenz | Corynne McSherry | Marcia Hofmann | Confidential communication re litigation strategy | AC/WP |
| 38 | Email | 6/22/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |
| 39 | Email | 6/22/2007 | Stephanie Lenz | Marcia Hofmann | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |

PRIVILEGE LOG
Lenz v. Universal Music Corp.
Case No. C 07-03783-JF

| Entry | Doc Type | Date | From | To | CC | Description | Priv Type |
|-------|----------|------|------|-----|-----|-------------|-----------|
| 40 | Email | 6/26/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re draft counter-notice | AC/WP |
| 41 | Email | 6/26/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re draft counter-notice | AC/WP |
| 42 | Email | 6/26/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication concerning background information for litigation | AC/WP |
| 43 | Email | 6/26/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication concerning background materials for litigation | AC/WP |
| 44 | Email | 6/27/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re draft counter-notice | AC/WP |
| 45 | Email | 6/27/2007 | Theryn Fleming | Stephanie Lenz | | Confidential communication re litigation | AC |
| 46 | Email | 6/27/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication re litigation | AC |
| 47 | Email | 6/27/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re counter-notice | AC/WP |
| 48 | Email | 6/27/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re counter-notice | AC/WP |
| 49 | Email with attachment | 6/29/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re draft complaint | AC/WP |
| 50 | Email | 6/29/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re draft complaint and counter-notice | AC/WP |
| 51 | Email | 6/29/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re draft complaint and counter-notice | AC/WP |
| 52 | Email | 7/9/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re counter-notice | AC/WP |
| 53 | Email | 7/9/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re counter-notice | AC/WP |
| 54 | Email | 7/9/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re counter-notice | AC/WP |
| 55 | Email | 7/16/2007 | Stephanie Lenz | Theryn Fleming | | Confidential communication discussing legal advice re response to DMCA notice | AC |
| 56 | Email | 7/16/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re status of disputed video | AC/WP |
| 57 | Email | 7/16/2007 | Marcia Hofmann | Stephanie Lenz | | Confidential communication re status of disputed video | AC/WP |
| 58 | Email | 7/16/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re status of disputed video | AC/WP |
| 59 | Email | 7/17/2007 | Theryn Fleming | Stephanie Lenz | | Confidential communication discussing legal advice re response to DMCA notice | AC |
| 60 | Email with attachment | 7/17/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |

Keker and Van Nest

3

PRIVILEGE LOG
Lenz v. Universal Music Corp.
Case No. C 07-03783-JF

| Entry | Doc Type | Date | From | To | CC | Description | Priv Type |
|-------|----------|------|------|-----|-----|-------------|-----------|
| 61 | Email with attachment | 7/17/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |
| 62 | Email | 7/17/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 63 | Email with attachment | 7/17/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re draft complaint | AC/WP |
| 64 | Email | 7/17/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re status of disputed video | AC/WP |
| 65 | Email | 7/18/2007 | Marcia Hofmann | Stephanie Lenz | Corynne McSherry | Confidential communication re litigation strategy | AC/WP |
| 66 | Email | 7/18/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 67 | Email | 7/18/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 68 | Email | 7/18/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |
| 69 | Email | 7/20/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re counter-notice | AC/WP |
| 70 | Email | 7/24/2007 | Stephanie Lenz | Marcia Hofmann | | Confidential communication re litigation strategy | AC/WP |

