ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993
Email: fred@eff.org; kurt@eff.org; corynne@eff.org

FOLGER LEVIN & KAHN LLP
MICHAEL F. KELLEHER
SUZANNE ELIZABETH RODE
275 Battery Street, Suite 2300
San Francisco, CA  94111
Telephone:     (415) 986-2800
Facsimile:     (415) 986-2827
Email: mkelleher@flk.com; srode@flk.com

KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com; mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>               Plaintiff,<br><br>      v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>               Defendants. | Case No. C 07-03783-JF<br><br>**DECLARATION OF MELISSA J. MIKSCH IN SUPPORT OF DEFENDANTS' APPLICATION TO SEAL CONFIDENTIAL MOTIONS TO COMPEL, CONFIDENTIAL SUPPORTING DECLARATIONS AND EXHIBITS**<br><br>Date:     August 5, 2009<br>Time:    9:30 a.m.<br>Dept:    Courtroom 4<br>Judge:  Hon. Richard Seeborg<br><br>Date Comp. Filed:    July 24, 2007<br>Trial Date: |

I, MELISSA J. MIKSCH, declare and state:

1. I am an attorney licensed to practice law in the State of California and am associated with Keker & Van Nest LLP, attorneys for plaintiff Stephanie Lenz in the above-captioned action.

2. I have knowledge of the facts set forth herein, and if called upon as a witness thereto, I could do so competently under oath.

3. In accordance with Local Rule 79-5(d), I make this Declaration in support of Defendants' Application to Seal Confidential Motions to Compel and Confidential Supporting Declarations and Exhibits. The confidential material at issue in Defendants' Application is material Ms. Lenz has produced and designated as "Confidential" or "Highly Confidential" under the Protective Order governing this litigation.

4. I have reviewed both the Confidential and Redacted versions of Defendants' Motion to Compel Plaintiff's Communications with Theryn Fleming ("Fleming Motion"); Defendants' Motion to Compel Production of Initial Disclosures and Documents re Plaintiff's Claim of Damages ("Damages Motion"); and the Declarations of Kelly M. Klaus in support of each Motion ("Damages Declaration" and "Communications Declaration").

5. The Confidential versions of each of these documents were received by the Clerk on July 1, 2009, per docket entries entered on July 6, 2009. The redacted versions of the Fleming Motion and Fleming Declaration are Docket Nos. 82 and 83, respectively. The redacted version of the Damages Motion, Damages Declaration, and supporting Exhibits are 76, 77, 78, 79, and 80, respectively.

6. Exhibit D to the Damages Declaration is a copy of Lenz's credit card statement. For the purposes of a non-dispositive discovery motion (such as both motions at issue here), a party need only show "good cause" to seal confidential documents. *Kamakana v. Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). There is good cause to seal this document because public disclosure of Ms. Lenz's personal financial information puts her at risk of identity theft and of other compromises of her financial security. For similar reasons, amendments to the Federal Rules of Civil Procedure expressly require the redacting of certain private information in court

1  filings (such as social security numbers and financial account numbers), *see* Fed. R. Civ. P.

2  5.2(a), and authorize courts to grant protective orders that "require redaction of additional

3  information," *id.* 5.2(e)(1).  I believe that the details of Ms. Lenz's credit card spending are not

4  relevant to the merits of this non-dispositive discovery motion, and are of a sort not normally

5  made public.

6        7.      Exhibit E to the Damages Declaration is an email from Ms. Lenz to her mother,

7  Linda Morgan.  I believe that there is good cause to seal this document because it reflects a

8  private communication between family members that does not pertain to this lawsuit and is of a

9  sort not normally made public.  Sealing this document is consistent with Rule 26(c)(1), which

10 expressly authorizes a court to enter a protective order "to protect a party or person

11 from…embarrassment."  Indeed, in *Nichols v. Phila. Tribune Co.*, 22 F.R.D. 89 (E.D. Pa. 1958),

12 for example, the court sealed interrogatory answers calling for "very personal" information about

13 the plaintiff.  *Id.* at 92.

14       8.      Exhibit K to the Damages Declaration is a copy of Plaintiff's Supplemental

15 Responses to Interrogatories.  Ms. Lenz's supplemental answer to Interrogatory No. 3

16 (incorporated into her supplemental answers to Interrogatories Nos. 5 and 6) lists the names,

17 email addresses, and (where known) city and state of residence of individual friends or

18 acquaintances of Ms. Lenz who she believes to be regular readers of her "So Anyway. . ." blog.

19 I believe that there is good cause to seal this document because the names and private contact

20 information of Ms. Lenz's acquaintances is private information that, if made public, could

21 among other things be used in 'phishing,' social engineering, and/or other security attacks that

22 could potentially compromise those persons' financial safety.  This personally identifying

23 information is not relevant to the merits of this non-dispositive discovery motion and not

24 generally publicly known.

25       9.      Exhibits L, M, N, O, P, and Q to the Communications Declaration are each

26 transcripts of "chat" conversations between Ms. Lenz and Theryn Fleming.  I believe that there is

27 good cause to seal these documents because the unredacted portions reflect private conversations

28 between friends that are not relevant to the merits of this non-dispositive discovery motion and

1  are of a sort not normally made public.

2      10.    The redacted portions of the Damages Motion and the Communications Motion
3  reflect the contents of these documents and, for the reasons given with respect to each document,
4  should be sealed and not made part of the public record.

5      I declare under penalty of perjury under the laws of the State of California that the
6  foregoing is true and correct, and that this declaration was executed on July 7, 2009, in San
7  Francisco, California.

                ___/s/ Melissa J. Miksch____
                MELISSA J. MIKSCH