1  ELECTRONIC FRONTIER FOUNDATION
   FRED VON LOHMANN #192657
2  KURT OPSAHL #191303
   CORYNNE MCSHERRY #221504
3  454 Shotwell Street
   San Francisco, CA  94110
4  Telephone:    (415) 436-9333
   Facsimile:    (415) 436-9993
5  Email: fred@eff.org; kurt@eff.org
          corynne@eff.org
6
7  FOLGER LEVIN & KAHN LLP
   MICHAEL F. KELLEHER
   SUZANNE ELIZABETH RODE
8  275 Battery Street, Suite 2300
   San Francisco, CA  94111
9  Telephone:    (415) 986-2800
   Facsimile:    (415) 986-2827
10 Email: mkelleher@flk.com; srode@flk.com

11 KEKER & VAN NEST, LLP
   ASHOK RAMANI - #200020
12 MICHAEL KWUN -#198945
   MELISSA J. MIKSCH - #249805
13 710 Sansome Street
   San Francisco, CA  94111-1704
14 Telephone:    (415) 391-5400
   Facsimile:    (415) 397-7188
15 Email: aramani@kvn.com; mkwun@kvn.com
   Email: mmiksch@kvn.com
16
   Attorneys for Plaintiff
17 STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                    Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                    Defendants. | Case No. C 07-03783-JF<br><br>**DECLARATION OF STEPHANIE LENZ IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL COMMUNICATIONS WITH NON-LAWYER THERYN FLEMING**<br><br>Date:    August 5, 2009<br>Time:    9:30 a.m.<br>Dept:    4<br>Judge:   The Hon. Richard Seeborg<br>Date Comp. Filed:    July 24, 2007 |

1
DECLARATION OF STEPHANIE LENZ IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL
COMMUNICATIONS WITH NON-LAWYER THERYN FLEMING
CASE NO. C 07-03783-JF

445211.02

I, Stephanie Lenz, declare as follows:

1. I am the plaintiff in the above-captioned matter. I submit this declaration in support of the attached Opposition to Motion to Compel Privileged Communications. The facts stated here are known to me of my own personal knowledge, except where otherwise stated. If called upon to testify thereto I could and would competently do so.

2. I am a mother, wife, writer and editor.

3. I have known Theryn Fleming for several years, as a friend and colleague.

4. As a result of our acquaintance, I was aware the Ms. Fleming held a law degree from the University of British Columbia. Ms. Fleming resides in Vancouver, British Columbia, Canada.

5. Ms. Fleming never represented to me that she had a license.

6. On or about February 7, 2007, my children were playing in the kitchen when Holden, who was still learning to walk at the time, began dancing to a song by Prince, "Let's Go Crazy." Using my digital camera, I created a 29-second video recording of the children's activities, which consisted primarily of my youngest son dancing.

7. On or about February 8, 2007, I uploaded the video from my computer to the YouTube website for my family and friends to enjoy, particularly my mother in California.

8. The video was publicly available at the Internet address <http://www.youtube.com/watch?v=N1KfJHFWlhQ>.

9. On June 5, 2007, I received an email from YouTube notifying me that my video had been removed from YouTube's site as a result of a notification by Universal Music Publishing Group that the video was infringing. The notice warned me that repeated incidents of copyright infringement could lead to the deletion of my account and all my videos. Based on this notice, I thought that I might be sued for copyright infringement for posting the video of my son.

10. Shocked at being accused of breaking the law, and confused about when and how I might defend myself, I turned to Ms. Fleming, to help me understand the accusation and the counter-notice process.

11. I did not know that Ms. Fleming was not licensed. I did not know lawyers are

2
DECLARATION OF STEPHANIE LENZ IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL COMMUNICATIONS WITH NON-LAWYER THERYN FLEMING
CASE NO. C 07-03783-JF

445211.02

subject to licensing requirements as well as educational requirements.

12. I knew Ms. Fleming had a law degree, and as far as I understood that meant she was a lawyer, even if she did not choose to practice law professionally.

13. I believed that Ms. Fleming would be able to help me understand my options and the nature of the claims against me, and advise me on how I might proceed.

14. I expected that my request for legal advice would remain confidential.

15. Ms. Fleming answered my questions and steered me toward more qualified counsel.

16. Once represented by other counsel, I primarily discussed other matters with Ms. Fleming.

17. However, I very occasionally consulted with Ms. Fleming regarding my lawsuit, and believed those communications were privileged and confidential.

18. In 2008, Ms. Fleming told me that that she was not a lawyer because although she had a law degree, she had never taken the bar and was not admitted to practice. To the best of my recollection, this was in the Summer or Fall of 2008.

I declare under penalty of perjury that the foregoing is true and correct and that this document was executed on July 15, 2009 in Gallitzin, Pennsylvania.

By _____
STEPHANIE LENZ

---

3

DECLARATION OF STEPHANIE LENZ IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL COMMUNICATIONS WITH NON-LAWYER THERYN FLEMING