ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:      (415) 436-9993
Email: fred@eff.org; kurt@eff.org, corynne@eff.org

FOLGER LEVIN & KAHN LLP
MICHAEL F. KELLEHER
SUZANNE ELIZABETH RODE
275 Battery Street, Suite 2300
San Francisco, CA  94111
Telephone:     (415) 986-2800
Facsimile:      (415) 986-2827
Email: mkelleher@flk.com; srode@flk.com

KEKER & VAN NEST, LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
Email: mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                            Plaintiff,<br><br>      v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                            Defendants. | Case No. C 07-03783-JF<br><br>**DECLARATION OF MICHAEL S. KWUN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO UNIVERSAL'S MOTION TO COMPEL EVIDENCE OF DAMAGES**<br><br>Date:       August 5, 2009<br>Time:      9:30 a.m.<br>Dept:      Courtroom 4<br>Judge:    Hon. Richard Seeborg |

I, MICHAEL S. KWUN, declare and state:

1. I am an attorney licensed to practice law in the State of California and am of counsel with Keker & Van Nest LLP, attorneys for plaintiff Stephanie Lenz ("Lenz") in the above-captioned action.

2. I have knowledge of the facts set forth herein, and if called upon as a witness thereto, I could do so competently under oath.

3. I make this Declaration in Support of Plaintiff's Opposition to Universal's Motion to Compel Evidence of Damages.

4. At the Case Management Conference before Judge Fogel on Friday, July 10, 2009, I explained to the Court that the parties' disagreement that is at the heart of Universal's motion to compel evidence of damages revolves around three as-yet unresolved questions of law regarding what types of harm are compensable under 17 U.S.C. § 512(f), by which I was referring to the following three questions:  (1) Whether "any damages, including costs and attorneys' fees, incurred by the alleged infringer . . . who is injured by such misrepresentation, as the result of" reliance on a false take down notice (17 U.S.C. § 512(f)) includes fees and costs incurred during the litigation of the section 512(f) claim itself; (2) whether the "costs and attorneys' fees" in section 512(f) include pro bono fees and costs; and (3) whether the statutory remedy of "any" damages includes non-pecuniary losses, such as compensation for time spent responding to a false takedown notice

5. Judge Fogel indicated that he understood the importance of these three open issues, and without endorsing any particular position, suggested a number of possible approaches for resolving them.  On of the possibilities he mentioned (again, without endorsing it) was that Judge Seeborg might conclude that it would make sense to hold Universal's motion to compel evidence of damages in abeyance while the parties briefed the open legal issues to Judge Fogel.

6. At the case management conference, Kelly Klaus, counsel for Universal, stated that the motion to compel evidence of damages does not seek any information about litigation fees and costs. Because the motion purports to seek "all non-privileged documents" that relate to "Plaintiff's contention" that she has been injured, and because Ms. Lenz contends that those damages include litigation fees and costs, I raised the issue with Mr. Klaus after the case

1 management conference.

2     7.    Shortly before noon on the following Monday (July 13, 2009), I sent a letter to
3 Mr. Klaus summarizing his remarks at the case management conference, and making a proposal
4 that I believed would resolve the issues raised by the motion to compel. A true and correct copy
5 of my letter to Mr. Klaus is attached hereto as Exhibit A.

6     8.    On Tuesday afternoon (July 14, 2009), Mr. Klaus emailed a letter in response to
7 my Monday letter. A true and correct copy of Mr. Klaus's letter is attached hereto as Exhibit B.

8     9.    Earlier today, Ms. Lenz served Universal with supplemental disclosures pursuant
9 to Rule 26(a)(1)(A)(iii). A true and correct copy of those supplemental disclosures is attached
10 hereto as Exhibit C.

11 I declare under penalty of perjury under the laws of the State of California that the
12 foregoing is true and correct, and that this declaration was executed on the 15th of July 2009, in
13 San Francisco, California.

                                                      /s/ Michael S. Kwun[1]
                                                      MICHAEL S. KWUN

---

[1] Electronically signed by Melissa J. Miksch, counsel for Plaintiff, with the concurrence of Michael S. Kwun. N.D. Cal. G.O. 45 ¶ X.B.