1            IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

   LENZ,                          )   CV-07-3783-JF
5                                  )
                     PLAINTIFF,    )   SAN JOSE, CALIFORNIA
6                                  )
          VS.                      )
7                                  )   JULY 10, 2009
   UNIVERSAL MUSIC GROUP,          )
8  INC., ET AL,                    )
                                   )   PAGES 1-17
9                  DEFENDANT.      )
   ─────────────────────────────────

10

11              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JEREMY FOGEL
12            UNITED STATES DISTRICT JUDGE

13

14   A P P E A R A N C E S:

15

16   FOR THE PLAINTIFF:  ELECTRONIC FRONTIER FOUNDATION
                         BY:  CORYNNE MCSHERRY
17                       454 SHOTWELL STREET
                         SAN FRANCISCO, CA  94110
18

19

20   FOR THE DEFENDANT:  MUNGER TOLLES & OLSON
                         BY:  KELLY KLAUS
21                       355 SOUTH GRAND AVE, 35TH FL
                         LOS ANGELES, CA  90071
22

23        (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25   OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR, RPR
                         CERTIFICATE NUMBER 13185

                                                        1

1    FOR THE PLAINTIFF:   KEKER & VAN NEST, LLP
                          BY:  MELISSA MIKSCH
2                              MICHAEL KWUN
                          710 SANSOME STREET
3                         SAN FRANCISCO, CA 94111

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA            JULY 10, 2009 |
| 2 | P R O C E E D I N G S |
| 3 | (WHEREUPON, COURT CONVENED AND THE |
| 4 | FOLLOWING PROCEEDINGS WERE HELD:) |
| 5 | THE COURT:  LENS VERSUS UNIVERSAL MUSIC. |
| 6 | MS. MCSHERRY:  GOOD MORNING, YOUR HONOR. |
| 7 | CORYNNE MCSHERRY FROM ELECTRONIC FRONTIER |
| 8 | FOUNDATION FOR PLAINTIFF STEPHANIE LENS. |
| 9 | THE COURT:  GOOD MORNING. |
| 10 | MS. MIKSCH:  GOOD MORNING, YOUR HONOR. |
| 11 | MELISSA MIKSCH FROM KEKER & VAN NEST FOR PLAINTIFF |
| 12 | STEPHANIE LENZ. |
| 13 | MR. KWUN:  GOOD MORNING, YOUR HONOR. |
| 14 | MICHAEL KWUN FROM KEKER & VAN NEST FOR THE |
| 15 | PLAINTIFF. |
| 16 | MR. KLAUS:  KELLY KLAUS, MUNGER TOLLES & |
| 17 | OLSON, FOR UNIVERSAL. |
| 18 | THE COURT:  GOOD MORNING. |
| 19 | YOU HAVE SOME PENDING DISCOVERY MOTIONS |
| 20 | WHICH JUDGE SEEBORG WAS GOING TO HEAR IN AUGUST. |
| 21 | AND YOU HAVE A SCHEDULE WHICH YOU'VE AGREED ON AND |
| 22 | I AM HAPPY TO ADOPT. |
| 23 | I GUESS I HAD A QUESTION, AND MAYBE I'M |
| 24 | JUST NOT THINKING CLEARLY ABOUT THIS, WHAT ISSUES |
| 25 | WOULD HAVE TO BE PRESENTED TO A JURY?  THERE ARE |

