KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.
and UNIVERSAL MUSIC PUBLISHING
GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ, | CASE NO. CV-07-03783-JF (RS) |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF INITIAL DISCLOSURES AND DOCUMENTS RE: PLAINTIFF'S CLAIM OF DAMAGES** |
| vs. | |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP, | Date: August 19, 2009<br>Time: 9:30 a.m.<br>Judge: Hon. Richard G. Seeborg<br>Courtroom: 4 |
| Defendants. | [Supplemental Declaration of Kelly M. Klaus filed concurrently.] |

## I. INTRODUCTION

Plaintiff concedes that damages are an essential element of her claim under 17 U.S.C. § 512(f). *Whatever* damages Plaintiff intends to claim are fair game for discovery before the discovery cut-off of September 24, 2009, a date that Plaintiff herself suggested. Plaintiff's Opposition and her Supplemental Initial Disclosures (both served on July 15) make it clear that Plaintiff is going to claim as damages not only the costs purportedly incurred by other people helping her prepare a "counter-notice," but also all of the litigation fees and expenses being incurred by her pro bono counsel in this case. While Universal believes that Plaintiff's damages theories are without merit, Universal has a right to, and must be able to, obtain all required disclosures and discovery relating to these claimed damages before the discovery cut-off.

Compliance with Plaintiff's discovery obligations may require Plaintiff's lawyers to do some actual work reviewing and redacting documents, but the burden is no different than that faced by any litigant who has to produce discovery relating to an element of her claim. As Judge Fogel said at the July 10 Case Management Conference, if the "damages claim is actually very broad, then the discovery is going to be broad." Supplemental Declaration of Kelly M. Klaus ("Klaus Supp. Decl."), Exh. S at 15:25-16:2 (Tr. of July 10, 2009 Case Mgmt. Conf.). Judge Fogel has not bifurcated damages discovery from other fact discovery. Universal therefore needs to obtain complete fact discovery of anything that may be claimed as damages prior to the fast-approaching discovery cut-off.

## II. PLAINTIFF FAILS TO JUSTIFY HER REFUSAL TO PROVIDE DISCLOSURES AND DISCOVERY FOR DAMAGES THAT DO NOT RELATE TO THE COSTS OF LITIGATING THIS CASE

Plaintiff's Opposition makes it clear that Plaintiff intends to claim damages relating to *both* (1) matters that do not involve the litigation of this case and (2) the costs of litigating this case. We discuss the first category here and the second category in the next section of this brief. As to this first category, Plaintiff says that she intends to claim three types of damages. Plaintiff provides no valid reason for continuing to resist Universal's legitimate discovery into each of these three topics:

1     ***Plaintiff's Hypothetical "Lost Wages"***: Plaintiff continues to claim that she has damages
2 under 17 U.S.C. § 512(f) for the time that she says she spent responding to Universal's notice —
3 namely, sending two emails styled as "counter-notices" to YouTube. The problem for Plaintiff
4 on summary judgment and/or at trial will be that her time writing those emails does not count as
5 damages because Plaintiff did not lose any wages: she did not "incur" any damages because of
6 the time she spent, because that time cost her nothing. Plaintiff now says in her "supplemental"
7 initial disclosures that she can claim damages based on an imputed hourly wage under the
8 prevailing minimum wage in Pennsylvania. *See* Kwun Decl., Exh. C at 1:6-11. As a matter of
9 substantive law, this argument is doomed to failure because the statute says expressly that,
10 whatever the damages are that the Plaintiff claims, those damages must be "*incurred*." 17 U.S.C.
11 § 512(f). Obviously, Plaintiff did not "incur" any lost wages given that she is not a wage earner.
12 But that is a matter of substantive law, and Universal can and will point out Plaintiff's failure of
13 proof at the appropriate time.

14     For purposes of this *discovery* motion, the important point is that even Plaintiff's
15 "supplemental" initial disclosures fail completely to provide a *computation* of the hypothetical
16 "lost wages." Given the incredibly short amount of time that Plaintiff spent between receiving
17 the notice from YouTube and her final "counter-notice" (from June 4 through June 27, 2007), this
18 cannot be a difficult computation. Plaintiff, who has the obligation to support her burden
19 objection, says nothing about why complying with her discovery obligations as to this claim
20 would be burdensome. Plaintiff should be ordered to make such a calculation, and to provide any
21 documents that relate to this claim (or to provide certification that she has no documents or has
22 produced all of them).

