KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (SBN 235670)
Melinda.LeMoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.
and UNIVERSAL MUSIC PUBLISHING
GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING, INC. and<br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>          Defendants. | CASE NO.  CV-07-03783-JF (RS)<br><br>**DECLARATION OF CLIFTON LANCASTER IN SUPPORT OF UNIVERSAL'S [1] MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION REGARDING PORTION OF AUGUST 25, 2009 ORDER REQUIRING UNIVERSAL TO ADD FORMER ATTORNEY RAUL GONZALEZ AS A DOCUMENT CUSTODIAN AND [2] MOTION FOR RECONSIDERATION**<br><br>Date:   N/A<br>Time:   N/A<br>Judge: Hon. Richard G. Seeborg<br><br>[Motion for Leave, [Proposed] Motion, [Proposed] Orders and Declaration of Kelly M. Klaus filed concurrently] |

8657919.1

1  I, Clifton Lancaster, declare:

2  1. I am currently employed by the Universal Music Group in the Global Information Security Office. I am responsible for litigation support, including the collection of electronic materials for litigation involving Universal Music Group and its music publishing affiliates. I have held that position or a similar position at all times relevant to this declaration. I have personal knowledge of the facts set forth therein and could and would testify competently thereto if called as a witness.

2. I understand this declaration is to be submitted to the Court in connection with a Motion for Reconsideration on behalf of Defendants Universal Music Corp., Universal Music Publishing, and Universal Music Publishing Group ("Defendants" or "Universal"). Specifically, I understand that the Motion for Reconsideration concerns the Court's Order that Universal add to its list of custodians for this matter Raul Gonzalez, who no longer works for Universal.

3. To retrieve all of the electronic files of Mr. Gonzalez would impose significant burden and expense on Universal. As a general matter, the files of individuals who no longer work for Universal are not readily available. Because these individuals are no longer employees, their files are not retained in active computers. To search for stored electronic files of former employees, Universal would be required to retrieve the necessary data from computer back-up tapes. This is a time-consuming and multi-step process.

4. To obtain the email files for former employees, we must first determine the server that handled a particular individual's email and then reconstruct the files for that server from backup tapes. This process typically requires the restoration of two backup tapes for every month of time to be captured in the collection for each employee. To capture all of an employee's server files over a two-year period typically would require the restoration of 48 individual backup tapes. This process of restoring the backup tapes would typically be performed by an outside vendor. The cost of this service typically ranges from $250-$500 per tape. Thus, just to reconstruct the server files for the email database for one employee for a two-year period would cost between $12,000 and $24,000. After the backup tapes are restored, I or a member of my staff must

reconstruct the email database containing the relevant employee's email files. Our hardware capabilities permit two databases to be restored per day.

5. After email databases are reconstructed, I or a member of my staff must reconstruct the email files for the employee in question so that they can be provided to counsel for review. The process of performing all of the reconstruction described above requires a significant commitment of time from both me and my staff, and interferes greatly with performance of our many other normal job functions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 26 day of August, 2009, at Los Angeles, California.

_____
CLIFTON LANCASTER