ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:      (415) 436-9993
Email: fred@eff.org; kurt@eff.org
           corynne@eff.org

FOLGER LEVIN & KAHN LLP
MICHAEL F. KELLEHER
SUZANNE ELIZABETH RODE
275 Battery Street, Suite 2300
San Francisco, CA  94111
Telephone:     (415) 986-2800
Facsimile:      (415) 986-2827
Email: mkelleher@flk.com; srode@flk.com

KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
Email: mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                          Plaintiff,<br><br>     v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                          Defendants. | Case No. C 07-03783-JF<br><br>**ADMINISTRATIVE MOTION TO MODIFY CASE MANAGEMENT SCHEDULE**<br><br>**[PURSUANT TO L.R. 7-11]**<br><br>**[PROPOSED ORDER AND SUPPORTING DECLARATION FILED HEREWITH]**<br><br>Judge:       The Hon. Jeremy Fogel<br>Date Comp. Filed:    July 24, 2007<br>Trial Date: March 19, 2010 |

Pursuant to Civil Local Rule 7-11, Plaintiff Stephanie Lenz ("Plaintiff") respectfully asks this Court to modify the Case Management Schedule adopted on July 11, 2009, in order to accommodate the supplemental document production from both parties ordered by Magistrate Judge Seeborg on August 25, 2009. Miksch Decl. ¶ 5 and Exh. A. Judge Seeborg's order requires the parties to supplement their production by Monday, September 14, 2009—only eight business days before the current schedule's fact discovery cutoff of Friday, September 24, 2009. Further, Universal's lead counsel has informed Plaintiff's counsel that he expects to be in trial the week of September 21. Miksch Decl. ¶ 4. Finally, Universal's counsel has so far refused to provide any dates for depositions of its witnesses that fall after the due date for the supplemental production of documents. Miksch Decl. ¶ 12.

Plaintiff is certain that the forthcoming supplemental production will affect her preparation for, and the substance of, the depositions she wishes to take in this case. Universal's supplemental production will include at least nine months of additional documents (generated between July 24, 2007 and April 18, 2008). Under Judge Seeborg's Order, Plaintiff will not receive these documents until September 14, 2009. Miksch Decl. Exh. A at 10. Further, Universal has filed a motion for leave to file a motion for reconsideration of Judge Seeborg's order to produce another category of documents, Miksch Decl. Exh. C, and resolution of this motion may postpone Plaintiff's receipt of a complete production even longer.[1]

Plaintiff and her counsel will need time to review and analyze Universal's supplemental production before deposing Universal's witnesses. The current discovery schedule leaves Plaintiff only eight business days if she wishes to schedule depositions after receiving the nine months worth of additional documents she will receive (which she does). Universal's lead

---

[1] In short, Universal seeks to avoid the need to comply with the portion of Judge Seeborg's order requiring it to include an additional document custodian in its search, because that custodian left Universal in early August, 2007, and Universal thereafter deleted all of his electronic data except what exists on backup tapes. *See* Miksch Decl. ¶ 8 and Exhs. B at 1 and C at 2. This deletion happened *after* Ms. Lenz served Universal with her complaint on August 2, 2007. Dkt. No. 7; Miksch Decl. Exh. B at 1. The parties have met and conferred about an alternative means of satisfying Judge Seeborg's order, but Universal has refused Plaintiff's request to propose anything more than a targeted search for four particular emails or to provide information to Plaintiff that she would need in order to formulate her own proposal for Universal's consideration. Miksch Decl. ¶ 8-11 and Exh. B.

counsel may be in trial for four of those days, and Universal in any event has thus far refused to make any of its witnesses available for deposition after the supplemental production is due. Miksch Decl. ¶ 12.  Plaintiff therefore requests an extension of discovery in order to facilitate the scheduling of depositions after receiving and reviewing the forthcoming documents.  Plaintiff believes that her requested extension would further the efficient progress of this case.  If Plaintiff can depose Universal's witnesses one time, with all of the evidence before her, there will be no need to reconvene depositions after the production or to spend the parties' (or even this Court's) time enforcing Plaintiff's right to do so.

Plaintiff's requested changes would affect *only* the cutoff dates for fact and expert discovery, and would have *no* effect on the dates established for filing dispositive motions, the pretrial conference, and trial.  In addition, Plaintiff's proposal specifies that no further written discovery will be propounded.  Plaintiff's proposed modifications are as follows:

a) Fact discovery cutoff: extend from September 24, 2009 to October 23, 2009 (but no further written discovery will be propounded).

b) Designation of affirmative experts: extend from October 15, 2009, to November 15, 2009.

c) Designation of rebuttal experts: extend from November 16, 2009, to December 3, 2009.

d) Expert discovery cut-off: extend from December 15, 2009 to December 18, 2009.

e) Last day to file dispositive motions: January 14, 2010 [no change]

f) Pretrial conference: March 5, 2010 [no change].

g) Trial: March 19, 2010 [no change].

Plaintiff's counsel has met and conferred with Universal's counsel in an effort to reach agreement on the schedule she proposes here.  Miksch Decl. ¶¶ 6-12.  Universal has refused to agree to these changes because Plaintiff has not agreed to release Universal from part of the supplemental production ordered by Judge Seeborg.  Miksch Decl. ¶ 11 and Exh. B at 1.

Whatever the outcome of Universal's unwillingness to comply with Judge Seeborg's

2
ADMINISTRATIVE MOTION TO MODIFY CASE MANAGEMENT SCHEDULE
CASE NO. C 07-03783-JF

449881.03

order, Plaintiff respectfully submits that for the reasons stated herein, and given that extending the discovery timetable will have no effect on the trial date or dispositive motion deadline, there is good cause for the extension she proposes. Plaintiff therefore asks this Court to enter the following modified Case Management Schedule:

    a) Fact discovery cutoff: October 23, 2009 (but no further written discovery will be propounded).

    b) Designation of affirmative experts: November 5, 2009.

    c) Designation of rebuttal experts: December 3, 2009.

    d) Expert discovery cut-off: December 18, 2009.

    e) Last day to file dispositive motions: January 14, 2010.

    f) Pretrial conference: March 5, 2010.

    g) Trial: March 19, 2010.

In the alternative, Plaintiffs requests that the Court schedule a case management conference as soon as possible (telephonically if need be) to discuss these issues.

    Respectfully submitted,

Dated:  August 31, 2009                                        KEKER & VAN NEST LLP

                                                       By: */s/ Melissa J. Miksch*
                                                              ASHOK RAMANI
                                                              MICHAEL S. KWUN
                                                              MELISSA J. MIKSCH
                                                              Attorneys for Plaintiff
                                                              STEPHANIE LENZ