ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN #192657
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:      (415) 436-9993
Email: fred@eff.org; kurt@eff.org; corynne@eff.org

FOLGER LEVIN & KAHN LLP
MICHAEL F. KELLEHER
SUZANNE ELIZABETH RODE
275 Battery Street, Suite 2300
San Francisco, CA  94111
Telephone:     (415) 986-2800
Facsimile:      (415) 986-2827
Email: mkelleher@flk.com; srode@flk.com

KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
Email: mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>              Plaintiff,<br><br>     v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>              Defendants. | Case No. C 07-03783-JF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE AND MOTION FOR RECONSIDERATION REGARDING PORTION OF AUGUST 25, 2009 ORDER**<br><br>Date:       N/A<br>Time:      N/A<br>Judge:    Hon. Richard G. Seeborg<br><br>[DECLARATIONS OF MELISSA J. MIKSCH AND MICHAEL S. KWUN FILED HEREWITH] |

## I. Introduction

Universal seeks reconsideration based on facts that were well known to it when Ms. Lenz originally filed her motion to compel, and based on an alleged undue burden that the record simply does not support. First, Universal knew all of the facts it now raises at the time it responded to Ms. Lenz's motion, and has not shown that this Court failed to consider any of the evidence before it. Second, Universal has failed to establish that any burden imposed by the Court's order is not one of its making, and in any event the burden is not nearly so onerous as Universal suggests. Finally, Universal's suggestion that it was forced to make this motion is simply wrong, for Universal has refused to make any meaningful effort to cooperate with Ms. Lenz and work out a satisfactory means of meeting its discovery obligations. For these reasons, Ms. Lenz submits that this Court should deny Universal's motion.

## II. Argument

**A. Universal has not shown good cause for reconsideration of this Court's decision.**

Local Rule 7-9(b) permits a moving party to obtain leave to file a motion for reconsideration only if it specifically shows that one of three conditions obtains. Universal has argued for only two, and cannot show either.

**1. When it responded to Ms. Lenz's motion for an expanded search, Universal knew, but did not mention, the facts it now contends should limit the scope of that search.**

Civil Local Rule 7-9(b)(1) requires a party to show that there is a material difference in fact or law from what was presented to the Court *and* that in the exercise of reasonable diligence, the moving party did not know such fact or law at the time of the order. Here, Universal knew all of the facts relevant to its search obligations when it filed its opposition to Ms. Lenz's motion, let alone when this Court ruled on that motion. Universal has known since on or before the day Ms. Lenz filed her motion:

- that Universal's practices with respect to sending takedown notices to YouTube are relevant to Ms. Lenz's theory of the case;

- that Raul Gonzalez was the attorney responsible for sending takedown notices to YouTube for at least the time period between the June 4, 2007, takedown notice for Ms. Lenz's video and his departure, Kwun Decl. ISO Opp. to Mot. for

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE AND MOTION FOR RECONSIDERATION
CASE NO. C 07-03783-JF

450116.06

Reconsideration, ¶ 4;

- that Ms. Lenz was asking this Court to order an expansion of its search;[1]

- that Universal's failure to produce (or confirm the nonexistence of) replies to YouTube's inquiries about four emails from Mr. Gonzalez was one of the problems Ms. Lenz identified in its search;[2] and

- that it had deleted all of Mr. Gonzalez's electronic material save the form it now contends is unduly burdensome to search.  Klaus Decl. Exh. A at 1.

Universal had ample opportunity to draw this Court's attention to the purported difficulties caused by its destruction of all easily accessible forms of Mr. Gonzalez's electronic material, and had ample notice that his material was relevant to the parties' dispute.  For instance, Ms. Lenz asked this Court for an Order requiring Universal to "(i) produce all documents responsive to Plaintiff's Requests for Production…, and (ii) [] simultaneously provide to Plaintiff a sworn declaration setting forth the nature of Defendants' efforts to search for and collect responsive documents."  Plaintiff's Prop. Order at 1 (Dkt. No. 99) (Miksch Decl. Exh. A).  And, at the August 19 hearing, Ms. Lenz's counsel specifically pointed out that Ms. Lenz believed that there was a problem either in Universal's selection of custodians, or its search protocol, or both.  Miksch Decl. ¶ 4.  Universal was squarely on notice that Ms. Lenz was asking this Court to order an expanded search and could, and should, have raised in its opposition or at the hearing any reasons to limit any expanded search this Court might choose to order.

