KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (SBN 235670)
Melinda.LeMoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC
PUBLISHING, INC. and UNIVERSAL MUSIC
PUBLISHING GROUP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ, | CASE NO.  C 07-03783 JF (RS) |
| Plaintiff, | **UNIVERSAL'S REPLY IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE SEEBORG'S AUGUST 25, 2009 ORDER GRANTING MOTION TO COMPEL PRODUCTION OF UNIVERSAL-PRINCE COMMUNICATIONS AS TO WHICH UNIVERSAL ASSERTS PRIVILEGE** |
| vs. | |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP, | |
| Defendants. | |
| | Judge:  Honorable Jeremy Fogel |

1

## I.      INTRODUCTION

2

3      Judge Seeborg's Order abrogates Universal's privilege claim over confidential

4   communications with Prince (or his representatives) concerning the indisputably legal subject of

5   the enforcement of Prince's federally protected copyrights.  The Order rests on the legally

6   erroneous proposition that, unless Universal was Prince's counsel with respect to that

7   enforcement, the privilege cannot protect such communications.  The Order fails to consider any

8   of Universal's arguments - made in briefing and at oral argument - that communications among

9   those with a community of legal interests, even if those people are not in an attorney-client

10   relationship with one another, do not thereby lose their privileged status.  The Order is contrary to

law and should be set aside.

11      Recognizing that the straightforward application of the common interest doctrine dooms

12   her quest for communications that have *nothing* to do with the notice concerning her "Let's Go

13   Crazy" video, Plaintiff strains to urge this Court to avoid confronting the common interest issues.

14   Plaintiff falsely asserts that Universal waived reliance on the common interest doctrine.  Plaintiff

15   first alleges waiver on the ground that Universal did not write the words "common interest" on

16   the privilege-claimed line of its log.  Plaintiff's second argument is that Universal did not argue

17   the common interest doctrine to Judge Seeborg.  Opp. at 3-6.  Both arguments are meritless.  The

18   first fails as a matter of law:  the common interest doctrine is *not* a separate privilege but rather a

19   rule of non-waiver of the attorney-client privilege.  Universal fully invoked its right to rely on the

20   common interest doctrine by identifying attorney-client privilege on its log as the basis for

21   withholding the communications in issue.  Plaintiff's second waiver argument is factually false:

22   Universal *did* argue the common interest exception to Judge Seeborg, a point that Plaintiff

23   grudgingly admits elsewhere in her Opposition.

24      On the merits, Plaintiff cites purported requirements for the common interest doctrine that

25   do not exist and that are belied by the actual cases applying that doctrine.  When the principles of

26   the common interest doctrine are applied to the facts here, it is clear that Judge Seeborg's Order is

27   contrary to law and must be set aside.

28

- 1 -           REPLY ISO OBJ. TO MAG. J. RULING
                                                                                CASE NO. CV-07-03783

**II.     UNIVERSAL DID NOT WAIVE ITS ARGUMENTS BASED ON THE COMMON INTEREST DOCTRINE**

Plaintiff argues that Universal waived its right to rely on the common interest doctrine in two respects.  Both arguments are demonstrably wrong.

**A.     The Common Interest Doctrine Is Not A Separate Privilege that Must Be Listed on a Privilege Log to Be Preserved**

Plaintiff first argues that Universal waived any right to rely on the common interest doctrine by not inserting the words "common interest privilege" after the words "attorney-client privilege" on Universal's privilege log.  Opp. at 4:8-21.  This argument fails as a matter of law.

Rule 26(b)(5)(A) prescribes the required contents for a privilege log.  As relevant here, the Rule requires that the party logging a document must "expressly make the claim" that a document withheld "is [a] privileged or [b] subject to protection as trial-preparation material [*i.e.*, work product]."  Fed. R. Civ. P. 26(b)(5)(A)(i).[1]  In other words, the party must indicate on its log whether it is withholding a document based on a claim of attorney-client privilege, work product or both.  The Rule does not require the withholding party to include on its log every argument that may counter an opposing party's contention that the privilege has been waived.  On the contrary, the withholding party need only indicate that the basis for the withholding is the attorney-client privilege.  Disputes about whether there has been a waiver, and if so whether exceptions to the waiver doctrine (such as the common interest doctrine) apply, are for the meet-and-confer process and (if necessary) motion practice.  *See United States v. Chevron Corp.*, 1996 WL 444597 at *3-*4 (N.D. Cal. May 30, 1996) (describing privilege-opponents' burden in proving waiver).  The absence of the words "common interest" does not waive the right to rely on that doctrine in a later challenge.

