IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>               Plaintiff,<br>   v.<br><br>UNIVERSAL MUSIC CORP.;<br>UNIVERSAL MUSIC PUBLISHING, INC.;<br>and UNIVERSAL MUSIC PUBLISHING<br>GROUP,<br><br>               Defendants.<br>_____/ | No. C 07-03783 JF (RS)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION REGARDING AUGUST 25, 2009, ORDER** |

      Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group (collectively Universal) have moved for leave to file a motion for reconsideration of a portion of the Court's August 25, 2009 Order (the 9/25/09 Order). Specifically, Universal requests the Court to reconsider its decision to designate Universal's former attorney Raul Gonzalez as an additional document custodian.

      The source of this dispute appears to be rooted in an email or emails which plaintiff Stephanie Lenz wants to see, but whose existence Universal denies. In her motion to compel production of documents, docket [96], Lenz argued that YouTube (a non-party to this lawsuit who has been called upon to produce documents) produced some emails in which a member of

YouTube's copyright team asked some questions of Gonzalez, which Lenz believes are relevant to her case. Lenz claimed that Universal, however, failed to produce any communications, email or otherwise, from any Universal representative, which answer the questions YouTube asked. According to Lenz, "[i]t is not plausible to suppose that Universal simply ignored the inquiry."

Universal responded in opposition that, if Gonzalez had in fact answered YouTube's emails, "it is extremely likely" that Gonzalez would have copied such answers to fellow Universal employee Robert Allen, who as the Vice President of Business Affairs had primary responsibility for communicating with Prince (the artist whose work lies at the core of this lawsuit). Allen, unlike Gonzalez, has been designated as a general document custodian, and as such, has had his electronic files collected and searched for relevance. Therefore, Universal claimed, if the emails existed they would have already turned up in the course of the Allen searches. On this line of reasoning, forcing Universal to conduct a search of Gonzalez's records would be unlikely to turn up anything new.

In resolving this dispute, the Court ruled in the 8/25/09 Order that Gonzalez should be an additional document custodian and, by implication, that Gonzalez's files should be subjected to the same searches that Universal had already run on Allen's files. It is axiomatic that, in responding to an opponent's discovery requests, a party has no obligation to produce a document that does not exist. *See Taylor v. Union Institute*, 30 F. App'x 443, 451 (6th Cir. 2002). Universal's proposed motion for reconsideration, while taking the position that the requested emails likely do not exist, never makes such a final representation. In particular, Universal explains: (1) YouTube has produced no such e-mails, although it has produced numerous other emails sent back and forth between YouTube and Universal officials; (2) Universal has produced internal documents that discuss the emails from YouTube to Gonzalez which have aroused Lenz's suspicions, but no documents discussing any emails back; and (3) if such emails did exist they would have already been uncovered during the searches run on Allen's records, because Allen was always copied on every email Gonzalez sent or received.

Universal also presents new evidence that, in addition to being fruitless, designating Gonzalez as a general document custodian would impose an extreme burden. Allegedly, Gonzalez left Universal's employ less than two weeks after Lenz filed her initial complaint, and his electronic

1 files are available only on backup tapes; moreover, in order to search the backup tapes, they would have to be restored, a task that would need to be out-sourced and would likely cost $10,000 or more.

Discovery disputes generally call on the Court to strike an often elusive balance between the requesting party's need for the evidence and the burden such production would place on the producing party. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (noting that this balancing is generally within the trial court's discretion). In conjunction with its proposed motion for reconsideration, Universal has produced new and compelling evidence[1] of why designating Gonzalez as a custodian would impose an undue burden. When this evidence is considered in light of the slim prospect that any new evidence would result from the requested search, the balance tips in favor of Universal.

Accordingly, Universal's motion for leave to file a motion for reconsideration and the underlying substantive motion are both granted. No further search of documents formerly maintained by Raul Gonzalez will be required.

IT IS SO ORDERED.

Dated: 10/27/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[1] The Civil Local Rules provide that a motion for leave to file reconsideration may be granted upon "[t]he emergence of new material facts . . . occurring after the time of [the interlocutory order for which reconsideration is sought]." Civil Local Rule 7-9(b)(2).