**E-Filed 10/30/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>    Plaintiff<br><br>    v.<br><br>UNIVERSAL MUSIC CORP., et al.,<br><br>    Defendants | Case Number   C 07-3783 JF (RS)<br><br>ORDER OVERRULING OBJECTION TO AUGUST 25, 2009 ORDER GRANTING MOTION TO COMPEL PRODUCTION OF UNIVERSAL-PRINCE COMMUNICATIONS AS TO WHICH UNIVERSAL ASSERTS PRIVILEGE |

## I. BACKGROUND

Plaintiff Stephanie Lenz brought the instant action against Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group (collectively "Universal") alleging a violation of 17 U.S.C. § 512(f) stemming from a thirty second video she posted on YouTube. The video features her young toddler performing an impromptu dance to the song "Let's Go Crazy" by the artist professionally known as Prince. Universal administers the copyright to the composition. Lenz entitled the video "Let's Go Crazy #1." On June 4, 2007, Universal sent YouTube a notice requesting that YouTube remove the video. YouTube complied and sent Lenz an e-mail notifying her that it had done so. After receiving two e-mails from Lenz

1

1   demanding that the video be restored, YouTube agreed.  Lenz thereafter brought suit against

2   Universal in connection with its takedown notice.

3          On August 25, 2009, Magistrate Judge Seeborg granted in part and denied in part

4   Plaintiffs' motion to compel production of communications between Universal, Prince, and third

5   parties as well as policies, procedures, and documents relating to the takedown notice, the scope

6   of Universal's interest in the copyrighted work at issue, and attempts to exploit the market for the

7   "Let's Go Crazy" composition ("August 25th Order").  Universal has filed a timely objection to

8   the August 25th Order, and the parties have submitted appropriate briefing.  For the reasons

9   discussed below, the objection will be overruled.

10                              **II.  LEGAL STANDARD**

11          Universal has the burden of showing that the magistrate judge's ruling is clearly

12   erroneous or contrary to law.  "[T]he magistrate's decision on a nondispositive issue will be

13   reviewed by the district court judge under the clearly erroneous standard."  *Bahn v. NME*

14   *Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *see also* FED. R. CIV. P. 72(a) ("The district

15   judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to

16   law.").  "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must

17   arrive at a definite and firm conviction that a mistake has been committed."  *EEOC v. Lexus of*

18   *Serramonte*, No. C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 5, 2006).  "This

19   standard is extremely deferential and the [m]agistrate's rulings should be considered the final

20   decisions of the [d]istrict [c]ourt."  *Id.*

21                              **III. DISCUSSION**

22   **A. Universal's Communications Are Not Privileged**

23          Universal claims that the communications between Universal and Prince relating to the

24   enforcement of Prince's copyrights are privileged.  The general privilege standard under federal

25   law is that "confidential communications made by a client to an attorney to obtain legal services

26   are protected from disclosure."  *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129

27   (9th Cir. 1992).  Universal bears the burden of establishing each element of attorney-client

28                                      2

Case No. C 07-3783 JF (RS)
ORDER OVERRULING OBJECTION TO AUGUST 25, 2009 ORDER GRANTING MOTION TO COMPEL
PRODUCTION OF UNIVERSAL-PRINCE COMMUNICATIONS AS TO WHICH UNIVERSAL ASSERTS
PRIVILEGE
(JFEX2)

1   privilege. *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996).  For the attorney-

2   client privilege to apply, (1) legal advice must be sought, (2) from a professional legal adviser in

3   his or her capacity as such, (3) with the communication relating to that purpose, (4) made in

4   confidence, (5) by the client. *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1492 (9th Cir.

5   1989).  The common-interest privilege is an exception to the rule that disclosure of an attorney-

6   client privileged communication to a third party destroys confidentiality and thereby waives the

7   privilege. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007).  The

8   common-interest privilege saves an otherwise privileged communication from waiver only where

9   the communication is shared with the third party in order to further a matter of common *legal*

10  interest. *See id.* at 579-80.  It does not protect communications made in furtherance only of a

11  common *business* interest. *Bank Brussels Lambert v. Credit Lyonnaise (Suisse) S.A.*, 160 F.R.D.

12  437, 448 (S.D.N.Y. 1995).

13          Universal has failed to satisfy its burden to demonstrate that the subject communications

14  are protected by attorney-client privilege.  Universal argues that pursuant to a 2005

15  Administration Agreement giving it the sole right to take legal action on Prince's behalf,

16  Universal is acting as Prince's agent or attorney-in-fact.  However, Magistrate Judge Seeborg

17  found that

18          the agreement provides that if Prince notifies Universal of
            infringement, Universal may choose to retain attorneys to pursue
19          the matter, but is not required to do so.  If an attorney is retained,
            Universal maintains complete control over the litigation.  If
20          Universal declines to hire counsel, Prince is left to decide
            whether he wants to pursue legal action at his own expense.  In
21          short, it appears that the agreement simply designates Universal
            to act as an agent with respect to Prince's business interests, but
22          does not represent retention of Universal in-house counsel to
            provide him with legal services.
23
    Universal's counsel also explicitly disavowed any claim that Universal and Prince have an
24
    attorney-client relationship of their own: "I want to be clear in terms of what the proposed—the
25
    claim is not that Universal is Prince's attorney."  Miksch Decl. Exh. D at 34:16-18.
26
            The fact that the communications are related to information provided to or by attorneys
27

