1   KELLY M. KLAUS (SBN 161091)
    Kelly.Klaus@mto.com
2   MELINDA E. LEMOINE (SBN 235670)
    Melinda.LeMoine@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
4   Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
5   Telephone:     (213) 683-9100
    Facsimile:     (213) 687-3702
6
    Attorneys for Defendants
7   UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC
    PUBLISHING, INC. and UNIVERSAL MUSIC
8   PUBLISHING GROUP

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

| | |
|---|---|
| 12  STEPHANIE LENZ,<br><br>13          Plaintiff,<br><br>14       vs.<br><br>15  UNIVERSAL MUSIC CORP., UNIVERSAL<br>    MUSIC PUBLISHING, INC. and UNIVERSAL<br>16  MUSIC PUBLISHING GROUP,<br><br>17          Defendants. | CASE NO.  C 07-03783 JF (PVT)<br><br>**DECLARATION OF KELLY M. KLAUS IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFF POST-DATING SECOND AMENDED COMPLAINT**<br><br>Date:     March 30, 2010<br>Time:    10:00 a.m.<br>Ctrm:    5<br>Judge:  Hon. Patricia V. Trumbull<br><br>[Notice of Motion and Motion and Memorandum of Points and Authorities; [Proposed] Order filed concurrently]<br><br>[PUBLIC VERSION] |

1   I, Kelly M. Klaus, declare:

2        1.     I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel of record

3   for Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music

4   Publishing Group (collectively "Universal" or "Defendants"). I make this Declaration in support

5   of Universal's Motion to Compel the Production by Plaintiff of Documents Post-Dating her

6   Second Amended Complaint ("SAC"). The contents of this Declaration are based upon my own

7   personal knowledge, and if called upon to do so, I could and would testify competently to the

8   matters stated herein.

9        2.     Attached as Exhibit A is a true and correct copy of excerpts from the Transcript of

10  the December 11, 2009 Proceedings on Plaintiff's Motion for Summary Judgment before Judge

11  Fogel.

12       3.     Pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1(a), I

13  have conferred with Plaintiff's counsel for the purpose of attempting to resolve the dispute at

14  issue in this motion. Specifically, on November 11, 2009, Plaintiff's counsel sent me an email

15  message, notifying me that Plaintiff was supplementing her document production. The email

16  from Plaintiff's counsel stated, that although Plaintiff had previously produced documents post-

17  dating the filing of the SAC, Plaintiff would be limiting her "production going forward to

18  documents created on or before the filing of the SAC." Attached as Exhibit B is a true and

19  correct copy of this November 11, 2009 email from Plaintiff's counsel, Melissa Miksch, to me.

20       4.     I responded to Ms. Miksch's email by letter dated November 19, 2009, a true and

21  correct copy of which is attached as Exhibit K. Ms. Miksch responded to my letter with a letter

22  dated December 3, 2009, a true and correct copy of which is attached as Exhibit L. I thereafter

23  met-and-conferred with Plaintiff's counsel, Ms. Miksch and her colleague, Michael Kwun, by

24  telephone on December 8, 2009. During that telephone conference, I reiterated Universal's

25  objection to Plaintiff unilaterally instituting a production cut-off of the date of the SAC. I also

26  asked Plaintiff's counsel if they had in their possession, but were withholding from production,

27  responsive, non-privileged documents that post-date the SAC. Plaintiff's counsel confirmed that

28  they do have such documents in their possession, though they would not tell me how many such

KLAUS DECL. ISO MTN TO COMPEL
CASE NO. CV-07-03783

1   documents they are withholding.  I also asked Plaintiff's counsel what the burden would be of

2   producing post-SAC documents.  Plaintiff's counsel made a general statement that producing

3   documents takes time, but they did not describe to me any specific burden that would be

4   associated with producing post-SAC documents.

5       5.      I subsequently asked Mr. Kwun and Ms. Miksch if Plaintiff would reconsider her

6   position on the production of post-SAC documents in light of Judge Fogel's statements regarding

7   Plaintiff's Motion for Partial Summary Judgment at the December 11, 2009.  Plaintiff's counsel

8   stated that Plaintiff would not reconsider her position on this issue.

9       6.      Attached as Exhibit C is a true and correct copy of Plaintiff's Responses and

10  Objections to Defendants' First Set of Requests for Production, served December 17, 2008.

11      7.      Attached as Exhibit D is a true and correct copy of Judge Seeborg's August 25,

12  2009 Order in this action.

13      8.      Attached as Exhibit E is a true and correct copy of Plaintiff's Reply in Support of

14  Motion for Partial Summary Judgment Or, in the Alternative, for Partial Judgment on the

15  Pleadings, dated November 24, 2009.

16      9.      Attached as Exhibit F is a true and correct copy of Defendants' First Set of

17  Requests to Plaintiff for Production of Documents and Things Pursuant to Federal Rule of Civil

18  Procedure 34, served November 3, 2008.

19      10.     Attached as Exhibit G is a true and correct copy of Defendants' Objections and

20  Responses to Plaintiff's First Set of Requests for Production, served November 3, 2008.

21      11.     Attached as Exhibit H is a true and correct copy of a document marked as

22  Deposition Exhibit 28 at Plaintiff's deposition on September 16, 2009.

23      12.     Attached as Exhibit I is a true and correct copy of a document marked as

24  Deposition Exhibit 7 at Plaintiff's deposition on September 16, 2009.

25      13.     Attached as Exhibit J is a true and correct copy of a document marked as

26  Deposition Exhibit 36 at Plaintiff's deposition on September 16, 2009.

27      14.     Attached as Exhibit K is a true and correct copy of my letter to Plaintiff's counsel,

28  dated November 19, 2009.

9811457.1                                  - 2 -                    KLAUS DECL. ISO MTN TO COMPEL
                                                                    CASE NO. CV-07-03783

15.     Attached as Exhibit L is a true and correct copy of a letter from Plaintiff's counsel Ms. Miksch to me, dated December 3, 2009.

16.     Attached as Exhibit M is a true and correct copy of Plaintiff's production document, bearing Bates Number P-E_000160.

17.     Attached as Exhibit N is a true and correct copy of Plaintiff's production document, bearing Bates Number P-E_002872.

18.     Attached as Exhibit O is a true and correct copy of a document marked as Deposition Exhibit 45 at Plaintiff's deposition on September 16, 2009.

19.     Attached as Exhibit P is a true and correct copy of a document marked as Deposition Exhibit 46 at Plaintiff's deposition on September 16, 2009.

20.     Attached as Exhibit Q is a true and correct copy of a document marked as Deposition Exhibit 47 at Plaintiff's deposition on September 16, 2009.

21.     At Plaintiff's deposition on September 16, 2009, I questioned Plaintiff about dozens of documents she produced in this case, many of which post-date her original complaint and/or her SAC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 9th day of February 2010, at Los Angeles, California.

_____
*/s/ Kelly M. Klaus*
KELLY M. KLAUS