# EXHIBIT C

Michael Kwun (SBN 198945)
*michael@eff.org*
Corynne McSherry (SBN 221504)
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>        and<br><br>UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                    Defendants. | No. C 07-03783-JF<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Stephanie

2  Lenz hereby responds to the Requests for Production of Documents and Things (Nos. 1-32)

3  propounded by Defendants Universal Music Corporation, Universal Music Publishing, Inc. and

4  Universal Music Publishing Group, Inc.

5    Lenz's investigations are ongoing, and Lenz specifically reserves the right to supplement,

6  amend, or modify these responses and to produce documents following the submission of

7  Defendants' substantive discovery responses and any Court order on matters regarding the

8  discovery deadlines in this case.  Lenz also reserves the right to supplement, amend, or modify

9  these responses should any additional documents become available.

10    Lenz's responses herein are not to be construed as a waiver of any right or objection, or

11  as an admission of the discoverability, relevance, materiality, or admissibility of any information

12  or document.

13    **GENERAL OBJECTIONS**

14    The following general objections are incorporated by reference into each Response set

15  forth hereafter.

16    1.    Lenz objects to all requests that call for documents protected from discovery by

17  the attorney-client privilege, work product immunity, and/or any other applicable privilege or

18  protection.  Responsive documents that are subject to the attorney-client privilege and/or work

19  product immunity, or that are otherwise immune from discovery, will be identified in a log of

20  privileged documents pursuant to Fed. R. Civ. P. 26(b)(5).  Lenz anticipates that the parties will

21  exchange such schedules at a mutually agreeable time.  Lenz objects to Instruction 14 to the

22  extent that it purports to impose on her any obligation to prepare a privilege log, if any, in excess

23  of the requirements of the Federal Rules of Civil Procedure.

24    2.    Lenz objects to these requests to the extent that they are overly broad,

25  unnecessarily burdensome, seek documents that are confidential to Lenz, and/or are not

26  reasonably calculated to lead to the discovery of admissible evidence.

27    3.    Lenz objects to these requests to the extent they seek third-party documents or

28  documents protected from disclosure under any confidentiality obligation imposed by contract,

1   by order or by understanding binding upon Lenz, and to the extent that responding to the

2   requests would interfere with privacy and confidentiality interests of third parties. Where

3   responding to these requests would interfere with privacy and confidentiality interests of third

4   parties, Lenz will produce discoverable, responsive and non-privileged documents upon entry of

5   and pursuant to the terms of an appropriate protective order in this case.

6         4.     Lenz objects to these requests to the extent that they purport to impose any duty

7   beyond that specified in the Federal Rules of Civil Procedure or the Local Rules of the United

8   States District Court for the Northern District of California.

9         5.     Lenz objects to these requests as unnecessarily burdensome to the extent they

10   seek documents already in Defendants' possession and/or equally accessible to Defendants. By

11   way of illustration, Lenz will not produce documents that have been filed with the court as

12   pleadings or exhibits thereto.

13         6.     Lenz objects to these requests to the extent they seek documents not readily in her

14   possession, custody or control. Lenz will make reasonable efforts to search for responsive and

15   discoverable documents and objects to these requests to the extent that they seek a broader

16   search.

17         7.     Lenz's responses to these requests are subject to and without waiver of any

18   objections, including claims of privilege and/or work product protection.

19         8.     Lenz objects to Universal's definition and use of the term "You" to the extent it

20   refers to "advisors" as vague, ambiguous and unintelligible, because there is no commonly

21   accepted meaning for that term that would allow Lenz to engage in an appropriate search. To the

22   extent that the definition would purport to impose on Lenz an obligation to seek documents held

23   by others and not created in the context of an agency relationship, Lenz objects that those

24   documents are not within her possession, custody or control, and the request is not reasonably

25   calculated to lead to the discovery of admissible evidence. To the extent the definition is

26   intended to target documents in the possession of EFF attorneys and other employees as a result

27   of activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz

28   further objects that the definition improperly seeks to reach outside the scope of party discovery,

1   is harassing, and intended to chill free political and critical speech. Lenz's responses are based

2   on an understanding that "Lenz" means Plaintiff and those acting on her behalf in an agency

3   relationship.  By way of illustration, Lenz will not produce presentations on fair use given by

4   EFF attorneys and other employees as part of their duties apart from representing Lenz even if

5   those presentations reference the Lenz case; emails from mailing lists to which EFF attorneys

6   and other EFF employees subscribe as part of their duties apart from representing Lenz that

7   reference the case; or news articles in the possession of EFF attorneys and other employees as

8   part of their duties apart from representing Lenz that reference the case.

9        9.      Lenz objects to Universal's definition and use of the term "YouTube" to the

10  extent it refers to "advisors" as vague, ambiguous and unintelligible because there is no

11  commonly accepted meaning for that term that would allow Lenz to engage in an appropriate

12  search. Lenz's responses are based on an understanding that "YouTube" means YouTube, LLC

13  and those Lenz reasonably understands to act on YouTube's behalf in an agency relationship.

