# EXHIBIT F

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
AMY C. TOVAR (SBN 230370)
Amy.Tovar@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LENZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING,<br>INC., and UNIVERSAL MUSIC<br>PUBLISHING GROUP,<br><br>        Defendants. | CASE NO.  CV 07-03783-JF<br><br>**DEFENDANTS' FIRST SET OF REQUESTS  TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34** |

6250592.1

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group ("Defendants") request that Plaintiff produce, not later than thirty days from the date of service hereof, the documents and things described in the following Rule 34 requests at the offices of Munger, Tolles & Olson LLP, 355 South Grand Avenue, 35th Floor, Los Angeles, CA 90071, or at such other place and time as may be agreed by counsel for the parties.

## DEFINITIONS AND INSTRUCTIONS

1.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      The terms "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3.      The terms "any," "each," "all," and "every" shall be construed wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

4.      As used herein, the term "document(s)" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, invoices, bills, statements, transcripts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices. The term "document(s)" shall also mean each copy that is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

5. The terms "you" and "your" refer collectively to Plaintiff Stephanie Lenz and her employees, agents, attorneys and advisors.

6. The term "Defendants" refers collectively to Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group.

7. The term "YouTube" means YouTube, LLC or YouTube, Inc., as well as any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, or other entities or websites within their operation or control, and their respective present or former officers, directors, employees, agents and advisors.

8. The term "Let's Go Crazy Video" refers to the video posted to YouTube at www.youtube.com/watch?v=N1KfJHFWlhQ or any portion thereof.

9. You are required to produce all documents in the possession, custody or control of you or any of your partners, agents, employees, representatives, attorneys, auditors, accountants, or other professionals or experts.

10. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such document, in addition to the document.

11. Pursuant to Federal Rule of Civil Procedure 34(b), you shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to these enumerated requests. In either case, documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such documents are to be produced intact with such file folders, loose-leaf binders, or notebooks. In producing documents, all documents that are physically attached to each other shall be left so attached. Documents that are segregated or separated from other documents, shall be left so segregated or separated.

12. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(ii), you shall produce electronically stored information as follows:

All emails and e-files shall be produced as single page 300 dpi TIFF images with a Concordance load file and Opticon image cross reference file, indicating the range of TIFF

- 2 -

Defendants' 1st Set of RFP's
NO. CV 07-03783-JF

images for each record.  The Concordance load file shall contain at least the following delimited fields of metadata:

| **For E-Mail** | **For E-Files** |
| --- | --- |
| Creation Date | File Type |
| Sent Date | File Name |
| Received Date | File Size |
| Email Folder | File Path |
| Subject | Creation Date |
| Author | Modified Date |
| Recipient | Accessed Date |
| Cc | Extracted Text |
| Bcc | |
| Extracted Text | |

For each record, the Concordance load file shall also contain the custodian name/source of each record, the beginning and ending production bates number and the bates range of any existing attachments to a produced record (for e-mails).

Databases or any other e-files that are not otherwise processable (or will otherwise lose context/meaning from processing) shall be produced in native format.  Reasonable efforts should be made to meet-and-confer regarding any proprietary database formats to determine how they (or their relevant content) can be produced in a reasonably usable format.  Defendants further reserve the right to request production or re-production of any produced document in native format, should the electronic format be determined to be more reasonably usable.

All images should be branded with production bates numbers for reference and should also be branded with any designation for special treatment (i.e. Confidential), pursuant to any applicable protective order that may be entered in this matter.

Redacted documents shall be produced in accordance with the same production specification as indicated above, however, in lieu of extracted text, Optical Character Recognition (OCR) may be provided of the redacted text of the document.  Any redactions should be clearly marked on the TIFF images.

If you find any part of this specification unclear, or if you contend it is burdensome, Defendants request that you promptly communicate with Defendants' counsel to discuss the forms and volume of electronically stored information to be collected and produced.

13.     These requests are continuing in character so as to require you to produce for inspection and copying any documents not previously produced that you may from time to time acquire, obtain, locate, or identify, in accordance with the duty to supplement and correct under Federal Rule of Civil Procedure 26(e).

