# EXHIBIT G

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
AMY C. TOVAR (SBN 230370)
Amy.Tovar@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LENZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNIVERSAL MUSIC CORP.,<br>UNIVERSAL MUSIC PUBLISHING,<br>INC., and UNIVERSAL MUSIC<br>PUBLISHING GROUP,<br><br>　　　　Defendants. | CASE NO. CV 07-03783-JF<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |

6192431.1

Pursuant to Federal Rule of Civil Procedure 34, Defendants Universal Music Corp., Universal Music Publishing, Inc., and Universal Music Publishing Group ("Defendants"), hereby submit the following objections and responses to Plaintiffs' First Set of Requests for Production of Documents ("Requests").

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each and every response to each and every specific request.

1. Defendants object to the Requests to the extent they purport to impose on Defendants any obligation that is different from or greater than any obligation imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or any other applicable law or rule.

2. Defendants object to the Requests to the extent they request production of documents subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, including without limitation any joint privilege relating to the same. Defendants claim such privileges and protections to the extent implicated by each request, and exclude privileged and protected information from their responses to the Requests. Any disclosure of such protected or privileged information is inadvertent, and is not intended to waive those privileges or protections.

3. Defendants object to the Requests to the extent they seek documents not in Defendants' possession, custody, or control; that are equally available to Plaintiff; or that could be derived or ascertained by Plaintiff with substantially the same effort that would be required of Defendants.

4. Defendants object to the Requests to the extent they seek documents that contain any confidential, proprietary, trade secret information, and/or competitively sensitive material. Defendants will produce responsive, non-privileged documents containing such information only upon the entry of, and in accordance with the terms of, an appropriate protective order in this case.

5. To the extent any Request seeks to obtain all documents concerning an identified contention or factual issue, Defendants object that the Request is premature. Defendants' responses are necessarily preliminary and are made without prejudice to their right to produce, introduce or rely upon documents that may be later discovered or produced.

6. Defendants object to the Requests, and to Instruction No. 14 regarding the same, to the extent they seek or purport to require the production documents in Defendants' possession, custody or control that were created after, or that relate to events occurring after, the filing of Plaintiff's original Complaint in this action, on the grounds that such documents (a) are not relevant to, or reasonably calculated to lead to the discovery of admissible evidence relating to, any claim or defense in this action and/or (b) are overwhelmingly likely to call for the production of material protected by the attorney-client privilege or work product doctrine. Defendants will not search for or produce such documents.

7. Defendants will make reasonable efforts to search for responsive, discoverable information in the places where such information is reasonably likely to be found, and Defendants object to the Requests to the extent they purport to require a broader search.

8. Defendants object to the Requests to the extent they seek documents outside the applicable statue of limitations period.

9. In responding to the Requests, Defendants do not waive, or intend to waive, any privilege or objection, including, but not limited to, any objections to the competency, relevance, materiality, or admissibility of any of the documents produced in response to the Requests. No objection or response made in these responses and objections shall be deemed to constitute a representation by Defendants as to the existence or non-existence of the documents requested.

10. Defendants object to Requests containing the defined term "UNIVERSAL" as vague, ambiguous, overly broad and unduly burdensome to the extent this term includes any entity other than the named Defendants.

11. Defendants object to Requests containing the defined term "YOUTUBE" as vague, ambiguous, overly broad and unduly burdensome to the extent this term includes any entity other than YouTube, LLC and/or YouTube, Inc.

12. Defendants object to Requests containing the defined term "HOLDEN VIDEO" as vague, ambiguous, overly broad and unduly burdensome to the extent this term refers to any video other than the video posted to YouTube at www.youtube.com/watch?v=N1KfJHFWlhQ.

13. Defendants object to Requests containing the defined term "PRINCE" as vague, ambiguous, overly broad and unduly burdensome to the extent this term includes any person or entity other than Prince Rogers Nelson, professionally known as "Prince."

14. Defendants object to Requests containing the defined term "DOCUMENT(S)" as vague, ambiguous, overly broad and unduly burdensome to the extent the term purports to require Defendants to produce information other than as embodied in documents as defined by the Federal Rules of Civil Procedure.

