# EXHIBIT K

## MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE

THIRTY-FIFTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

---

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

November 19, 2009

WRITER'S DIRECT LINE
(213) 683-9238
(213) 683-4038 FAX
Kelly.Klaus@mto.com

**VIA E-MAIL AND U.S. MAIL**

| | |
|---|---|
| Michael S. Kwun | Kurt Opsahl |
| Melissa J. Miksch | Corynne McSherry |
| Keker & Van Nest LLP | Electronic Frontier Foundation |
| 710 Sansome Street | 454 Shotwell Street |
| San Francisco, CA 94111-1704 | San Francisco, CA 94110 |

Re: *Lenz v. Universal Music Corp., et al.*

Dear Counsel:

      I am writing in response to the email that Melissa sent on November 11, 2009 (the one at 5:46 p.m.) and Plaintiff's subsequent production later the same evening of dozens of additional documents. These additional documents clearly are responsive to numerous of Universal's document requests. Plaintiff, however, inexplicably failed to produce these documents earlier in this litigation. We have multiple concerns with this production, and also with Plaintiff's attempt to evade further compliance with her discovery obligations.

      *First*, it is outrageous that Plaintiff is producing these documents at this time, nearly two months after we deposed her. Melissa's email offers no explanation for this late production. This raises multiple questions, as to which we are entitled to *immediate* answers in order to determine whether Plaintiff is complying with her discovery obligations.

9308947.1

MUNGER, TOLLES & OLSON LLP

Michael S. Kwun, Melissa J. Miksch
Kurt Opsahl, Corynne McSherry
November 19, 2009
Page 2

These questions include:

- *How* did Plaintiff and your office come to "identify" these "additional documents"?

- *When* did your office receive these documents from Plaintiff?

- *Why* were these documents not produced months ago, and well in advance of Plaintiff's deposition?

- *What* additional documents from Plaintiff do Plaintiff's counsel have in their possession (other than documents as to which Plaintiff is asserting privilege), and *when* will you be producing those?

*Second*, this most recent production includes a number of exchanges with Theryn Fleming. Given your prior representations to the Court that your client believed Ms. Fleming was giving her legal advice regarding this case, how can it possibly be that these documents were neither logged nor produced months or even a year ago? Along those same lines, we are *still* waiting for an explanation about why the email string with Plaintiff's and Ms. Fleming's "winky" exchange about the "substantial and irreparable" injury allegation in Plaintiff's complaint was "inadvertently" not logged in this case. What is the explanation?

*Third*, Plaintiff's late production and further withholding of other documents is prejudicing Defendants' ability to obtain complete discovery of all relevant facts. We deposed Plaintiff on September 16, 2009, more than two years into this litigation. However, we now know that we did not have a complete production of Plaintiff's documents, and thus we were not able to question her regarding numerous of her relevant documents and statements. Some of these documents are discussed in our opposition to the pending summary judgment motion. There are others in the belated production that we also have the right to question Plaintiff about. When Plaintiff finally makes a complete production of all relevant documents, there almost certainly will be other documents that we will have the right to question Plaintiff about. Once Plaintiff's counsel has certified that Plaintiff's document production is complete, we insist on having an additional opportunity to depose Plaintiff. That deposition will have to take place in San Francisco. It would be unfair and inappropriate for Plaintiff to require Defendants to incur the cost of traveling to Pennsylvania to depose Plaintiff, when the cause for the additional deposition is Plaintiff's late production of documents.

*Fourth*, we object strenuously to Plaintiff's attempt to cut off the date for her responsive documents to the date she filed the Second Amended Complaint. As you know, Plaintiff has produced *numerous* documents that post-date the Second Amended Complaint that relate to the claims and defenses in this litigation. Among other things, such documents are directly relevant to the lack of merit in Plaintiff's claim and to Defendants' affirmative defenses, including the defenses of bad faith and unclean hands.

9308947.1

MUNGER, TOLLES & OLSON LLP

Michael S. Kwun, Melissa J. Miksch
Kurt Opsahl, Corynne McSherry
November 19, 2009
Page 3

    Melissa's email asserts that Plaintiff has decided unilaterally that the date of her Second Amended Complaint is an appropriate cut-off for *Plaintiff's* production, because Judge Seeborg set that as the cut-off date for *Defendants'* collection and production of documents. That is comparing apples and oranges. The relevant facts concerning Defendants' knowledge and actions involve the date of the email to YouTube that referenced Plaintiff's posting. Weighing the potential for discovering relevant information and the actual burden of a cut-off for Defendants' production obligations, Judge Seeborg made a determination that *Defendants'* cut-off date should be April 18, 2008.

    The balance is very different with respect to *Plaintiff's* documents. Plaintiff's post complaint (and post-Second Amended Complaint) documents discussing this lawsuit are highly relevant to the veracity (or lack thereof) of her allegations, and her knowledge that matters she has been alleging are not true. This is clear from numerous of the documents that post-date these events that already have been produced in this litigation. As you know, your client has continued to make *numerous* statements reflecting on her allegations and this lawsuit *throughout* the course of this litigation. You may be frustrated by your client's continued discussion of these matters (including her continued waiving of privilege over communications she has had with you regarding this case), but that is not a reason for withholding relevant information. On the other side of the balance, the burden on you and your client of searching for and producing documents that post-date the Second Amended Complaint is trivial to non-existent.

    We expect Plaintiff to continue retaining, collecting, and producing documents concerning this matter, regardless of whether they post-date the Second Amended Complaint. If Plaintiff refuses to do that, please let me know that *immediately*, because we will be filing a motion to compel with Judge Seeborg. Please also let me know *immediately* if Plaintiff's counsel have in their possession additional documents from their client that post-date the filing of the Second Amended Complaint, so that we can provide that information to Judge Seeborg in connection with any burden objection.

    *Finally*, as I am sure you know, your client has placed a "password protect" on her "So Anyway" Blog. Plaintiff's November 11, 2009 posting announcing her "Changes" states that, "I am 100% done with defending my opinions in my own blog[,]" and "I've had enough of not feeling free to express myself in this life[.]" I do not know if Plaintiff is making reference to this litigation or to the fact that her statements about this case constitute relevant, discoverable evidence. Whatever the reason for Plaintiff's having placed a "password protect" on her blog, if your client is discussing anything related to this litigation on her blog (or anywhere else), we expect you to obtain those postings (and any related comments) and produce them to us expeditiously.

9308947.1

MUNGER, TOLLES & OLSON LLP

Michael S. Kwun, Melissa J. Miksch
Kurt Opsahl, Corynne McSherry
November 19, 2009
Page 4

      Thank you for your prompt attention to these matters.

                              Sincerely,

                              *Kelly M. Klaus/msg*

                              Kelly M. Klaus

MUNGER, TOLLES & OLSON LLP

9308947.1