ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN - #192657
KURT OPSAHL – 191303
CORYNNE MCSHERRY - #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993
Email: fred@eff.org;  kurt@eff.org
         corynne@eff.org

KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN - #198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
         mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>              Plaintiff,<br><br>     v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>              Defendants. | Case No. C-07-03783-JF<br><br>**DECLARATION OF MELISSA J. MIKSCH IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DESIGNATION OF WITNESS UNDER FED. R. CIV. P. 30(B)(6)**<br><br>Date:       March 30, 2010<br>Time:       10:00 a.m.<br>Dept:       5<br>Judge:      Hon. Patricia V. Trumbull<br><br>Date Comp. Filed:     July 24, 2007<br><br>**[MOTION TO COMPEL AND PROPOSED ORDER FILED HEREWITH]** |

I, MELISSA J. MIKSCH, declare and state:

1. I am an attorney licensed to practice law in the State of California and am an associate with Keker & Van Nest LLP, attorneys for plaintiff Stephanie Lenz in the above-captioned action. I have knowledge of the facts set forth herein, and if called upon as a witness thereto, I could do so competently under oath.

2. I make this Declaration in Partial Support of Plaintiff's Motion to Compel Designation of Witnesses Under Fed. R. Civ. P. 30(b)(6).

3. On August 19, 2009, Ms. Lenz served identical Notices of Deposition under Fed. R. Civ. P. 30(b)(6) on each of the named Defendants. Defendants (hereinafter "Universal") have acted collectively with respect to designations under Rule 30(b)(6) and have not taken individual positions on any related issues. Therefore, for the convenience of the Court, only one of the three identical notices is attached hereto as Exhibit A.

4. On September 1, 2009, I received a letter from Kelly Klaus, counsel for Universal, objecting to the Rule 30(b)(6) Notices of Deposition in their entirety. A true and correct copy of that letter is attached hereto as Exhibit B.

5. I replied by letter on September 4, 2009, outlining problems with Universal's objections. A true and correct copy of that letter is attached hereto as Exhibit C.

6. After this exchange of letters, counsel for both parties agreed by email to continue the meet and confer process on this issue in advance of Ms. Lenz's depositions of Universal's witnesses.

7. My co-counsel, Michael Kwun, reopened the meet and confer process on January 7, 2010, in an email to Mr. Klaus (on which I was copied) setting out topics for a forthcoming call. In that call on January 12, Mr. Klaus said that Universal would produce witnesses on some topics but not all (and did not state a position with respect to any particular topic).

8. One week later, on January 19, Mr. Kwun sent an email to Mr. Klaus asking when Ms. Lenz could expect to hear Universal's position on her 30(b)(6) notices. Mr. Klaus replied that he would provide Universal's position before depositions began.

9. The parties then scheduled the deposition of Sean Johnson, a witness for

1  Defendants, for January 28.  On the 26th, Mr. Kwun again asked Mr. Klaus by email to respond
2  to the 30(b)(6) issue.  On January 27, Mr. Klaus responded by email stating that Defendants
3  would not designate Mr. Johnson as a witness on any of the Rule 30(b)(6) topics, and that
4  Defendants would respond separately to Ms Lenz's request for Rule 30(b)(6) witness
5  designations.  *Id*.

6       10.    Universal did not provide any further response until Melinda LeMoine (counsel
7  for Universal) sent a letter by email at the close of business on Friday, January 29.  A true and
8  correct copy of that letter is attached hereto as Exhibit D.

9       11.    On Tuesday, February 2, Mr. Kwun and I spoke with Mr. Klaus by telephone.  On
10  that call, Mr. Klaus repeated Universal's contention that designation on other topics was
11  unnecessary because the individual witnesses have knowledge relevant to them.  Mr. Kwun
12  pointed out that Ms. Lenz is entitled to all of the information on a given topic available to
13  Universal as an entity, and if an individual deponent has all of that knowledge, Universal should
14  simply designate that person on that topic.  Alternatively, we asked whether Universal would
15  confirm that those individuals have all of the information available to Universal on the remaining
16  topics.  We also asked whether Universal would agree not to present evidence or testimony about
17  those topics beyond what those individuals could provide at their depositions if Ms. Lenz agreed
18  to withdraw her request for Rule 30(b)(6) witnesses.

19       12.    Mr. Klaus agreed to discuss these options with his client, but did not inform Ms.
20  Lenz of Universal's decision until 5:20 pm yesterday, February 8—the day before the parties had
21  mutually agreed to file outstanding discovery motions.  A true and correct copy of the letter from
22  Mr. Klaus to me, received by email at 5:20 p.m. on February 8, is attached hereto as Exhibit E.

24      I declare under penalty of perjury under the laws of the State of California that the
25  foregoing is true and correct, and that this declaration was executed on February 9, 2010, in
26  San Francisco, California.

27                                              ___*/s/ Melissa J. Miksch*_____
                                               MELISSA J. MIKSCH