1   KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
2   MELINDA E. LEMOINE (SBN 235670)
Melinda.LeMoine@mto.com
3   MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
4   Thirty-Fifth Floor
Los Angeles, CA  90071-1560
5   Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702
6
Attorneys for Defendants
7   UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC
PUBLISHING, INC. and UNIVERSAL MUSIC
8   PUBLISHING GROUP

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12   STEPHANIE LENZ,                         CASE NO.  C 07-03783 JF (PVT)

13              Plaintiff,                   **OPPOSITION TO PLAINTIFF'S
                                             MOTION TO COMPEL
14       vs.                                 DESIGNATION OF WITNESSES
                                             PURSUANT TO FED. R. CIV. P.
15   UNIVERSAL MUSIC CORP., UNIVERSAL        30(B)(6)**
MUSIC PUBLISHING, INC. and UNIVERSAL
16   MUSIC PUBLISHING GROUP,                 [Declaration of Kelly M. Klaus filed
                                             concurrently]
17              Defendants.
                                             Date:    March 30, 2010
18                                           Time:    10:00 a.m.
                                             Crtrm:  5 (Hon. Patricia V. Trumbull)
19

20

21

22

23

24

25

26

27

28

1   **I.     INTRODUCTION**

2          Plaintiff's Motion to Compel Universal to Designate a Witness on her Topic No. 8—one

3   of 20 topics for which Plaintiff served a 30(b)(6) notice in this small case—seeks corporate

4   testimony as to legal conclusions that have no relevance to the dispute in this case.  Topic 8 asks

5   Universal to produce a corporate representative to testify to "[t]he basis for any belief by

6   Universal that the Lenz Video infringes the copyright in Let's Go Crazy, including without

7   limitation the basis for any belief by Universal that the Lenz Video is not a fair use of Let's Go

8   Crazy."

9          Whatever "belief" Universal may have about whether Plaintiff's video posting is an act of

10  copyright infringement is of course a legal conclusion about Plaintiff's potential liability, if she

11  were to be sued for infringing the copyright in the Let's Go Crazy composition.  Contrary to

12  Plaintiff's position, however, this is *not* a suit for copyright infringement by Universal against

13  Plaintiff.  This is a suit *by Plaintiff* against Universal, for allegedly violating 17 U.S.C. § 512(f).

14  Section 512(f) creates liability only where the defendant sends a notice pursuant to the Digital

15  Millennium Copyright Act ("DMCA") that contains a *knowing*, material misrepresentation.  The

16  notice at issue in this case—Universal's June 4, 2007 notice to YouTube—did not state that

17  Universal believed that Plaintiff was liable for copyright infringement; the notice also did not

18  state that Universal believed that, in the event Plaintiff were to be sued for infringement and were

19  she to raise the affirmative defense of fair use, that such a defense would fail.  The notice instead

20  stated—as YouTube's Terms of Use required for such a notice—that Universal had "a good faith

21  belief that [the conduct] was not authorized by the copyright owner, its agent or the law."

22  Plaintiff did try to inject a copyright infringement claim into this lawsuit—she requested a

23  declaratory judgment of non-infringement in her third cause of action—but the District Court

24  dismissed that claim with prejudice.  Doc. No. 32 at 7-8.

25         Even if Plaintiff's declaratory judgment claim had survived—which it did not—the

26  deposition request on this topic would be improper.  Asking a responding party to produce a

27  witness to testify about its "*belief*" that the requesting party's conduct "*infringes*" is asking the

28  party to produce a witness to testify about the party's legal conclusions.  Rule 30(b)(6) does not

- 1 -

OPPOSITION TO PL'S MTN TO COMPEL
DESIGNATION OF WITNESSES
CASE NO. CV-07-03783

10056083.2

1    allow a party to use a corporate deposition to probe the opposing party's legal contentions. *See*

2    *3M Company v. Kanbar*, No. C06-01225 JW (HRL), 2007 WL 1794936, at *2 (N.D. Cal. June

3    19, 2007).

4    The multiple Topics for which Universal has agreed to designate witnesses cover any

5    conceivable fact testimony that Plaintiff could permissibly obtain.  Universal made these

6    designations even though, in this indisputably simple case, Plaintiff is already deposing every

7    Universal witness who has any percipient, discoverable knowledge about the facts underlying her

8    complaint.  Nevertheless, Plaintiff still insists on more, and brings this Motion solely to challenge

9    Universal's objection to Topic 8, which is an entirely proper objection under settled law

10   precluding legal inquiry in the guise of a 30(b)(6) deposition.

11   Plaintiff also lobs unfounded attacks on Universal's discovery conduct, in an apparent

12   attempt to distract from the frivolousness of this Motion.  Lenz claims that Universal failed to

13   obtain a protective order, and that it delayed its final response on the issues underlying this

14   Motion.  Lenz is wrong on both counts.  Universal had no obligation to obtain a protective order

15   to preserve its objections to Topic 8, and none of Plaintiff's authorities suggest as much.

