1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN - #192657
KURT OPSAHL – 191303
CORYNNE MCSHERRY - #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993
Email: fred@eff.org;  kurt@eff.org
          corynne@eff.org

KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN - #198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
          mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| STEPHANIE LENZ, | Case No. C-07-03783-JF |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFF POST-DATING SECOND AMENDED COMPLAINT** |
| v. | |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP, | Date:        March 30, 2010<br>Time:        10:00 a.m.<br>Courtroom: 5<br>Judge:      Hon. Patricia V. Trumbull |
| Defendants. | **[SUPPORTING DECLARATION OF MELISSA J. MIKSCH AND EXHIBITS THERETO FILED HEREWITH]** |

PLAINTIFF'S OPP. TO MOT. TO COMPEL PRODUCTION OF DOCUMENTS POST-DATING SAC
CASE NO. C-07-03783-JF

**TABLE OF CONTENTS**

<u>Page</u>

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ...................................................................................................2

III.   ARGUMENT ........................................................................................................3

       A.    Judge Fogel has already granted Ms. Lenz summary judgment on each
             of the defenses Universal has identified as the basis for its motion to
             compel. ......................................................................................................3

       B.    It would be unduly burdensome for Ms. Lenz to sift through and
             produce documents generated after the filing of the SAC. ........................6

       C.    Ms. Lenz has not waived her objection to producing post-SAC
             documents. ..................................................................................................7

IV.    CONCLUSION .....................................................................................................8

468645.06

# TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Babbitt v. United Farm Workers' Nat'l. Union*
    442 U.S. 289 (U.S. 1979) (Brennan, J., dissenting).....................................................7

*Campfield v. State Farm Mut. Auto. Ins. Co.*
    532 F.3d 1111 (10th Cir. 2008) ....................................................................................3

*In re Convergent Tech. Securities Litigation*
    108 F.R.D. 328 (N.D. Cal. 1985)...............................................................................4, 5

*Johnson by Johnson v. Thompson*
    971 F.2d 1487 (10th Cir.1992) ......................................................................................6

*Johnson & Johnson v. RE Serv. Co., Inc.*
    2004 WL 3174428 (N.D. Cal. Nov. 2, 2004) ...............................................................4, 6

*Oppenheimer Fund, Inc. v. Sanders*
    437 U.S. 340 (1978)........................................................................................................3

*Ramirez v. Olympic Health Mgmt. Sys., Inc.*
    2008 WL 5377882 (W.D. Wash. Dec. 23, 2008) .........................................................6, 7

*Soto v. City of Concord*
    162 F.R.D. 603 (N.D. Cal. 1995).................................................................................6

*Superior Comms. v. Earhugger, Inc.*
    257 F.R.D. 215 (C.D. Cal. 2009)..................................................................................8

*Village of Oakwood v. State Bank and Trust Co.*
    539 F.3d 373 (6th Cir. 2008) .........................................................................................3

### Federal Statutes

17 U.S.C. § 512(f)..................................................................................................................1

### Federal Rules

Fed. R. Civ. P. 26..................................................................................................................3

Fed. R. Civ. P. 26(b)(1).........................................................................................................4, 5

Fed. R. Civ. P. 26(b)(2)(C)(iii) ............................................................................................4, 6

Fed. R. Civ. P. 56(f)..............................................................................................................3

### Constitutional Provisions

First Amendment ..................................................................................................................7

468645.06

# I.     INTRODUCTION

Filing a lawsuit necessarily invites some degree of scrutiny of one's private affairs and communications—but only where that scrutiny might lead to some conceivably relevant evidence.  That is not the case here.  On June 4, 2007, Universal sent a takedown notice to YouTube representing that Ms. Lenz's 29-second long home video of her toddler dancing to music infringed the copyright in Prince's song "Let's Go Crazy."  As a result of that notice, YouTube took down Ms. Lenz's video.  Ms. Lenz sued Universal under 17 U.S.C. § 512(f) for knowingly materially misrepresenting in its takedown notice that her video infringed Prince's copyright.  Specifically, Ms. Lenz contends that Universal did not consider whether her use was protected by the fair use doctrine (or ignored the fact that it was indeed a fair use).  Second Amended Complaint (Dkt. No. 34-1) at ¶ 20 and ¶¶ 35-36.  The central issue in this case is, therefore, whether Universal made a knowing material misrepresentation when it sent its takedown notice.

