```
 1  ELECTRONIC FRONTIER FOUNDATION
    FRED VON LOHMANN - #192657
 2  KURT OPSAHL – #191303
    CORYNNE MCSHERRY - #221504
 3  454 Shotwell Street
    San Francisco, CA  94110
 4  Telephone:     (415) 436-9333
    Facsimile:     (415) 436-9993
 5  Email: fred@eff.org;  kurt@eff.org
           corynne@eff.org
 6
    KEKER & VAN NEST LLP
 7  ASHOK RAMANI - #200020
    MICHAEL S. KWUN - #198945
 8  MELISSA J. MIKSCH - #249805
    710 Sansome Street
 9  San Francisco, CA  94111-1704
    Telephone:     (415) 391-5400
10  Facsimile:     (415) 397-7188
    Email: aramani@kvn.com;  mkwun@kvn.com
11         mmiksch@kvn.com

12  Attorneys for Plaintiff
    STEPHANIE LENZ
13
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| STEPHANIE LENZ, | Case No. C-07-03783-JF |
|---|---|
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DESIGNATION OF WITNESSES PURSUANT TO FED. R. CIV. P. 30(b)(6)** |
| v. | |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP, | Date:  March 30, 2010<br>Time:  10:00 a.m.<br>Dept:  5<br>Judge: Hon. Patricia V. Trumbull |
| Defendants. | Date Comp. Filed:  July 24, 2007 |
| | **SUPPL. DECLARATION OF MELISSA J. MIKSCH FILED HEREWITH** |
| | **PUBLIC REDACTED VERSION** |

## I. INTRODUCTION

Whether Universal, at the time it sent the June 4, 2007 takedown notice, believed in good faith that Ms. Lenz's video infringes the copyright in "Let's Go Crazy" (and is not a fair use of that work) is central to Universal's liability in this case. That is why Ms. Lenz asked Universal to designate a Rule 30(b)(6) witness to testify about the basis for any belief it held that her video infringes the copyright in "Let's Go Crazy." In the alternative, Ms. Lenz agreed to withdraw that request if Universal would stipulate that it would not offer any testimony on that topic other than the testimony already given by Sean Johnson at his deposition. Universal has refused to designate a witness, and has refused Ms. Lenz's alternative proposal as well.

Universal has offered no reason why it should be excused from its obligation to provide testimony on a topic that goes to the heart of this case. Rather than "a game of blind man's bluff," a trial should be "a fair contest with the basic issues and facts disclosed to the fullest practicable extent" during discovery. *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958). The Court should grant the motion to compel.

## II. ARGUMENT

**A. Topic 8 is highly relevant: Universal's basis (if any) for its belief (if any) that Ms. Lenz's video infringes the copyright in "Let's Go Crazy" is central to its liability under 17 U.S.C. § 512(f).**

Ms. Lenz is entitled to ask Universal about "the basis for any belief…that [her] video infringes the copyright in 'Let's Go Crazy,'" Miksch Decl. Exh. A at 3 (Topic 8), because Universal's liability turns on its basis for representing to YouTube that her video infringed that copyright. *See* 17 U.S.C. § 512(f) (imposing liability on a copyright owner who "knowingly materially misrepresents…that material or activity is infringing.") Universal unquestionably made this representation to YouTube, and did so over and over again.[1] *See* Kwun Decl. (Dkt. No. 234) Exh. D at 1 ("█████████████████████████████ █████████████████████"), *id.* at 6 ("████████████████████," "██████████," "█████████████," "███████"); Exh. I at 1

---

[1] Universal's refusal to admit this fact is at issue in Ms. Lenz's currently pending Motion to Determine Sufficiency of Responses to Requests for Admission (Dkt. No. 237) (Request No. 3).

1  ("███████," "███████," "███████
2  ███████████████," ████████████████
3  ███████████████████,"), *id.* at 2 ("███████
4  ███████," "███████"). As a result of this misrepresentation, Ms. Lenz's video
5  was disabled on YouTube for six weeks. Whether Universal believed that her video infringes the
6  "Let's Go Crazy" copyright and, if so, what its basis for that belief was (including any belief it
7  may have had about fair use) could hardly be more relevant to the issues remaining in this case.[2]
8  That is why Ms. Lenz is seeking Universal's testimony on Topic 8.

9  There is ample basis to conclude that Universal did not form a good faith belief that her
10 video infringed copyright, based on the testimony of the Universal employee who identified Ms.
