ELECTRONIC FRONTIER FOUNDATION
FRED VON LOHMANN - #192657
KURT OPSAHL– 191303
CORYNNE MCSHERRY - #221504
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:      (415) 436-9993
Email: fred@eff.org;  kurt@eff.org
         corynne@eff.org

KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN - #198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
         mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                              Defendants. | Case No. C-07-03783-JF<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL ANSWER TO INTERROGATORY NO. 17**<br><br>Date:     March 30, 2010<br>Time:    10:00 a.m.<br>Dept:     5<br>Judge:   Hon. Patricia V. Trumbull<br><br>Date Comp. Filed:     July 24, 2007 |

## I. INTRODUCTION

Ms. Lenz asked Universal for a simple answer to a simple question: what was the factual and/or documentary basis for its response to a request for admission? Rather than providing that answer, Universal offered a colloquy that can only have been based on a willful misreading of Ms. Lenz's question. Universal's opposition continues this pattern, insisting that Ms. Lenz somehow asked it for "certain information" it believes a court could consider if Universal sued her–rather than the "certain information" Universal's employee actually did (or did not) consider prior to Universal's sending of its June 4, 2007 takedown notice. Universal's opposition completely ignores the fact, raised in Ms. Lenz's moving papers (Mot. at 5:2-6:5), that in its answer to Interrogatory No. 17, Universal claims that its response to Request for Admission No. 16 ("RFA 16") was based, in part, *on documents Universal did not have when it responded to that Request for Admission.*

Universal's interrogatory response was not an attempt to answer the question posed, but part of a concerted effort to avoid disclosure of facts central to Ms. Lenz's case. This is exactly what discovery is supposed to prevent: "discovery . . . together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958).

## II. ARGUMENT

Judge Fogel has held that a copyright owner that fails to "evaluate whether the [allegedly infringing] material makes fair use of the copyright" cannot submit a takedown notice under the Digital Millennium Copyright Act in "good faith." *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1154 (N.D. Cal. 2008).[1] In RFA 16, Ms. Lenz asked Universal to admit that it did not consider whether her video was a fair use prior to sending its June 4, 2007 takedown notice.

---

[1] A "full fair use investigation" may not be needed in all situations, Dkt. No. 53 at 4:11-12 (Order Denying Defendants' Motion to Certify Interlocutory Appeal), but some evaluation of fair use is required.

After receiving Universal's circuitous objections and responses,[2] Ms. Lenz asked, by way of Interrogatory No. 17, for Universal to provide the complete basis for its response to RFA 16.

In its opposition, Universal seeks to justify its response to Interrogatory No. 17 by claiming Ms. Lenz sought the identification of all facts that Universal believes *are*, today, relevant to whether Ms. Lenz's video is a fair use. Interrogatory No. 17, however, seeks the basis for Universal's response to RFA 16, which in turn is limited to what Universal did (or did not) consider in connection with fair use *prior* to the sending of its June 4, 2007 takedown notice. Universal was required to provide a succinct, complete response to Interrogatory No. 17. Because it has not done so, Ms. Lenz requests that the Court order it to do so.

**A.    Interrogatory No. 17 seeks the basis for Universal's *response* to RFA 16, not its *objections* to RFA 16.**

Universal served "OBJECTIONS AND RESPONSES" to Ms. Lenz's Requests for Admissions. Kwun Decl. Exh. B at 1 ("Objections and Responses" in caption); *see also id.* at 1-45 ("Objs. & Resps." in footer on each page). It prefaced those objections and responses by stating that, by that document, the defendants "object and respond" to Ms. Lenz's requests. *Id.* at 1:25. RFA 16 asked Universal to admit it failed to consider fair use prior to sending its June 4, 2007 takedown notice. Kwun Decl. Exh. A. Universal's *objections* to RFA 16 neither admit nor deny this point—they do not "respond" to the request, but seek to avoid responding based on legal objections. The only *response* that Universal provided, which was "[s]ubject to and without waiver of its General and Specific Objections," *id.* Exh. B at 14:3-4, was to admit that

> prior to the time that Universal sent the email to YouTube that is the subject of Plaintiff's complaint, a Universal employee had watched the Let's Go Crazy video and had considered certain information observable from that video that Universal believes a court could have considered had Plaintiff been sued for copyright infringement (she has not been sued) and had she raised (as she has not done) the affirmative defense of fair use for her admittedly unauthorized use of Let's Go Crazy

*id.* at 14:4-9, and that except as specifically admitted, it denied RFA 16, *id.* at 14:9-10.

Universal's response to Interrogatory No. 17 therefore should have identified all facts and

---

[2] Ms. Lenz's motion to determine the sufficiency of Universal's responses to certain Requests for Admission, which is set for hearing at the same time as the instant motion, is directed in part to RFA 16.

documents that were Universal's basis for the following points:

(1) "a Universal employee had watched the Let's Go Crazy video" prior to the sending of the takedown notice; and

(2) that employee "considered certain information observable from that video" that Universal believes a court could consider in connection with a fair use defense.

**B.     Ms. Lenz did not seek the basis for *all* opinions Universal claims it *today* has about whether the video is a fair use.**

Universal seeks to excuse its response to Interrogatory No. 17 by claiming that the interrogatory is not limited to the facts "constituting the 'certain information observable from [the LENZ VIDEO]'" that Universal referenced in its response to RFA 16. Instead, Universal argues that Interrogatory No. 17 sought all documents "that would be relevant to the hypothetical fair use defense RFA 16 supposes."[3]  Opp. at 7:26-27.

