IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC CORP,<br>UNIVERSAL MUSIC PUBLISHING, INC.<br>AND UNIVERSAL MUSIC PUBLISHING<br>GROUP,<br><br>    Defendants.<br>_____ / | Case No. C 07-03783 JF (PVT)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORY NO. 17; (2) DENYING PLAINTIFF'S MOTION TO COMPEL DESIGNATION OF WITNESSES PURSUANT TO RULE 30(B)(6); (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF RESPONSES; (4) SOLICITING FURTHER BRIEFING ON DEFENDANT'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS**<br><br>**[Docket Nos. 235, 236, 240, 242]** |

    Plaintiff Stephanie Lenz moves to compel as follows: (1) a motion to compel further response to interrogatory no. 17 (Docket No. 236); (2) a motion to compel designation of witnesses pursuant to Rule 30(b)(6) (Docket No. 240); and (3) a motion to determine the sufficiency of responses to requests for admissions (Docket No. 242). Defendants Universal Music Corporation, Universal Music Publishing, Inc. and Universal Music Publishing Group oppose the motions. (collectively "defendants" or "Universal").

    Additionally, defendants move to compel further production of documents. (Docket No. 235). Plaintiff Lenz opposes the motion.

1  Pursuant to Civ. L.R. 7-1(b), all of the motions are taken under submission and the hearing
2  scheduled to be held on April 20, 2010 is vacated. Having reviewed the papers and considered the
3  arguments of counsel,

4  IT IS HEREBY ORDERED that plaintiff's motion to compel further response to
5  interrogatory no. 17 is granted.

6  In RFA No. 16, plaintiff requests that defendants admit that they "did not consider whether
7  [plaintiff's] video was a fair use of Let's Go Crazy 'prior to sending the June 4' takedown notice to
8  YouTube about her video." Plaintiff's Motion to Compel Answer to Interrogatory No. 17 at 1.
9  ("Mot."). Declaration of Michael S. Kwun in Support of Plaintiff's Motions to Compel Answer to
10 Interrogatory No. 17 and to Determine Sufficiency of Responses to Requests for Admissions, ¶ 4,
11 Exh. A. ("Kwun Decl.").

12 Defendants responded to RFA No. 16 as follows:

> a Universal employee had watched the Let's Go Crazy video and had considered certain information observable from that video that Universal believes a court could have considered had Plaintiff been sued for copyright infringement (she has not been sued) and had she raised (as she has not done) the affirmative defense of fair use for her admittedly unauthorized use of Let's Go Crazy.

Mot. at 2. Kwun Decl., ¶ 5, Exh. B. Based on defendants' response to RFA No. 16, plaintiff propounded Interrogatory No. 17, which states as follows:

> State all facts and identify all documents on which [Universal] base[d] [its] response to Plaintiff's Request for Admission No. 16, including without limitation each fact constituting the 'certain information observable from [the LENZ VIDEO]' that [Universal] describe[d] in [its] response to request for Admission No. 16 as information 'Universal believes a court could have considered had Plaintiff been sued for copyright infringement . . . and had she raised . . . the affirmative defense of fair use.

Kwun Decl., ¶ 15, Exh. G. Defendants, in turn, responded as follows:

> Defendants identify the following documents and facts contained therein: Plaintiff's 'Let's Go Crazy' video (including the title, the synchronization of the video images with the music, and statements made by Plaintiff therein), as well as all documents marked as exhibits at the deposition of Plaintiff on September 16, 2009.

*Id.*

Plaintiff complains that defendants' response is inadequate and the reference to "all"

2

documents marked as exhibits to plaintiff's September 16, 2009 deposition is disingenuous.  Mot. at 3.  Indeed, six of the 56 marked exhibits were created after the June 4, 2007 takedown notice was sent and could not have been "considered" by the Universal employee who reviewed plaintiff's video on June 4, 2007. *Id.*  At a minimum, plaintiff states that a "proper" response would identify (1) the identity of the Universal employee; and (2) all of the "certain information" used by the Universal employee, which caused him/her to send non-party YouTube the June 4 takedown notice.

