KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (SBN 235670)
Melinda.LeMoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>Defendants. | CASE NO. C 07-03783 JF (PVT)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FURTHER OPPOSITION TO MOTION TO COMPEL DOCUMENTS POST-DATING THE SECOND AMENDED COMPLAINT**<br><br>(MOTION SUBMITTED AND READY FOR DECISION UPON FILING OF THIS BRIEF, PER COURT'S APRIL 20, 2010 ORDER) |

## I. INTRODUCTION

Plaintiff admits in her "Further Opposition" to Universal's Motion to Compel that her lawyers have and already have reviewed "*some*" documents – how many Plaintiff conspicuously will not say – that are responsive to Universal's discovery requests and that Plaintiff is refusing to produce because of an untimely (and therefore waived) objection based on the date of her Second Amended Complaint ("SAC"). *See* Kwun Decl. ¶ 7 (emphasis added). As Universal has demonstrated – and Plaintiff fails to refute – Plaintiff never objected to producing post-SAC documents until after she was deposed, her motion for partial summary judgment was pending, and Plaintiff provided her lawyer with "some" additional documents that obviously are responsive and not privileged. The timing of Plaintiff's waived objection – coupled with Plaintiff's persistent and meritless objections to producing documents her lawyers already have reviewed (*e.g.*, her claimed "First Amendment" burden argument, which has evaporated in the Further Opposition) – provide every reason to believe that the "some" documents Plaintiff's counsel have collected and reviewed are highly damaging to Plaintiff's case and her credibility as a witness. The desire to hide devastating documents is not a legitimate reason for withholding responsive documents that already have been reviewed and that number in the amorphous "some" range. The documents should be ordered produced forthwith, for at least the following reasons:

*First*, the documents that Plaintiff's lawyers have and have reviewed easily meet the liberal standards for discoverability under Rule 26, and Plaintiff's Further Opposition simply confirms this is the case. Plaintiff has never before asserted the novel – and legally untenable – claim that the "purpose and character" behind Plaintiff's use is irrelevant to whether it is subject to a "fair use" defense. Throughout discovery and as recently as her reply in support of her own motion to compel, Plaintiff has insisted that the entire statutory fair use analysis in this case is "squarely at issue." Doc. No. 203 at 1. The "purpose and character" of Plaintiff's posting is the very *first* of the four fair use factors enumerated in 17 U.S.C. § 107. Documents that relate to the purpose and character of Plaintiff's posting indisputably are relevant to her claim of fair use. It cannot be the case that some "fair use factors" are relevant to "self-evident" fair uses, but others are not. That is contrary to Supreme Court and Ninth Circuit law. *See, e.g.*, *Campbell v. Acuff-*

10632207.1

- 1 -

DEFENDANTS' RESPONSE TO PL'S "FURTHER RESPONSE" TO MOT. TO COMPEL POST-SAC DOCUMENTS

1  *Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994); *Perfect 10 v. Amazon.com, Inc*., 508 F.3d 1146, 1163 (9th Cir. 2007).

*Second*, Plaintiff's claims of burden are illusory and she completely fails to support them with evidence, as it is her burden to do. The most that Plaintiff's counsel will say is that they have and they have reviewed "*some*" documents. Kwun Decl. ¶ 7 (emphasis added). "Some" could be a handful or it could be several hundred. If the number were on the high end, the Court can bet that Plaintiff's counsel would have provided the actual number. The fact that they omitted to state the number speaks volumes. What is more, there is no conceivable claim to producing these documents, because Plaintiff's counsel *already* reviewed the documents and determined they are responsive – *i.e.*, they relate to Plaintiff's video posting, to this case, or both – so there is no additional review necessary. The documents simply should be produced. Plaintiff's suggestion that there is a burden in having to do a privilege review is meritless. Counsel easily can remove and put on a privilege log actual communications that were shared only between Plaintiff and her lawyers in this case. Of course, if Plaintiff shared what her lawyers told her with third parties – as she has done repeatedly throughout the case – then there is no privilege and the documents must be produced.

*Third*, there is absolutely no justification for allowing Plaintiff's counsel to go back and do a re-review to sift out documents that Plaintiff's counsel think relate to the affirmative defenses that were the subject of the Court's Order on Plaintiff's motion for partial summary judgment. *See* Kwun Decl. ¶ 7. Universal requested documents relating to Plaintiff's "Let's Go Crazy" posting or to her claims in this case – and those remain fully live issues. There is every reason to fear that Plaintiff would use any opportunity for a "re-review" to use hair-splitting distinctions to avoid having to produce highly relevant documents, and that would simply guarantee another round of this motion to compel. If Plaintiff thinks she has cause to try to exclude relevant documents from coming into evidence, she can file a motion *in limine* and the District Court will decide what is and is not coming into evidence. The documents that Plaintiff and her counsel now so desperately want to bury should be ordered produced now, without any further "re-review" by Plaintiff for specious relevance objections.

