**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ, | Case No. C 07-03783 JF (PVT) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFF POST-DATING THE SECOND AMENDED COMPLAINT** |
| v. | |
| UNIVERSAL MUSIC CORP, UNIVERSAL MUSIC PUBLISHING, INC. AND UNIVERSAL MUSIC PUBLISHING GROUP, | **[Docket No. 235]** |
| Defendants. | |

Defendants Universal Music Corporation, Universal Music Publishing, Inc., and Universal Music Publishing Group move to compel production of documents by plaintiff post-dating the second amended complaint. (collectively "defendants"). Plaintiff Stephanie Lenz opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion was taken under submission and the hearing was vacated. Having reviewed the papers and considered the arguments of counsel (including the additional briefing from the parties solicited by the court in the order dated April 20, 2010),

IT IS HEREBY ORDERED that defendants' motion to compel production of documents by plaintiff post-dating the second amended complaint is granted.[1]

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter

---

[1]     The holding of this court is limited to the particular facts and circumstances underlying the present motion.

1  that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need

2  not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

3  of admissible evidence." *Id.* Notwithstanding the above, discovery is subject to certain limitations

4  and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674,

5  680 (N.D. Ca. 2006)(citing *Pacific Gas and Elec., Co. v. Lynch,* 2002 WL 32812098, at *1 (N.D.

6  Cal. August 19, 2002).

7       Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of

8  the following:

9      (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained
   from some other source that is more convenient, less burdensome, or less expensive;

10

11     (ii)   the party seeking discovery has had ample opportunity to obtain the information by
   discovery in the action; or

12     (iii)  the burden or expense of the proposed discovery outweighs its likely benefit,
   considering the needs of the case, the amount in controversy, the parties' resources,
13           the importance of the issues at stake in the action, and the importance of the
   discovery in resolving the issues.

14

15 Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

16      In the instant action, plaintiff Lenz alleges that defendant Universal improperly notified

17 YouTube that the 29 second video of her young toddler dancing to Prince's musical composition

18 "Let's Go Crazy" was an unauthorized use. Universal administers the copyrights for Prince's

19 musical compositions. As a result of the notice, YouTube removed the video from its website until

20 Lenz later sent at least two counter-notices. YouTube restored her video a few weeks afterwards.

21 Plaintiff Lenz alleges that defendant Universal knew or should have known that it was self-evident

22 non-infringing fair use under 17 U.S.C. Section 107. Plaintiff Lenz also alleges that she has incurred

23 substantial and irreparable injury.

24      On April 18, 2010, plaintiff Lenz filed her Second Amended Complaint alleging a sole claim

25 for violation of §512(f) of the Copyright Act, 17 U.S.C. §512(f). *See* Docket No. 34.

26      Defendant Universal states that "[p]laintiff has been relentless in speaking to third parties--

27 members of the press, her email 'chat' friends, and the readers of her 'blog'-- about the underlying

28 facts, about her pleadings, and even about the advice she has received from her legal counsel at the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Electronic Frontier Foundation ("EFF")."  Motion to Compel at 3.  ("Mot.").  Indeed, defendant

2  Universal  notes that plaintiff Lenz has already produced certain responsive documents that post-

3  date the Second Amended Complaint.  Only after Judge Seeborg limited defendant Universal's

4  production of documents did plaintiff Lenz determine that those same temporal limitations applied to

5  her production of documents as well.  As a result, defendant Universal moves to compel those

6  documents that post-date the filing of the second amended complaint.

7         Defendant Universal contends that the discovery sought is relevant toward showing the

8  purpose and character of plaintiff's use, one of the four non-exclusive factors to be considered in

9  assessing whether the 'fair use' doctrine excuses an infringing use.  Mot. at 3.  Defendant Universal

10  notes that "[p]laintiff has already conceded that non-privileged documents responsive to those

11  requests exist, and [] that some number (she will not say how many) already are in her counsel's

12  possession and can be produced." *Id.*  Defendant Universal further contends that the discovery

13  sought is relevant to showing plaintiff's good faith and toward determining the amount of her

14  damages.  Defendant Universal also contends that the discovery sought may be relevant to showing

15  that plaintiff's allegations are without factual merit and may later support a sanctions motion.

