ELECTRONIC FRONTIER FOUNDATION
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
JULIE SAMUELS (*pro hac vice*)
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993
Email: kurt@eff.org; corynne@eff.org; julie@eff.org


KEKER & VAN NEST, LLP
ASHOK RAMANI #200020
MICHAEL KWUN #198945
MELISSA J. MIKSCH #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com; mmiksch@kvn.com

Attorneys for Plaintiff
STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| STEPHANIE LENZ,<br><br>                        Plaintiff,<br><br>     v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                        Defendants. | Case No. C 07-03783-JF<br><br>**DECLARATION OF STEPHANIE LENZ IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        Dec. 10, 2010<br>Time:        9:00 am<br>Courtroom: 3, 5th Floor<br>Judge:       The Hon. Jeremy Fogel |
|---|---|

I, Stephanie Lenz, declare as follows:

  1.    I am the plaintiff in this case.  I submit this declaration in support of my Motion for Summary Judgment.  Except where otherwise stated, the facts in this declaration are based on my own personal knowledge.  If called upon to testify to these facts I could and would competently do so.

2. I am a mother, wife, writer and editor. My husband and I have two children, and we live in Pennsylvania.

3. In February 2007, my children were playing in the kitchen. A Prince CD was playing in the background. I had recently noticed that my youngest child, who was just learning to walk at the time, would pause with his push-toy and "dance" (by which I mean he would hop and up and down a bit), particularly when I said the word "music." I was able to catch just such a moment on my digital camera while my son "danced" to Prince's song, "Let's Go Crazy."

4. I thought my mother, who lives across the country in California, would enjoy seeing the video I had just made. However, she had told me that she a hard time downloading video files sent over email. So, in early February, I uploaded the video of my son dancing to YouTube for my family and friends to enjoy.

5. On June 4, 2007, I received a notice from YouTube that my video had been removed from the site. The notice said that the removal of my video was in response to a complaint by Universal Music Publishing Group. It also warned me that repeated incidents of copyright infringement could lead to the deletion of my account and all my videos.

6. On June 7, 2007, I sent a counternotice to YouTube stating that my use of Prince's song was not infringing. I later learned that this counternotice did not contain all of the elements of a counternotice under the Digital Millennium Copyright Act. My video was not restored to YouTube.

7. I decided to seek the assistance of legal counsel and spent time retaining attorneys, acting *pro bono*, to represent me in connection with the removed video. With the help of that counsel, I sent a second counternotice to YouTube on June 27, 2007, demanding that my video be restored to the YouTube website because it did not infringe Universal's copyrights.

8. In mid-July, approximately six weeks after it had been taken down, my video was restored to YouTube.

9. In total, I spent at least ten hours before filing this lawsuit on obtaining counsel, figuring out how to send—and sending—the first counternotice to YouTube, sending the second counternotice to YouTube, and ensuring that my video was restored to YouTube. Most, if not

1  all, of this work was completed on my personal computer.

2      10. As a result of receiving the notice that my video had been removed based on a claim of copyright infringement, I recorded videos of my children much less frequently, and was much more cautious about sharing home videos with my friends and family. I was concerned that someone else might accuse me of copyright infringement, just like Universal had done, and this restricted my sense of freedom to express myself by, for example, making home videos, making particular kinds of videos as opposed to other kinds, and sharing home videos with my friends and family.

    I declare under penalty of perjury that the foregoing is true and correct and that this document was executed on October 16, 2010 in Gallitzin, Pennsylvania.

By _____
STEPHANIE LENZ