1  ELECTRONIC FRONTIER FOUNDATION
   KURT OPSAHL – #191303
2  CORYNNE MCSHERRY - #221504
   JULIE SAMUELS (pro hac vice)
3  454 Shotwell Street
   San Francisco, CA 94110
4  Telephone:   (415) 436-9333
   Facsimile:   (415) 436-9993
5  Email: kurt@eff.org; corynne@eff.org
          julie@eff.org
6
   KEKER & VAN NEST LLP
7  ASHOK RAMANI - #200020
   MICHAEL S. KWUN - #198945
8  MELISSA J. MIKSCH - #249805
   710 Sansome Street
9  San Francisco, CA 94111-1704
   Telephone:   (415) 391-5400
10 Facsimile:   (415) 397-7188
   Email: aramani@kvn.com; mkwun@kvn.com
11         mmiksch@kvn.com

12 Attorneys for Plaintiff
   STEPHANIE LENZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>                Plaintiff,<br><br>  v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC. and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>                Defendants. | Case No. C-07-03783-JF (PVT)<br><br>**PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE TRUMBULL'S OCTOBER 22, 2010 ORDER**<br><br>[Local Rule 72-2] |

## I. INTRODUCTION

Based on a handful of comments Plaintiff Stephanie Lenz made, Magistrate Judge Trumbull, without the benefit of oral argument, ordered Ms. Lenz to produce to Defendants ("Universal") a variety of her communications with her trial attorneys, and to appear for two additional hours of deposition. *See* Exh. A (October 22, 2010 Order) ("Waiver Order").[1] Pursuant to Local Rule 72-2, Ms. Lenz's respectfully moves for relief from the Waiver Order.

Ms. Lenz's comments generally disclosed nothing more than what already was public, soon would be, or that could easily be inferred from public information. Moreover, all but one of her comments were extrajudicial—made outside this litigation, and never relied upon by Ms. Lenz in this case. The one comment made within this case, at her deposition, was clearly nothing more than speculation on her part. Finally, the connection between her comments and the issues in this case ranges from non-existent to tangential, at best. Further discovery about those comments will do nothing to illuminate addresses the central remaining issue in this case, which as the Court knows is whether Universal made a knowing material misrepresentation that Ms. Lenz's video infringed copyright.

Under these circumstances, Ms. Lenz's comments cannot have effected any waiver of privilege—or to the extent that any privilege was waived, that waiver should not extend beyond the statements already disclosed.

## II. ARGUMENT

### A. Legal standards

A district court may reconsider any pretrial matter decided by a magistrate judge upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Here, Magistrate Judge Trumbull misapplied the relevant law on waiver, which is based on principles of fairness. *Tennenbaum v. Deloitte & Touche,* 77 F.3d 337, 340 (9th Cir. 1996). Even where waiver is required in order to ensure fairness, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker v.*

---

[1] All of the cited Exhibits are attached to the Declaration of Michael S. Kwun filed herewith.

1  *Woodford*, 331 F.3d 715, 720 (9th Cir. 2003); *see also id.* at 720 n.4 (citing *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987) (even with express waivers of privilege, where "disclosures of privileged information are made extrajudicially and without prejudice to the opposing party, there exists no reason in logic or equity to broaden the waiver beyond those matters actually revealed")). Finally, as Magistrate Judge Trumbull recognized, regardless of whether waiver applies, Universal was not entitled to discovery into matters that are not relevant to the issues in the case. *See* Exh. A (Waiver Order) at 6:19-22; *see also* Fed. R. Civ. P. 26(b).

**B.     It was error to order further discovery about Ms. Lenz's motives for filing suit.**

In the Waiver Order, Magistrate Judge Trumbull found that Plaintiff waived privilege as to communications with her attorneys regarding her motives for bringing this action. Exh. A (Waiver Order) at 5. The Waiver Order does not explain why these communications are discoverable, whether privileged or not. Universal's claim is that these communications are relevant to show that Ms. Lenz is using this case to pursue an "anti-copyright" agenda. Exh. D (Reply re MTC) at 8:13-23.