Keker and Van Nest

EXHIBIT M

MUNGER, TOLLES & OLSON LLP

ROBERT K. JOHNSON¹
ALAN V. FRIEDMAN¹
RONALD L. OLSON¹
RICHARD S. VOLPERT
DENNIS C. BROWN¹
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
CHARLES D. SIEGAL
RONALD K. MEYER
GREGORY P. STONE
VILMA S. MARTINEZ
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
STEVEN L. GUISE¹
ROBERT B. KNAUSS
STEPHEN M. KRISTOVICH
JOHN W. SPIEGEL
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
LAWRENCE C. BARTH
KATHLEEN M. M°DOWELL
GLENN D. POMERANTZ
RONALD C. HAUSMANN
PATRICK J. CAFFERTY, JR.
JAY M. FUJITANI
O'MALLEY M. MILLER
SANDRA A. SEVILLE-JONES
MARK H. EPSTEIN
HENRY WEISSMANN
KEVIN S. ALLRED
BART H. WILLIAMS
JEFFREY A. HEINTZ
JUDITH T. KITANO
KRISTIN LINSLEY MYLES
MARC T.G. DWORSKY
JEROME C. ROTH
STEPHEN D. ROSE
JEFFREY L. BLEICH
GARTH T. VINCENT

TED DANE
MARK SHINDERMAN
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
RICHARD E. DROOYAN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
MARY ANN TODD
MICHAEL J. O'SULLIVAN
KELLY M. KLAUS
DAVID B. GOLDMAN
BURTON A. GROSS
KEVIN S. MASUDA
HOJOON HWANG
KRISTIN S. ESCALANTE
DAVID C. DINIELLI
ANDREA WEISS JEFFRIES
PETER A. DETRE
PAUL J. WATFORD
DANA S. TREISTER
CARL H. MOOR
DAVID M. ROSENZWEIG
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
GREGORY J. WEINGART
TAMERLIN J. GODLEY
JAMES C. RUTTEN
J. MARTIN WILLHITE
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
SEAN ESKOVITZ
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SUSAN R. SZABO
NATALIE PAGÉS STONE
MONIKA S. WIENER
LYNN HEALEY SCADUTO
RANDALL G. SOMMER

SHONT E. MILLER
MARIA SEFERIAN
MANUEL F. CACHÁN
ERIC J. LORENZINI
KATHERINE K. HUANG
ROSEMARIE T. RING
JOSEPH J. YBARRA
KATE K. ANDERSON
ALISON J. MARKOVITZ
E. DORSEY KLEGER-HEINE
JAY K. GHIYA
SUSAN TRAUB BOYD
JENNIFER L. POLSE
TODD J. ROSEN
BRIAN R. HOCHLEUTNER
GRANT A. DAVIS-DENNY
JASON RANTANEN
AMY C. TOVAR
REBECCA GOSE LYNCH
JONATHAN H. BLAVIN
JOHN R. GRIFFIN
KAREN J. FESSLER
MICHELLE T. FRIEDLAND
J. RAZA LAWRENCE
LIKA C. MIYAKE
MELINDA EADES LEMOINE
ANDREW M. SONG
YOHANCE C. EDWARDS
JULIE D. CANTOR
SETH GOLDMAN
FADIA RAFEEDIE KHOURY
JOSHUA P. GROBAN
VICTORIA L. BOESCH
HAILYN J. CHEN
BRAD SCHNEIDER
ALEXANDRA LANG SUSMAN
GENEVIEVE A. COX
MIRIAM KIM
MISTY M. SANFORD
BRIAN P. DUFF
AIMEE FEINBERG
JOEL D. WHITLEY
KATHARINE L. HALL
KATHERINE XU
KIMBERLY A. CHI
SHOSHANA E. BANNETT
TINA CHAROENPONG

LEE S. TAYLOR
DEREK J. KAUFMAN
KIMBERLY D. ENCINAS
MARCUS J. SPIEGEL
GABRIEL P. SANCHEZ
BETHANY C. WOODARD
PAULA R. LEVY
CONNIE Y. CHIANG
DAVID C. YANG
WILLIAM E. CANO
EMILY PAN
BILL WARD
HENRY E. ORREN
BENJAMIN W. HOWELL
WESLEY SHIH
JACOB S. KREILKAMP
PAUL J. KATZ
TYLER A. ROOZEN
JONATHAN M. WEISS
ZACHARY KATZ
DANIEL A. LYONS
ELIZABETH J. NEUBAUER
TREVOR D. DRYER
ERIC P. TUTLE
HEATHER E. TAKAHASHI
KRISTINA L. WILSON
KEVIN A. GOLDMAN
ROBYN KALI BACON
BERNARD A. ESKANDARI
JENNY M. JIANG
KEITH R.D. HAMILTON, II
SORAYA C. KELLY
PATRICK ANDERSON
MARK R. YOHALEM
JEFFREY Y. WU
YUVAL MILLER
MARK R. CONRAD
DANIEL R. M°CARTHY
——————
RICHARD D. ESBENSHADE¹
ALLISON B. STEIN
PETER R. TAFT¹
OF COUNSEL
——————
E. LEROY TOLLES
(1922-2008)