1   OBVIOUSLY SOME ISSUES OF LAW IN TERMS OF THE PROPER

2   INTERPRETATION OF THE DMCA, BUT WHAT ISSUE WOULD GO

3   TO A JURY?

4          MS. MCSHERRY:  WELL, YOUR HONOR, SEVERAL

5   OF THE ISSUES IN THIS CASE REALLY, THE MAIN CLAIM

6   OF THE CASE COULD EASILY GO TO A JURY.

7          I THINK EVERYONE HERE UNDERSTANDS IT IS

8   POSSIBLE THIS WILL GET RESOLVED ON A MOTION FOR

9   SUMMARY JUDGEMENT, BUT I THINK THE ISSUE AS TO

10  UNIVERSAL'S KNOWLEDGE WHEN IT SENDS A TAKEDOWN

11  NOTICE COULD EASILY GO TO A JURY.

12         BUT I THINK THE MAJORITY OF THE

13  OUTSTANDING DISPUTES BETWEEN THE PARTIES CAN EASILY

14  BE RESOLVED AS A MATTER OF LAW.

15         THE COURT:  SO IF WE GET PAST SUMMARY

16  JUDGEMENT, AND IF THERE IS AN ISSUE OF FACT AS TO

17  WHAT UNIVERSAL KNEW AND WHEN IT KNEW IT IN ORDER TO

18  GET TO THE SUBJECT THE BAD FAITH ELEMENT, THAT

19  WOULD BE A JURY ISSUE?

20         MS. MCSHERRY:  YES.

21         THE COURT:  BUT IT SEEMS TO ME THE OTHER

22  ISSUES ARE THE DAMAGES ARE STATUTORY.  I SUPPOSE

23  THERE MIGHT BE SOME FACTUAL ISSUES ABOUT DAMAGES

24  ALSO, OR NOT?

25         MS. MCSHERRY:  WELL, I THINK THERE COULD

4

1    BE SOME ISSUES AS TO -- WE HAVE A DISPUTE AS TO

2    WHAT COUNTS AS DAMAGES, AND THAT IS A PURELY LEGAL

3    QUESTION.

4              THE COURT:  RIGHT.  AND I'M ONLY ASKING

5    THIS NOT TO ENGAGE IN ANY SERIOUS LEGAL ANALYSIS

6    RIGHT NOW, BUT I'M TRYING TO FIGURE OUT HOW MUCH

7    TIME WE WOULD NEED FOR A TRIAL.

8              MR. KLAUS:  I THINK WE BOTH AGREE,

9    YOUR HONOR, THAT THE TRIAL, WHATEVER FORM IT TAKES

10   IF IT HAPPENS, I THINK WE SAID CONSERVATIVELY ONE

11   TO FOUR DAYS.  I THINK THAT IT'S PROBABLY A ONE,

12   MAYBE TWO-DAY TRIAL.

13             THE COURT:  ONE DAY OF EVIDENCE AND

14   HOWEVER LONG IT TAKES TO PICK THE JURY IS WHAT IT

15   FEELS LIKE TO ME.

16             MC. MCSHERRY:  IF I MAY, YOUR HONOR, WE

17   DO HAVE A REQUEST FOR BIFURCATION.  IT MAY BE

18   DEPENDING ON HOW WE HANDLE THAT, WE MIGHT NEED AN

19   ADDITIONAL DAY ON THE AMOUNT OF DAMAGES.  THERE ARE

20   MANY WAYS WE COULD HANDLE THAT WHICH WOULDN'T

21   NECESSARILY REQUIRE A JURY.

22             THE COURT:  I THINK WHAT WE ARE FOCUSSING

23   NOW AND I THINK YOU ARE FOCUSED ON IT IS THE

24   DISPOSITIVE MOTION PHASE, AND YOU NEED TO DO

25   DISCOVERY BEFORE YOU DO THAT.

1          SO I WILL ADOPT YOUR SCHEDULE AND I WILL

2     EVEN ADOPT YOUR PRETRIAL AND TRIAL DATES.  I SHOULD

3     TELL YOU THAT IT IS ENTIRELY POSSIBLE I WILL BE IN

4     A VERY LONG CRIMINAL CASE ON THE TRIAL DATE THAT

5     YOU'VE SELECTED; HOWEVER, THAT CASE PROBABLY WILL