23     ***Plaintiff's Hypothetical Loss Of YouTube's Services***: Plaintiff next claims that she has
24 compensable damages based on an alleged "loss of access" to YouTube's hosting services. *See*
25 Kwun Decl., Exh. C at 1:20-23. Again, Universal can and will demonstrate that this claim fails
26 for lack of proof, since Plaintiff pays nothing for posting her videos on YouTube, and in any
27 event her access to YouTube was never taken away. And, once again, for purposes of this
28 *discovery* motion, the point remains that Plaintiff has not provided whatever computation of value

she is going to try to put on this claim of damages, and she has not provided any documents that relate to such a damages claim. Nor has Plaintiff explained why there is any burden of complying with these obligations. Plaintiff should be ordered to comply with her discovery obligations as to this category.

***Pro Bono Time for Advising Plaintiff on the Counter-Notice***: The third and final category of non-litigation damages that Plaintiff claims is the time that Plaintiff says her pro bono counsel spent advising her on how to revise her second "counter-notice" to YouTube in June 2007. Plaintiff makes it clear that she is going to try to claim that this counts as "damages," even though she did not "incur" any actual charges or loss paying for these services. *See* 17 U.S.C. § 512(f). However, Plaintiff *still* will not provide a computation of what the exact amount is that she is claiming, nor will she produce documents that relate to this claim. All of Plaintiff's objections to providing the required disclosures and discovery relating to this category of claimed damages are unsupported:

*First*, Plaintiff has not shown that there is any burden to providing disclosures and discovery, much less shown that any such burden outweighs Universal's legitimate need to have this discovery now. It bears repeating that the time-frame is incredibly narrow: Plaintiff received the notice on June 4, and she sent her second and final "counter-notice" on June 27, 2007. If Plaintiff's pro bono counsel kept track of the time they claim to have spent advising her on the counter-notice, then surely Plaintiff can compute the claimed damages in this category with minimal effort. And, given the short time-frame, gathering and producing documents (including redacting and logging any material claimed to be privileged) also can be done with minimal effort. Plaintiff does not provide any evidence to support a burden claim.

*Second*, Plaintiff does not (because she cannot) deny that there is no invasion of privilege in providing an *amount* of damages, or in providing the portions of any documents relating to those claimed damages that are not subject to a claim of privilege.

*Third*, and finally, Judge Fogel at the case management conference did not grant Plaintiff's request to bifurcate discovery into damages. Although Judge Fogel said that Plaintiff could file an appropriate motion if Plaintiff wanted to obtain resolution of the legal questions that

1 she says are relevant to the damages issues, Plaintiff has done *nothing* since the case management
2 conference to follow through with such a motion. Klaus Supp. Decl., Exh. S at 15:8-18, 16:3-5.

3 For all these reasons, the Court should order Plaintiff immediately to provide complete
4 disclosures and documents relating to all of the foregoing categories of damages.

### III. PLAINTIFF ALSO SHOULD BE ORDERED TO PRODUCE DISCLOSURES AND DOCUMENTS RELATING TO DAMAGES CLAIMED TO ARISE FROM THE COSTS OF LITIGATING THIS CASE

In its opening brief (filed July 1), Universal stated that its motion was directed to the damages Plaintiff claimed to have incurred "as the result of" YouTube's alleged reliance upon Universal's notice[.]" Mot. at 8:8-10. Universal believed then ― as it believes now ― that such damages cannot include the costs of litigating a case under § 512(f). Were it otherwise, a plaintiff could manufacture an essential element of her claim (damages) simply by filing a lawsuit. Plaintiff's Initial Disclosures (served last September) appeared to recognize that Plaintiff's damages would have to be limited to damages involved in the response to Universal's notice to YouTube, and that damages would not include the costs of litigating this lawsuit. The only categories of damages that Plaintiff listed in her original disclosures were "loss of access to YouTube's hosting services for the [Let's Go Crazy] Video, *time and resources expended in responding to Universal's takedown notice, and attorneys' fees and costs related thereto*." Klaus Decl., Exh. F at 3-4 (emphasis added).