**2.   This Court's Order does not represent a "manifest failure to consider material facts or dispositive legal arguments which were presented" to it before the Order.**

Civil Local Rule 7-9(b)(3) requires a party to "specifically show" a "manifest failure to consider material facts or dispositive legal arguments which were presented to the Court before the Order."  There can be no failure to consider facts not brought before this Court, however, and Universal never presented any of the facts it now raises.  Universal only now, for the first time, argues that there "likely was not [] a reply to YouTube on these emails."  Mot. at 5:8.  Even if

---

[1] Plaintiff's Motion to Compel at 7-8 (Dkt. No. 96), Plaintiff's Reply at 13 (Dkt. No. 131).

[2] Plaintiff's Motion to Compel at 7-8 (Dkt. No. 96), Plaintiff's Reply at 13 (Dkt. No. 131). see also Kwun Decl. ISO Plaintiff's Mot. to Compel, Exh. F (Dkt. No. 98 (sealed)).

1  Universal's new arguments were cognizable under the Rules as proper grounds for a motion for
2  reconsideration—which they are not—they do not show any reason to excuse Universal from
3  this Court's Order.
4        Universal argues that, taken together, various facts show that any responses that exist
5  would have been produced. Mot. at 5. Specifically, Universal points to the facts that YouTube
6  did not produce the missing responses, that Universal produced internal discussion about the
7  YouTube inquiries, and that Universal's takedown employees allegedly follow a general practice
8  of replying to all (including existing custodians Robert Allen and Sean Johnson). *Id.* But
9  Universal has *not* shown that these emails do not exist, nor even that it made a reasonable inquiry
10 into that question. For example, Universal could have—but did not—submit a declaration from
11 Mr. Gonzalez stating that he did not respond to any of YouTube's inquiries (if, indeed, he did
12 not). Or, Universal could have—but did not—look for any responses in the email of David
13 Renzer or David Benjamin (cc'd on the YouTube inquiries) and submitted a declaration that it
14 did not find them there. Given the nature of YouTube's inquiries, it *is* likely that there would
15 have been responses, and Universal has not (or cannot) shown otherwise. After considering all
16 of the facts that were actually presented to it, this Court reasonably judged that adding the direct
17 recipient of those inquiries as a custodian would be part of a reasonable inquiry into their
18 existence.[3] Universal's present complaints about the difficulty of doing so stem from its own
19 decision to destroy easily accessible documents and its own failure to bring any of its concerns to
20 this Court's attention.

21 **B.    The burden of adding Raul Gonzalez as a custodian is *minimal*.**

22       Universal claims that adding Raul Gonzalez as a custodian would impose an
23 unreasonable burden because it no longer has his electronic files anywhere other than on back up
24 tapes. But nowhere in Universal's motion or the concurrently filed declarations does Universal
25 state *when* it deleted Mr. Gonzalez's files from its active servers. Although the Motion states

---

[3] Universal complains that Ms. Lenz did not specifically ask this Court to add Mr. Gonzalez as a custodian. Mot. at 3:17-24. This complaint would make sense only if Ms. Lenz were in a position to judge exactly how Universal should expand its search. But she was not, because Universal refused to produce documents sufficient to identify potential custodians—even though

that Mr. Gonzalez left in "August 2007" (Mot. 1:23) and the Klaus Declaration suggests that Mr. Gonzalez left "on or about August 4, 2007"[4] (Klaus Decl. ¶ 2), nowhere is there any mention of when his files were deleted from Universal's active servers. The Court is thus left without any basis for determining whether this purported burden is in fact a problem of Universal's own making.