---

[1] Subparagraph (ii) of the Rule requires the party to describe the nature of the document in sufficient detail to allow the other party to assess the basis for the privilege or work product claim but without revealing the protected information.  This portion of the Rule is irrelevant to the issue raised on this Objection.  As Plaintiff notes, Judge Seeborg, in a *different* part of his Order, instructed Universal to supplement its descriptions concerning communications involving Robert Allen, who is a lawyer in-house at Universal.  Order at 8-9 (Klaus Decl. Ex. A).  Those description issues involving communications between Universal counsel (Allen) and Universal employees are not relevant to the Rule 26(b)(5)(A)(i) issue whether Universal identified the privilege claimed for its communications with Prince (which Universal did).

- 2 -

1    Here, Universal listed attorney-client privilege for every one of the communications in

2    issue, both in Universal's original logs and the logs revised per Judge Seeborg's Order.  Klaus

3    Decl. Exs. D & E.  Universal is not required to add the words "common interest" following

4    "attorney-client privilege," because the common interest *doctrine* is *not* a separate privilege.  As

5    the case law makes clear, the common interest doctrine is "an exception to the waiver rule,"

6    *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (Chen, Mag. J.),

7    specifically, an exception to the rule that disclosure of communications to someone not in the

8    attorney-client relationship waives the privilege.  *Id.*  Plaintiff herself admits elsewhere in her

9    brief that the common interest doctrine is just that – "an exception" to the waiver rule, and not a

10   separate privilege.  Opp. at 6:13-14.  As such, Plaintiff's reliance on cases generally averring that

11   a privilege log must state the privilege relied upon are inapplicable.  To assert a prima facie claim

12   of privilege in a log, a party does not have to counter *every* reason – such as the common interest

13   doctrine – why the asserted privilege has not been waived.  *See Chevron Corp.*, 1996 WL 444597

14   at *3-*4.  Universal's assertion of the attorney-client privilege thus satisfies its obligations under

15   Federal Rules of Civil Procedure 26(b)(5)(A).

16   Courts typically consider the "common interest" doctrine in assessing whether the

17   attorney-client privilege applies, even when only the attorney-client privilege has been asserted in

18   a privilege log.  For example, in *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 417

19   (M.D.N.C. 1992),  the party asserting the privilege had claimed only the shorthand "AC" (for

20   "attorney-client privilege") for a category of documents.  The Court construed that assertion to

21   encompass the claim that communications "shared with persons having a common interest"

22   remained within the privilege.  *Id.  See also N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302,

23   311-12 (D.D.C. 2009) (assertion of "AC" for "attorney-client privileged" in privilege log prompts

24   question of whether common interest doctrine shielded communications from waiver).  To assert

25   the protection from waiver that the common interest doctrine provides, Universal need only have

26   asserted the underlying privilege, as it properly did here.

27

28

1

2

**B.   Universal *Did* Argue The Common Interest Doctrine To Judge Seeborg - As Plaintiff Admits - But Judge Seeborg Did Not Address The Argument**

3

Plaintiff next contends, at page 5 of her Opposition, that Universal waived the right to rely

4

on the common interest doctrine by not presenting the argument to Judge Seeborg.  As Plaintiff

5

admits at page 2, however, Universal *did* raise the common interest doctrine before Judge

6

Seeborg.  *See* Opp. at 2:1-4.  Plaintiff claims that Universal raised the point only at oral argument,

7

and not in its briefing, but that is not correct.  Universal's brief in opposition to Plaintiff's motion

8

to compel focused on the question whether the privilege applied to confidential communications

9

between Prince (or his representatives) and Universal, notwithstanding the fact that there is not an

10

attorney-client relationship between Prince and Universal.  The point that Universal made in its

11

briefing, and that it reiterated at oral argument on the motion and in this Objection, is that

12

Universal and Prince have common (indeed, nearly identical) legal interests in communications

13

relating to enforcement of his copyrights, because "Universal is Prince's agent for the institution

14

of legal action on his behalf in connection with the enforcement of his copyrights."  Universal's

15

Opp. to Mot. to Compel at 11:21-23 (Miksch Decl. Ex. B).  Whether this doctrine is referred to as

16

the "necessary intermediary" doctrine, the "common interest" doctrine, the "pooled information"

17

doctrine, or by some other name, the facts and legal underpinnings are the same.  Information

18

shared with necessary third parties does not waive the protections of the attorney client privilege.

19

*See Oxy Resources California LLC v. Superior Court*, 115 Cal. App. 4th 874, 890-91 (2004)

20

("common interest" doctrine under California law includes principle that divulging privileged

21

communication among necessary third parties does not effect a waiver).