28                                                    3

1  who work for Universal does not in itself make the communications privileged.  "[T]he

2  presumption that attaches to communications with outside counsel does not extend to

3  communications with in-house counsel . . . [b]ecause in-house counsel may operate in a purely or

4  primarily business capacity in connection with many corporate endeavors."  *United States v.*

5  *ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).  Universal has not shown

6  that the primary purpose of any communications reflecting Universal's practices with respect to

7  takedown notices was to render legal advice.  As Magistrate Judge Seeborg found, "it is entirely

8  plausible that . . . such notices may be dispatched a part of a business strategy to appease clients."

9  Without more, the magistrate judge's determination is not clearly erroneous.

10       Because it has failed to establish the applicability of the attorney-client privilege,

11  Universal's argument with respect to the common-interest privilege is moot.

12  **B. Universal Waived Work Product Doctrine Protection**

13       Universal also claims that the subject communications are protected by the work product

14  doctrine.  "Boilerplate objections or blanket refusals inserted into a response to a Rule 34 request

15  for the production of documents are insufficient to assert a privilege."  *Burlington N. & Santa Fe*

16  *R.R. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005).  A privilege should be asserted

17  within thirty days of a request for production.  FED. R. CIV. P. 34(b)(2)(A).  However, the Ninth

18  Circuit has rejected a per se waiver rule.  *Burlington*, 408 F.3d at 1149.  To determine whether a

19  privilege is waived, the Court must consider: (1) the degree to which the objection or assertion of

20  privilege enables the litigant seeking discovery and the court to evaluate whether each of the

21  withheld documents is privileged; (2) the timeliness of the objection and accompanying

22  information about the withheld documents; (3) the magnitude of the document production; and

23  (4) other particular circumstances of the litigation that make responding to discovery unusually

24  easy or unusually hard.  *Id.*  "These factors should be applied in the context of a holistic

25  reasonableness analysis, intended to forestall needless waste of time and resources, as well as

26  tactical manipulation of the rules and the discovery process."  *Id.*

27       Universal is a sophisticated corporate litigant and a repeat player in lawsuits regarding

28                                              4

Case No. C 07-3783 JF (RS)
ORDER OVERRULING OBJECTION TO AUGUST 25, 2009 ORDER GRANTING MOTION TO COMPEL
PRODUCTION OF UNIVERSAL-PRINCE COMMUNICATIONS AS TO WHICH UNIVERSAL ASSERTS
PRIVILEGE
(JFEX2)

1   copyrighted material it administers on behalf of artists who own the copyrights.  Universal

2   admits that it did not raise the work product doctrine in its original privilege logs, in defending

3   against Plaintiff's motion to compel, or before Magistrate Judge Seeborg.  Rather, Universal

4   asserted the work product doctrine's protections for the first time in its revised logs *after*

5   Magistrate Judge Seeborg issued the August 25th Order.  Having failed to make a specific and

6   timely assertion of work product protection, Universal waived such protection.

7                                    **IV. ORDER**

8         The objection is OVERRULED.

9

10  **IT IS SO ORDERED.**

11  DATED: 10/29/2009

12

13  _____
    JEREMY FOGEL
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    5

Case No. C 07-3783 JF (RS)
ORDER OVERRULING OBJECTION TO AUGUST 25, 2009 ORDER GRANTING MOTION TO COMPEL
PRODUCTION OF UNIVERSAL-PRINCE COMMUNICATIONS AS TO WHICH UNIVERSAL ASSERTS
PRIVILEGE
(JFEX2)

1   This Order has been served upon the following persons:

2   Corynne McSherry
    corynne@eff.org

3

    Jason M. Schultz
4   jason@eff.org

5   Marcia Clare Hofmann
    marcia@eff.org

6

    Ashok Ramani
7   axr@kvn.com

8   Melissa Jeanne Miksch
    mmiksch@kvn.com

9

    Michael F. Kelleher
10  mkelleher@flk.com

11  Michael Soonuk Kwun
    mkwun@kvn.com

12

    Suzanne Elizabeth Rode
13  srode@flk.com

14  Kelly Max Klaus
    kelly.klaus@mto.com

15

    Laura Ashley Aull
16  ashley.aull@mto.com

17  Melinda Eades LeMoine
    melinda.lemoine@mto.com

18

19

20

21

22

23

24

25

26

27

28
                                          6

Case No. C 07-3783 JF (RS)
ORDER OVERRULING OBJECTION TO AUGUST 25, 2009 ORDER GRANTING MOTION TO COMPEL
PRODUCTION OF UNIVERSAL-PRINCE COMMUNICATIONS AS TO WHICH UNIVERSAL ASSERTS
PRIVILEGE
(JFEX2)