14       10.     Lenz objects to Universal's Instruction 12 as unduly burdensome and harassing in

15  light of the technology available to her.  Lenz is an individual represented by a non-profit law

16  firm without direct access to the specific commercial technology referenced.  Lenz will produce

17  electronically stored information in a reasonably usable format.  If Defendants are not satisfied

18  with the nature of her production, Lenz will discuss appropriate means to resolve their concerns.

19       11.     Lenz's production of any document does not constitute and should not be

20  construed as a waiver of these General Objections nor an admission that the document produced

21  is discoverable or admissible under the Federal Rules of Civil Procedure.

22       12.     These General Objections are made, to the extent applicable, in response to each

23  of the Requests as if the objections were fully set forth therein.

24       13.     Lenz responds to each of the requests based upon information and documentation

25  available as of the date hereof and reserve the right to supplement and amend her responses.

26  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

27  **REQUEST FOR PRODUCTION NO. 1**

28       All documents that constitute, refer to or relate to the Let's Go Crazy Video or any and

---

4

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1    all copies of the same, including without limitation the complete version of the video file from

2    which the Let's Go Crazy Video was derived.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4         Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

5    this request as overly broad, unnecessarily burdensome and seeking information that is not

6    reasonably calculated to lead to the discovery of admissible evidence.  For example, versions of

7    the video other than the one posted at YouTube are not relevant to the claims or defenses in this

8    action, and are not reasonably calculated to lead to the discovery of admissible evidence. Lenz

9    further objects to this request to the extent that it calls for the production of privileged documents

10   and things. Lenz further objects to this request to the extent any such documents are publicly

11   available.  Subject to and notwithstanding these objections, Lenz will produce a complete

12   version of the video file from with the disputed video was derived.  Lenz will also produce non-

13   privileged communications that refer or relate to the Holden video (i.e., the video posted on

14   YouTube that is the subject of this lawsuit).

15   **REQUEST FOR PRODUCTION NO. 2**

16        All documents that constitute, refer to or relate to communication between you and

17   YouTube, including without limitation any communications between your counsel and YouTube

18   relating to the Let's Go Crazy Video or this lawsuit.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

20        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

21   this request as overly broad, unnecessarily burdensome and seeking information that is not

22   reasonably calculated to lead to the discovery of admissible evidence, because Lenz's

23   communications with YouTube that do not relate to the Holden video or this lawsuit are neither

24   relevant nor reasonably calculated to lead to the discovery of admissible evidence. Lenz further

25   objects to this request to the extent that it calls for the production of privileged documents and

26   things.  Subject to and notwithstanding these objections, Lenz will produce documents within her

27   possession, custody and control reflecting communications with YouTube relating to the

28   takedown of the disputed video and this Action.

1  **REQUEST FOR PRODUCTION NO. 3**

2      All documents that constitute, refer to or relate to videos or audio recordings you have

3  posted to YouTube or any other website, including without limitation the complete version of

4  any video file from which any such posting was derived.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

6      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

7  this request as overly broad, unnecessarily burdensome and seeking information that is not

8  reasonably calculated to lead to the discovery of admissible evidence, because Lenz's activities

9  with regard to videos other than the Holden video is not at issue in this case. Lenz further objects

10 to this request to the extent that it calls for the production of privileged documents and things.

11 Lenz further objects to this request to the extent any such documents are publicly available and

12 therefore equally accessible to Defendants.  Lenz further objects to the extent that this request is

13 redundant of previous requests.   Subject to and notwithstanding these objections, Lenz will

14 produce a complete version of the video file from which the disputed video was derived.  Lenz

15 will also produce responsive, non-privileged documents within her possession, custody and

16 control, if any, reflecting communications relating to the Holden video (i.e., the video posted on

17 YouTube that is the subject of this lawsuit).

18 **REQUEST FOR PRODUCTION NO. 4**

19     All documents that evidence, refer to or relate to your purpose in creating or posting the

20 Let's Go Crazy Video.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

22     Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

23 this request to the extent that it calls for the production of privileged documents and things.

24 Subject to and notwithstanding these objections, Lenz will produce non-privileged documents in

25 her possession, custody and control, if any, responsive to this request.

26 **REQUEST FOR PRODUCTION NO. 5**

27     All documents that evidence, refer to or relate to the performance or display of the Let's

28 Go Crazy Video.

PLAINTIFF'S RESPS. AND OBJS. TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. C 07-03783-JF

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

2    Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

3  this request as overly broad, unnecessarily burdensome and seeking information that is not

4  reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

5  request to the extent that it calls for the production of privileged documents and things.  Lenz

6  further objects to this request to the extent any such documents are publicly available.  Lenz

7  further objects to this request as vague, ambiguous, and unintelligible in that "performance" or

8  "display" could be intended to have many meanings, some of which might depend on, for

9  example, a legal determination of how third parties accessed the video, which information is not

10  readily accessible to Lenz.  Lenz's response to this request is based on an understanding that

11  "performance or display" as used in this particular request is intended to refer to "views" on

12  YouTube, as determined by YouTube. Lenz further objects to this request to the extent that it is

13  intended to require her to create documents using statistical tools available to her as a YouTube

14  account holder (including but not limited to the YouTube "Insight" tools).   Subject to and

15  notwithstanding these objections, and to the extent that she understands the request, Lenz will

16  produce responsive, non-privileged, documents in her possession, custody and control, if any,

17  relating to her decision to post the disputed video on YouTube and communications relating to

18  that posting.