14.     If no documents are responsive to a particular request, you should state that no responsive documents exist.

15.     Any document responsive to a Rule 34 request that you do not produce by reason of a claim of privilege or otherwise, shall be identified in writing as follows:

      A.     State the general subject matter;

      B.     State the date the document was prepared and the date it bears;

      C.     Identify each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of the document;

      D.     Identify each person to whom the document was addressed and each person to whom the original or a copy of the document was sent;

      E.     Identify each person who has custody of the original or a copy of the document;

      F.     Identify each person referred to in the immediately preceding subparagraphs C, D, and E by stating his or her full name, job title, and business address, both currently and at the time he or she first had any involvement with the document; and

      G.     State the privilege or immunity asserted.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents that constitute, refer to or relate to the Let's Go Crazy Video or any and all copies of the same, including without limitation the complete version of the video file from which the Let's Go Crazy Video was derived.

2.     All documents that constitute, refer to or relate to communications between you and YouTube, including without limitation any communications between your counsel and YouTube relating to the Let's Go Crazy Video or this lawsuit.

6250592.1

3.     All documents that constitute, refer to or relate to videos or audio recordings you have posted to YouTube or any other website, including without limitation the complete version of any video file from which any such posting was derived.

4.     All documents that evidence, refer to or relate to your purpose in creating or posting the Let's Go Crazy Video.

5.     All documents that evidence, refer to or relate to the performance or display of the Let's Go Crazy Video.

6.     All documents that evidence, refer to or relate to any uploading of the Let's Go Crazy Video to YouTube or any other website.

7.     All documents that evidence, refer to or relate to any of the allegations in or exhibits to your Second Amended Complaint ("SAC"), including without limitation all documents that support or that are contrary to any of the allegations in your SAC.

8.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that the Let's Go Crazy Video "could not substitute for the original Prince song in any conceivable market," as alleged by you in ¶ 15 of your SAC.

9.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that your "mother has difficulty downloading email files," as alleged by you in ¶ 16 of your SAC, including without limitation any email communications between you and your mother that include email attachments and any emails referring or relating to such attachments and whether they were opened or downloaded.

10.     Documents sufficient to identify the names and addresses of your "friends and family" members whom you allege at ¶ 17 of your SAC that you intended to enjoy the Let's Go Crazy Video.

11.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that Defendants "employ staff who are familiar with the Digital Millennium Copyright Act (including the Section 512 'good faith' requirements and the obligation to submit Section 512 notices under penalty of perjury), as well as the principles and application of the fair use doctrine," as alleged by you in ¶ 19 of your SAC.

12.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that Defendants "decided to issue a DMCA takedown notice despite their knowledge that the use of the Prince song in the video was a non-infringing fair use," as alleged by you in ¶ 20 of your SAC.

13.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that "YouTube treated the demand as a request for a takedown pursuant to Section 512(c)(3) of the DMCA," as alleged by you in ¶ 24 of your SAC.

14.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that "Prince himself demanded that Universal seek the removal of the" Let's Go Crazy Video, as alleged by you in ¶ 31 of your SAC.

15.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegations that "Universal sent the DMCA notice at Prince's behest," and that Universal sent such a notice "based not on the particular characteristics of the" Let's Go Crazy Video but on Universal's "belief that, as 'a matter or principle,' Prince has the right to have his music removed," as alleged by you in ¶ 31 of your SAC.

16.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that the Let's Go Crazy Video "does not infringe any copyright owned or administered by Defendants," as alleged by you in ¶ 33 of your SAC.

17.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that your use of "Let's Go Crazy" "is a self-evident non-infringing fair use under 17 U.S.C. § 107," as alleged by you in ¶ 34 of your SAC.

18.     All documents that evidence, refer to or relate to whether your use of "Let's Go Crazy" is so obvious that the copyright owner or its agent could not have any belief that infringement was taking place.