15. Defendants object to Instruction Paragraph 4 as unduly burdensome and not required by the Federal Rules or Local Rules of this District. Defendants are under no obligation to, and will not, identify which particular request or requests any documents Defendants produce may be responsive to. Defendants are under no obligation to, and will not, produce any log of documents no longer in their possession, custody or control. Defendants are under no obligation to, and will not, produce electronically stored information in the form in which it is ordinarily maintained. Defendants will produce electronically stored information in a reasonably usable form.

16. Defendants object to Instruction Paragraph 5 to the extent it purports to impose any obligation for Defendants to prepare a privilege log, if any, in excess of the requirements of the Federal Rules of Civil Procedure. Any privilege log that Defendants prepare will be completed in accordance with the requirements of the Federal Rules.

17. Defendants object to Instruction Paragraph 6 as unduly burdensome and not required by the Federal Rules or Local Rules of this District.

18. Defendants reserve the right to supplement or modify their responses and objections to the Requests.

6192431.1 - 3 - Defendants' Responses to 1st Set of RFP's
NO. CV 07-03783-JF

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including because the Request fails to define the term "this lawsuit." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the HOLDEN VIDEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous. Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO LENZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous. Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants possession, custody or control that refer or relate to Plaintiff Stephanie Lenz.

**REQUEST FOR PRODUCTION NO. 4:**

All communications with YOUTUBE RELATING TO any material UNIVERSAL has claimed infringes any of its copyrights or the copyrights of PERSONS on whose behalf UNIVERSAL is authorized to act, and all DOCUMENTS RELATING TO any such communications, all contracts with YouTube RELATING TO policing or responding to infringement of the copyrights in any material UNIVERSAL owns or with respect to which UNIVERSAL is authorized to act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague, ambiguous and unintelligible, including because the Request fails to define "any material UNIVERSAL has claimed infringes any of its copyrights or the copyrights of PERSONS on whose behalf UNIVERSAL is authorized to act" or "contracts with YouTube RELATING TO policing or responding to infringement of the copyrights in any material UNIVERSAL owns or with respect to which UNIVERSAL is authorized to act." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to their communications with YouTube regarding removing or disabling access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 5:**

All communications with PRINCE RELATING TO material on the Internet that allegedly infringes any copyrights RELATING TO material as to which PRINCE claims to hold a copyright interest, and all DOCUMENTS RELATING TO any such communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the terms "material on the Internet that allegedly infringes any copyrights" and "material as to which PRINCE claims to hold a copyright interest." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that constitute, refer to or relate to communications with PRINCE concerning whether to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 6:**

All communications with PRINCE RELATING TO allegations of copyright on YOUTUBE, and all DOCUMENTS RELATING TO any such communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague, ambiguous and unintelligible, including the Request's failure to define the term "allegations of copyright on YOUTUBE." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that constitute, refer to or relate to communications with PRINCE concerning whether to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO any of the videos identified in the email that is attached as Exhibit A to the Second Amended Complaint in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous. Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO the decision to send the email that is attached as Exhibit A to the Second Amended Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the terms "the decision" and "to send." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to any decision whether to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the decision to request that YOUTUBE take down the HOLDEN VIDEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the terms "the decision," "to request," and "take down." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request's use of the term "take down." Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to any decision whether to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO any UNIVERSAL policies and/or practices RELATING TO requests to remove or disable materials posted on the Internet that UNIVERSAL claims or has claimed infringe any copyrights UNIVERSAL holds or administers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the terms "policies and/or practices," "requests to remove or disable materials posted on the Internet," and "claims or has claimed infringe any copyrights UNIVERSAL holds or administers." Defendants further

object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO any UNIVERSAL policies and/or practices RELATING TO requests to remove or disable materials posted on the Internet that PRINCE claims infringe any copyrights PRINCE holds or administers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the terms "policies and/or practices," "requests to remove or disable materials posted on the Internet," and "claims infringe any copyrights PRINCE holds or administers." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO the article attached as Exhibit E to the Second Amended Complaint in this action, including without limitation DOCUMENTS RELATING TO any of the statements quoted or referenced in that article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous. Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO the article attached as Exhibit F to the Second Amended Complaint in this action, including without limitation DOCUMENTS RELATING TO any of the statements quoted or referenced in that article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous. Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any harm to any actual or potential licensing market caused to UNIVERSAL by the HOLDEN VIDEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the terms "any harm," "actual or potential licensing market," and "caused ... by." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to any consideration by Defendants of the fair use doctrine in connection with any decision to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO the purpose of the HOLDEN VIDEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including the Request's failure to define the term "the purpose of the HOLDEN VIDEO." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as seeking information that could not possibly be known to Defendants but that could be known, if at all, only to Plaintiff and others known only to Plaintiff. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to any consideration by Defendants of the fair use doctrine in connection with any decision to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFW1hQ.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO the amount of copyrighted material as to which UNIVERSAL holds or administer an interest that is used in the HOLDEN VIDEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "the amount of copyrighted material" and "used in the HOLDEN VIDEO." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to any consideration by Defendants of the fair use doctrine in