16   Moreover, Plaintiff's claim of delay is an attempt to create a false record.  Plaintiff's counsel told

17   Universal that Plaintiff would file this Motion a week later if the Motion was still necessary after

18   Universal's response.  Klaus Decl., ¶2.  The fact that Plaintiff's counsel instead elected to file this

19   Motion the next day is his choice, and hardly a proper subject for complaint before this Court.

20   **II.    BACKGROUND**

21   Plaintiff claims that Universal violated 17 U.S.C. § 512(f) by sending a June 4, 2007 email

22   to YouTube.  That email identified more than 200 different YouTube postings that Universal

23   believed made unauthorized uses of musical compositions whose copyrights are owned by the

24   artist professionally known as Prince.  (Universal administers these musical composition

25   copyrights.)  Universal requested that YouTube block access to or remove these videos in

26   accordance with YouTube's posted terms of use.  One of the videos on this list was posted by

27   Plaintiff.  It is entitled "Let's Go Crazy' #1," and indisputably makes an unauthorized use of the

28   Prince composition, "Let's Go Crazy."  Plaintiff's posting was temporarily removed from

- 2 -

OPPOSITION TO PL'S MTN TO COMPEL
DESIGNATION OF WITNESSES
CASE NO. CV-07-03783

10056083.2

1    YouTube, but was restored within a matter of weeks, after Plaintiff sent YouTube a "counter-

2    notification." Even though Ninth Circuit law is clear that liability under Section 512(f) exists

3    only for *knowing*, material misrepresentations, *Rossi v. MPAA*, 391 F.3d 1000, 1004-05 (9th Cir.

4    2004), Plaintiff alleges that Universal is liable because it knew or should have known that

5    Plaintiff's use of "'Let's Go Crazy' is a self-evident non-infringing fair use under 17 U.S.C.

6    § 107." SAC ¶ 34.

7            By any definition, this is a small case. It concerns a single video posting and a single

8    email notice to YouTube. Universal told Plaintiff more than a year ago who all of the individuals

9    were who had any conceivable connection to her case, including the person who reviewed her

10   video, the attorney who sent the notice to YouTube, and the attorney who supervises both of

11   them. Universal also told Plaintiff the name of the person whose usual job was to send the

12   notices to YouTube (he was out on June 4, 2007), and the name of the person who made a

13   statement to a news source about this case. Even though discovery has been open since

14   *September 2008*, Plaintiff has deposed only *one* of those individuals. Plaintiff instead has spent

15   most of the last year serving an onslaught of written discovery requests. These have included two

16   sets of Requests for Admission totaling *200* requests; three different sets of interrogatories; and

17   30(b)(6) notices seeking corporate designations on *20* different topics.

18           While Universal agreed to provide a witness or otherwise satisfy Plaintiff as to the

19   majority of the noticed Topics, it objected to Topic 8. Topic 8 asked for a witness to testify to:

20   > The basis for any belief by Universal *that the Lenz Video infringes
21   > the copyright* in Let's Go Crazy, including without limitation the
     > basis for any belief by Universal *that the Lenz Video is not a fair
     > use* of Let's Go Crazy.
22

23   Miksch Decl. Ex. A (emphasis added). Universal objected on multiple grounds, including that

24   Topic 8 improperly called for legal conclusions. Miksch Decl. Ex. B.

     **III.    ARGUMENT**
25
             Universal has designated 30(b)(6) witnesses for nearly every Topic in Plaintiff's Notice.
26
     In light of the discrete issues presented and the nature of this case, Universal's efforts are more
27

28

- 3 -

10056083.2

1   than reasonable.   Plaintiff's demand for a witness on Topic 8 –  an improper request for

2   irrelevant testimony on legal conclusions – should be rejected.

3             **A.      Topic Number 8 Seeks Irrelevant Testimony**

4             This is not a copyright infringement case.  Plaintiff's attempt to inject an infringement

5   claim into this case was dismissed with prejudice.  The only issue here that Plaintiff can

6   permissibly explore is the basis for the representations made in Universal's June 4, 2007 email to

7   YouTube that Plaintiff's use of "Let's Go Crazy" was not authorized by the copyright owner, its

8   agent, or the law.  Plaintiff has posed Topics in her 30(b)(6) notice that address the basis for

9   Universal's representations in its communications with YouTube, and Universal has agreed to

10  produce witnesses on those Topics.  That is more than sufficient to meet its obligations under

11  Rule 30(b)(6).

12            Plaintiff is not entitled to a witness to testify about what Universal thinks about issues that

13  are *not* in this case, but that is exactly what she asks for in Topic 8.  Continuing her failed

14  campaign to convert this into an infringement case against herself, Topic 8 seeks testimony

15  regarding what Universal thinks about whether Plaintiff would be deemed an infringer if this

16  were an infringement case (which it is not) and whether Plaintiff would succeed if she posed the

17  affirmative defense of fair use (which she has not).  Plaintiff is not entitled to such testimony, as it

18  does not illuminate the good or bad faith of Universal's June 4, 2007 representations to YouTube.