Nonetheless, Universal has repeatedly attempted to use its specious "bad faith," "unclean hands" and "no damages" affirmative defenses—on which Judge Fogel recently granted Ms. Lenz summary judgment—as an excuse to pry into Ms. Lenz's personal life.  The present motion is a case in point.  Using these defenses as a pretext, Universal has sought an order permitting it to review personal and private communications between Ms. Lenz and her family and friends up to the present day—including communications that took place literally years after Ms. Lenz created her home video, Universal sent the takedown notice that is at the center of this case, and Ms. Lenz filed the operative complaint in this action.  None of these communications have any relevance to the actual issues in this case, especially now that Judge Fogel has found that no jury could possibly find in Universal's favor on any of these defenses.[1]  It is long past time for this fishing expedition to end, so that the parties can focus on completing discovery on the real questions remaining in this case.  Universal's motion must be denied.

---

[1] Following Judge Fogel's order, the only affirmative defense remaining is "failure to mitigate."

PLAINTIFF'S OPP. TO MOT. TO COMPEL PRODUCTION OF DOCUMENTS POST-DATING SAC
CASE NO. C-07-03783-JF

468645.06

## II.   BACKGROUND

Ms. Lenz filed suit on July 24, 2007, and filed her Second Amended Complaint ("SAC") on April 18, 2008.  Universal served its document requests on November 3, 2008.  Pursuant to the parties' agreement, Ms. Lenz responded on December 17, 2008.  Declaration of Kelly M. Klaus in Support of Defendants' Motion to Compel ("Klaus Decl.") Exhs. F and C.  Ms. Lenz objected to the requests on numerous grounds, including a general objection to each to the extent that it is "overly broad, unnecessarily burdensome,…or [] not reasonably calculated to lead to the discovery of admissible evidence."  Klaus Decl. Exh. C at 2.

Last July, when opposing Ms. Lenz's motion to compel Universal to produce, among other things, its own documents post-dating the original filing of this lawsuit on July 24, 2007, Universal argued that such documents were not discoverable.  According to Universal, "[a]ctions and communications with YouTube that not only post-date Universal's challenged decision but post-date this lawsuit itself," Miksch Decl. Exh. A (July 29, 2009 Opp. (Dkt. No. 110) at 7:11-12) (emphasis omitted), had no relevance to Ms. Lenz's claims, and thus it should not be required to produce post-lawsuit documents.

On August 25, 2009, Judge Seeborg granted Ms. Lenz's motion to compel in part, including her request that Universal produce documents created after Ms. Lenz filed her original complaint.  Klaus Decl. Exh. D at 5-6.  Judge Seeborg concluded that Ms. Lenz "is entitled to explore documents Universal generated after her original complaint which may shed light on its general practices and on the question of its good faith in issuing takedown notices."  *Id.* at 5:23-25.  Although he alluded to the date of the SAC as a possible cutoff date for Universal's production during oral argument, *see* Doc. No. 179 (Aug. 19, 2009 Hr'g Tr.) at 6:4-22, Judge Seeborg's Order did not place any end date on Universal's further production obligations.  *See* Klaus Decl. Exh. D at 5-6.  Nonetheless, Universal has construed this Order to apply only to documents created through the date of the SAC, and has refused to produce any later-created documents.  Miksch Decl. ¶ 5.

When Ms. Lenz subsequently supplemented her document production, her counsel informed Universal's counsel that she too would limit her production going forward to

468645.06

documents created before the SAC.  Klaus Decl. Exhs. B & L.  During the meet and confer

process that led to this motion, Ms. Lenz's counsel explained that documents created by

Ms. Lenz after the SAC are not relevant to any claims or defenses at issue.  Miksch Decl. ¶ 5.