11 Lenz's video for take down, Sean Johnson. For example, Mr. Johnson testified that, at the time
12 he reviewed the Lenz video, he ███████████████████████
13 ███████████████ Suppl. Miksch Decl. Exh. A at 12:12-13:16. He further
14 admitted that ███████████████████████████
15 ███████████████████████. *Id.* at 14:18-22.

16 Ms. Lenz has offered to withdraw Topic 8 if Universal will stipulate that it will not offer
17 any testimony within the scope of Topic 8 beyond that already offered by Sean Johnson at his
18 January 28, 2010 deposition. Miksch Decl. ¶ 11 (Dkt. No. 241). Given that Universal will
19 not so stipulate, Ms. Lenz is entitled to know what further knowledge Universal holds on this
20 topic.

21 Moreover, Ms. Lenz's inquiry should not be limited to what individual employee
22 deponents remember at their depositions, without prior preparation. *See A-G Innovations, Inc. v.*
23 *U.S.*, 82 Fed. Cl. 69, 81 (Fed. Cl. 2008) ("Testimony obtained during [individual depositions] is
24 limited by memory that is no more extensive than the deponent's life.") (internal brackets and
25 quotation marks omitted). Because a Rule 30(b)(6) witness "[is] required to testify to the

---

[2] Universal's perpetual refrain that the question of fair use does not arise until after a court has concluded that the use infringes, *see, e.g.*, Opp. at 4:27-5:4, is incorrect, but in any event beside the point. If Universal's legal position on the relationship of fair use to infringement caused it, as a matter of *fact*, not to form any belief about whether Ms. Lenz's video was a fair use, then

knowledge of the corporation, not [just] the individual," Universal must prepare a Rule 30(b)(6) deponent to testify on matters "known or reasonably available to the corporation." *Board of Tr. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). That preparation is intended to ensure that the deposition is meaningful and, thereby, "to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial." *Id.*

Universal would like to have its cake and eat it too—to prevent further deposition testimony on the matter, particularly testimony from a witness it is obligated to admit knows everything Universal knows, but reserve the right to attempt to sandbag Ms. Lenz at trial. This is what Rule 30(b)(6) is designed to prevent. *Id.* If Universal intends to offer a witness other than Sean Johnson to testify on this subject at trial, or if Sean Johnson's testimony will vary from his testimony at his deposition, Universal must designate a witness now for Ms. Lenz to depose.

**B.     Topic 8 is a proper subject for deposition that calls for facts, not legal conclusions.**

Topic 8 calls for an explanation of "the *basis* for any belief by Universal that Ms. Lenz's video infringes the copyright in 'Let's Go Crazy,' including without limitation the *basis* for any belief by Universal that the Ms. Lenz's video is not a fair use of 'Let's Go Crazy.'"[3] Miksch Decl. Ex. A at 3 (emphasis added). It does not call for an explanation of the legal theories under which Universal may have formed that belief, and Universal knows this. *See* Miksch Decl. Ex. E at 1-2 (letter from Universal's counsel construing topic 3 to call for "factual testimony") & Ex. A at 2 (Ms. Lenz's Rule 30(b)(6) notice; Topic 3 seeks "[t]he basis" for Universal's decision to request that YouTube remove the Lenz video).

Moreover, Universal must not be permitted to dictate how Ms. Lenz will pursue her factual inquiry, i.e. by using a contention interrogatory as opposed to seeking deposition testimony. The existence of an alternative discovery mechanism does not preclude her from seeking this information by way of deposition, which will allow her to cross-examine Universal.

---

Universal can and should designate a witness to say that.

[3] If Universal thinks that Topic 8 seeks factual testimony covered by other topics on which it has designated witnesses, *see* Opp. at 5-7, it should simply designate one or more of those witnesses to testify on Topic 8.

Universal cannot limit its testimony to a carefully couched response vetted over a period of weeks by outside counsel. Universal must designate a witness.

### III. CONCLUSION

For the foregoing reasons, and those explained in Ms. Lenz's opening brief in support of this Motion, this Court should order Universal to designate a witness on Topic 8.

Dated: March 16, 2010                                      KEKER & VAN NEST LLP


                                                           By:    /s/Michael S. Kwun
                                                           ASHOK RAMANI
                                                           MICHAEL S. KWUN
                                                           MELISSA J. MIKSCH
                                                           Attorneys for Plaintiff
                                                           STEPHANIE LENZ