But the interrogatory did not seek identification of those documents. It sought the facts and documents on which Universal based its response to RFA 16. RFA 16 is limited to what Universal did or did not consider prior to sending the June 4, 2007 takedown notice. The fact that Interrogatory No. 17 is not limited to the "certain information observable from the video" referenced in Universal's response to RFA 16 (it also, for example, seeks the facts and documents that are the basis for Universal's assertion that "a Universal employee" watched the video) does not change the fact that Interrogatory No. 17 *is* limited to Universal's basis for its response to RFA 16.

Nothing in RFA 16 or Universal's response (or even its objections) relates to fair use except to the extent that Universal considered (or failed to consider) fair use prior to sending the

---

[3] Universal refers to fair use as a "hypothetical [] defense" because it persists in contending that fair use is an "affirmative defense" to infringement and that "a court does not reach the question of fair use . . . until the court *first* concludes that the use infringes under [17 U.S.C. § 106]." Opp. at 5 n.1. Universal is wrong and Judge Fogel has ruled that it is wrong. Docket No. 250 (Order Granting Plaintiff's Mot. for Partial Summary Judgment) at 4:12-17 ("Lenz is correct" that "a fair use is not an infringement.") (internal quotation marks omitted); *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) ("anyone . . . who makes a fair use of the work is not an infringer of the copyright with respect to such use").

1    June 4, 2007 takedown notice.  Universal's objections speak at length about its own claimed

2    confusion about what consideration of fair use might entail, but nothing in those objections

3    suggests that Universal believed that Ms. Lenz might be asking, in RFA 16, about anything that

4    post-dated June 4, 2007.  That makes all the sense in the world, because RFA 16 is limited to

5    what Universal did or did not do prior to sending the takedown notice on June 4, 2007.

6          Finally, although Universal's actual response to RFA 16 refers to information Universal

7    believes a court could consider in connection with fair use, its response does not refer to *all*

8    information it believes a court could consider in that context.  Instead, it uses the phrase to

9    describe the 'certain information observable from th[e] video' that a Universal employee

10   considered prior to the sending of the notice.  Nowhere in the response does Universal place at

11   issue *other* information that it now claims relates to fair use.  Whatever Universal *today* may

12   claim to believe about fair use and the Lenz video, beyond its belief when it sent the June 4,

13   2007 takedown notice, is irrelevant to Interrogatory No. 17, and thus non-responsive.

14   **C.     Universal's justifications for its overly inclusive response are without merit.**

15         Ms. Lenz's discovery responses (discussed at 6:22-25 in Universal's Opposition) are

16   irrelevant to any of Universal's objections to RFA 16.  They do not relate to its objection that

17   Universal could not understand what 'consider . . . fair use' meant.  Nor do they relate to Judge

18   Fogel's stating that a 'full' fair use investigation may not be necessary in every case.

19         Ms. Lenz's discovery responses, which long post-date June 4, 2007, also cannot be a basis

20   for Universal's assertion that one of its employees viewed Ms. Lenz's video prior to the sending of

21   the June 4, 2007 takedown notice.  Neither are those discovery responses the information

22   observable from the video that the employee considered.  Finally, they cannot be the basis for

23   Universal's belief that the information observable from the video could be considered by a court

24   in connection with a fair use defense.

25         Similarly, Ms. Lenz's exchanges with Theryn Fleming and others could not have been a

26   basis for Universal's response to RFA 16.  Universal claims these documents relate to Ms. Lenz's

27   purpose in posting the video, but nowhere in its objections and response to RFA 16 does

28

Universal refer to Ms. Lenz's purpose in posting the video. The Second Amended Complaint and Ms. Lenz's retainer agreement with EFF are equally irrelevant to Universal's response to RFA 16.

**D.      If Universal's consideration of fair use prior to sending the June 4, 2007 takedown notice was limited or nonexistent, Ms. Lenz is entitled to a response to Interrogatory No. 17 that is equally limited.**

If Universal did not consider fair use prior to sending the June 4, 2007 takedown notice, that means it failed to form a good faith belief that the Lenz video infringed. Not surprisingly, then, Universal is uncomfortable answering Interrogatory No. 17 in a manner that demonstrates that it did not consider fair use, or that any fleeting thought it may have had that could possibly have been related to the issue of fair use was so threadbare to be insufficient as a matter of law. This, presumably, explains Universal's desire either to avoid the question entirely, or at least to provide a response that identifies a wealth of irrelevant documents in support of its attempt to deny RFA 16. That, however, is not the purpose of discovery. Universal should be compelled to respond to Interrogatory No. 17 as posed, not as it wishes it were posed.

### III.      CONCLUSION

For the reasons set forth above and in Ms. Lenz's memorandum in support of her motion, this Court should grant Ms. Lenz's motion to compel.

Dated:  March 16, 2010                                KEKER & VAN NEST LLP


By:   /s/ Melissa J. Miksch
ASHOK RAMANI
MICHAEL S. KWUN
MELISSA J. MIKSCH
Attorneys for Plaintiff
STEPHANIE LENZ