Defendants respond that their response is entirely appropriate in light of the poor draftsmanship and broad call of the interrogatory.  Opposition to Plaintiff's Motion to Compel Answer to Interrogatory No. 17 at 1.  ("Opp.").  For example, interrogatory no. 17 does not ask Universal to identify the employee who viewed the Lenz video before the June 4, 2007 takedown notice was sent to YouTube. *Id.* at 4.  Additionally, based on certain phrases in the interrogatory, including "all facts and all documents" and "including without limitation," defendant states that a reference to documents created after the June 4, 2007 takedown notice is a complete response.  Opp. at 5. ("To answer completely, Universal thus had to list the facts and documents on which it based not only the particular phrase in the response about the video itself, but also the facts and documents on which it based its responses about the potential meaning of the term 'fair use.'").

Defendants shall supplement their response to include all facts that form the basis of their response to request for admission no. 16, including the name of the Universal employee, "certain information observable" from the Lenz video, and an identification of all responsive documents considered prior to the June 4, 2007 takedown notice no later than May 7, 2010.  Accordingly, plaintiff's motion to compel further response to interrogatory no. 17 is granted.

IT IS FURTHER ORDERED that plaintiff's motion to compel designation of witnesses pursuant to Rule 30(b)(6) is denied                          .

Topic no. 8 of the Rule 30(b)(6) notice seeks testimony regarding "the basis for any belief by Universal that Ms. Lenz's video infringes the copyright in 'Let's Go Crazy,' including without limitation the basis for any belief by Universal that Ms. Lenz's video is not a fair use of 'Let's Go Crazy.'"  Plaintiff's Motion to Compel Designation of Witnesses Pursuant to Fed. R. Civ. P.

3

1  30(b)(6) at 1. ("Mot."). Declaration of Melissa J. Miksch in Support of Plaintiff's Motion to
2  Compel, ¶ 3, Exh. A. ("Miksch Decl."). Plaintiff asserts that the district court has ruled that "a
3  failure to consider fair use prior to sending a takedown notice can violate section 512(f)." Mot. at 3.
4  Therefore, topic no. 8 relates to a central issue in the case. *Id.*
5       To date, defendants have declined to designate a witness to testify regarding topic no. 8. *Id.*
6  Rather, defendants have stated that such designations are unnecessary in light of anticipated and
7  relevant testimony provided by individual witnesses, including Sean Johnson. Mot. at 2.
8  Notwithstanding the above, plaintiff states that defendants have not agreed to limit testimony and
9  evidence on topic no. 8 to testimony already provided by individual witnesses. Therefore, plaintiff
10 may be prejudiced by additional testimony by defendant on this topic. Mot. at 4.
11      In response, defendant makes two arguments: (1) this is not an action for copyright
12 infringement by Universal against plaintiff. "This is a suit by plaintiff against Universal, for
13 allegedly violating 17 U.S.C. §512(f);" and (2) the topic is improper because it asks the party to
14 produce a witness about legal conclusions. Opp. at 1.
15      The court agrees with defendant and finds that topic no. 8 seeks testimony regarding
16 defendant Universal's legal conclusions. Plaintiff is asking for testimony that forms the basis of
17 defendant's "belief" regarding infringement and fair use. The facts that form those "beliefs" are
18 legal conclusions and an improper topic for a Rule 30(b)(6) deposition. *See, e.g., 3M Company v.*
19 *Maurice Kanbar, et al.,* 2007 WL 1794936 *2 (N.D. Cal.)). Accordingly, plaintiff's motion to
20 compel designation of witnesses pursuant to Rule 30(b)(6) is denied.
21      IT IS FURTHER ORDERED that plaintiff's motion to determine the sufficiency of
22 responses is granted in part and denied in part.
23      In this motion, plaintiff moves to determine the sufficiency of defendants' responses to
24 plaintiff's requests for admission nos. 1-4, 6-7, 16-17, 26, 29, 32-33, 35-36, 38-43 and 54-55.
25 Plaintiff's Motion to Determine Sufficiency of Responses to Requests for Admissions at 2.
26 ("Mot."). Defendants oppose the motion on the grounds that the requests are "poorly worded and
27 objectionable on numerous grounds." Opposition to Plaintiff's Motion to Determine Sufficiency of
28

4

1  Responses to requests for Admission at 1. ("Opp."). Notwithstanding their objections, defendants
2  state that they "did provide appropriately qualified partial admissions to a number of the Requests at
3  issue." *Id.* The requests are taken in turn below.