10632207.1 - 2 - DEFENDANTS' RESPONSE TO PL'S "FURTHER RESPONSE" TO MOT. TO COMPEL POST-SAC DOCUMENTS

## II. ARGUMENT

### A. Post-SAC Documents Relating To The "Let's Go Crazy" Video And This Lawsuit Are Discoverable

Plaintiff's Further Opposition fails to address this Court's pointed question: "whether the documents sought [by Universal's Motion are] relevant to the purpose and character of the party claiming fair use." Doc. No. 285. April 20, 2010 Order at 12. Plaintiff must concede that they are, because she never contends that the documents sought are *not* relevant to the purpose and character of Plaintiff's use. Instead, Plaintiff tries to answer a different question: whether the "purpose and character" of the use is relevant to the fair use analysis that Plaintiff claims Universal was required to perform before sending its email to YouTube. SAC ¶¶ 34-37.

The question that Plaintiff tries to answer is not up for debate. If, as Plaintiff claims, the affirmative defense of fair use had to be considered before Universal sent a notice to YouTube, then that consideration *must* include the use's "purpose and character." The Copyright Act and settled United States Supreme Court and Ninth Circuit law confirm that application of the "fair use" defense requires as much. 17 U.S.C. § 107; *Campbell*, 510 U.S. at 577-78; *Perfect 10*, 508 F.3d at 1163. Plaintiff's suggestion that the "purpose and character" of the use is irrelevant to the "fair use" analysis she says Universal had to perform is newly minted for purposes of opposing this motion. Plaintiff put the "purpose and character" of her use directly at issue in the SAC, by alleging exactly what her purported "purpose and character" was. *See* SAC ¶ 18 ("Thus, the purpose and character of the video was for Ms. Lenz to amuse her family and friends with her young child's nascent dancing ability."). Universal is entitled to test those allegations through discovery.

Plaintiff also asserts that the evidence of the "purpose and character" of her use she is now withholding could not have been a part of Universal's decision whether to send the notice to remove the video from YouTube, because Universal could not have known at that time what the "purpose and character" of Plaintiff's use was. Further Opp'n at 2. *Precisely*. This shows why evidence of Plaintiff's "purpose and character" is relevant. Universal seeks to develop this evidence to show the significance of what Universal *could not have known* at the time the notice

1  was sent to YouTube, but that would be clearly relevant in any evaluation of a "fair use" defense.
2  Universal is entitled to argue to the District Court that Plaintiff's proposed test of "considering
3  fair use" before sending a takedown notice is nonsensical, because the party supposedly obligated
4  to conduct that "consideration" does not and cannot have all the facts necessary to evaluate all of
5  the statutorily enumerated factors. If Plaintiff's documents undercut her litigation claims about
6  what the "purpose and character" of her use was, then those documents will be highly relevant to
7  show that the standard Plaintiff is asking the Court to adopt is unmanageable, unworkable, and
8  should be rejected.

9  As is clear from the pleadings attached to Plaintiff's Further Opposition, the District Court
10 has not specified what it means to "consider fair use" before sending a takedown notice. The
11 Court in fact said that developing a factual record would be helpful in answering that question,
12 which the Court has deemed to be open. Kwun Decl., Ex. B at 4-5. Part of that factual
13 development must include facts about the practical ability of affording a particular use the kind of
14 consideration of "fair use" Plaintiff claims is required. Universal will use the evidence sought in
15 this Motion to persuade Judge Fogel that any "fair use" defense applied in the context of issuing
16 removal notices would have to be so abbreviated as to be meaningless. Plaintiff cannot object to
17 this continued development of the factual record – she argued that it needed to be developed on
18 this score in her Opposition to Universal's Motion to Certify an Interlocutory Appeal. Doc. No.
19 50. She cannot now ignore the Court's ruling and reverse her own position as to the value of a
20 more fully developed factual record just because there are documents that she does not want to
21 produce.

22 The "purpose and character" of the use is not the only basis for relevance. The documents
23 sought could shed light on the valuation of Plaintiff's purported damages. In her Further
24 Opposition, Plaintiff contends that she is seeking nominal damages as to "several" alleged
25 categories of harm – but "several" does not mean "all." As she acknowledges, Plaintiff is still
26 seeking actual damages as to the amount of time she spent getting her video back online.
27 Although Plaintiff represents that the sought-after documents are "not relevant" to this claim for
28 actual damages, Universal and this Court should not be required to take her word on that.