16         Plaintiff Lenz disputes the relevance of the documents sought.  First, "[t]he central issue in

17  this case is, [], whether Universal made a knowing material misrepresentation when it sent its

18  takedown notice."  Opp. at 1.  Second, the presiding judge has granted plaintiff Lenz's motion for

19  partial summary judgment on the affirmative defenses of bad faith, unclean hands and no damages.

20  Therefore, she argues that no further pretext exists for Universal to pry into her personal life.

21  Finally, plaintiff Lenz argues that any documents post-dating the second amended complaint are not

22  relevant to any claims or defenses at issue.  "If statements made close in time to the events that led to

23  this lawsuit cannot raise a triable issue, statements made three years later can hardly lead to one."

24  Opp. at 4.

25         Plaintiff Lenz also contends that any request for documents post-dating the second amended

26  complaint is unduly burdensome.  She states that as an individual, she lacks the same resources as

27  Universal, and that she uses Gmail, "which is a Google-proprietary email system with its own

28  idiosyncracies."  Opp. at 6.  She further contends that the request for documents intrudes on her

3

1   privacy.  Finally, plaintiff Lenz contends that the request for documents abridges her speech

2   interests.  "Forcing Ms. Lenz to produce several years' worth of personal communications with her

3   friends and family would unduly burden her sense of freedom to participate in those relationships as

4   fully as she would like."  Opp. at 7.

5        Here, Universal may obtain discovery that is relevant to any party's claim or defense and the

6   relevant information need not be admissible at the trial if the discovery appears reasonably

7   calculated to lead to the discovery of admissible evidence.  The presiding judge has concluded that

8   "there is no genuine issue of material fact as to whether Lenz incurred *some* damages as defined

9   under the statute."  Order Granting Partial Summary Judgment dated February 25, 2010.  ("February

10  25, 2010 Order").  Additionally, the documents sought may be relevant to the purpose and character

11  of plaintiff's use and her good faith.  As such, documents post-dating the second amended complaint

12  are relevant and appear reasonably calculated to lead to the discovery of admissible evidence.

13  Moreover, that same order stated that "[i]f Universal believes that Lenz or her counsel have engaged

14  in litigation misconduct that warrants sanctions, it may raise that issue by motion.  February 25,

15  2010 Order at 8.

16       Plaintiff Lenz's contention that production of such documents is unduly burdensome is

17  unavailing.  That Gmail may be unwieldy or have idiosyncracies without more specifics does not

18  show that the burden or expense of the proposed discovery outweighs its likely benefit.

19       With respect to plaintiff Lenz's asserted constitutionally-based right to privacy, the court is

20  required to balance the need for the information against the privacy right asserted.  *Jose Maria Soto*

21  *v. City of Concord,* 162 F.R.D. 603, 616 (N.D. Ca. 1995).  As discussed above, the documents post-

22  dating the second amended complaint sought are relevant, *inter alia,* on the issues of damages, the

23  purpose and character of plaintiff's use and good faith.  Indeed, the presiding judge noted in the

24  February 25, 2010 Order that "[t]he parties disagree as to what types of damages are recoverable

25  under this provision.  This appears to be an issue of first impression."  February 25, 2010 Order at

26  11.  Additionally, much of the documents sought have been publicly posted online, including

27  plaintiff Lenz's communications with third parties-- members of the press, her email 'chat' friends,

28  and the readers of her 'blog'.  Any concerns regarding her privacy interests may be addressed by the

4

1   protective order entered in this action.  Therefore, the court finds that the need for the information

2   outweighs plaintiff Lenz's asserted privacy rights.

3       With respect to plaintiff Lenz's speech interests, the court further finds that the need for the

4   information outweighs those interests here.  Based on the above, the court need not reach the waiver

5   issue.  Accordingly, defendant Universal's motion to compel is granted.  Plaintiff Lenz shall produce

6   all responsive documents already in her counsel's possession no later than September 13, 2010.

7

8       IT IS SO ORDERED.

Dated:      *August 31, 2010*

9                                           PATRICIA V. TRUMBULL
                                            United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California