The comments that form the basis for this waiver claim, however, do not even discuss Ms. Lenz's motives for filing suit. At most, they discuss what might be *her counsel's* motives for representing her pro bono. *See* Exhs. F-I (Exhs. 3-6 to the Klaus Decl. re MTC ("Klaus Decl.")); *see also* Exh. D (Reply re MTC) at 8:13-23. Even if these statements somehow waived privilege (which is itself questionable, given that Ms. Lenz's comments do little more than discuss the experience of her counsel the Electronic Frontier Foundation ("EFF") in matters of copyright law), they cannot justify an intrusion into attorney-client communications about *Ms. Lenz's* motivation in filing suit.

Universal claims that these communications could be relevant to show whether Ms. Lenz has suffered damages. *See* Exh. D (Reply re MTC) at 9:12. First, Universal's theory seems to be that if Ms. Lenz is somehow motivated by sympathy with EFF's mission, that means she cannot also be motivated by a desire to seek vindication for wrongs done to her by Universal. That simply does not follow. Second, the Court has already held that Ms. Lenz *has* suffered damages. *See* Exh. N (2/25/10 Order) at 16:11-21.

In sum, the comments upon which Universal relies did not waive any privilege, did not discuss *Ms. Lenz's* motivation for filing suit, and have no bearing on the actual issues remaining in this case. Finding waiver and ordering discovery into attorney-client communications about Ms. Lenz's motivation in filing suit was reversible error.

**C.     It was improper to order further discovery regarding *Rossi*.**

Magistrate Judge Trumbull largely rejected Universal's request for privileged communications regarding legal strategies, but ordered production of communications between Ms. Lenz and her counsel about *Rossi v. Motion Picture Assoc. of Am., Inc.*, 391 F.3d 1000 (9th Cir. 2004). The sole basis for this alleged waiver is Ms. Lenz's disclosure to a friend in an electronic chat, on April 11, 2008, that she discussed with her counsel that a decision in her case could clarify the standard set out in *Rossi*. *See* Exh. J (Klaus Decl., Exh. 7) at 1:13 pm.[2]

Ms. Lenz's position on *Rossi* was a matter of public record long before her chat with her friend; her opposition to Universal's motion to dismiss her First Amended Complaint, filed five months earlier on November 13, 2007, included a lengthy discussion of the proper reading of the *Rossi* decision. *See* Exh. O (Opp. to MTD FAC) at 4:10-8:28. Ms. Lenz also discussed *Rossi* in her opposition to Universal's motion to dismiss her Second Amended Complaint, filed two months after her chat. *See* Exh. P (Opp. to MTD SAC) at 14:14-16:7.

Given these facts, Universal can hardly claim it was unaware that Ms. Lenz was interested in seeking clarification of the *Rossi* standard—indeed, it only makes sense that a plaintiff seeking damages under Section 512(f) would want to know how *Rossi* applies to a case like hers. In short, Ms. Lenz's chat revealed nothing about *Rossi* than what already was publicly known—indeed, it reveals far less than what was publicly known. It was reversible error to hold that the chat waived privilege, or to require any further discovery on the topic.

**D.     Ordering further discovery regarding certain factual allegations was error.**

**1.     The Second Amended Complaint**

In an electronic chat with a friend on April 16, 2008, Ms. Lenz described what she called

---

[2] Universal also pointed out other comments Ms. Lenz made about other legal strategies in this chat session and in another document, but Magistrate Judge Trumbull rejected Universal's

a draft "brief." *See* Exh. K (Klaus Decl., Exh. 9) at P-E_002888-89, 8:07-:09 pm. Based on the timing, this presumably refers to her Second Amended Complaint, which was filed two days later. *See* Exh. Q (SAC). She does not characterize anything except the document itself, and does so at a level of generality that is entirely consistent with the filed SAC. *See id* ¶ 31 (alleging, on information and belief, that Prince directed Universal to demand removal of Ms. Lenz's video); *see also id.* ¶¶ 26-30 (discussing Prince's beliefs about use of his works on the Internet). Disclosing what her soon-to-be filed SAC would allege could not waive privilege.