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

——————

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

¹A PROFESSIONAL CORPORATION

June 4, 2009

WRITER'S DIRECT LINE
(213) 683-9238
(213) 683-4038 FAX
Kelly.Klaus@mto.com

**VIA EMAIL**

Michael S. Kwun
Melissa J. Miksch
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111-1704

       Re:    *Lenz v. Universal Music Corp.*: Documents Evidencing or Relating to
             Plaintiff's Claim of Damages

Dear Counsel:

      We are in the process of reviewing Plaintiff's supplemental discovery responses and
production. The purpose of this letter shall be to set forth Defendants' position regarding the
continued inadequacy of Plaintiffs' disclosures, responses and production relating to the issue of
the damages that she seeks in this action.

      Plaintiffs' obligation to produce damages information is clear. Federal Rule of Civil
Procedure 26(a)(1)(A)(iii) requires Plaintiff to produce a "computation of *each category of
damages* claimed," as well as "the documents or other evidentiary material, unless privileged or
protected from disclosure, on which each computation is based." Additionally, Defendants'
Request for Production No. 23 requires Plaintiff to produce *all* documents that evidence, refer to
or relate to Plaintiff's damages claim. Yet to date, the *only* piece of paper that Plaintiff has
purported to produce in response either to the Rule or the Request for Production is a $175 credit
card receipt for purchasing a hard drive *during this litigation*, for the asserted purpose of meeting
her document retention obligations. Even assuming the violation and application of section

MUNGER, TOLLES & OLSON LLP
Michael S. Kwun
Melissa J. Miksch
June 4, 2009
Page 2


512(f) (which, of course, the Defendants contest), that expense is not compensable as damages. But regardless of whether that expense is compensable, Plaintiff's production regarding evidence of her claimed damages is completely inadequate.

Section 512(f) makes it clear that damages are an essential element of a claim under that statute, and that such damages are limited to those actual damages "incurred . . . *as the result of* the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing[.]" 17 U.S.C. § 512(f). In her Initial Disclosures served on September 30, 2008, Plaintiff claims damages only in the following categories: "loss of access to YouTube's hosting services for the Holden Video, time and resources expended in responding to Universal's takedown notice, and attorneys' fees and costs related thereto."

Yet Plaintiff has not provided the required computation for any of these categories of damages, much less any evidence relating to any of them. Furthermore, Plaintiff's assertion that she needs "expert reports and testimony" to compute or substantiate damages in any of these categories is insupportable. There is no need for any expert testimony concerning "loss of access to YouTube's hosting services," for the simple reason that Plaintiff pays *nothing* to YouTube and in any event she did not suffer any "loss of access" to such services. Plaintiff also does not need (and could not use) any expert to compute or substantiate her "time and resources" in preparing the notices that she sent to YouTube: Plaintiff sent exactly two emails, and she obviously incurred no damages of any kind preparing them or sending them to YouTube.

That brings us to the final category of Plaintiff's claimed damages: "attorneys' fees and costs related" to responding to the takedown notice. As we have previously explained, the attorneys' fees and costs related to litigating a lawsuit under § 512(f) cannot be damages under that statute. Such fees and costs are not "incurred . . . as the result of the service provider" removing or disabling access to information; they are incurred as the result of the Plaintiff's decision to bring a lawsuit. Whether and to what extent such fees and costs are reimbursable at all are issues covered by 17 U.S.C. § 505, which governs the recovery of fees and costs "[i]n any civil action under" Title 17. Based on the statute's plain language and structure, any attorneys' fees and costs incurred in connection with Plaintiff's decision to bring this lawsuit are not compensable damages under § 512(f). Nor, for that matter, is the cost of the hard drive discussed above.