6     HAVE GAPS IN IT.

7          WE ARE LOOKING AT A PRETTY SHORT TRIAL,

8     SO WE CAN PROBABLY ACCOMMODATE.  WE CAN TALK ABOUT

9     THAT WHEN YOU COME IN FOR DISPOSITIVE MOTIONS.

10          MR. KLAUS:  YOUR HONOR, ONE CHANGE I

11     DISCUSSED WITH PLAINTIFF'S COUNSEL WAS ON THE DATE

12     FOR DESIGNATING REBUTTAL EXPERTS, IT IS NOT QUITE

13     30 DAYS AFTER THE OPENING EXPERTS, SO WE HAD

14     DISCUSSED I THINK WE ARE IN AGREEMENT THAT THAT

15     DATE CAN MOVE FROM NOVEMBER 12TH TO NOVEMBER 16TH.

16          THE COURT:  THAT'S ENTIRELY UP TO YOU

17     BECAUSE THAT REALLY AFFECTS PARTIES MORE THAN IT

18     AFFECTS THE COURT.

19          SO I WILL GIVE YOU THIS MARCH 19TH TRIAL

20     DATE WITH THE UNDERSTANDING THAT I MAY NEED TO MOVE

21     IT.  BUT I WILL KNOW BY THE BEGINNING OF THE YEAR.

22     YOU WILL HAVE PLENTY OF NOTICE.

23          MS. MCSHERRY:  AND YOUR HONOR, AS TO OUR

24     REQUEST FOR BIFURCATION.

25          THE COURT:  BIFURCATING?

6

1          MS. MCSHERRY:  WE WOULD LIKE TO BIFURCATE

2     LIABILITY AND DAMAGES.

3          THE COURT:  I THINK I'D LIKE TO WAIT.

4          I DIDN'T MEAN TO IGNORE THAT, I'D LIKE TO

5     WAIT AND SEE WHAT WE ARE LEFT WITH AFTER

6     DISPOSITIVE MOTIONS ARE HEARD.

7          MS. MCSHERRY:  WELL, THE DIFFICULTY

8     YOUR HONOR -- BELIEVE ME I WOULD LIKE TO DO THAT AS

9     WELL -- THE DIFFICULTY WE HAVE IS THAT WE HAVE AN

10    OUTSTANDING DISCOVERY DISPUTE WITH RESPECT TO

11    DAMAGES, AND WE BELIEVE THE DAMAGES INCLUDE

12    ATTORNEYS FEES AND COSTS PRE-LAWSUIT, BEFORE THE

13    FILING OF THE LAWSUIT AND AFTER THE FILING OF THE

14    LAWSUIT.

15          THERE'S CURRENTLY A MOTION TO COMPEL WITH

16    RESPECT TO DAMAGES TO WHICH THIS IS DIRECTLY

17    GERMANE.  OUR CONCERN IS THAT OUR POSITION, AND WE

18    THINK IT'S BORNE OUT BY THE STATUTE, IS THAT

19    ATTORNEYS FEES AND COSTS THROUGHOUT THIS LITIGATION

20    ARE PART OF --

21          THE COURT:  YOU WANT TO KNOW AHEAD OF

22    TIME?

23          MS. MCSHERRY:  WELL, THE DIFFICULTY IS OF

24    COURSE THAT MEANS THAT DAMAGES INCLUDE, AND SOME OF

25    THE RECORDS RELEVANT TO DAMAGES INCLUDES ALL THE

1    ATTORNEY BILLS, AND REDACTING THOSE AND PRODUCING

2    THOSE IS A HUGE BURDEN AND INTENSELY INTERFERES

3    WITH THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT

4    PRIVILEGE.

5           WE WOULD LIKE TO COME UP WITH A WAY, WE

6    THINK WE PROPOSED BIFURCATION AS AN APPROACH, TO

7    DEFER DISCOVERY WITH RESPECT TO THOSE DOCUMENTS

8    UNTIL THE PURELY LEGAL QUESTION AS TO WHAT COUNTS

9    AS DAMAGES IS RESOLVED.

10          THE COURT:  WELL, THAT'S NOT REALLY A