Plaintiff, however, now states in her Opposition that she "vehemently disagrees" with Universal that she cannot claim her lawyers' pro bono fees and costs as damages. Opp. at 1:14. She served Supplemental Initial Disclosures on the same date as her Opposition (July 15), making it clear that she now intends to seek litigation fees and costs as damages. *See* Kwun Decl., Exh. C at 1 ¶ 3 ("Ms. Lenz retained attorneys, acting *pro bono*, to advise her in connection with ensuring access to her video was restored, and pursuing the present lawsuit. Ms. Lenz contends that these pro bono fees and costs are recoverable under 17 U.S.C. § 512(f).").

In light of Plaintiff's recently served amended disclosures, as well as the District Court's setting of a September 24, 2009 cut-off date for fact discovery (a date Plaintiff herself suggested), Universal must ask the Court to order Plaintiff to produce her damages computation and all non-

privileged documents relating to any claimed damages. Plaintiff's Opposition fully addresses this issue. *See* Opp. at 3:11-12 ("Ms. Lenz files this opposition based on the understanding that the motion to compel does seek production of documents relating to litigation fees and costs."). Hence, the issue is fully briefed and ripe for this Court to decide now. In particular, Plaintiff makes three arguments for denying Universal discovery of these claimed damages prior to the fact discovery cut-off. None of her arguments has merit.

*First*, Plaintiff claims it would be burdensome for her to have to go through counsel's records, redact out information claimed to be privileged, and produce the documents that substantiate her damages claim. That burden, however, is one that Plaintiff has assumed by trying to put these amounts in issue. And it is the same burden that *every* litigant faces in having to provide discovery relating to an essential element of their claim. As Judge Fogel stated at the Case Management Conference, if the "damages claim is actually very broad, then the discovery is going to be broad." Klaus Supp. Decl., Exh. S at 15:25-16:2.

*Second*, Plaintiff says that the task of reviewing and producing documents should be deferred pending the resolution of three legal issues she says she wants the District Court to decide. Judge Fogel, however, did not grant Plaintiff's request for bifurcation. While Judge Fogel did suggest that Plaintiff could try to seek resolution of the issues by way of an appropriate motion, Plaintiff has done *nothing* in the month (and counting) since the case management conference to follow through with a motion. Klaus Supp Decl., Exh. S at 15:8-18, 16:3-5. Meanwhile, the cut-off for fact discovery — September 24, 2009 — is rapidly approaching. Obviously, Plaintiff is trying to run down the clock on fact discovery in the hopes that she will not have to put any of her legal issues before the District Court prior to the fact discovery cut-off. Such tactical gamesmanship should not be rewarded with further delay.

*Third*, Plaintiff argues that Universal faces no prejudice from delay, because Universal can still file a summary judgment motion based on legal arguments, without knowing the amount of claimed damages or having relevant documents. Opp. at 8-9. But Universal is entitled to this discovery for more than just summary judgment. The discovery at issue relates to a factual element of Plaintiff's claim. Universal is entitled to depose Plaintiff about her claimed damages,

including questioning her on the nature and amount of pro bono fees she is claiming. If Plaintiff can defer producing this discovery until some unknown time, Universal will have to depose her twice, once before September 24 and again at some unspecified future time. The burdens and costs associated with having to do two depositions, rather than one, are even greater here than they would be in the ordinary case. This is because Plaintiff, while having sued in this District, refuses to appear here for her deposition. She instead is insisting that Universal send its counsel to Pennsylvania to depose her. Klaus Supp. Decl. ¶ 2. Universal also needs full discovery of damages issue for its expert reports (which are due October 15, with rebuttal reports due November 16, *id*. Exh. S at 6).

The bottom line is that Plaintiff cannot eat her cake and have it, too. If Plaintiff wants to claim pro bono fees as "damages" under the statute, she has to live with the consequences: an obligation to provide the required disclosures and discovery relating to that claim.

## IV. CONCLUSION

For these reasons, and those set forth in Universal's moving papers, Universal respectfully requests that the Court grant its motion and order Plaintiff to produce immediately complete initial disclosures regarding all categories of claimed damages, as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii); and to produce all non-privileged documents that relate to Plaintiff's claimed damages.

Dated: August 5, 2009                                MUNGER, TOLLES & OLSON LLP


By: _____*/s/ Kelly M. Klaus*_____
           KELLY M. KLAUS

Attorneys for Defendants