More importantly, however, the burden that would be imposed by requiring Universal to search Mr. Gonzalez's files in a manner that parallels the search it did of the other custodians' files would be minimal. Mr. Lancaster opines that it would be necessary to restore files from 48 backup tapes to capture all of an employee's server files for a two-year period. Lancaster Decl. ¶ 4. Given the cost suggested for this undertaking, Plaintiff assumes that Universal did not restore files from backup tapes for the three custodians whose files it has claimed to search so far, under the theory that the backups might include files that they once had but deleted. Instead, it seems likely that Universal relied on the electronic files that those custodians had in their possession on active servers. If so, the parallel search of Mr. Gonzalez's files would involve restoring and searching his files as they existed prior to Universal's decision to delete them, which presumably would require restoration from one or two backup tapes, not 48.[5] This apparently would involve a vendor cost of between $250 and $1000 (*see id.*), which is well below the fees both parties will incur simply briefing this issue.[6]

**C.  Universal has not proposed (or enabled Ms. Lenz to propose) any meaningful alternative to satisfy this Court's Order.**

Universal's insinuation that Ms. Lenz is to blame for its motion (Mot. at 6) is without foundation. *All* that Universal has offered in lieu of the search of Mr. Gonzalez's material that

---

Ms. Lenz specifically asked for such documents in her RFP No. 22. Miksch Decl. ¶ 7.

[4] August 4, 2007 was a Saturday.

[5] Ms. Lenz is not conceding that such a search would be sufficient, because she has no way of knowing what it will uncover. However, Ms. Lenz believes that such a search would be a reasonable first step.

[6] The rest of the asserted burden is stated in only the vaguest of terms. The process is "time-consuming" and "multi-step." Lancaster Decl. ¶ 3. Review would require a "significant" amount of time. *Id.* ¶ 5. These conclusory assertions cannot suffice to support a burden objection.

1  was ordered by the Court is to search only his hard copy documents (to the extent that Universal
2  has them) and to conduct a targeted search for responses to four particular emails Plaintiff has
3  mentioned as symptoms of a problem with its production.  Miksch Decl. at ¶¶ 5-6; Klaus Decl.
4  Exh. A.  Setting aside the question of why Universal has, to date, apparently made *no* effort to
5  determine whether there are any such responses (which should not require a Court order), this
6  "offer" is not a reasonable alternative to searching Mr. Gonzalez's electronic documents.

7  Ms. Lenz's counsel has repeatedly asked Universal's counsel to propose some further
8  alternative means of satisfying the Court's Order.  Miksch Decl. at ¶¶ 5-6 and Klaus Decl. Exh.
9  A at 2.  Ms. Lenz has even offered to come up with her own proposal if Universal would provide
10 her with the information that would help her design such a proposal.[7]  Miksch Decl. at ¶ 6 and
11 Klaus Decl. Exh. A at 2.  Universal has flatly refused to do either, offering Ms. Lenz only a "take
12 it or leave it" proposal to check whether there are any responses to four emails (which it should
13 have done when Ms. Lenz first raised the issue in early June).  Miksch Decl. at ¶¶ 5-6 and Klaus
14 Decl. Exh. A.  Ms. Lenz made these requests in an effort to reach agreement on the nature of
15 Universal's supplemental search.  Universal chose to file this motion instead.

### III.     Conclusion

17 Universal has not and cannot offer any new material facts or law to merit reconsideration.
18 The burden it purportedly faces is minimal, easily anticipated, and the result of Universal'spfc
19 own choices.  Further, there may well have been no need for this motion at all had Universal
20 made some meaningful effort to work with Ms. Lenz to identify satisfactory means by which
21 Universal can honor the Court's order.  Ms. Lenz therefore respectfully submits that this Court
22 should firmly reject Universal's renewed effort to sidestep its discovery obligations.

---

[7] Such as, for example, the search protocol Universal has already used, the identity of other potential custodians, and circumstances indicating potential custodians' likelihood of having relevant materials.

1    For the foregoing reasons, Universal's motion should be denied.

2    Dated:  September 11, 2009                KEKER & VAN NEST LLP

                                               By:   /s/ Melissa J. Miksch
                                                   ASHOK RAMANI
                                                   MICHAEL S. KWUN
                                                   MELISSA J. MIKSCH
                                                   Attorneys for Plaintiff
                                                   STEPHANIE LENZ