22

Judge Seeborg's comments at the hearing indicated that he fully understood Universal's

23

arguments based on the common interest doctrine.  *See* Tr. of Hr'g at 37:15-21 (Miksch Decl. Ex.

24

D) (THE COURT:  "[Y]ou can consult with your insurance carrier.  When you're telling the

25

insurance carrier about the lawsuit for purposes of, you know, reserves, and the like, that's not

26

privilege.  Yet there is a common interest, certainly, between the insurance carrier and the

27

insured.  And … it's an imperfect analogy I recognize[.]").  And, as Plaintiff grudgingly

28

concedes, Opp. at 2:1-4, Judge Seeborg stated at the hearing not only that he understood

1    Universal's argument based on the common interest doctrine, but that he would consider the

2    applicability of the doctrine in ruling on Plaintiff's motion to compel.  *See* Tr. of Hr'g at 38:9-11

3    ("I don't think I necessarily agree with that [argument].  *I'll go back and take a look at it*.")

4    (emphasis added).

5           In his Order, however, Judge Seeborg did not consider the application of the common

6    interest doctrine, ruling instead that no privilege applied because Universal was not Prince's

7    counsel.  Order at 7:28-8:2.  In short, what the record shows is that Universal raised the common

8    interest doctrine, but Judge Seeborg did not address it.  Plaintiff cannot show that the Order is in

9    accordance with the legal standards when it fails even to consider the controlling legal doctrine.

10   **III.    PLAINTIFF'S RESPONSES ON THE SUBSTANCE OF THE COMMON
             INTEREST DOCTRINE ARE WITHOUT MERIT**

11          Plaintiff's argument on the *merits* of the common interest doctrine reveals why she spends

12   so much time trying to claim waiver:  Plaintiff's merits arguments are baseless.

13          **A.      There Is No Per Se Rule That Clients Have To Be Represented By Separate
                   Counsel**

14

15          Plaintiff first posits a rule that does not exist and then claims that Universal's assertion of

16   privilege violates it.  She is wrong on both counts.  First, Plaintiff says that the common interest

17   doctrine "does not apply unless each party to the putative privilege is represented by an attorney."

18   Opp. at 7:12-13.  But there is no per se requirement that both the party asserting the privilege over

19   a particular communication and the third party with whom the communication is shared have to

20   be separately represented by counsel in order for the common interest doctrine to apply.  If that

21   were true, there would rarely be common interest communications outside litigation, since some

22   parties may not have had the need to retain counsel.  The cases show that the rule Plaintiff posits

23   does not exist.

24          Plaintiff ignores *In re Regents of University of California*, attempting to distinguish it in a

25   footnote.  In that case, the Court recognized that the common interest doctrine does not depend on

26   "who employed the attorney, but whether the attorney was acting in a professional relationship to

27   the person asserting the privilege."  101 F.3d 1386, 1389-90 (Fed. Cir. 1996).  In that case, the

28   common interest doctrine applied to protect against waiver even though only *one* party was

1    represented by counsel. *Id.* at 1390.  Similarly, in *Pucket v. Hot Springs School District No. 23-2*,

2    the common interest doctrine applied to protect against waiver even at a time when only one party

3    had the attorney-client relationship with counsel. 239 F.R.D. 572, 583 (D.S.D. 2006).  In *Pucket*,

4    communications between the represented client and a third party were deemed not to constitute  a

5    waiver due to the parties' common interests.  *Id.*   The same is true here.

6        Even if there were such a requirement of separate counsel as Plaintiff claims, her own

7    Opposition (again, in a footnote) and her counsel's declaration establish that Prince *has* such

8    separate counsel,[2] Patrick Cousins of Cousins Law Firm.  Opp. at 7 n. 7; Miksch Decl. ¶ 4, Ex. H.

9    Plaintiff's baseless claim of "no separate counsel" is thus both legally and factually insufficient to

10   defeat the application of the common interest doctrine.

11       **B.     The Underlying Communications Are Privileged**

12       Plaintiff next claims that the common interest doctrine cannot apply to communications

13   between Prince (or his representatives) and Universal absent a showing that the communication in

14   question is "an attorney-client privileged communication between Universal and its in-house

15   attorneys." Opp. at 8:12-13.  This argument is based on a misunderstanding of the common

16   interest doctrine.  The doctrine does *not* require that every communication protected by it be a

17   communication between a lawyer and a client transmitting legal advice.  Rather, the common

18   interest doctrine protects all confidential communications between the separate parties made *in*

19   *furtherance* of their common legal strategy.  *United States v. Bergonzi*, 216 F.R.D. 487, 495

20   (N.D. Cal. 2003).  As in *Pucket*, the client may share information with a necessary third-party

21   with whom he shares a common interest without waiving the privileged nature of his or her

22   attorney-client communications.  239 F.R.D. at 583.