19  **REQUEST FOR PRODUCTION NO. 6**

20    All documents that evidence, refer to or relate to any uploading of the Let's Go Crazy

21  Video to YouTube or any other website.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

23    Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

24  this Request as overly broad, unnecessarily burdensome and seeking information that is not

25  reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

26  request to the extent that it calls for the production of privileged documents and things.  Lenz

27  further objects to this request to the extent any such documents are publicly available.  Lenz

28  further objects to this request as vague, ambiguous, and unintelligible in that there is no

commonly accepted meaning for that term "uploading" that would allow Lenz to engage in an appropriate search. Subject to and notwithstanding these objections, and to the extent that she understands the request, Lenz will produce responsive, non-privileged, documents in her possession, custody and control, if any, relating to her decision to post the disputed video on YouTube and/or other online video hosting websites and communications relating to such posting(s).

**REQUEST FOR PRODUCTION NO. 7**

All documents that evidence, refer to or relate to any of the allegations in or exhibits to your Second Amended Complaint ("SAC"), including without limitation all documents that support or that are contrary to any of the allegations in your SAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Lenz incorporates the General Objections set forth above. Lenz further objects to this request to the extent that it calls for the production of privileged documents and things. Lenz further objects to this request to the extent any such documents are publicly available and therefore equally accessible to Defendants. Lenz further objects to this Request to the extent that responsive documents are overwhelmingly likely to be in Defendants' possession, custody and control. Subject to and notwithstanding these objections, if Universal will specify the allegations to which the request pertains, Lenz will consider the narrowed request in due course.

**REQUEST FOR PRODUCTION NO. 8**

All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that the Let's Go Crazy Video "could not substitute for the original Prince song in any conceivable market", as alleged by you in ¶ 15 of your SAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Lenz incorporates the General Objections set forth above. In addition, Lenz objects to this request to the extent that it calls for the production of privileged documents and things. Lenz further objects to this request on the ground that responsive documents are overwhelmingly likely to be in Defendants' possession, custody and control. Subject to and notwithstanding these objections, Lenz will produce non-privileged documents in her possession, custody, and

1  control, if any, responsive to this request.

2  **REQUEST FOR PRODUCTION NO. 9**

3  All documents that evidence, refer to or relate to (regardless of whether supportive of or

4  contrary to) your allegation that your "mother has difficulty downloading email files," as alleged

5  by you in ¶ 16 of your SAC, including without limitation any email communications between

6  you and your mother that include email attachments and any emails referring or relating to such

7  attachments and whether they were opened or downloaded.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

9  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

10  this Request to the extent that it calls for the production of privileged documents and things.

11  Subject to and notwithstanding these objections, Lenz will produce non-privileged documents in

12  her possession, custody, and control, if any, responsive to this request.

13  **REQUEST FOR PRODUCTION NO. 10**

14  Documents sufficient to identify the names and addresses of your "friends and family"

15  members whom you allege at ¶ 17 of your SAC that you intended to enjoy the Let's Go Crazy

16  Video.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

18  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

19  this request as harassing, unnecessarily burdensome and seeking information that is not

20  reasonably calculated to lead to the discovery of admissible evidence.  Lenz further objects to

21  this request to the extent that it calls for the production of privileged or otherwise confidential

22  documents and things.  Lenz further objects to this request to the extent that responding to this

23  request would interfere with privacy and confidentiality interests of third parties.  Lenz will not

24  produce documents responsive to this request, other than the documents responsive to Request

25  For Production No. 9.

26  **REQUEST FOR PRODUCTION NO. 11**

27  All documents that evidence, refer to or relate to (regardless of whether supportive of or

28  contrary to) your allegation that Defendants "employ staff who are familiar with the Digital

1    Millennium Copyright Act (including the Section 512 'good faith' requirements and the

2    obligation to submit Section 512 notices under penalty of perjury), as well as the principles and

3    application of the fair use doctrine," as alleged by you in ¶ 19 of your SAC.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

5         Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

6    this Request to the extent that it calls for the production of privileged documents and things.

7    Lenz objects to this request on the ground that responsive documents are overwhelmingly likely

8    to be in Defendants' possession, custody and control. Subject to and notwithstanding these

9    objections, Lenz will produce non-privileged, documents in her possession, custody, and control,

10   if any, responsive to this request.