19.     All documents that evidence, refer to or relate to (regardless of whether supportive of or contrary to) your allegation that "Defendants had actual subjective knowledge" that the Let's Go Crazy Video "did not infringe any Universal copyrights on the date they sent

1   YouTube the takedown notice regarding the" Let's Go Crazy Video, as alleged by you in ¶ 35 of
2   your SAC.

3          20.    All documents that evidence, refer to or relate to (regardless of whether
4   supportive of or contrary to) your allegation that "Defendants acted in bad faith when they sent
5   the takedown notice," as alleged by you in ¶ 35 of your SAC.

6          21.    All documents that evidence, refer to or relate to (regardless of whether
7   supportive of or contrary to) your allegation that "Defendants should have known, if they had
8   acted with reasonable care or diligence, or would have had no substantial doubt had they been
9   acting in good faith," that the Let's Go Crazy Video "did not infringe any Universal copyrights on
10  the date they sent YouTube their complaint under the DMCA," as alleged by you in ¶ 36 of your
11  SAC.

12         22.    All documents that evidence, refer to or relate to (regardless of whether
13  supportive of or contrary to) your allegation that "Defendants violated 17 U.S.C. § 512(f) by
14  knowingly materially misrepresenting the" Let's Go Crazy Video "infringed Universal's
15  copyright," as alleged by you in ¶ 37 of your SAC.

16         23.    All documents that evidence, refer to or relate to (regardless of whether
17  supportive of or contrary to) your allegation that you have "been injured substantially and
18  irreparably" as "a direct and proximate result of Defendants' actions," as alleged by you in ¶ 38
19  of your SAC, including without limitation all documents that evidence, refer to or relate to any
20  costs or attorneys' fees your attorneys have represented to the Court that you incurred as a result
21  of Defendants' actions.

22         24.    All documents that evidence, refer to or relate to (regardless of whether
23  supportive of or contrary to) your allegation that you are "now fearful that someone might
24  construe some portion of a new home video to infringe a copyright," as alleged by you in ¶ 38 of
25  your SAC.

26         25.    All documents that evidence, refer to or relate to any interviews given by
27  you and or anyone affiliated with or related to you concerning the Let's Go Crazy Video or this
28  lawsuit.

- 7 -

6250592.1

26. All documents that constitute, refer to or relate to any statement that you or any third party has posted in any form on the Internet regarding the Let's Go Crazy Video or this lawsuit.

27. All documents that refer to or discuss this lawsuit.

28. All documents that refer to or discuss any of Defendants.

29. All documents that refer to or discuss "Universal," "UMG," "UMPG," or "Universal Music Group."

30. All documents that evidence, refer to or relate to any actual or potential agreement between you and any third party regarding the rights to any work by or about you relating to the Let's Go Crazy Video or this lawsuit.

31. All documents that constitute, refer to or relate to communications between the Electronic Frontier Foundation and any third party relating to Let's Go Crazy or the lawsuit.

32. All documents that evidence, refer to or relate to actions you have taken to preserve document relating to this lawsuit.

DATED: November 3, 2008                    MUNGER, TOLLES & OLSON LLP


By: _Kelly M. Klaus /Act_
       KELLY M. KLAUS

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING
GROUP

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO:

3

        I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

4

5

        On November 3, 2008, I served upon the interested party(ies) in this action the foregoing document(s) described as:

6

7

## DEFENDANTS' FIRST SET OF REQUESTS TO PLAINTIFF FOR PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 34

8

9

10

☒ **BY HAND DELIVERY (AS INDICATED ON THE ATTACHED SERVICE LIST)** By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

11

12

☐ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

13

14

15

16

17

☐ **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

18

19

☐ **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (415) 512-4083. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

20

21

22

23

24

☐ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

25

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

28

6272047.1

- 1 -

1   Michael Kwun
    Corynne McSherry
2   ELECTRONIC FRONTIER
    FOUNDATION
3   454 Shotwell Street
    San Francisco, CA  94110
4
5   *Attorneys for Plaintiffs*
    Stephanie Lenz
6
    Executed on November 3, 2008, at San Francisco, California.
7
8                                          _____
                                                    Lori A. Nichols
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6272047.1                              - 2 -