1  connection with any decision to request that YouTube remove or disable access to the YouTube
2  posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS discussing fair use RELATING TO the HOLDEN VIDEO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the term "fair use RELATING TO the HOLDEN VIDEO." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, in Defendants' possession, custody or control that refer or relate to any consideration by Defendants of the fair use doctrine in connection with any decision to request that YouTube remove or disable access to the YouTube posting at www.youtube.com/watch?v=N1KfJHFWlhQ.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS discussing fair use RELATING TO enforcement of copyright claims on the Internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "fair use RELATING TO enforcement of copyright claims" and "on the Internet." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS discussing fair use RELATING TO any video that UNIVERSAL claims or has claimed infringes any copyrights UNIVERSAL holds or administers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "fair use RELATING TO any video" and "claims or has claimed infringes." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to identify the job title and job description for Alina Moffat, David Benjamin, David Renzer, Robert Allen, and Sean Johnson (i.e., the sender and cc recipients of the email attached as Exhibit A to the Second Amended Complaint in this lawsuit).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "sufficient to identify" and "job description." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request on the ground that information regarding the job title(s) of individual employees should be sought by a properly drafted interrogatory rather than a document request.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to identify all PERSONS retained to implement any UNIVERSAL policies RELATING TO requests to remove or disable materials posted on the Internet that UNIVERSAL claims or has claimed infringe any copyrights UNIVERSAL holds or administers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "sufficient to identify," "retained to implement," "any UNIVERSAL policies," "requests to remove or disable materials," "posted on the Internet," and "claims or has claimed." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to identify all PERSONS retained to implement any UNIVERSAL policies RELATING TO requests to remove or disable any materials posted on the Internet that PRINCE claims or has claimed infringe any copyrights PRINCE claims to hold or administer, or otherwise incorporates any materials as to which PRINCE claims to hold or administer a copyright interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "sufficient to identify," "retained to implement," "any UNIVERSAL policies," "requests to remove or disable any materials," "posted on the Internet," "claims or has claimed," "claims to hold or administer," "otherwise incorporates," "any materials" and "a copyright interest." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 23:**

UNIVERSAL's document retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the term "document retention policies." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, that refer or relate to Defendants' preservation of documents relating to the claim or defenses asserted in this case.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO UNIVERSAL's efforts to preserve DOCUMENTS relevant to this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate their General Objections. Defendants specifically object to this Request as vague and ambiguous, including in the Request's failure to define the terms "efforts to preserve" and "DOCUMENTS relevant to this case." Defendants further object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce non-privileged documents, if any, that refer or relate to Defendants' preservation of documents relating to the claim or defenses asserted in this case this case.

| | | |
|---|---|---|
| 1 | DATED: November 3, 2008 | MUNGER, TOLLES & OLSON LLP |

By: *Kelly M. Klaus/AJT*
KELLY M. KLAUS

Attorneys for Defendants
UNIVERSAL MUSIC CORP.,
UNIVERSAL MUSIC PUBLISHING, INC.,
AND UNIVERSAL MUSIC PUBLISHING
GROUP

**PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO:

    I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

    On November 3, 2008, I served upon the interested party(ies) in this action the foregoing document(s) described as:

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

[x] **BY HAND DELIVERY (AS INDICATED ON THE ATTACHED SERVICE LIST)** By placing [x] the original(s) [ ] a true and correct copy(ies) thereof, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

[ ] **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

[ ] **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

[ ] **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By causing to be sent a true and correct copy(ies) of said document via facsimile transmission. The transmission was reported as complete and without error. A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference. The telephone number of the facsimile machine I used was (415) 512-4083. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

[ ] **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

[x] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

- 1 -

Michael Kwun
Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110

*Attorneys for Plaintiffs*
Stephanie Lenz

Executed on November 3, 2008, at San Francisco, California.

_____
Lori A. Nichols