19  Topic 8 thus asks for irrelevant testimony, and Universal's objection should be sustained on that

20  ground alone.

21            **B.      Topic Number 8 Improperly Seeks Testimony About Legal Conclusions**

22            Topic 8 specifically asks for testimony on Universal's "beliefs" about why Plaintiff's

23  video is infringing, including any "belief" that the fair use doctrine does not excuse that

24  infringement.  In the first place, this topic not only asks for a legal conclusion, but also assumes

25  within it an incorrect statement of law.  Even if this were a copyright infringement action by

26  Universal against Plaintiff—which it is not—the question whether Plaintiff's use is excused by

27  the defense of fair use would *not* be an element of the infringement claim.  Fair use is an

28  *affirmative defense* to conduct that otherwise infringes one or more of the exclusive rights of

- 4 -                              OPPOSITION TO PL'S MTN TO COMPEL
                                   DESIGNATION OF WITNESSES
                                   CASE NO. CV-07-03783

10056083.2

1    copyright under Section 106.  Supreme Court and Ninth Circuit precedent both make clear that a

2    court does not reach the question of fair use under Section 107 until the court *first* concludes the

3    use infringes under Section 106.  *See, e.g.*, *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590

4    (1994); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163 (9th Cir. 2007).

5            In all events, asking for the reasons why Universal believes a particular use constitutes

6    infringement or why the fair use doctrine does or does not apply clearly asks for explanations of

7    legal conclusions.  That is simply not a proper inquiry in a deposition under Rule 30(b)(6).  *See*

8    *3M Company*, 2007 WL 1794936 at \*2; *McCormick-Morgan, Inc. v. Teledyne Indus*., 134 F.R.D.

9    275, 286 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611(N.D. Cal. 1991).

10           Courts recognize that contention interrogatories are a more appropriate vehicle for

11   obtaining a corporation's legal positions.  *3M Company*, 2007 WL 1794936 at \*2.  When

12   contention interrogatories are more efficient, more reliable, more cost-effective and less

13   burdensome than a 30(b)(6) deposition, then that is the method that the parties should employ to

14   obtain such information.  *McCormick-Morgan, Inc*., 134 F.R.D. at 286.  That is definitely the case

15   here.  Plaintiff has already served and Universal has already answered contention interrogatories

16   covering the permissible scope of Plaintiff's complaint.  Klaus Decl., Ex. 5.  Seeking the

17   corporation's live testimony on its legal conclusions through a witness is entirely unnecessary and

18   unlikely to obtain more reliable or complete information.  Indeed, it would amount to not much

19   more than a quiz for the witness on Universal's legal positions, which are already contained in its

20   interrogatory responses.  *See Byrd v. Wal-Mart Transp., LLC,* No. CV609-014, 2009 WL

21   3055303, at \*4 n.7 (S.D. Ga. Sept. 23, 2009) ("[A]sking a lay 30(b)(6) witness to undertake on-

22   the-spot legal analysis" in a deposition "is asking too much[.]").

23           **C.      If Topic 8 Seeks "Facts," It Is Duplicative And Unnecessary**

24           In her Motion, Lenz claims for the first time that this Topic seeks "facts" not legal

25   conclusions, without actually identifying what the supposed facts are that Topic 8 seeks.  Mot. at

26   4. Even if Topic 8 could be fairly read to seek "facts"— highly unlikely as it is phrased solely in

27   terms of legal concepts and conclusions—then it is duplicative of the other Topics on which

28   Universal has already agreed to provide testimony.

- 5 -

OPPOSITION TO PL'S MTN TO COMPEL
DESIGNATION OF WITNESSES
CASE NO. CV-07-03783

10056083.2

1    Universal has designated witnesses to give 30(b)(6) testimony on the majority of

2    Plaintiff's designated Topics—15 of the 20.  These Topics appear to be more than adequate to

3    cover all relevant, discoverable information that Universal would have about the facts underlying

4    Plaintiff's claim.  Plaintiff's entire claim is based on the review of her video and the email sent to

5    YouTube requesting its removal, and Universal has agreed to designate witnesses on Topics

6    covering both.  For example, Universal has satisfied Plaintiff's request on Topic Number Three,

7    which asks for testimony on "the basis for Universal's decision to request that YouTube remove

8    the Lenz Video, including any steps taken to consider or determine whether that video is a fair

9    use of Let's Go Crazy," as well as Topic Number 6, "Universal's review of the Lenz Video."  It

10   also designated witnesses on Topics Number 7 and 9, which ask about the "basis for the

11   representations made" in Universal's communications with YouTube.  Any *factual* testimony

12   related to the legal conclusions Lenz seeks to explore in Topic 8 would necessarily be

13   encompassed within these four other topics.