Ms. Lenz nevertheless offered to produce post-SAC documents if Universal would do the same.[2]

*Id.* Universal refused.  *Id.*

## III.   ARGUMENT

**A.   Judge Fogel has already granted Ms. Lenz summary judgment on each of the defenses Universal has identified as the basis for its motion to compel.**

Universal's motion demands carte blanche to launch an exploratory safari into the outer

reaches of Ms. Lenz's personal communications, principally on the ground that some of them

might turn out to be relevant to its affirmative defenses.  Specifically, Universal claims the post-

SAC documents are relevant to its affirmative defenses of bad faith, unclean hands, and no

damages.  Mot. at 3:3-8.  However, Judge Fogel has granted Ms. Lenz's motion for partial

summary judgment on each of those affirmative defenses (as well as on Universal's affirmative

defenses of failure to state a claim, estoppel, and waiver).  Miksch Decl. Exh. J (February 25,

2010 Order Granting Partial Summary Judgment) (Dkt. No. 250).  Judge Fogel's Order

eliminated the very arguments Universal has made in support of its motion to compel and moots

Universal's claim for further discovery on those issues.[3]  *See Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 352 (1978) ("Thus, it is proper to deny discovery of matter that is

relevant only to claims or defenses that have been stricken…unless the information sought is

otherwise relevant to issues in the case.").

Rule 26 authorizes discovery only of "relevant" material that is "reasonably calculated to

---

[2] This offer was made prior to Judge Fogel's February 25, 2010 Order granting Ms. Lenz partial summary judgment, discussed *infra*.  Miksch Decl. ¶ 5.

[3] In any case, any complaint Universal might have that it did not have sufficient discovery to raise an issue of material fact as to those defenses without post-SAC documents is foreclosed by its failure to seek a Rule 56(f) continuance.  *See Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1124-25 (10th Cir. 2008) (appellant waived argument that summary judgment should be set aside for insufficient discovery where appellant did not properly request a continuance under Rule 56(f)); *accord Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 384 (6th Cir. 2008).

PLAINTIFF'S OPP. TO MOT. TO COMPEL PRODUCTION OF DOCUMENTS POST-DATING SAC
CASE NO. C-07-03783-JF

468645.06

1  lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[C]ounsel [] *must*

2  make a common sense determination, taking into account all the circumstances, that the

3  information sought is of sufficient potential significance to justify the burden the discovery probe

4  would impose…." *In re Convergent Tech. Securities Litigation*, 108 F.R.D. 328, 331 (N.D. Cal.

5  1985); *accord* Fed. R. 26(b)(2)(C)(iii); *Johnson & Johnson v. RE Serv. Co., Inc.*, 2004 WL

6  3174428, at *1 (N.D. Cal. Nov. 2, 2004).

7         Common sense dictates that the discovery Universal demands should be denied.  The

8  material Universal seeks is not relevant to the actual issues that remain in this case.  Indeed,

9  Judge Fogel rejected every basis on which Universal relied in its effort to raise an issue of fact as

10  to its affirmative defenses—including the same "evidence" Universal raises in the instant motion

11  as it struggles to justify further intrusion into Ms. Lenz's personal communications, e.g., the

12  "winky" emoticon and Ms. Lenz's statements about this case.  *See* Miksch Decl. Exh. J

13  (February 25, 2010 Order) at 7:6-11, 8:3-13.  If statements made close in time to the events that

14  led to this lawsuit cannot raise a triable issue, statements made three years later can hardly lead

15  to one.

16         Universal did note in its moving papers that the documents it seeks might be relevant to

17  the circumstances surrounding the creation of the video. But Ms. Lenz has produced numerous

18  documents relating to her creation of the video, her posting of it, and the harm that resulted from

19  its removal.  Universal had the opportunity to depose her, at length, on all of these issues.

20  Indeed, Universal has even gone so far as to depose Ms. Lenz's mother in order to confirm the

21  truth of Ms. Lenz's statement that one reason she posted the video on YouTube was so that her

22  mother, who lives in California and has limited technical facilities, could easily view it.

23         Accordingly, on February 26, Ms. Lenz's counsel asked Universal to withdraw its

24  motion, in light of Judge Fogel's Order.  Miksch Decl. Exh. H.  The evening before the parties

25  agreed they would file oppositions to each others' pending motions to compel, Universal refused,

26  now claiming that the documents in question  "are likely to lead to the discovery of admissible

27

28

PLAINTIFF'S OPP. TO MOT. TO COMPEL PRODUCTION OF DOCUMENTS POST-DATING SAC
CASE NO. C-07-03783-JF

1    evidence on -- among other things -- the veracity of Ms. Lenz's contentions in the SAC,[4] her

2    purported damages, and the potential sanctions motion that the Court's Order specifically states

3    that we may file." *Id.* Exh. I.

4            First, as noted above, Universal has had ample opportunity to explore the contentions that

5    are relevant to Ms. Lenz's claim, and any further documents would be entirely cumulative.