4  <u>Request Nos. 1 and 2:</u>

5  Request nos. 1 and 2 ask defendants to admit that YouTube "is a provider of online services
6  or network access of facilities therefore" (request no.1), and "a provider of online video hosting
7  services" (request no. 2).

8  Plaintiff argues that these requests are beyond dispute and are relevant to whether or not,
9  YouTube is a service provider pursuant to 17 U.S.C. §512. Mot. at 4. Specifically, she argues that
10 the request bears on plaintiff's allegation that the DMCA governs defendants' conduct in sending the
11 June 4, 2004 takedown notice. *Id.* Plaintiff further disputes whether the request seeks a legal
12 conclusion and whether certain terms are vague and ambiguous. *Id.*

13 Defendants respond that the two requests are not relevant. Opp. at 4. First, YouTube is not a
14 defendant in the action and whether YouTube satisfies the legal requirements for being a "service
15 provider" is not relevant. *Id.* Defendants have informed plaintiff that it served its notice because
16 YouTube's Terms of Use require a copyright owner or its agent to request a removal of unauthorized
17 material from the site. *Id.* Defendants argue that a determination of whether YouTube meets all the
18 legal requirements for claiming safe harbor protection would arise if a copyright owner sued
19 YouTube for copyright liability. *Id.*

20 Rather than determining whether YouTube has met all the legal requirements for claiming
21 safe harbor protection, the court finds that plaintiff requests an admission regarding a fact that bears
22 on whether youTube is a service provider pursuant to 17 U.S.C. §512. Accordingly, defendants
23 shall supplement their responses to request nos. 1-2.

24 <u>Request No. 3:</u>

25 Request no. 3 asks that defendants "[a]dmit that the June 4 NOCI represented that LENZ
26 VIDEO was infringing the copyright in LET'S GO CRAZY."

27 Plaintiff contends that she sought defendants' understanding of the meaning or intent of the

28

5

1 document. Mot. at 5.

2 Defendants state that the request inquired as to what the June 4, 2007 takedown notice
3 represented. Opp. at 6.

4 Plaintiff may re-draft the request and serve defendants with an amended request to determine
5 their understanding of the meaning or intent of the document. Accordingly, plaintiff's motion as to
6 this request is denied.

7 <u>Request Nos. 4, 6 and 7:</u>

8 Request nos. 4, 6 and 7 are as follows: (1) admit that YOU intended YOUTUBE to remove
9 or disable access to the LENZ VIDEO as a result of the JUNE 4 NOCI (request no. 4); (2) admit that
10 YOUTUBE removed or disabled access to the LENZ VIDEO as a result of the JUNE 4 NOCI
11 (request no. 6); and (3) admit that YOUTUBE relied upon the JUNE 4, 2007 NOCI in removing or
12 disabling access to the LENZ VIDEO (request no. 7).

13 Plaintiff states that the above-specified requests asks defendants to admit "three seemingly
14 obvious facts-- that Universal 'intended YouTube to remove or disable access to' the video as a
15 result of its takedown notice, that YouTube did so as a result of the notice, and that YouTube relied
16 on the notice in taking that action." Mot. at 6. With respect to request no. 4, defendants objected to
17 the terms "intended" and "as a result of" as vague and ambiguous and stated that the email speaks
18 for itself. With respect to request nos. 6-7, defendants similarly objected to terms in the requests as
19 vague and ambiguous.