1  Plaintiff testified about the value of her time in getting the video back online in her deposition.
2  She then gave her lawyers more documents and her lawyers are refusing to produce them. If
3  these post-SAC documents reveal that her testimony was untrue or her allegations of value are
4  incorrect, that is indisputably relevant to Universal's case. The documents must be produced.
5  *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("discovery should be allowed
6  unless the information sought has *no conceivable bearing* on the case") (emphasis added).

7  Further, communications with her friends and blog readers about this case – and her
8  testimony in it – may reveal credibility problems with Plaintiff's testimony that Universal is
9  entitled to explore at trial. The credibility of a witness is always relevant. Based on the
10 communications that Plaintiff has been compelled to produce thus far, it is very likely that the
11 communications Plaintiff's counsel has collected but refused to produce directly affect Plaintiff's
12 credibility and, thus, her believability at trial.

13 If Plaintiff believes that the discovery Universal seeks here is irrelevant, her remedy is to
14 seek to exclude it at trial with a motion *in limine*. But, for the purposes of discovery, Universal
15 has exceeded the very low bar of whether the material is discoverable in the first place. *See City*
16 *of Rialto v. U.S. Dep't of Defense*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) ("Relevance is
17 broadly construed and a request for discovery should be considered relevant if there is any
18 possibility that the information sought may be relevant to the claim or defense of any party.").

19 **B.  Plaintiff's Belated Attempt To Prove Burden Reveals That There Is No Burden**
20
21 Plaintiff takes the opportunity afforded by this Court's request for supplemental briefing
22 to attempt to bolster the claimed "burden" of producing documents in her possession that have
23 already been collected and partially reviewed, but her efforts only reveal exactly how paltry any
24 claim of burden here truly is.

25 Plaintiff's counsel admit, again, that they have "some" documents that post-date the
26 Second Amended Complaint that are responsive to Universal's requests and that counsel would
27 have produced but for raising the untimely and waived date objection. "Some" could mean a
28 handful or it could mean a very high number. If there were many documents, Plaintiff would

10632207.1 - 5 - DEFENDANTS' RESPONSE TO PL'S "FURTHER RESPONSE" TO MOT. TO COMPEL POST-SAC DOCUMENTS

1  have quantified them. Obviously, the reason counsel did not specify the number is because it is a
2  low number and would not support Plaintiff's obligation to demonstrate an actual burden.

3  Plaintiff's claim that the documents require an extensive privilege review is a red herring.
4  To the extent the documents consist of confidential communications between Ms. Lenz and her
5  lawyers, those can be segregated out and logged. But if the documents consist of statements
6  Plaintiff has made *about* her lawyers or her communications with her lawyers to the public at
7  large – those are not privileged. It is settled that communications outside a privileged setting –
8  even if those communications relate to what a lawyer told a person – constitute a waiver of any
9  privilege. *United States v. Plache*, 913 F.2d 1375, 1380 (9th Cir. 1990). Communications
10 formerly privileged that are now waived must be produced.

### C. Plaintiff Should Not Be Given Leave To "Re-Review" – And Withhold – Documents Relating To Her YouTube Posting Or This Lawsuit

Documents relating to Plaintiff's claims in the Second Amended Complaint – including her video, her posting on YouTube and this lawsuit – have long been subject to Universal's discovery requests. Klaus Decl., Ex. F. Plaintiff's counsel admitted he has documents post-dating the Second Amended Complaint that have been reviewed and deemed responsive to these requests. Klaus Decl. ¶ 4. After conceding as much, Plaintiff's counsel now claims that the documents already reviewed "might" be responsive, but that further review is necessary in light of Judge Fogel's decision on Universal's affirmative defenses. Kwun Decl. ¶ 7, Further Opp'n at 5. This purported need for "further review" is newly minted for the Further Opposition to gin up a non-existent burden argument – Plaintiff's Opposition said nothing about it. It is also utterly baseless.

Universal's requests are neither defined by, nor limited to, its affirmative defenses. On the contrary, Universal's requests ask for documents concerning the matters that <u>Plaintiff</u> alleges in her Second Amended Complaint – i.e., her posting and her allegations about herself, Universal and this lawsuit. *See* Klaus Decl., Ex. F. The "re-review" Plaintiff's counsel proposes is unnecessary, and would be used to improperly withhold relevant, discoverable documents. Very simply: If the documents relate to plaintiff's posting of her video or this lawsuit, they have been

10632207.1 - 6 - DEFENDANTS' RESPONSE TO PL'S "FURTHER RESPONSE" TO MOT. TO COMPEL POST-SAC DOCUMENTS

1  requested and should be produced.  Allowing Plaintiff's counsel to re-review these documents
2  and draw lines about what they think is relevant to Plaintiff's allegations versus Universal's
3  affirmative defenses is guaranteed to result in another motion to compel.