### 2. Settlement speculation

In another electronic chat with a friend, Ms. Lenz mentioned that she thought that her attorney thought that Universal couldn't settle this case, because of Prince's wishes. *See* Exh. L (Klaus Decl., Exh. 10) at 1:09-:11 pm. Her counsel obviously is speculating, and indeed Ms. Lenz is speculating about her counsel's speculation. *See id.* at 1:11 pm ("I think that's what Corynne thinks."). Nowhere does Universal (or the Waiver Order) explain what conceivable relevance any of this has to the issues in the case.

### 3. Interview with zerogossip.com

In an interview published on the Internet, Ms. Lenz stated that "in discussing the situation with one of the EFF lawyers, we came to the conclusion that I did not infringe the copyright and eventually we decided to file this lawsuit." Exh. M (Klaus Decl., Exh. 11) at P-E_001216. These facts are plain from the fact that this lawsuit was filed. If Ms. Lenz or her counsel believed her video infringed, no lawsuit would have been filed.

Universal argues that Ms. Lenz's statement indicates that her attorneys were unable instantly to determine that her video was a fair use. *See* Exh. B (MTC) at 8:10-20. Of course, the relevant question is *Universal's* state of mind, not what may or may not have been obvious to anyone else. *See* Exh. N (2/25/10 Order) at 6:11-17. Moreover, nowhere does Ms. Lenz state how long—a few seconds, a few minutes, a few days—was required to come "to the conclusion that [she] did not infringe . . . ." The statement thus discloses nothing except, as noted above, that which is apparent from Ms. Lenz's decision to file suit. Her statement waived no privilege

motion as to those other legal strategies. *See* Exh. A (Waiver Order) at 6:19-22.

and further inquiry would do nothing to illuminate the case.

### 4. Ms. Lenz's deposition

At her deposition, Ms. Lenz stated that a comment she had left on her blog might have been a "misunderstanding [of] what I'd been told by counsel." Exh. E (Klaus Decl., Exh. 2 (Lenz Depo.)) at 286:13-14. But from her full testimony, it is apparent that this was mere speculation—both before and after that statement she *repeatedly* testified that she did not recall why she made her blog comment. See Exh. C (Opp. re MTC) at 16:15-17:24; Exh. E (Klaus Decl., Exh. 2 (Lenz Depo.)) at 285:4-286:22. Ms. Lenz's testimony offered *speculation* about facts *she could not remember,* not a disclosure of attorney-client communications, and thus did not waive privilege.

Moreover, counsel for Ms. Lenz has searched for documents reflecting communications between Ms. Lenz and her counsel that could refresh her recollection about why she made her blog comment, and there are no such documents. This, combined with Ms. Lenz's prior testimony, demonstrates that there no purpose in ordering further document production or deposition.

## III. CONCLUSION

More than three years after this case was filed, and after numerous discovery motions, discovery has finally closed and the parties have already begun summary judgment briefing. The discovery Universal seeks will do nothing to help determine the real issues in this case; instead, it will create a burdensome sideshow when both sides should be focused on summary judgment briefing. For the foregoing reasons, Ms. Lenz respectfully requests that the Court grant relief from Magistrate Judge Trumbull's October 22, 2010 Order, and order that no further document production or deposition is necessary.

Dated: November 2, 2010                      KEKER & VAN NEST LLP

By: /s/Michael S. Kwun
MICHAEL S. KWUN
Attorneys for Plaintiff
STEPHANIE LENZ