To the extent Plaintiff intends to argue to the contrary, and to assert that litigation fees and expenses *are* compensable as damages under § 512(f), then Plaintiff is required to produce a computation of those damages and all non-privileged documents relating thereto. Plaintiff cannot possibly contend there is a burden in computing what such amounts would be to-date, unless her counsel have not been keeping track of that information. If the latter is the case, please tell us that. Also, Plaintiff is required to produce any non-privileged documents that evidence or relate to such claims. This would include, for example, whatever agreements or other documents evidence Plaintiff's "obligat[ion] to assign her damages or other recovery in this litigation to her attorneys as compensation for fees and expenses incurred on her behalf."

MUNGER, TOLLES & OLSON LLP

Michael S. Kwun
Melissa J. Miksch
June 4, 2009
Page 3

Plaintiff's Supp. Response to Interrogatory No. 1, at 9:17-19.  Please produce all such documents immediately.

There remains the issue of attorneys' fees and costs that Plaintiff may claim that she incurred as a result of YouTube's temporary disabling of access to the "Let's Go Crazy" video in accordance with YouTube's terms of service and agreements with its content providers. Plaintiff's counsel represented to the Court that Plaintiff had such compensable damages at the hearing on the motion to dismiss.  Tr. of July 18, 2008 Hr'g at 5:15-25.  As you know, the Court *relied on that representation* in denying Defendants' Motion to Dismiss.  *See* Order Denying Motion to Dismiss Second Amended Complaint at 9:5-7.  We have since asked you repeatedly whether Plaintiff intends to make any claim as to such amount, and if she does, to produce all documents related to that claim.  You have repeatedly refused.

Melissa's email message of June 2, 2009, states that "production of time records would be overly burdensome and would intrude on our attorney-client relationship with Ms. Lenz.  We can confirm, however, that Ms. Lenz worked with EFF attorneys to prepare and send her 17 U.S.C. § 512(g) counternotice on a pro bono basis."  Respectfully, this is totally unresponsive to the requests that we made during the meet-and confer process.  We therefore reiterate those requests, updated in light of the cryptic information provided in Melissa's email:

1.      Does Plaintiff intend to claim that any work that was done by EFF (or anyone else) related to the notices that Plaintiff sent to YouTube may constitute damages under 17 U.S.C. § 512(f)?

2.      If the answer to Number 1 is "yes," what is the amount of "damages" claimed in connection with such work?

3.      If the answer to Number 1 is "yes," please immediately produce *all* documents that evidence, refer to, or relate to, such claim of damages, or provide a stipulation that there are none.  Your assertion of a burden objection is not supported and in any event is not well-taken. The relevance of Plaintiff's claimed damages is manifest under the statute and the initial disclosure rules, and there cannot be a large volume of documents, given that there was a period of *six weeks total* between the time Plaintiff received her initial notice from YouTube and the time YouTube told her it was restoring the "Let's Go Crazy" video.  Nor can there be any "intrusion" on an attorney-client relationship, since any information on an invoice or time record that actually meets the standards for attorney-client privilege could be redacted and logged.

\*     \*     \*

The issues discussed in this letter are not new.  We have met-and-conferred with you on them several times, and it appears the parties are at an impasse.  Absent Plaintiff's immediate production of *all* documents that evidence, refer to or relate to her claim of damages in this case, Defendants will file a motion to compel forthwith.  We have a number of problems with

MUNGER, TOLLES & OLSON LLP

Michael S. Kwun
Melissa J. Miksch
June 4, 2009
Page 4


Plaintiff's remaining supplemental responses and document production.  We will address these under separate cover.