11   QUESTION OF BIFURCATION AS MUCH AS IT IS HOW YOU

12   STAGE DISCOVERY.

13          AND IT SEEMS TO ME ANOTHER WAY YOU COULD

14   DO IT IS YOU COULD -- THE COURT CAN'T GIVE YOU AN

15   ADVISORY OPINION, BUT IT SEEMS TO ME THERE IS

16   PROBABLY A WAY TO DO IT WITHIN THE SUMMARY

17   JUDGEMENT STATUTE.  YOU CAN ASK FOR PARTIAL SUMMARY

18   JUDGEMENT AS TO THAT ISSUE.

19          MR. KWUN:  YOUR HONOR, I THINK THAT'S

20   TRUE.  I THINK THAT THE TRICKY THING HERE IS THAT

21   THE MOTION TO COMPEL BY UNIVERSAL HAS ALREADY

22   FILED.

23          ONE OF THE KEY DISPUTES IN THERE IS THE

24   BURDEN OF COMPLYING WITH THE DISCOVERY REQUESTS.

25   AND UNIVERSAL'S VIEW OF THE BURDEN IS IT'S VERY LOW

1    BECAUSE ALMOST NOTHING IN THEIR MIND IS EVEN

2    THEORETICALLY COMPENSABLE AS DAMAGES.

3            OUR VIEW IS THAT THE AVAILABLE REMEDIES

4    UNDER 512 ARE VERY LARGE, AND JUDGE SEEBORG WHEN HE

5    ADDRESSES THIS MOTION I THINK THAT IT WOULD

6    PROBABLY BE VERY HELPFUL FOR HIM IF HE HAD SOME

7    SENSE OF WHAT THE COURT'S POSITION WAS GOING TO BE

8    ON THESE THINGS.

9            AND UNIVERSAL HAS ALSO SUGGESTED THAT

10   SOMEHOW WITHOUT THIS DISCOVERY, THEY ARE GOING TO

11   BE PREVENTED IF MAKING A MOTION THAT THEY

12   APPARENTLY WANT TO MAKE THAT THERE ARE NO DAMAGES

13   AND THEREFORE --

14           THE COURT:  I'M TRYING TO THINK THIS

15   THROUGH HOW TO SOLVE THE PROBLEM RATHER THAN

16   GETTING STUCK WITH THE LEGAL FORMALITIES.

17           MR. KLAUS:  CAN I MAKE A SUGGESTION?

18           THE COURT:  YES, SIR.  GO AHEAD.

19           MR. KLAUS:  THANK YOU VERY MUCH.

20           THE COURT:  IT MAY BE THE SUGGESTION I

21   WAS ABOUT TO MAKE, BUT I WOULD RATHER IT COME FROM

22   YOU.

23           GO AHEAD.

24           MR. KLAUS:  THANK YOU VERY MUCH.

25           THE MOTION BEFORE MAGISTRATE

9

1    JUDGE SEEBORG DOESN'T IMPOSE A BURDEN BECAUSE IT

2    DRAWS A CLEAN LINE.  THE REQUEST FOR AMOUNT OF

3    DOCUMENTS AT ISSUE SOLELY RELATE TO THE PRETRIAL

4    FILING.

5            AND IF YOUR HONOR REMEMBERS, THE MOTION

6    TO DISMISS STAGE, YOU ASKED COUNSEL FOR THE

7    PLAINTIFF WHETHER THERE WERE ANY ACTUAL DAMAGES

8    THAT WERE INCURRED NOT IN CONNECTION WITH THIS

9    LAWSUIT BUT IN CONNECTION WITH RESPONDING TO THE

10   NOTICE TO YOUTUBE.

11           AND THE REPRESENTATION OF COUNSEL WAS

12   YES, THERE WERE.  THAT WAS RELIED ON BY YOUR HONOR

13   IN THE MOTION TO DISMISS IN DENYING IT.

14           AND SO WE SAID WITH RESPECT TO RESPONDING

15   TO THE NOTICE, WE'D LIKE TO KNOW WHAT THE AMOUNT OF

16   DAMAGES ARE, THAT'S WHAT YOU ARE REQUIRED TO DO IN