23       Under the common interest rule that is articulated in the cases, the pejorative labeling and

24   color-coding engaged in by Plaintiff's counsel, *see* Opp. at 8-10, are beside the point.  Plaintiff

25   _____

26   [2] Plaintiff attaches pages of exhibits including print-outs from the Cousins Law Firm website and
     the bar records from several jurisdictions in an attempt to prove that Ms. Nora O'Hara is not a

27   lawyer.  Ms. O'Hara is a paralegal with the Cousins Law Firm.  That does not change the fact that
     she can be a party to privileged communications, since the attorney-client privilege indisputably

28   extends to include agents of the attorney as well as of the client.  *Heriot v. Byrne*, 257 F.R.D. 645,
     665 (N.D. Ill. 2009).

8963331.1

REPLY ISO OBJ. TO MAG. J. RULING
CASE NO. CV-07-03783

1   selectively culls entries from Universal's privilege log that describe communications concerning

2   the transmittal of information regarding possible infringement, and then labels them as mere

3   "Information" communications.  *Id.* at 9.  Having affixed that self-serving label to the privilege

4   log entries, Plaintiff then argues that the communications are no different than garden variety

5   fact-gathering by lawyers talking to percipient witnesses, as with "[p]ersonal injury lawyers

6   interview[ing] witnesses to the car accidents that injured their clients[.]"  *Id.* at 9:9-10.

7           What Plaintiff's labeling and color-highlighting ignores is that the discussion of factual

8   information communicated *in a privileged setting* is still privileged.  *Upjohn Co. v. United States*,

9   449 U.S. 383, 390-92 (1981).  A client's communication of information to counsel for the

10  purposes of obtaining legal advice is privileged, although the facts may be separately

11  discoverable if aired outside of the privileged context (as in the witness interviews described

12  above).   As the Supreme Court explained in *Upjohn*:

13              A fact is one thing and a communication concerning that fact is an
                entirely different thing.  The client cannot be compelled to answer
14              the question, "What did you say or write to the attorney?" but may
                not refuse to disclose any relevant fact within his knowledge merely
15              because he incorporated a statement of such fact into his
                communication to his attorney.
16

17  449 U.S. at 395-96 (internal quotations and citations omitted).  Here, Plaintiff attempts to confuse

18  the issue by claiming that certain communications contain only facts ("Information").  But the

19  communication of facts within a privileged setting is still privileged, even though the

20  communication contains matter of a factual nature.  That privilege is not waived when shared

21  among parties with a common interest.

22          C.      **The Communications Obviously Concern Matters Of Common Legal
                    Interest:  Enforcing Federally Protected Copyrights Is A Quintessential Legal
23                  Communication**

24          Plaintiff next asserts that the communications are more "business" than "legal,"

25  apparently because the communications did not involve actual litigation.  We say "apparently"

26  because Plaintiff's Opposition is cryptic about what it is arguing on this point; she says only that,

27  unless something qualifies as work product, which she claims means anticipation of actual

28

8963331.1                                          REPLY ISO OBJ. TO MAG. J. RULING
                                                   CASE NO. CV-07-03783

litigation, then the communication is business and not legal. *See* Opp. at 10-11. Assuming this is what Plaintiff intends to argue, the argument is meritless.

As Universal explained in its Opening Brief, the attorney-client privilege—and thus the common interest behind those privileged communications—applies to all matters in which legal counsel is sought, whether relating to litigation or not. *See United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (applying privilege when a lawyer acts in a "counseling and planning role" and not just in the context of litigation). The D.C. Circuit put it this way (in a case we cited, and Plaintiff ignores): "The privilege is not limited to communications made in the context of litigation or even a specific dispute, but extends to all situations in which an attorney's counsel is sought on a legal matter." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980). Even if Plaintiff's argument had any legal basis whatsoever -- which it does not -- it is wholly inapplicable here. Communications regarding the enforcement of copyrights are quintessential legal communications.