11   **REQUEST FOR PRODUCTION NO. 12**

12        All documents that evidence, refer to or relate to (regardless of whether supportive of or

13   contrary to) your allegation that Defendants "decided to issue a DMCA takedown notice despite

14   their knowledge that the use of the Prince song in the video was a non-infringing fair use," as

15   alleged by you in ¶ 20 of your SAC.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

17        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

18   this Request to the extent that it calls for the production of privileged documents and things.

19   Lenz further objects to this request on the ground that responsive documents are overwhelmingly

20   likely to be in Defendants' possession, custody and control. Subject to and notwithstanding these

21   objections, Lenz will produce non-privileged documents in her possession, custody, and control,

22   if any, responsive to this request.

23   **REQUEST FOR PRODUCTION NO. 13**

24        All documents that evidence, refer to or relate to (regardless of whether supportive of or

25   contrary to) your allegation that "YouTube treated the demand as a request for a takedown

26   pursuant to Section 512(c)(3) of the DMCA," as alleged by you in ¶ 24 of your SAC.

27   **RESPONSE TO REQUEST FOR PRODUCTION**

28        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1    this request to the extent that it calls for the production of privileged documents and things. Lenz

2    objects to this request on the ground that responsive documents are overwhelmingly likely to be

3    in YouTube's possession, custody and control. Subject to and notwithstanding these objections,

4    Lenz will produce non-privileged documents in her possession, custody, and control, if any,

5    responsive to this request.

6    **REQUEST FOR PRODUCTION NO. 14**

7         All documents that evidence, refer to or relate to (regardless of whether supportive of or

8    contrary to) your allegation that "Prince himself demanded that Universal seek the removal of

9    the" Let's Go Crazy Video, as alleged by you in ¶ 31 of your SAC.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

11        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

12   this request to the extent that it calls for the production of privileged documents and things. Lenz

13   objects to this request on the ground that responsive documents are overwhelmingly likely to be

14   in Defendants' possession, custody and control. Subject to and notwithstanding these objections,

15   Lenz will produce non-privileged documents in her possession, custody, and control, if any,

16   responsive to this request.

17   **REQUEST FOR PRODUCTION NO. 15**

18        All documents that evidence, refer to or relate to (regardless of whether supportive of or

19   contrary to) your allegations that "Universal sent the DMCA notice at Prince's behest," and that

20   Universal sent such a notice "based not on the particular characteristics of the" Let's Go Crazy

21   Video but on Universal's "belief that, as 'a matter or principle,' Prince has the right to have his

22   music removed," as alleged by you in ¶ 31 of your SAC.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

24        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

25   this request to the extent that it calls for the production of privileged documents and things. Lenz

26   further objects to this request on the ground that responsive documents are overwhelmingly

27   likely to be in Defendants' possession, custody and control. Subject to and notwithstanding

28   these objections, Lenz will produce non-privileged documents in her possession, custody, and

1  control, if any, responsive to this request.

2  **REQUEST FOR PRODUCTION NO. 16**

3  All documents that evidence, refer to or relate to (regardless of whether supportive of or
4  contrary to) your allegation that the Let's Go Crazy Video "does not infringe any copyright
5  owned or administered by Defendants," as alleged by you in ¶ 33 of your SAC.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

7  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to
8  this request to the extent that it calls for the production of privileged documents and things. Lenz
9  object to this request to the extent that responsive documents are overwhelmingly likely to be in
10  Defendants' possession, custody and control. Lenz further objects to this request to the extent
11  that it is redundant of prior requests. Subject to and notwithstanding these objections, Lenz will
12  produce non-privileged documents in her possession, custody, and control, if any, responsive to
13  this request.

14  **REQUEST FOR PRODUCTION NO. 17**

15  All documents that evidence, refer to or relate to (regardless of whether in support of or
16  contrary to) your allegation that your use of "Let's Go Crazy" "is a self-evident non-infringing
17  fair use under 17 U.S.C. § 107," as alleged by you in ¶ 34 of your SAC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

19  Lenz incorporates the General Objections set forth above. In addition, Lenz objects to
20  this Request to the extent that it calls for the production of privileged documents and things.
21  Lenz further objects to this request to the extent that responsive documents are overwhelmingly
22  likely to be in Defendants' possession, custody and control. Lenz further objects to this request
23  to the extent that it is redundant of prior requests. Subject to and notwithstanding these
24  objections, Lenz will produce non-privileged documents in her possession, custody, and control,
25  if any, responsive to this request.

26  **REQUEST FOR PRODUCTION NO. 18**

27  All documents that evidence, refer to or relate whether your use of "Let's Go Crazy" is so
28  obvious that the copyright owner or its agent could not have any belief that infringement was

1   taking place.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

3        Lenz objects to this request as vague, ambiguous and unintelligible in that it she cannot

4   discern what is meant by her use being "obvious."   Lenz's response is based on her

5   understanding that Defendants intended to say "is so obviously a fair use." Lenz further objects

6   to this request to the extent that responsive documents are overwhelmingly likely to be in

7   Defendants' possession, custody and control. Lenz further objects to this request to the extent

8   that it is redundant of prior requests.   Lenz will not produce documents responsive to this

9   request, other than documents she has agreed to produce in response to Request No. 17.