14   Even if Topic 8 could be read to seek facts, those facts would necessarily have to be

15   limited to these *pre-dispute* facts – the review that led to Universal's request that the video be

16   taken down on June 4, 2007, which is already well covered by the other Topics as to which

17   Universal has agreed to satisfy Plaintiff's demands.  Any attempt to probe Universal's *post-

18   dispute* analysis of the legal conclusions in Topic 8– factual or otherwise – is not only irrelevant,

19   it is entirely improper.  Universal's post-litigation analyses about infringement and fair use, and

20   any post-litigation review of the video to evaluate those questions, are protected by the attorney

21   work-product doctrine and the attorney-client privilege.  Topic 8 thus cannot be aimed at

22   obtaining that information.  Even if it could be read to seek "facts," it must be seeking to develop

23   the pre-dispute facts – in other words, the facts that are more than adequately covered by

24   Universal's existing designations.

25   Universal's designation of witnesses for 15 of the 20 Topics requested is entirely

26   reasonable here, especially in light of the fact that the Rule 30(b)(6) depositions Plaintiff seeks

27   are entirely unnecessary.  Plaintiff has already served deposition notices on every Universal

28   witness who has any relevant, discoverable, percipient knowledge about the events underlying

- 6 -

OPPOSITION TO PL'S MTN TO COMPEL
DESIGNATION OF WITNESSES
CASE NO. CV-07-03783

10056083.2

1    this case.  Plaintiff does not need to resort to a 30(b)(6) deposition to identify knowledgeable

2    corporate witnesses on issues relevant to her litigation positions.  *See* Adv. Comm. Notes to Fed.

3    R. Civ. P. 30(b)(6).  Nevertheless, in an attempt to avoid this dispute, Universal designated

4    witnesses for the Topics that were not wholly improper.  It cannot designate witnesses for Topics

5    like Topic 8, however, which plainly seek impermissible legal conclusions.

6            **D.      Plaintiff's Complaints About Universal's Discovery Conduct Are Unfounded**

7            Lenz complains about Universal's conduct in this discovery dispute on two grounds.

8    Neither has any legal basis.

9            First, Lenz contends that Universal had to move for a protective order if it did not intend

10   to produce a witness on each of Plaintiff's 20 Topics.  That is nonsense.  Universal is not required

11   to move for a protective order in the midst of the meet-and-confer process to preserve its

12   objection to giving 30(b)(6) testimony on a particular topic.  None of Plaintiff's authorities

13   suggest that any such obligation exists.  They hold only that a protective order is necessary to

14   excuse attendance at a *scheduled* deposition.  There is no date scheduled for Plaintiff's proposed

15   30(b)(6) depositions, and the date Plaintiff unilaterally set for them passed more than six months

16   ago. Klaus Decl., ¶3. In fact, Plaintiff acknowledged that the depositions would not take place on

17   the date she had scheduled them, indicating she was "flexible in that regard."  Klaus Decl., Ex. 6.

18           Second, Plaintiff's counsel complains that Universal did not respond with its position on

19   the 30(b)(6) topics until 5:20 PM the day before this Motion was to be filed.  That is disingenuous

20   at best.  The meet and confer process on the Topics required many rounds of negotiation due to

21   Plaintiff's intractable positions.  During the last meet and confer on the parties' numerous

22   discovery disputes, Plaintiff's counsel said that he would simply delay a week in bringing this

23   Motion if Universal did not respond to his most recent demands in sufficient time.  Klaus Decl.,

24   ¶2.  Instead, counsel apparently elected to file the Motion the next day and attempt to create a

25   false record about Universal's purported delay.  Such improper gamesmanship wastes the Court's

26   time, and has no bearing on the issues presented.

27

28

- 7 -

OPPOSITION TO PL'S MTN TO COMPEL
DESIGNATION OF WITNESSES
CASE NO. CV-07-03783

10056083.2

1    **IV.    CONCLUSION**

2           Plaintiff is not entitled to a 30(b)(6) designee on Topic 8, which asks for the basis for

3    Universal's legal contentions about issues that are not presented in this non-infringement case.

4    To the extent she claims Topic 8 seeks "facts," Universal's existing designations are more than

5    adequate to cover any "facts" permissibly explored in light of Plaintiff's complaint.  This

6    unnecessary Motion should be denied.

7    DATED:  March 2, 2010                              MUNGER, TOLLES & OLSON LLP

8

9                                                       By:       */s/ Melinda E. LeMoine*
                                                              MELINDA E. LEMOINE
10
                                                        Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

10056083.2