6    Second, while Judge Fogel did not foreclose the possibility of a sanctions motion, his reasoning

7    in the Order illustrates that filing such a motion would be, to say the least, a poor use of court

8    resources and the parties' time.  Third, and perhaps most importantly, discovery should be aimed

9    at illuminating the issues in the case, not at creating a sideshow about threatened sanctions

10   motions.  Fed. R. Civ. Proc. 26(b)(1) (limiting discovery to matters that are "relevant to any

11   party's claim or defense").  Counsel for Universal first threatened such a motion *more than four*

12   *months ago, see* Miksch Decl. Exh. B, and counsel for Ms. Lenz promptly responded within two

13   weeks, *see id.* Exh. C.  Universal then made these same scurrilous accusations the centerpiece of

14   its unsuccessful opposition to Ms. Lenz's motion for summary judgment.  *See* Doc. No. 215.

15   Universal raised them yet again in its moving papers for this motion.  Under Universal's theory,

16   relevance imposes practically no limit at all on discovery, because any statement about a lawsuit,

17   even statements made years after the events that form the basis for the cause of action and the

18   filing of the lawsuit, could theoretically lead to evidence of misconduct.  Such a rule would

19   create an effective gag-order on litigants.  As much as Universal might wish otherwise, this is a

20   case about Universal's misdeeds, not the imagined misdeeds of Ms. Lenz.

21           Any conceivable relevance post-SAC documents might have to the remaining issues in

22   the case is so attenuated that it is not "of sufficient potential significance to justify the burden the

23   discovery probe would impose…."  *In re Convergent Tech.*, 108 F.R.D. at 331.  Universal's

24   argument, it seems, is that Ms. Lenz may have commented, in post-SAC documents, on things

25   like her state of mind when she received Universal's notice.  Simply put, this possibility of

26   _____

27   [4] Ms. Lenz specifically objected to Universal's overly broad request for "all documents" relating
     to "any of the allegations in or exhibits to your Second Amended Complaint ("SAC")."  Klaus
     Decl. Exh. C at 8:7-18 (RFP No. 7).  Having failed to challenge that objection, Universal cannot
28   attempt an end-run around it now.

1   (likely cumulative) "evidence" of marginal (if any) relevance to the case cannot outweigh the

2   burden it would impose on Ms. Lenz.  *See* Fed. R. 26(b)(2)(C)(iii) (courts should limit discovery

3   where "the burden or expense . . . outweighs its likely benefit, considering the needs of the

4   case…the parties' resources, the importance of the issues at stake in the action, and the

5   importance of the discovery in resolving the issues."); *Johnson & Johnson v. RE Serv. Co., Inc.*,

6   2004 WL 3174428, at *1 (N.D. Cal. Nov. 2, 2004).

7   **B.      It would be unduly burdensome for Ms. Lenz to sift through and produce**
    **         documents generated after the filing of the SAC.**

8

9          As an initial matter, contrary to Universal's assertions, the burden of production for

10  Ms. Lenz is at least equal to whatever burden Universal might face in expanding its own

11  document production.  Ms. Lenz is an individual; Universal is a sophisticated litigant with an

12  abundance of resources at its disposal.  In fact, Universal employs people in its Global Security

13  Office who are specifically tasked with addressing litigation support issues.  Miksch Decl.

14  Exh. D (Declaration of Clifton Lancaster in Support of Defendants' Mot. for Reconsideration

15  ¶ 1) (Dkt. No. 159).  Ms. Lenz's documents are less accessible, too.  For example, she uses

16  Gmail, which is a Google-proprietary email system with its own idiosyncrasies.

17         Further, requiring Ms. Lenz to search for and produce post-SAC documents would

18  intrude on private and personal correspondence between Ms. Lenz and her friends and family.

19  "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised

20  in response to discovery requests."  *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal.

21  1995), *citing Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th

22  Cir.1976) *and Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992)

23  (additional citations omitted).  When faced with a privacy objection, the court must "balanc[e]

24  the need for the information sought against the privacy right asserted."  *Soto*, 162 F.R.D. at 616.

25  The balance here is wholly tipped against discovery, for this case presents no need for

26  information about the state of Ms. Lenz's personal life over three years after she posted the video

27  at issue.  *Cf. Ramirez v. Olympic Health Mgmt. Sys., Inc.*, 2008 WL 5377882 at *5 (W.D. Wash.