20 Defendants argue that they properly qualified their responses and admitted in part each of the
21 requests. Opp. at 8. Including the qualification "to its knowledge" to request nos. 6 and 7 was
22 necessary because Universal is not YouTube; therefore, it cannot make representations on its behalf
23 and need not make an independent inquiry to YouTube. *Id.*

24 Request no. 4 asks about defendants' (and not YouTube's) intent. Therefore, defendants
25 shall supplement their response to request no. 4. Defendants' responses to request nos. 6 and 7 are
26 sufficient.

27 <u>Request no. 16:</u>

28

6

1    Request no. 16 asks that defendants "admit that YOU did not consider whether the LENZ
2 VIDEO was a fair use of the copyright in LET'S GO CRAZY prior to sending the JUNE 4 NOCI."
3 Mot. at 6.

4    Plaintiff complains that defendants have responded that "consider whether the ["Lenz
5 Video"] was a fair use of copyright" is unintelligible. Mot. at 7. And this position is meritless. *Id.*

6    Notwithstanding the poor draftsmanship of the request, defendants state that they provided a
7 proper and qualified response. Opp. at 9. Defendants argue that whether use is or is not fair use
8 involves "an intense equitable balancing of multiple factors, including the four factors set forth in
9 the text of Section 107." *Id.* In sum, defendants responded that "prior to the time that Universal sent
10 the email to YouTube that is the subject of Plaintiff's complaint, a Universal employee had watched
11 the Let's Go Crazy video and had considered certain information observable from that video that
12 Universal believes a court would have considered had Plaintiff been sued for copyright infringement
13 . . . ." *Id.* at 9. Defendants state they are being asked to improperly respond to an "undefined
14 standard of what it means to 'consider fair use.'" *Id.*

15    Irrespective of the standard of what it means to 'consider fair use,' the request asks whether
16 defendants undertook any fair use analysis whatsoever prior to sending the June 4, 2007 takedown
17 notice. Defendants may qualify their response, if necessary. Accordingly, defendants shall
18 supplement their response to request no. 16.

19    Request no. 17:

20    Request No. 17 asks defendants to "admit that an online video hosting service has value to a
21 person whose video is hosted online by such a service." Mot. at 7.

22    Plaintiff withdraws this request from consideration. Accordingly, the motion as to this
23 request is moot.

24    Request nos. 26, 32 and 33:

25    Request nos. 26, 32 and 33 are as follows: (1) admit that YOU never granted a
26 SYNCHRONIZATION license for any HOME VIDEO for any PRINCE copyrights YOU administer
27 (request no. 26); (2) admit that you have never licensed any exclusive right under 17 U.S.C. §106 for

28

1  any PRINCE copyrights YOU administer to any creator of any HOME VIDEO for use in such a
2  video (request no. 32); and (3) admit that, to YOUR knowledge, PRINCE has never licensed any
3  exclusive right under 17 U.S.C. §106 for LET'S GO CRAZY to any creator of any HOME VIDEO
4  for use in such video (request no. 33).

5       Plaintiff argues that the above-specified requests relate to three non-controversial points.
6  Mot. at 8.  Specifically, plaintiff seeks confirmation as to whether defendants and/or Prince have
7  licensed Let's Go Crazy for "anything remotely close to a home video."  Mot. at 9.

8       Defendants respond by stating that the term "home video" on a site like YouTube has no
9  discernable meaning.  Opp. at 12.  Even plaintiff's effort to clarify the term to mean "a video
10 recorded by an individual using readily available consumer recording equipment, for personal
11 noncommercial use" is of no use.  *Id.*

12      Defendants shall supplement their responses to request nos. 26, 32 and 33.  They may qualify
13 their responses as needed.  Accordingly, plaintiff's motion is granted as to these requests.

14      <u>Request nos. 29 and 35:</u>

15      Request nos. 29 and 35 are as follows: (1) admit that, as of June 4, 2007, PRINCE had
16 instructed YOU not to license the SYNCHRONIZATION, to audio-visual works displayed on
17 YouTube, of any of his musical compositions that YOU administer (request no. 29); and (2) admit
18 that, as of June 4, 2007, PRINCE had instructed YOU not to license any exclusive right under 17
19 U.S.C. § 106 in audio-visual works displayed on YouTube with respect any of his musical
20 compositions that YOU administer (request no. 35).