4  Plaintiff and her lawyers have a history in this litigation of using meritless objections in an
5  attempt to hide highly relevant documents.  Last year, Judge Seeborg ordered Plaintiff to produce
6  scores of documents that she had withheld based on a specious claim of privilege over
7  communications between Plaintiff and her blogging buddy, Theryn Fleming, who is not even a
8  lawyer.  Declaration of Melinda LeMoine, filed concurrently ("LeMoine Response Decl.") Ex. A
9  at 3-4 (8/25/09 Order of Judge Seeborg).  Plaintiff had claimed privilege over these
10 communications even though she knew Fleming was not her lawyer and that Fleming did not
11 even practice law.  But, Lenz claimed that Fleming had gone to law school in Canada, and, based
12 on that, withheld the documents on a claim of privilege nonetheless.  Judge Seeborg held that
13 even if one could imply an attorney-client relationship based on a person's "reasonable belief,"
14 Lenz's belief that her friend's attendance at a Canadian law school somehow made her a United
15 States lawyer was not reasonable.  LeMoine Response Decl., Ex. A at 4.

16 Once Plaintiff produced the Fleming documents, it became clear why she had worked so
17 hard to conceal them.  Among other things, the documents directly undercut Plaintiff's
18 affirmative contentions that her posting was a "self-evident non-infringing fair use," SAC ¶ 34,
19 that she was injured "substantially and irreparably," and many other claims in this case.  *See*
20 Klaus Decl., Exs. H and Q; LeMoine Decl., Ex. 2; and LeMoine Response Decl., Ex. B.  If
21 Plaintiff's past practice is any type of prologue, Plaintiff has continued to make statements in a
22 non-privileged setting that undermine her affirmative allegations and claims for relief in this case.
23 *See* Kwun Decl. ¶ 7.

24 The Fleming documents demonstrated that Plaintiff has many communications with her
25 friends and relatives all about her YouTube posting and this lawsuit.  The fact that Plaintiff's
26 counsel obtained from Plaintiff still more documents, after Plaintiff was deposed and after her
27 partial summary judgment motion was filed, shows that Plaintiff has continued to have non-
28 privileged conversations about her posting, her lawsuit, and almost certainly about her own

1  deposition testimony. To the extent Plaintiff has those communications in a non-privileged
2  setting – with her friends, her family, her blogreaders – Universal is entitled to discover them.
3       This history also shows that the documents requested may, in fact, be relevant to a
4  sanctions motion. In the past, discovery has revealed wide gulfs between what Plaintiff has
5  alleged, and what later turns out to be true. When Universal has obtained documents that Plaintiff
6  has fought tooth-and-nail to avoid turning over, the lack of a factual basis for Plaintiff's
7  allegations has been exposed and she has been forced to recast her allegations to reflect the newly
8  discovered facts. In light of this record, and just how strenuously she has tried to avoid turning
9  over these documents after her deposition and after her lawyers filed a motion for partial
10 summary judgment, the likelihood that the now-withheld documents will expose further falsity in
11 her allegations and sworn testimony is not a conjuring of Universal's imagination.
12      Again, Plaintiff may file a motion *in limine* to exclude any documents she contends are
13 not relevant at trial. That is the proper way to address her substantive arguments made here about
14 what should be relevant to a 512(f) claim – something Judge Fogel has not yet decided. But, for
15 purposes of discovery, Universal is entitled to the documents and they must be produced. *See*
16 *Soto*, 162 F.R.D. at 610 ("discovery should be allowed unless the information sought has *no*
17 *conceivable bearing* on the case") (emphasis added).

18 **III. CONCLUSION**

19      For all these reasons, and for those reasons set forth in Universal's Motion and Reply, this
20 Court should Order Plaintiff to produce responsive documents post-dating the SAC. At a
21 minimum, Plaintiff must be compelled to produce all responsive documents that are in her
22 counsel's possession.

23 DATED: May 7, 2010                                MUNGER, TOLLES & OLSON LLP

25                                                         By:   */s/ Melinda E. LeMoine*
26                                                                      MELINDA E. LEMOINE

27                                             Attorneys for Defendants