Thank you for your attention to these matters.

Sincerely,

Kelly M. Klaus


cc:    Corynne McSherry

7926213.2

EXHIBIT N

**Aull, Ashley**

| | |
|---|---|
| **From:** | Melissa J. Miksch [MMiksch@kvn.com] |
| **Sent:** | Tuesday, June 02, 2009 9:22 PM |
| **To:** | Klaus, Kelly; Aull, Ashley |
| **Cc:** | Corynne McSherry; Michael S. Kwun; Joshua Maremont |
| **Subject:** | Lenz v. Universal - document production |

Kelly and Ashley,

You will shortly receive an email with a link to a secure ftp download for this round of document production.

We previously discussed your request for documents relating to costs and attorney fees pursuant to your Request for Production No. 23. As we mentioned, the production of time records would be overly burdensome and would intrude on our attorney-client relationship with Ms. Lenz. We can, though, confirm that Ms. Lenz worked with EFF attorneys to prepare and send her 17 U.S.C. § 512(g) counternotice on a pro bono basis.

Regards,
Melissa Miksch

EXHIBIT O

LAW OFFICES

# KEKER & VAN NEST
L.L.P.

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

MELISSA J. MIKSCH
MMIKSCH@KVN.COM

June 11, 2009

**VIA EMAIL**

Kelly M. Klaus
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560

Re:     Stephanie Lenz v. Universal Music Corp., et al.
        Case No. C 07-03783-JF

Dear Kelly:

I write in response to your letter of June 4 regarding damages discovery.  It is apparent that we have several differences of opinion.  Given the nature of these differences, we believe it would make sense for the parties jointly to request a case management conference at which the parties could seek the Court's guidance on these issues, as well as request entry of a scheduling order governing discovery and trial in the case more generally.

The differences of opinion include:

1)  Whether attorneys' fees and costs through pro bono counsel can ever be recovered under 17 U.S.C. § 512(f);

2)  Whether litigation fees and costs are recoverable under 17 U.S.C. § 512(f); and

3)  Assuming the answer to (1) or (2) is "yes," whether it is appropriate for discovery concerning attorneys' fees and costs to be deferred until after there has been a liability determination.

These are all issues that will need to be addressed at some point in this case.  Resolving these issues now will substantially simplify our disagreements regarding damages discovery. For example, if the Court were to agree with you on issue 1, then issues 2 and 3 would be moot. If the Court were to agree with us on issue 3, that, too, would resolve our dispute regarding fees discovery.

443221.03

Kelly M. Klaus
June 11, 2009
Page 2


        We therefore propose that the parties jointly request that Judge Fogel set a case
management conference to discuss a scheduling order for the case, and to allow the parties to
seek the Court's guidance on the issues that relate to your June 4 letter regarding damages
discovery.  As we discussed at our last meet-and-confer, Michael will be traveling during the
latter half of June, and I recall that you also had commitments during the same time period.
Therefore, I suggest we propose that the conference be held during the first week of July or as
soon thereafter as the Court's schedule will permit.  Of course, this need not and should not
delay completion of other outstanding discovery.

                                Very truly yours,

                                Melissa J. Miksch


MJM/dbm
cc:     L. Ashley Aull

EXHIBIT P

## Aull, Ashley

**From:**   Melissa J. Miksch [MMiksch@kvn.com]
**Sent:**   Friday, June 12, 2009 5:11 PM
**To:**   Klaus, Kelly; Aull, Ashley
**Cc:**   Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:**   RE: Lenz v Universal - Correspondence re Damages Discovery

Hi Kelly and Ashley,

We will forward a draft joint request and proposed dates to you shortly.  In our view, it is appropriate to allow the Court to decide whether a formal motion for bifurcation is necessary.  We suggest that we mention Universal's position on that matter in the request and include a proposed schedule for such a motion if the Court chooses not to address the damages issues in the CMC.

Please let us know what you think.