17   INITIAL DISCOVERY RULES AND THE DOCUMENTS.  THAT'S

18   ALL THE MOTION SEEKS.

19           SO THE CLAIM ABOUT THE BURDEN OF GOING

20   THROUGH YEARS OF ATTORNEY BILLING STATEMENTS FOR

21   THIS PERIOD OF THE CASE, THAT'S NOT AN ISSUE IN THE

22   MOTION TO COMPEL.  AND IF WE REACH THE SUMMARY

23   JUDGEMENT STAGE WHERE THERE'S A QUESTION OF WHAT

24   DAMAGES ARE ALLOWABLE, THE ARGUMENTS THAT PLAINTIFF

25   WANTS TO MAKE ABOUT LITIGATION EXPENSES AND

1    PRO BONO EXPENSES OF DAMAGES ACTUALLY INCURRED

2    UNDER THE STATUTE CAN BE RAISED BY WAY OF THEIR

3    OPPOSITION TO A MOTION.

4             THE COURT:  WELL, EXCEPT THAT THEN THEY

5    HAVE TO PRODUCE ALL DOCUMENTS.

6             MR. KLAUS:  EXCEPT THE DOCUMENTS AT ISSUE

7    HERE ARE SOLELY THOSE RELATING TO THE TIME OF

8    THE --

9             THE COURT:  BEFORE THE FILING OF THE

10   LAWSUIT.

11            MR. KLAUS:  WE ARE TALKING ABOUT --

12   ACCORDING TO PLAINTIFF'S OWN DOCUMENTS THE EFF GOT

13   INVOLVED WITH PLAINTIFF ON APPROXIMATELY, I THINK

14   JUNE 13TH AND THE NOTICE WAS SENT -- WE ARE TALKING

15   ABOUT A PERIOD OF 13 DAYS.

16            THE COURT:  I'M THINKING AS WE ARE

17   TALKING, THERE'S A COUPLE WAYS TO WORK THIS OUT.

18            JUDGE SEEBORG CAN RULE ON THE MOTION TO

19   COMPEL, TAKE HIS BEST SHOT AT IT, AND IT'S NOT A

20   SECRET THAT HIM AND I TALK, WE ARE DOWN THE HALL

21   FROM EACH OTHER.  AND HE CAN MAKE A RULING.

22            IF SOMEBODY DOESN'T LIKE THAT THEY CAN

23   FILE AN OBJECTION.  I CAN MAKE A RULING ON THE

24   OBJECTION.  THAT'S LAW OF THE CASE.

25            IN OTHER WORDS, THE STANDARD ON DISCOVERY

11

1    IS, IS IT LIKELY TO LEAD TO -- REASONABLY LIKELY TO

2    LEAD TO RELEVANT EVIDENCE?  IF YOU CAN'T EVEN GET

3    INTO THOSE SUBJECTS THEN THE EVIDENCE OBVIOUSLY

4    ISN'T RELEVANT.

5            IF THERE'S GOING TO BE A CLAIM THAT

6    MS. LENZ'S DAMAGES INCLUDE ALL THE MONEY SHE SPENT

7    ON LAWYERS AND SO FORTH, THEN I THINK EVERYBODY

8    DESERVES TO KNOW THAT EARLY ON.

9            MAYBE THE WAY TO LET IT PERCOLATE UP IS

10   TO LET JUDGE SEEBORG MAKE HIS RULING.  I WILL TALK

11   TO HIM ABOUT THE SIGNIFICANCE OF THE RULING.  I'M

12   NOT GOING TO TELL HIM WHAT TO DO, BUT I WILL TELL

13   HIM THE SIGNIFICANCE OF THE RULING.

14           ORDINARILY IN A SITUATION LIKE THAT HE

15   COMES AND TALKS TO ME.  THEN WE CAN LET THAT

16   PROCESS TAKE ITS COURSE.  WE'LL HAVE A RULING ON

17   THAT.

18           IF SOMEONE STILL FEELS A NEED TO GET A

19   DISPOSITIVE MOTION FILED ABOUT IT I'M HAPPY TO

20   ENTERTAIN THAT OUT OF ORDER TO GET THAT DONE.  I