### D. The "Necessary Intermediary" Doctrine Applies to Protect Against a Finding of Waiver

Plaintiff's categorical rejection of the "necessary intermediary" doctrine ignores controlling precedent from the federal common law of privilege. Communicating with a third party acting as a party's agent does not waive a claim of privilege. *See Heriot v. Byrne*, 257 F.R.D. 645, 665 (N.D. Ill. 2009); *Benedict v. Amaducci*, 1995 WL 23555 at *1 (S.D.N.Y. Jan. 20, 1995). The fact that that person may play roles in addition to that of an agent for the representation does not remove the communications from the scope of the privilege. *Benedict,* 1995 WL 23555 *at *1.* If the party was acting as agent for the purposes of litigation at the time of the disclosure, then the communication remains protected. *Id.* Here, there is no reason for Prince to communicate with Universal regarding enforcement of his copyrights *except because* Universal serves as Prince's administrator with the exclusive right to enforce those copyrights. As explained in the Objection (and Plaintiff does not dispute), Prince necessarily has to turn to Universal in the first instance to enforce his copyrights. Thus, communications about that enforcement remain protected even if disclosed to Universal and/or Prince by one or the other.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.  THE MATERIALS ARE PROTECTED WORK PRODUCT, AND IN ALL EVENTS ARE NOT RELEVANT

Plaintiff again relies on a waiver argument to avoid the substance of the work product claim at issue.  Although in this instance Universal did not raise work product in defending against Plaintiff's motion to compel, Universal has asserted the work product doctrine in its revised logs prepared in response to Judge Seeborg's Order.  The issue also likely will arise in connection with still other documents that Judge Seeborg ordered Universal to produce post-dating Plaintiff's amended complaint.  This Court should thus consider the issue now, because it cannot be avoided in the future.  At a minimum, if this Court sustains Judge Seeborg's holding with regard to the attorney-client privilege, Universal asks the Court to remand to Judge Seeborg for a separate consideration of whether the work product doctrine applies.

Plaintiff's only substantive argument is that the material at issue was not created in "anticipation of litigation."  Opp. at 12-13.  But for the work product doctrine to apply, litigation need not be imminent.  Material is still protected work product when it is prepared "because of the  prospect" of litigation.  *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).  That certainly applies here, where the communications were made in contemplation of potential enforcement of copyrights.

Plaintiff also claims that, even if the communications are protected work product, she has a "compelling need" to discover "what Prince and Universal said to each other."  Opp. at 14:3-4.  Plaintiff makes no effort to demonstrate a "*substantial* need," as the Rule requires, Fed. R. Civ. P. 26(b)(3)(A)(ii), relying instead on what she calls the "broad and liberal" scope of discovery under the Federal Rules.  Opp. at 14:10.  If meeting the minimal standards of relevance were enough to show a "substantial need" to obtain protected work product, then the work product rule essentially would be meaningless.  Plaintiff's burden is to show a "*substantial* need," which she has not done.

Of course, even under the standards of relevance, Plaintiff has not shown any need for the communications in issue.  Abandoning her claim (which was critical to the motion to dismiss Order) that Prince ordered Universal to send a notice about her video, Plaintiff now concedes (as

1   she must) that the communications in issue do not relate to any pre-notice discussion between

2   Prince (or anyone representing him) about Plaintiff's video.  Plaintiff now switches to the tack

3   that if Prince complained about multiple infringing videos, then a fact-finder could ascribe

4   Universal's supposed mental state concerning those videos to its actions concerning her video.

5   That contention is in disregard of the Ninth Circuit's controlling decision in *Rossi v. MPAA*, 391

6   F.3d 1000, 1004-05 (9th Cir. 2004), which makes it clear that Plaintiff must show (among other

7   requirements) that Universal made a *knowingly* false, material statement to YouTube concerning

8   *Plaintiff's* video.  Plaintiff obviously wishes that *Rossi* did not exist:  *she does not even cite, much*

9   *less discuss the case* in her Opposition, even though Universal discussed it extensively.  But

10  wishing that *Rossi* did not exist will not make that case, or its rule, go away.  The

11  communications at issue do not concern Plaintiff or her video, and thus are not relevant in any

12  way to her claim.

13  **V.     CONCLUSION**

14         For these reasons, and those set forth in its opening papers, Universal respectfully requests

15  that the Court set aside the portion of Magistrate Judge Seeborg's Order abrogating the privilege

16  with respect to Universal's communications with Prince and his representatives.

17

18

19  DATED:  October 7, 2009                          MUNGER, TOLLES & OLSON LLP

20

21                                                  By: _____*/s/ Kelly M. Klaus*_____

22                                                          KELLY M. KLAUS

23                                                  Attorneys for Defendants

24

25

26

27

28

8963331.1                              - 10 -            REPLY ISO OBJ. TO MAG. J. RULING
                                                         CASE NO. CV-07-03783