10   **REQUEST FOR PRODUCTION NO. 19**

11        All documents that evidence, refer to or relate to (regardless of whether supportive of or

12   contrary to) your allegation that "Defendant had actual subjective knowledge" that the Let's Go

13   Crazy Video "did not infringe any Universal copyrights on the date they sent YouTube the

14   takedown notice regarding the" Let's Go Crazy Video, as alleged by you in ¶ 35 of your SAC.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

16        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

17   this request to the extent that it calls for the production of privileged documents and things.  Lenz

18   further objects to this request on the ground that responsive documents are overwhelmingly

19   likely to be in Defendants' possession, custody and control.  Lenz further objects to this request

20   to the extent that it is redundant of prior requests.   Subject to and notwithstanding these

21   objections, Lenz will produce non-privileged documents in her possession, custody, and control,

22   if any, responsive to this request.

23   **REQUEST FOR PRODUCTION NO. 20**

24        All documents that evidence, refer to or relate to (regardless of whether supportive of or

25   contrary to) your allegation that "Defendants acted in bad faith when they sent the takedown

26   notice," as alleged by you in ¶ 35 of your SAC.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

28        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1   this Request to the extent that it calls for the production of privileged documents and things.

2   Lenz further objects to this request on the ground that responsive documents are overwhelmingly

3   likely to be in Defendants' possession, custody and control. Lenz further objects to this request

4   to the extent that it is redundant of prior requests. Subject to and notwithstanding these

5   objections, Lenz will produce non-privileged documents in her possession, custody, and control,

6   if any, responsive to this request.

7   **REQUEST FOR PRODUCTION NO. 21**

8        All documents that evidence, refer to or relate to (regardless of whether supportive of or

9   contrary to) your allegation that "Defendants should have known, if they had acted with

10   reasonable care or diligence, or would have had no substantial doubt had they been acting in

11   good faith," that the Let's Go Crazy Video "did not infringe any Universal copyrights on the date

12   they sent YouTube their complaint under the DMCA," as alleged by you in ¶ 36 of your SAC.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

14        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

15   this request to the extent that it calls for the production of privileged documents and things. Lenz

16   further objects to this request on the ground that responsive documents are overwhelmingly

17   likely to be in Defendants' possession, custody and control. Lenz further objects to this request

18   to the extent that it is redundant of prior requests. Subject to and notwithstanding these

19   objections, Lenz will produce non-privileged documents in her possession, custody, and control,

20   if any, responsive to this request.

21   **REQUEST FOR PRODUCTION NO. 22**

22        All documents that evidence, refer to or relate to (regardless of whether supportive of or

23   contrary to) your allegation that "Defendants violated 17 U.S.C. § 512(f) by knowingly

24   materially misrepresenting the" Let's Go Crazy Video "infringed Universal's copyright" as

25   alleged by you in ¶ 37 of your SAC.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

27        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

28   this request to the extent that it calls for the production of privileged documents and things. Lenz

1   further objects to this request on the ground that responsive documents are overwhelmingly

2   likely to be in Defendants' possession, custody and control.  Lenz further objects to this request

3   to the extent that it is redundant of prior requests.    Subject to and notwithstanding these

4   objections, Lenz will produce non-privileged documents in her possession, custody, and control,

5   if any, responsive to this request.

6   **REQUEST FOR PRODUCTION NO. 23**

7          All documents that evidence, refer to or relate to (regardless of whether supportive of or

8   contrary to) your allegation that you have "been injured substantially and irreparably" as "a

9   direct and proximate result of Defendants actions," as alleged by you in ¶ 38 of your SAC,

10   including without limitation all documents that evidence, refer to or relate to any costs or

11   attorney's fees your attorneys have represented to the Court that you incurred as a result of

12   Defendants' actions.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

14          Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

15   this request to the extent that it calls for the production of privileged documents and things.  Lenz

16   further objects to this request to the extent that it is redundant of prior requests.  Lenz further

17   objects to this request as overly burdensome and harassing to the extent that it interferes with the

18   attorney-client relationship and seeks documents that are overwhelmingly likely to be privileged.

19   Lenz further objects to this request on the ground that it prematurely calls for expert discovery.

20   Lenz further objects to this request to the extent it seeks third-party documents or documents

21   protected from disclosure under any confidentiality obligation imposed by contract, by order or

22   by understanding binding upon Lenz, and to the extent that responding to this request would

23   interfere with privacy and confidentiality interests of third parties.   Lenz will not produce

24   attorney time or cost records, expert reports, or other expert documents at this stage of this

25   lawsuit.   Subject to and notwithstanding these objections, Lenz will produce non-privileged

26   documents in her possession, custody, and control, if any, responsive to this request.   To the

27   extent that responding to this request would interfere with privacy and confidentiality interests of

28   third parties, Lenz will produce discoverable, responsive and non-privileged documents within

1  her possession, custody and control, if any, upon entry of and pursuant to the terms of an

2  appropriate protective order in this case.