28  Dec. 23, 2008) (striking request for production that would encompass romantic relationships

PLAINTIFF'S OPP. TO MOT. TO COMPEL PRODUCTION OF DOCUMENTS POST-DATING SAC
CASE NO. C-07-03783-JF

468645.06

1    between non-parties as "irrelevant to the present litigation and invasive of privacy interests.").

2          Moreover, producing these documents would unduly burden Ms. Lenz's speech interests.

3    Forcing Ms. Lenz to produce several years' worth of personal communications with her friends

4    and family would unduly burden her sense of freedom to participate in those relationships as

5    fully as she would like.  If Universal is permitted to hover over her shoulder and observe

6    everything she has written (or writes or receives ) in her personal capacity that mentions this case

7    (or Universal, or YouTube, or her son's video) through the completion of fact discovery,

8    Ms. Lenz, her friends, and family may well find themselves compelled to limit the scope of their

9    interactions lest family issues, romantic issues, health issues, career issues, or other topics

10   generally discussed only between family and close friends find their way into Universal's hands.

11   Their concern would be well founded, for Universal has not hesitated to pry into irrelevant and

12   personal details or even to inject them into the record.  *See, e.g.*, Miksch Decl. Exhs. E and F

13   (Defendants' Opp. to Plaintiff's Mot. for Protective Order) (Dkt. No. 66) at 2:12-14 and 7:17-20,

14   citing Exh. H to the supporting Declaration of Kelly Klaus (Dkt. No. 67);[5] *id.* Exh. G

15   (Defendants' July 1, 2009 Mot. to Compel Communications at 12:12-17, filed under seal)

16   (spelling out topics of personal correspondence).  Indeed, Universal's instant motion to compel

17   refers to a joke Ms. Lenz made about Prince's height.  Mot. at 13.  Lenz has every right to joke

18   with her friends and family without fear that Universal will seek to use an offhand comment to

19   cast aspersions on her character.  The "potential for this self-censorship is abhorrent to the First

20   Amendment, and should be permitted by a court in equity only for the most important of

21   reasons." *Babbitt v. United Farm Workers' Nat'l. Union*, 442 U.S. 289, 318 (U.S. 1979)

22   (Brennan, J., dissenting) (criticizing decision creating risk that party may well "avoid speech that

23   is perhaps constitutionally protected throughout the long course of [] litigation, because such

24   speech might fall within the cold shadow of criminal liability.").

25   **C.    Ms. Lenz has not waived her objection to producing post-SAC documents.**

26          Ms. Lenz objected to each of Universal's requests for production "to the extent that they

27

28   [5] Universal's Opposition is Exhibit E to the Miksch Decl.; the exhibit cited in the opposition is Exhibit F.

7

468645.06

1  are overly broad, unnecessarily burdensome, seek documents that are confidential to Lenz,

2  and/or are not reasonably calculated to lead to the discovery of admissible evidence." Klaus

3  Decl. Exh. C at 2:24-26 (General Objection 2).  While general objections sometimes carry little

4  weight, they can suffice where they have merit.  *Superior Comms. v. Earhugger, Inc.*, 257 F.R.D.

5  215, 220 (C.D. Cal. 2009) (narrowing request where general objection on grounds of burden was

6  meritorious).  For the reasons explained above, Ms. Lenz's General Objection No. 2 does have

7  merit: the documents sought are irrelevant, compromise her privacy, and are burdensome for her

8  to produce.

9          Further, fairness requires that general objections carry the same weight for both parties.

10  Universal relied on its general objections when it attempted to limit its document production to

11  those created before Ms. Lenz filed her original complaint.  *See* Miksch Decl. Exh. A at 4:22-27

12  (citing "Universal's General Objections")); *cf.* Mot. at 12:7-10 (citing General Objection No. 6).

13  It would be fundamentally inequitable to ignore Ms. Lenz's timely general objection on grounds

14  of burden when Universal itself relied on a general objection to assert its date cutoff.

### IV.    CONCLUSION

16          For the foregoing reasons, Universal's motion should be denied.

Dated:  March 2, 2010                                    KEKER & VAN NEST LLP


By:    */s/Melissa J. Miksch*
                                                        MELISSA J. MIKSCH
                                                        Attorneys for Plaintiff
                                                        STEPHANIE LENZ

468645.06