21      Plaintiff contends that the above-specified requests relate to whether Prince directed
22 Universal to send the June 4, 2007 takedown notice and whether there is a market for YouTube
23 video licenses of songs written by Prince.  Mot. at 10.  Plaintiff states that these issues bear on fair
24 use.  *Id.*

25      Defendants state that the requests are not relevant. Opp. at 14.  As an initial matter, plaintiff
26 never asked for permission to post her video including Let's Go Crazy.  *Id.*  And any instructions
27 from Prince to Universal is not relevant to plaintiff's claim.  *Id.*  Finally, whether there is a market

28      8

1 for YouTube video licenses of Prince songs does not relate to whether a use is or is not a fair use.
2 *Id.*
3     The court finds that the above-specified requests are relevant. Accordingly, defendants shall
4 supplement their responses to request nos. 29 and 35.
5     <u>Request nos. 36:</u>
6     Request no. 36 is under seal.
7     Plaintiff states that defendants' objection that "th[e] request is improper because it seeks an
8 interpretation of a contract and because the contract 'speaks for itself'" is not a valid objection. Mot.
9 at 11.
10     Defendants argue that plaintiff is asking Universal to interpret the legal meaning of its 2007
11 agreement with YouTube. Opp. at 14. Instead, defendants state plaintiff did not ask what their
12 understanding or belief was concerning the legal question presented. *Id.* Moreover, the legal issue
13 presented by the request is not relevant. *Id.*
14     Defendants shall supplement their response to request no. 36. They may qualify their
15 response to state what their "understanding or belief was concerning the legal question presented."
16 Accordingly, plaintiff's motion as to request no. 36 is granted.
17     <u>Request no. 38:</u>
18     Request no 38 states: admit that LENZ'S use of the LENZ VIDEO did not affect the value of
19 LET'S GO CRAZY by any quantifiable amount.
20     Plaintiff contends defendants' objections, including unintelligible terms such as "Lenz's
21 use," "affect the value of," and "quantifiable amount," request calls for a legal conclusion and an
22 incorrect legal standard for fair use and compensable harm, are not well-taken. Mot. at 11-12.
23     Defendants state that the legal standard embedded in the request is erroneous because it
24 "presumes that it is possible for someone to make an unauthorized use of a copyrighted work that
25 has no effect on the value of that work whether that effect is not quantifiable." Opp. at 15.
26     Defendants shall supplement their response to request no. 38 and may qualify their answer to
27 include the presumption discussed above. Accordingly, plaintiff's motion as to request no. 38 is
28

9

granted.

Request nos. 39 and 40:

Request nos 39 and 40 are as follows: (1) admit that PRINCE communicated with YOU regarding the removal of the LENZ VIDEO (request no. 39); and (2) admit that PRINCE requested that YOU seek the removal of the LENZ VIDEO (request no. 40).

Plaintiff states that "[i]n light of Universal's admission-for the record and without waiving a privilege caveat-that neither Prince nor any of his representatives communicated with Universal about Ms. Lenz's posting prior to its takedown, Ms. Lenz no longer seeks the assistance of the Court with these requests." Reply. at 11.

Accordingly, the motion as to these requests is moot.

Request nos. 41, 42 and 43:

Request nos. 41, 42 and 43 are as follows: (1) admit that, as of June 4, 2007, YOU had not instructed Sean Johnson that fair use of a copyrighted work is not an infringement of copyright (request no. 41); (2) admit that, as of June 4, 2007, YOU had not instructed Sean Johnson to consider fair use when reviewing YouTube videos for copyright infringement (request no. 42); and (3) admit that Sean Johnson did not consider fair use when reviewing the LENZ VIDEO (request no. 43).