Enjoy the weekend!
Melissa

**Melissa J. Miksch | Keker & Van Nest LLP**

---

**From:** Klaus, Kelly [mailto:Kelly.Klaus@mto.com]
**Sent:** Friday, June 12, 2009 11:46 AM
**To:** Melissa J. Miksch; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Dear Melissa:

We are agreeable to scheduling a jointly requested case management conference to discuss the pretrial schedule for the case.  We do not agree that the case management conference, or the joint case management conference statement, is an appropriate substitute for a motion for bifurcation.  If Plaintiff wants to file a motion to bifurcate, she should follow the appropriate procedures for noticing a motion.  Please forward a draft joint request for a CMC, and also provide the dates on which you would be available in July, and we will check our calendars for our availability.

Best,
Kelly

---

**From:** Melissa J. Miksch [mailto:MMiksch@kvn.com]
**Sent:** Thursday, June 11, 2009 2:42 PM
**To:** Klaus, Kelly; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Dear Kelly,

We assume from your email that Universal is not willing to join our request for a CMC to Judge Fogel.  If that is the case, we plan to file an administrative request for a CMC to discuss these damages issues and a schedule for this case in general.  We would, of course, let the Court know that Universal has informed us that it plans to move to compel on these damages issues.

Regarding dates, should Universal proceed with its motion, we have a conflict with July 29th.  We are available on August 5th, if that works for you.

Best,
Melissa

**Melissa J. Miksch | Keker & Van Nest LLP**

---

**From:** Klaus, Kelly [mailto:Kelly.Klaus@mto.com]
**Sent:** Thursday, June 11, 2009 12:40 PM
**To:** Melissa J. Miksch; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Dear Melissa:

We're going to move to compel to require Plaintiff to meet her discovery obligations to disclose the amount of her claimed damages, if any, in connection with the counter-notice that Plaintiff sent to YouTube, as well as all non-privileged documents that support such a claim.  It appears that under the 35-day calendar, the earliest that Magistrate Judge Seeborg would be available to hear the motion would be July 29, 2009, at 9:30 am.  Please let me know if that date causes undue prejudice to Plaintiff.

Best,
Kelly

---

**From:** Melissa J. Miksch [mailto:MMiksch@kvn.com]
**Sent:** Thursday, June 11, 2009 12:20 PM
**To:** Klaus, Kelly; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Dear Kelly,

We answered your questions; our position is that the discovery you seek should be deferred until after our client prevails on liability.  You ask us to provide an answer to the discovery nonetheless, which doesn't make sense given our position.

Melissa

**Melissa J. Miksch | Keker & Van Nest LLP**

---

**From:** Klaus, Kelly [mailto:Kelly.Klaus@mto.com]
**Sent:** Thursday, June 11, 2009 11:57 AM
**To:** Melissa J. Miksch; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Hi Melissa:

You are still not answering my questions regarding 2 and 3:  what is the amount regarding the counter-notice, and if you refuse to provide the amount, what is the burden?  If you have any authority for the proposition that providing the amount or describing the burden is privileged from discovery, let me know that right away so we can assess your position.

Thanks,
Kelly

**From:** Melissa J. Miksch [mailto:MMiksch@kvn.com]
**Sent:** Thursday, June 11, 2009 11:53 AM
**To:** Klaus, Kelly; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Hello Kelly,

With regard to your questions,

> 1.  We have claimed and continue to claim that the remedy set forth in 17 USC sec. 512(f) includes fees for work on Lenz's behalf by EFF in connection with the counternotice (and also for the litigation, for which we also believe pro bono work on Lenz's behalf by Folger Levin & Kahn and Keker & Van Nest is included).
>
> 2.  We believe discovery regarding those fees should be deferred until after a liability ruling.
>
> 3.  See 2.