21   DON'T KNOW IF BIFURCATION IS THE WAY TO DO IT.  I

22   UNDERSTAND WHAT THE PRACTICAL PROBLEM IS --

23           MS. MCSHERRY:  IF I MAY, YOUR HONOR.

24           I WANT TO BE CLEAR THAT THERE'S AN

25   ADDITIONAL PURELY LEGAL ISSUE THAT'S IMPORTANT HERE

                                                      12

1     WHICH IS THE QUESTION OF WHETHER PRO BONO FEES

2     COUNT.

3               ONE OF THE THINGS WE'VE BEEN FIGHTING

4     ABOUT, AND THERE'S BEEN AN IMPLICATION I MADE A

5     MISREPRESENTATION TO THE COURT, IF YOU WILL FORGIVE

6     ME, BUT I REPRESENTED TO THE COURT THAT MS. LENZ

7     HAD INCURRED ACTUAL EXPENSES AND DAMAGES IN THE

8     FORM OF CONSULTING WITH ATTORNEYS.  THAT WAS, OF

9     COURSE, REFERRING TO CONSULTING WITH EFF WHICH IS,

10    OF COURSE, A PRO BONO ORGANIZATION.

11              IT'S MY UNDERSTANDING UNIVERSAL

12    REPRESENTS THAT PRECISELY ON THAT BASIS BECAUSE

13    IT'S PRO BONO.  THEY ARE DEFERRED LEGAL FEES,

14    THAT'S THE NATURE OF OUR AGREEMENT WITH OUR CLIENTS

15    THAT THEY DON'T COUNT -- THAT KIND OF DAMAGES

16    DOESN'T COUNT.

17              NOW THERE'S NUMEROUS EXTENSIVE CASE LAW

18    THAT SUGGESTS THAT, IN FACT, THAT DOES COUNT.

19    PRO BONO FEES ARE NOT EXCLUDED FROM DAMAGES IN THIS

20    KIND OF CONTEXT FROM COUNTING AS FEES THAT ARE

21    INCURRED.

22              BUT AGAIN, THAT'S A PURELY LEGAL ISSUE.

23    I'M SOMEWHAT CONCERNED THAT THIS IS GOING TO COME

24    UP IN THE CONTEXT OF A DISCOVERY DISPUTE BEFORE

25    JUDGE SEEBORG AS OPPOSED TO --

1          THE COURT:  IT WILL, BUT NOW THAT YOU'VE

2     FLAGGED IT, IT SEEMS TO ME THAT'S A WORKABLE

3     VEHICLE FOR RESOLVING THE PROBLEM.

4          IN OTHER WORDS, IF IT IS JUDGE SEEBORG'S

5     LEGAL CONCLUSION THAT YOU DON'T GET ANY OF THIS, HE

6     WILL SAY THAT.  IF HE SAYS IT IS IN PLAY, HE WILL

7     SAY THAT.

8          I ULTIMATELY HAVE AUTHORITY TO DETERMINE

9     WHETHER HIS CONCLUSIONS ARE, CONTRARY TO LAW, ARE

10    CLEARLY ERRONEOUS.  AND IF THAT DOESN'T COMPLETELY

11    ELIMINATE ANY AMBIGUITY, I WILL HAVE A MOTION ON

12    THAT POINT.  YOU CAN DO IT UNDER RULE 56, IT'S A

13    CLAIM.

14          MR. KWUN:  YOUR HONOR, I DON'T THINK THE

15    DISCOVERY MOTION SQUARELY PRESENTS THE ISSUE OF

16    WHETHER OR NOT THESE COSTS, THESE FEES ET CETERA

17    ARE COMPENSABLE THEORETICALLY UNDER 512(F) ASSUMING

18    LIABILITY IS ESTABLISHED.

19          THE COURT:  OKAY.

20          MR. KWUN:  SO, RATHER, UNIVERSAL HAS SAID

21    THAT THEY WANT CERTAIN DOCUMENTS BECAUSE WE THINK

22    THEY ARE COMPENSABLE.

23          SO I DON'T KNOW THAT JUDGE SEEBORG IS