3  **REQUEST FOR PRODUCTION NO. 24**

4      All documents that evidence, refer to or relate to (regardless of whether supportive of or

5  contrary to) your allegation that you are "now fearful that someone might construe some portion

6  of a new home video to infringe a copyright," as alleged by you in ¶ 38 of your SAC.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

8      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

9  this request to the extent that it calls for the production of privileged documents and things. Lenz

10 further objects to this request to the extent that it is redundant of prior requests.  Lenz further

11 objects to this request to the extent it seeks third-party documents or documents protected from

12 disclosure under any confidentiality obligation imposed by contract, by order or by

13 understanding binding upon Lenz, and to the extent that responding to this request would

14 interfere with privacy and confidentiality interests of third parties.   Subject to and

15 notwithstanding these objections, Lenz will produce non-privileged documents in her possession,

16 custody, and control, if any, responsive to this request.  To the extent that responding to this

17 request would interfere with privacy and confidentiality interests of third parties, Lenz will

18 produce discoverable, responsive and non-privileged documents within her possession, custody

19 and control, if any, upon entry of and pursuant to the terms of an appropriate protective order in

20 this case.

21 **REQUEST FOR PRODUCTION NO. 25**

22     All documents that evidence, refer to or relate to any interviews given by you or anyone

23 affiliated with or related to you concerning the Let's Go Crazy Video or this lawsuit.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

25     Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

26 this request as overly broad, unnecessarily burdensome and seeking information that is not

27 reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

28 request to the extent that it calls for the production of privileged documents and things.  Lenz

1    further objects to this request to the extent any such documents are publicly available and,

2    therefore, equally available to Defendants.    Lenz further objects to this request as vague,

3    ambiguous, and unintelligible in that there is no commonly accepted definition of the term

4    "interview" that would permit her to conduct a search.    Lenz further objects to this request to the

5    extent it seeks third-party documents or documents protected from disclosure under any

6    confidentiality obligation imposed by contract, by order or by understanding binding upon Lenz,

7    and to the extent that responding to this request would interfere with privacy and confidentiality

8    interests of third parties.    Lenz further objects to this request to the extent that it seeks documents

9    held by others and not created in the context of an agency relationship because such documents

10    are not within her possession, custody or control, and the request is not reasonably calculated to

11    lead to the discovery of admissible evidence.    To the extent the request seeks documents in the

12    possession of EFF attorneys, employees, or others "affiliated" or "related" to Lenz as a result of

13    activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz further

14    objects that the definition is harassing and intended to chill free political and critical speech.

15    Lenz's responses are based on an understanding that "you or anyone affiliated with or related to

16    you" means Plaintiff and those acting on her behalf in an agency relationship.    Subject to and

17    notwithstanding these objections, and to the extent that she understands the request, Lenz will

18    produce responsive, non-privileged documents within her possession, custody and control, if

19    any, reflecting communications with members of the press in connection with this lawsuit.    To

20    the extent that responding to this request would interfere with privacy and confidentiality

21    interests of third parties, Lenz will produce discoverable, responsive and non-privileged

22    documents within her possession, custody and control, if any, upon entry of and pursuant to the

23    terms of an appropriate protective order in this case.

24    **REQUEST FOR PRODUCTION NO. 26**

25        All documents that constitute, refer to or relate to any statement that you or any third

26    party has posted in any form on the internet regarding the Let's Go Crazy Video or this lawsuit.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

28        Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1  this Request as overly broad, unnecessarily burdensome and seeking information that is not

2  reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

3  Request to the extent that it calls for the production of privileged documents and things. Lenz

4  further objects to this request to the extent any such documents are publicly available and,

5  therefore, equally available to Defendants. Lenz further objects to this request to the extent it

6  seeks third-party documents or documents protected from disclosure under any confidentiality

7  obligation imposed by contract, by order or by understanding binding upon Lenz, and to the

8  extent that responding to this request would interfere with privacy and confidentiality interests of

9  third parties. Lenz further objects to this request to the extent that it seeks documents held by

10 others and not created in the context of an agency relationship because such documents are not

11 within her possession, custody or control, and the request is not reasonably calculated to lead to

12 the discovery of admissible evidence. To the extent the request seeks documents in the

13 possession of EFF attorneys and employees as a result of activities not undertaken on Lenz's

14 behalf in the context of an agency relationship, Lenz further objects that the definition is

15 harassing and intended to chill free political and critical speech. Lenz's responses are based on

16 an understanding that "you" means Plaintiff and those acting on her behalf in an agency

17 relationship. Subject to and notwithstanding these objections, and to the extent that she

18 understands the request, Lenz will produce responsive, non-privileged documents within her

19 possession, custody and control, if any, reflecting her communications with members of the press

20 in connection with this lawsuit and commenting on the lawsuit. To the extent that responding to

21 this request would interfere with privacy and confidentiality interests of third parties, Lenz will

22 produce discoverable, responsive and non-privileged documents within her possession, custody

23 and control, if any, upon entry of and pursuant to the terms of an appropriate protective order in

24 this case.