Plaintiffs state that defendants objection to the terms "instructed," "fair use," "not an infringement of copyright," "when reviewing," "copyright infringement" and "consider fair use" is nonsense. Mot. at 13. Moreover, defendants attempt to argue legal theory is misplaced. *Id.*

Defendants argue that the above requests rely on an incorrect legal premise. Opp. at 19. "Plaintiff's premise in asking this question is that whether a particular use constitutes fair use can be decided before an infringement action is filed and someone raises and proves the defense of fair use." *Id.* Defendants further state that the requests are not relevant because plaintiff has already asked what instructions Mr. Johnson received, and what he did, at his deposition. *Id.*

Defendants shall supplement their responses to the above-specified requests. They may qualify their responses as set forth in the opposition.

10

1     <u>Request nos. 54 and 55:</u>

2     Request nos. 54 and 55 are as follows: (1) admit that the LENZ VIDEO is not a substitute for LET'S GO CRAZY in any actual market for that composition of which YOU are aware (request no. 54); and (2) admit that the LENZ VIDEO is not a substitute for LET'S GO CRAZY in any potential market for that composition of which you are aware (request no. 55).

6     Plaintiff disputes that terms contained in the requests are vague and ambiguous. Mot. at 14. Additionally, plaintiff disputes that the requests call for a legal conclusion. *Id.*

8     Defendants state that the requests seek admissions based on the application of law to fact but that the legal standard embedded in the requests is erroneous. Opp. at 20. Specifically, the requests seek admissions based on the application of a legal principle, "namely, 'the effect of the use upon the potential market for or value of the copyrighted work,' which is the fourth statutory fair use factor, 17 U.S.C. §107(4)." *Id.*

13     Defendants shall supplement their responses to the above-specified requests and may include the appropriate qualifications as set forth in the opposition..

15     Defendants shall serve their supplemental responses no later than April 30, 2010.

16     IT IS FURTHER ORDERED that plaintiff Lenz may further respond to defendants' motion to compel further production of documents that post-date the filing of the second amended complaint.

19     Defendants contend that documents they seek that post-date the filing of the second amended complaint are relevant to "plaintiff's affirmative allegations and Universal's right to discover documents relating to those allegations." Reply in Support of Motion to Compel Production of Documents by Plaintiff Post-Dating Second Amended Complaint at 3. ("Reply"). Specifically, defendants argue that an inquiry into fair use necessarily involves consideration of "the purpose and character of [the party claiming fair] use." Reply at 2.

25     In the initial moving papers, defendants had asserted that the documents sought were relevant to their affirmative defenses, including unclean hands and bad faith. Motion to Compel Production of Documents by Plaintiff Post-Dating Second Amended Complaint at 3. The motion to compel was

11

1  filed on February 9, 2010. *Id.* On February 25, 2010, the district court granted plaintiff Lenz's
2  motion for partial summary judgment with regard to six affirmative defenses asserted by defendants.
3  Order Granting Partial Summary Judgment dated February 25, 2010. ("February 25, 2010 Order").
4  (Docket No. 250). Bad faith and unclean hands were among the six defenses ruled on by the court.
5  February 25, 2010 Order at 3. Additionally, the district court ruled that "Lenz incurred some
6  damages as defined under the statute." *Id.* at 16.

7  As a result, plaintiff Lenz opposed the arguments made in the initial moving papers and the
8  impact of the February 25, 2010 Order on those arguments. Plaintiff's Opposition to Motion to
9  Compel Production of Documents by Plaintiff Post-Dating Second Amended Complaint. ("Opp.").
10 Plaintiff Lenz responded to more general arguments that "documents [sought] might be relevant to
11 circumstances surrounding the creation of the video."   Opp. at 4.  However, plaintiff Lenz did not
12 specifically discuss whether the documents sought were relevant to purpose and character of the
13 party claiming fair use. *See, e.g.,* Opp at 5-6 ("Any conceivable relevance post-SAC documents
14 might have to remaining issues in the case is so attenuated that it is not 'of sufficient potential
15 significance to justify the burden the discovery probe would impose . . .'").

16 Accordingly, plaintiff Lenz may file further briefing addressing defendants' arguments made
17 in their reply brief no later than April 30, 2010. Defendants may further respond no later than May
18 7, 2010.

19 IT IS SO ORDERED.[1]

20 Dated: April 20, 2010

PATRICIA V. TRUMBULL
21 United States Magistrate Judge

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

12