Best,
Melissa

**Melissa J. Miksch | Keker & Van Nest LLP**

**From:** Klaus, Kelly [mailto:Kelly.Klaus@mto.com]
**Sent:** Thursday, June 11, 2009 10:32 AM
**To:** Melissa J. Miksch; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** RE: Lenz v Universal - Correspondence re Damages Discovery

Hi Melissa:

Thank you for this letter, and for the three others you sent yesterday.  We will need some time to get through these and get back to you on all the points that you raise.

Regarding your letter of this morning on damages discovery:  you have avoided answering any of the questions that I asked in my June 4, 2009 letter (copy attached), including three clear and straightforward questions at page 3 of that letter.  Plaintiff's position on these issues will be very important to determining whether and if so what the parties' dispute is.  I think the Court may also consider that information quite important in resolving any dispute, especially given the record of Plaintiff's representations to the Court at the motion to dismiss hearing, as well as the Court's referencing of those representations in its order denying the motion to dismiss.  Accordingly, please provide the answers to the questions that I asked in my letter.

Thanks,
Kelly

---

**From:** Melissa J. Miksch [mailto:MMiksch@kvn.com]
**Sent:** Thursday, June 11, 2009 10:20 AM
**To:** Klaus, Kelly; Aull, Ashley
**Cc:** Kurt Opsahl; Ashok Ramani; Corynne McSherry; Michael S. Kwun
**Subject:** Lenz v Universal - Correspondence re Damages Discovery

Kelly & Ashley,

Please see the attached letter.

Best regards,
Melissa

---

Melissa J. Miksch | Keker & Van Nest LLP | 710 Sansome Street, San Francisco, CA 94111
tel: 415.391.5400 | fax: 415.397.7188 | email: mmiksch@kvn.com

This message is intended only for the use of the individual or entity to whom it is addressed. The message is confidential and may contain attorney-client information, attorney work product or other privileged information. If you are not the intended recipient, you are hereby notified that any use or dissemination of this message is strictly prohibited. If you received this message in error, please notify the sender by replying to the message. When complete, please delete the original message.

EXHIBIT Q

## Aull, Ashley

**From:**     Melissa J. Miksch [MMiksch@kvn.com]
**Sent:**      Friday, June 12, 2009 4:03 PM
**To:**          Aull, Ashley; Michael S. Kwun
**Cc:**          Klaus, Kelly; Corynne McSherry
**Subject:**   RE: Lenz: June 10 Letter Regarding Plaintiff's Discovery Responses

Hello Ashley,

The corrected production will go out today, and we'll make it available via FTP.  It will also include marked versions of the documents inadvertently not designated under the PO.

The video was posted to the private website in June of 2007.  That was indeed a typo--thank you for bringing it to our attention.

Are we still on track to exchange privilege logs today?

Best,
Melissa

Melissa J. Miksch | Keker & Van Nest LLP

---

**From:** Aull, Ashley [mailto:ashley.aull@mto.com]
**Sent:** Friday, June 12, 2009 1:45 PM
**To:** Melissa J. Miksch; Michael S. Kwun
**Cc:** Kelly Klaus
**Subject:** Lenz: June 10 Letter Regarding Plaintiff's Discovery Responses

Melissa:

We are still reviewing your various letters of June 10 and 11; our client has been traveling this week, and so we will not be able to fully respond until next week.  A couple of questions, relating to your June 10 letter on Plaintiff's Discovery responses:

(1)     In your letter, and regarding Supplemental Response to Interrogatory No. 2, there appears to be a typo; you indicate that Ms. Lenz "placed the video on this website in **month**,. . . "  Please let us know when the video was placed on Ms. Lenz' private website.

(2)     When can we expect to receive the corrected/additional production of Ms. Lenz' communications with Theryn Fleming?  You indicated in the June 10 letter that you'd be sending them to us "shortly."

Thanks.