24    GOING TO ACTUALLY HAVE AN OPPORTUNITY TO --

25          THE COURT:  WHY DON'T YOU -- WE WILL EVEN

                                                        14

1      MAKE A TRANSCRIPT IF YOU WANT TO ORDER ONE AND PAY

2      FOR IT.

3              YOU CAN GO BEFORE JUDGE SEEBORG AND SAY,

4      THIS IS A LEGAL QUESTION THAT THE DISTRICT COURT

5      NEEDS TO DECIDE BEFORE HE CAN PROPERLY DECIDE THE

6      DISCOVERY ISSUE.  I MEAN, THAT'S UP TO YOU.  THIS

7      IS HOW YOU WANT TO LITIGATE THE CASE.

8              YOU CAN TELL HIM THAT I'M HAPPY TO HEAR A

9      SINGLE BULLET FAST TRACKED RULE 56 MOTION ON THIS

10     QUESTION WHICH WILL MAYBE HELP HIM RESOLVE THE

11     DISCOVERY ISSUE.  I DON'T -- I LEAVE THAT TO HIM.

12     HE HAS EXCELLENT JUDGMENT.  HE CAN DECIDE HOW HE

13     WANTS TO DO THIS.

14             IF YOU KNOW THAT IT'S GOING TO SOLVE THE

15     PROBLEM BETTER TO HAVE A DECISION BY THIS COURT

16     THAT SAYS THE LAW OF THE CASE IS SUCH AND SUCH WITH

17     REGARD TO THE SCOPE OF DAMAGES, I'M HAPPY TO DO

18     THAT.

19             I THINK IT'S OBVIOUSLY AN ISSUE THAT

20     SHOULD BE RESOLVED.  THAT'S THE REASON I ASKED

21     ABOUT IT.  DAMAGES IS AN ELEMENT OF A CLAIM.  AND

22     SO OBVIOUSLY COUNSEL HAD TO REPRESENT THERE WERE

23     DAMAGES OR WE WOULDN'T BE HERE.

24             SO THE QUESTION IS:  WHAT ARE THEY?  AND

25     IF THE CLAIM IS THAT THE DAMAGES CLAIM IS ACTUALLY

15

1   VERY BROAD, THEN THE DISCOVERY IS GOING TO BE

2   BROAD.  AND I UNDERSTAND WHY YOU WANT TO KNOW.

3            SO I GUESS MY SUGGESTION IS YOU GET THIS

4   ISSUE IN FRONT OF ME IN A WAY THAT I CAN MAKE A

5   VALID COMMENT ABOUT IT.  AND YOU CAN CERTAINLY TELL

6   JUDGE SEEBORG AND I WILL TELL HIM INFORMALLY THAT

7   THIS LEGAL ISSUE IS KIND OF LURKING BEHIND THE

8   DISCOVERY.  HE MAY CHOOSE AT THAT POINT TO DEFER

9   RULING ON THAT MOTION TO COMPEL, WE WILL JUST SEE.

10            ANYTHING ELSE TODAY?

11            GOOD.  THANK YOU.  I HAVE TO TELL YOU

12   THIS IS ONE OF MY FAVORITE CASES FOR A LOT OF

13   REASONS.

14            MS. MCSHERRY:  MINE TOO, YOUR HONOR.

15            THE COURT:  OKAY.

16            (WHEREUPON, THE PROCEEDINGS IN THIS

17   MATTER WERE CONCLUDED.)

18

19

20

21

22

23

24

25

16

1

2

3

4                        **CERTIFICATE OF REPORTER**

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13            THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22                   _____

                     SUMMER A. CLANTON, CSR, RPR
23                   CERTIFICATE NUMBER 13185

24

25

                                                          17