25 **REQUEST FOR PRODUCTION NO. 27**

26      All documents that refer to or discuss this lawsuit.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

28      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

1  this request as overly broad, unnecessarily burdensome and seeking information that is not

2  reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

3  request to the extent that it calls for the production of privileged documents and things.  Lenz

4  further objects to this request to the extent any such documents are publicly available and,

5  therefore, equally available to Defendants.  Lenz further objects to this request to the extent that

6  it is redundant of prior requests.  Lenz further objects to this request to the extent it seeks third-

7  party documents or documents protected from disclosure under any confidentiality obligation

8  imposed by contract, by order or by understanding binding upon Lenz, and to the extent that

9  responding to this request would interfere with privacy and confidentiality interests of third

10  parties.  Lenz further objects to this request to the extent that it seeks documents held by others

11  and not created in the context of an agency relationship because such documents are not within

12  her possession, custody or control, and the request is not reasonably calculated to lead to the

13  discovery of admissible evidence.  To the extent the request seeks documents in the possession

14  of EFF attorneys and employees as a result of activities not undertaken on Lenz's behalf in the

15  context of an agency relationship, Lenz further objects that the definition is harassing and

16  intended to chill free political and critical speech.  Lenz will not produce documents in response

17  to this request, except to the extent that Lenz has agreed to produce documents responsive to

18  other requests.

19  **REQUEST FOR PRODUCTION NO. 28**

20      All documents that refer to or discuss any of Defendants.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

22      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

23  this request as overly broad, unnecessarily burdensome and seeking information that is not

24  reasonably calculated to lead to the discovery of admissible evidence, at least because

25  Defendants are large corporations with expansive dealings that go far beyond the scope of this

26  case.  For example, if Lenz has in her possession, custody or control CDs published by one or

27  more of the defendants, that is neither relevant nor reasonably calculated to lead to the discovery

28  of admissible evidence.  Lenz further objects to this request to the extent that it calls for the

1   production of privileged documents and things.  Lenz further objects to this request to the extent

2   any such documents are publicly available and, therefore, equally available to Defendants.  Lenz

3   further objects to this request to the extent that it is redundant of prior requests.  Lenz further

4   objects to this request to the extent it seeks third-party documents or documents protected from

5   disclosure under any confidentiality obligation imposed by contract, by order or by

6   understanding binding upon Lenz, and to the extent that responding to this request would

7   interfere with privacy and confidentiality interests of third parties.  Lenz further objects to this

8   request to the extent that it seeks documents held by others and not created in the context of an

9   agency relationship because such documents are not within her possession, custody or control,

10  and the request is not reasonably calculated to lead to the discovery of admissible evidence.  To

11  the extent the request seeks documents in the possession of EFF attorneys and employees as a

12  result of activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz

13  further objects that the definition is harassing and intended to chill free political and critical

14  speech. Lenz will not produce documents in response to this request, except to the extent that

15  Lenz has agreed to produce documents responsive to other requests.

16  **REQUEST FOR PRODUCTION NO. 29**

17      All documents that refer to or discuss "Universal," "UMG," "UMPG," or "Universal

18  Music Group."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

20      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

21  this request as overly broad, unnecessarily burdensome and seeking information that is not

22  reasonably calculated to lead to the discovery of admissible evidence, at least because

23  Defendants are large corporations with expansive dealings that go far beyond the scope of this

24  case.  For example, if Lenz has in her possession, custody or control CDs published by one or

25  more of the defendants, that is neither relevant nor reasonably calculated to lead to the discovery

26  of admissible evidence.  Lenz further objects to this request to the extent that it calls for the

27  production of privileged documents and things.  Lenz further objects to this request to the extent

28  any such documents are publicly available and, therefore, equally available to Defendants. Lenz

1  further objects to this request to the extent that it is redundant of prior requests.  Lenz further

2  objects to this request to the extent it seeks third-party documents or documents protected from

3  disclosure under any confidentiality obligation imposed by contract, by order or by

4  understanding binding upon Lenz, and to the extent that responding to this request would

5  interfere with privacy and confidentiality interests of third parties.  Lenz further objects to this

6  request to the extent that it seeks documents held by others and not created in the context of an

7  agency relationship because such documents are not within her possession, custody or control,

8  and the request is not reasonably calculated to lead to the discovery of admissible evidence.  To

9  the extent the request seeks documents in the possession of EFF attorneys and employees as a

10  result of activities not undertaken on Lenz's behalf in the context of an agency relationship, Lenz