Ashley

**L. Ashley Aull** | **Munger, Tolles & Olson LLP**
355 South Grand Avenue | Los Angeles, CA 90071
Tel: 213.683.9130 | Fax: 213.683.5130 | ashley.aull@mto.com | www.mto.com

*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. Thank you.*

EXHIBIT R

Kurt Opsahl (SBN 191303)
kurt@eff.org
Jason Schultz (SBN 212600)
*jason@eff.org*
Corynne McSherry (SBN 221504)
*corynne@eff.org*
Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                    Plaintiff,<br><br>    v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>    and<br><br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                    Defendants. | No. C 07-03783-JF<br><br>DECLARATION OF STEPHANIE LENZ IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE<br><br>DATE: December 7, 2007<br>TIME: 9:00 a.m.<br>CTRM: 3 (Hon. Jeremy Fogel) |

LENZ DECLARATION

I, Stephanie Lenz, declare as follows:

1.     I am the plaintiff in the above-captioned matter. I submit this declaration in support of the attached Opposition to Defendants' Motion to Dismiss and Motion to Strike. The facts stated here are known to me of my own personal knowledge, except where otherwise stated. If called upon to testify thereto I could and would competently do so.

2.     I am a mother, wife, writer and editor.

3.     My husband and I have two children, Zoe (age 4) and Holden (now almost 2).

4.     On or about February 7, 2007, my children were playing in the kitchen when Holden, who was still learning to walk at the time, began dancing to a song by Prince, "Let's Go Crazy."

5.     Zoe and Holden had recently heard the song on television during the Super Bowl halftime show.

6.     Using my digital camera, I created a 29-second video recording of the children's activities, which consisted primarily of Holden dancing.

7.     On or about February 8, 2007, I uploaded the Holden Video from my computer to the YouTube website for my family and friends to enjoy, particularly my mother in California.

8.     The video was publicly available at the Internet address <http://www.youtube.com/watch?v=N1KfJHFWlhQ>.

9.     When I opened my account with YouTube, pursuant to which I posted the Holden Video and other videos, I explicitly agreed to the Terms of Use and privacy policy by clicking a button with the words "Sign Up" next to a checked checkbox stating "I agree to the terms of use and privacy policy." I did not retain a copy of that signup page, but to the best of my recollection it was identical to the signup page as it currently appears on YouTube. A true and correct copy of that "sign up" webpage, as it appeared on October 24, 2007, is attached hereto as Exhibit A. I agreed to these contractual terms expressly in return for the hosting and playback services YouTube offered.

10.    On June 5, 2007, I received an email from YouTube notifying me that the video of Holden dancing had been removed from YouTube site in response to a claim by Universal Music

LENZ DECLARATION

1    Public Group that the video infringed Universal's copyrights. The notice warned me that repeated

2    incidents of copyright infringement could lead to the deletion of my account and all my videos. A

3    true and correct copy of that email is attached hereto as Exhibit B. Based on this notice, I thought

4    that I might be sued for copyright infringement for posting the video of my son.

5         11. In the days following my receipt of the notice, I posted a few statements on my blog

6    expressing my shock and anger at the accusation and mentioning my contact with my current

7    counsel.

8         12. On June 27, 2007, I sent YouTube a counter-notification disputing Universal's

9    infringement allegation and demanding that my video be reposted. A true and correct copy of that

10   email is attached hereto as Exhibit C.

11        13. On July 20, 2007, I received a notice from YouTube stating that the video had been

12   restored.

13        14. Since the video was restored, I have deleted a few comments about it posted on

14   YouTube, primarily where such comments made offensive personal remarks about Holden. I did

15   not delete any comments posted prior to June 3, 2007—indeed, only a single comment was posted

16   prior to that date.

17        15. As a result of Universal's allegation of infringement, I lost access to YouTube's

18   service for the Holden Video from June 5, 2007 until July 20, 2007.

19        16. I place a high value on my right to free speech and my use of YouTube to express

20   myself. The removal of the Holden video impinged on those rights.

21

22   I declare under penalty of perjury that the foregoing is true and correct and that this document was

23   executed in Gallitzin, Pennsylvania.

24

25   DATED: November 12, 2007

26
                                        By _____
27                                         Stephanie Lenz

28

-3-