11  further objects that the definition is harassing and intended to chill free political and critical

12  speech. Lenz will not produce documents in response to this request, except to the extent that

13  Lenz has agreed to produce documents responsive to other requests.

14  **REQUEST FOR PRODUCTION NO. 30**

15      All documents that evidence, refer to or relate to any actual or potential agreement

16  between you and any third party regarding the rights to any work by or about you relating to the

17  Let's Go Crazy Video or this lawsuit.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

19      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

20  this request as seeking information that is not reasonably calculated to lead to the discovery of

21  admissible evidence.  Lenz further objects to this request to the extent that it calls for the

22  production of privileged documents and things.  Lenz further objects to this request as vague,

23  ambiguous and unintelligible in that there is no commonly accepted meaning of the terms

24  "agreement" and "the rights to any work by or about you" that would permit her to conduct such

25  a search.  Subject to and notwithstanding these objections, and to the extent that she understands

26  the request, Lenz is not aware of any such agreement.

27  **REQUEST FOR PRODUCTION NO. 31**

28      All documents that constitute, refer to or relate to communications between the

1  Electronic Frontier Foundation and any third party relating to Let's Go Crazy Video or this

2  lawsuit.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

4      Lenz incorporates the General Objections set forth above. In addition, Lenz objects to

5  this Request as overly broad, unnecessarily burdensome and seeking information that is not

6  reasonably calculated to lead to the discovery of admissible evidence. Lenz further objects to this

7  Request to the extent that it calls for the production of privileged documents and things. Lenz

8  further objects to this request to the extent any such documents are publicly available and,

9  therefore, equally available to Defendants. Lenz further objects to this request to the extent that it

10  seeks documents held by others and not created in the context of an agency relationship because

11  such documents are not within her possession, custody or control, and the request is not

12  reasonably calculated to lead to the discovery of admissible evidence. To the extent the request

13  seeks documents in the possession of EFF attorneys and employees as a result of activities not

14  undertaken on Lenz's behalf in the context of an agency relationship, Lenz further objects that

15  the definition is harassing and intended to chill free political and critical speech. Subject to and

16  notwithstanding these objections, and to the extent that she understands the request, Lenz will

17  produce responsive, non-privileged documents within her possession, custody and control

18  relating to EFF's communications with YouTube on her behalf; EFF's communications with

19  members of the press directly relating to this lawsuit, and EFF blog posts made in the context of

20  EFF's role as counsel for Lenz.

21  **REQUEST FOR PRODUCTION NO. 32**

22      All documents that evidence, refer to or relate to actions you have taken to preserve

23  documents relating to this lawsuit.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

25      Lenz objects to this request to the extent that it calls for the production of privileged

26  documents and things. Subject to and notwithstanding these objections, Lenz will produce

27  responsive non-privileged documents, if any, within her possession, custody and control. To the

28  extent that responding to this request would interfere with privacy and confidentiality interests of

1 | third parties, Lenz will produce discoverable, responsive and non-privileged documents within

2 | her possession, custody and control, if any, upon entry of and pursuant to the terms of an

3 | appropriate protective order in this case.

4

5 | Dated:  December 17, 2008                    ELECTRONIC FRONTIER FOUNDATION

6

7                                              By: _____

8                                              CORYNNE MCSHERRY
                                               Attorneys for Plaintiff
9                                              STEPHANIE LENZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2       I, Leticia Perez, declare:

3       I am employed in the City and County of San Francisco, California by Electronic Frontier

4   Foundation at 454 Shotwell Street, San Francisco, California 94110.  I am over the age of eighteen

5   years and am not a party to the within cause.

6       On December 17, 2008, at the above-referenced address, I served the attached

7   PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF

8   REQUESTS FOR PRODUCTION on the interested parties in said cause by

9   ___   personal delivery by messenger service of the document(s) above to the person(s) at the
        address(es) set forth below:

10

11   _X_  placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
        in accordance with the firm's practice of collection and processing correspondence with the
        United States Postal Service, which in the normal course of business provides for the deposit

12      of all correspondence and documents with the United States Postal Service on the same day
        they are collected and processed for mailing to the person(s) at the address(es) set forth below:

13

14   Kelly M. Klaus
     Amy C. Tovar
     MUNGER, TOLLES & OLSEN, LLP

15   355 South Grand Avenue
     35th Floor

16   Los Angeles, California 90071-1560

17   ___   facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date
        before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine

18      telephone number (415) 436-9993, and which transmission was reported as complete and
        without error (copy of which is attached), to facsimile number(s) set forth below:

19

20   ___   consigning the document(s) listed above to an express delivery service for guaranteed delivery
        on the next business day to the person(s) at the address(es) set forth below:

21

22

23      I declare under penalty of perjury under the laws of the State of California that the

     foregoing is true and correct.

24

25   DATED:  December 17, 2008        _____
                                                        LETICIA PEREZ

26

27

28

-1-

PROOF OF SERVICE