Fred von Lohmann (SBN 192657)
*fred@eff.org*
Kurt Opsahl (SBN 191303)
*kurt@eff.org*
Corynne McSherry (SBN 221504)
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ, | No. C 07-03783-JF |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| v. | (Jury Trial Demanded) |
| UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., | |
| and | |
| UNIVERSAL MUSIC PUBLISHING GROUP, | |
| Defendants. | |

1. This is a civil action seeking injunctive relief and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA").

2. This case arises from an improper assertion of copyright infringement against a mother who made a short home video recording of her children playing and dancing, which she shared with her family and friends via the popular Internet video website YouTube. The infringement claim successfully compelled YouTube to remove Plaintiff's original video from public access.

## PARTIES

3. Plaintiff Stephanie Lenz ("Lenz") is an individual residing in Gallitzin, Pennsylvania.

4. On information and belief, Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Music Publishing Group (collectively, "Universal" or "Defendants") are business entities and/or corporations that each maintain a principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this claim pursuant to the Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1338.

6. On information and belief, Defendants are subject to the general and specific jurisdiction of this Court.

## VENUE AND INTRADISTRICT ASSIGNMENT

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8. Assignment to the San Jose division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division.

## FACTUAL ALLEGATIONS

9. YouTube is a video-sharing website where millions of Internet users post videos to make them available to others for viewing. These videos range from traditional home recordings of personal events to news reports, advertisements, and television programs. YouTube's website is available at the web address www.youtube.com. Its corporate headquarters is located in San Bruno, California.

10. On information and belief, Defendants are music publishing companies. On information and belief, Defendants own and/or administer the copyrights in musical compositions owned or controlled by the artist Prince Rogers Nelson, professionally known as "Prince," including the song "Let's Go Crazy."

11. Plaintiff Stephanie Lenz is a mother, wife, writer and editor. She and her husband have two children, Zoe and Holden.

12. On or about February 7, 2007, Lenz's children were playing in the family's kitchen when Holden (then 13 months old) began dancing to the Prince song "Let's Go Crazy," which was playing in the background on the Lenz family CD player. Zoe and Holden had recently heard Prince perform on television during the Super Bowl halftime show. Lenz used her digital camera to create a 29-second video recording of the children's activities, which consisted primarily of Holden's dance performance. Lenz later transferred the recording onto her computer and saved it as a video computer file (hereafter "Holden Dance Video").

13. The video bears all the hallmarks of a family home movie—it is somewhat blurry, the sound quality is poor, it was filmed with an ordinary digital video camera, and it focuses on documenting Holden's "dance moves" against a background of normal household activity, commotion and laughter.

14. Due to the noise and commotion made by the children, the song "Let's go Crazy" can only be heard in the background for approximately 20 seconds of the 29-second video and even then not all that clearly. The portion of the song used is near the song's end and includes only a few words of the lyrics.

15. On information and belief, the snippet of "Let's Go Crazy" that plays in the background (not dubbed as a soundtrack) of the Holden Video could not substitute for the original Prince song in any conceivable market. This is due, in part, to the abbreviated nature of the use of the work, the low audio quality of the ordinary digital video camera Ms. Lenz used, the household noises, laughter and talking of Ms. Lenz that partially obscure the music, and the sounds made by the toys that Holden and his sister are pushing around the kitchen during the video.

16. Holden was just learning to walk when Lenz made the video. Lenz thought her friends and family, particularly her mother in California, would enjoy seeing Holden's new ability to dance as well. Lenz's mother has difficulty downloading email files but knows how to access the YouTube website.

17. Therefore, on or about February 8, 2007, Lenz uploaded the Holden Dance Video

1  from her computer to the YouTube website for her family and friends to enjoy. The video was
2  publicly available at the Internet address <http://www.youtube.com/watch?v=N1KfJHFWlhQ>.

3        18.    Thus, the purpose and character of the video was for Ms. Lenz to amuse her family
4  and friends with her young child's nascent dancing ability. This was non-commercial and
5  transformative, as it made a use of the work that was distinct and separate from its original context
6  and added additional creative elements, such as Holden's dancing. Moreover, the amount of the
7  song taken was approximately 20 seconds of a 3 1/2 minute song – the necessary background of
8  the almost equally brief video—and the content of the Holden Dance Video did not and could not
9  substitute for the original song or inflict any harm to the market for the original song.

10        19.    On information and belief, Defendants are sophisticated music industry companies,
11  have extensive experience with copyright law, and employ staff who are familiar with the Digital
12  Millennium Copyright Act (including the Section 512 "good faith" requirements and the obligation
13  to submit Section 512 notices under penalty of perjury), as well as the principles and application of
14  the fair use doctrine.

15        20.    On information and belief, between February and June 2007, Defendants, and/or
16  their representatives, viewed the Holden Dance Video and decided to issue a DMCA takedown
17  notice despite their knowledge that the use of the Prince song in the video was a non-infringing fair
18  use.

19        21.    On June 4, 2007, Defendants, through their representative, demanded that YouTube
20  remove the Holden Dance Video from the YouTube website because the video allegedly infringed
21  a copyright owned or administered by Defendants. By authorizing the demand, Defendants
22  affirmed under penalty of perjury that the notice of infringement was accurate and that they were
23  authorized to make the infringement claim arising from the Prince song "Let's Go Crazy." See
24  Notice of Copyright Infringement, attached hereto as Ex. A.

25        22.    On information and belief, Defendants sent this notice to copyright@youtube.com.
26  Section 8 of YouTube's Terms of Use expressly states that "only DMCA notices should go to the
27  Copyright Agent [with the email address 'copyright@youtube.com'.]." See YouTube Terms of
28  Use, downloaded on April 17, 2008, from http://www.youtube.com/t/terms and attached hereto as

Ex. B.  On information and belief, the relevant portions of this webpage have not been substantively modified since June 4, 2007.

23. The notice precisely tracked the language specified for a notice of claimed infringement under Section 512(c)(3) of the DMCA.

24. On information and belief, YouTube treated the demand as a request for takedown pursuant to the Section 512(c)(3) of the DMCA.

25. On June 5, 2007, YouTube sent Lenz an email notifying her that it had removed the Holden Dance Video pursuant to Universal's notification that the material infringed their copyright. The email warned Lenz that repeated incidents of copyright infringement could lead to the deletion of her YouTube account and all videos uploaded to the account. See Notice of Video Removal, attached hereto as Ex. C.

26. The email advised Lenz that she was entitled to submit a counter-notice, and directed her to webpages that explained the procedures for a counter-notice pursuant to Section 512(g) of the DMCA.  Id.  See also "Help Center: How do I file a counter notice?" downloaded on April 17, 2008, from http://www.google.com/support/youtube/bin/answer.py?answer+59826 and attached hereto as Ex. D.  On information and belief, the relevant portions of this webpage have not been substantively modified since June 4, 2007.

27. On June 27, 2007, Lenz sent YouTube a counter-notice, pursuant to Section 512(g) of the DMCA, demanding that her video be reposted because it did not infringe Universal's copyright in any way. Following that counter-notice, YouTube restored the video. Regardless, the Holden Dance Video remained unavailable on YouTube for more than six weeks.

28. On information and belief, on or around September 13, 2007, Prince issued a statement threatening to sue several Internet service providers for copyright infringement as part of an effort to "to reclaim his art on the internet." See M. Collett-White, "Prince to Sue YouTube, eBay Over Music Use," Reuters, Sept. 13, 2007, downloaded on April 16, 2008, from http://www.reuters.com/article/internetNew/idUSL1364328420070914?feedtype=RSS&feedName_InternetNews&rpc=22&sp=true, and attached hereto as Ex. E.  On information and belief, the relevant portions of this webpage have not been substantively modified since September 13, 2007.

29. On information and belief, the statement asserted that "Prince strongly believes that artists as creators and owners of their music need to reclaim their art."

30. On or around October 26, 2007, Defendants released the following statement to ABC News, in response to a request for comment regarding the take down of the Holden Dance Video:

> Prince believes it is wrong for YouTube, or any other user-generated site, to appropriate his music without his consent. That position has nothing to do with any particular video that uses his songs. It's simply a matter of principle. And legally, he has the right to have his music removed. We support him and this important principle. That's why, over the last few months, we have asked YouTube to remove thousands of different videos that use Prince music without his permission.

See J. Avila et al, "The Home Video Prince Doesn't Want You to See," ABC News, October 26, 2007, downloaded on November 7, 2007, from http://abcnews.go.com/print?id+3777651 and attached hereto as Ex. F.

31. On information and belief, Prince himself demanded that Universal seek the removal of the Holden Video. On information and belief, Universal sent the DMCA notice at Prince's behest, based not on the particular characteristics of the Holden Video or any good-faith belief that it actually infringed a copyright but on its belief that, as "a matter of principle," Prince "has the right to have his music removed."

### COUNT I: 17 U.S.C. § 512(F) MISREPRESENTATION

32. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this complaint.

33. The Holden Dance Video does not infringe any copyright owned or administered by Defendants.

34. Lenz's use of the Prince song "Let's Go Crazy" is a self-evident non-infringing fair use under 17 U.S.C. § 107. This is in part because the Holden Dance Video non commercially transforms the song into partially obscured background music for a family video about a toddler just learning to dance, uses only a small, nonsubstantial portion of the original work, and does not substitute for the work or harm any market for the work.

35. On information and belief, Defendants had actual subjective knowledge of the

contents of the Holden Dance Video and that it did not infringe any Universal copyrights on the date they sent YouTube the takedown notice regarding the Holden Dance Video. With this actual subjective knowledge, Defendants acted in bad faith when they sent the takedown notice, knowingly and materially misrepresenting that they had concluded that the video was infringing.

36. In the alternative, Defendants should have known, if they had acted with reasonable care or diligence, or would have no substantial doubt had they been acting in good faith, that the Holden Dance Video did not infringe any Universal copyrights on the date they sent YouTube their complaint under the DMCA.

37. Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Holden Dance Video infringed Universal's copyright.

38. As a direct and proximate result of Defendants' actions, Plaintiff has been injured substantially and irreparably. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the claim of infringement and harm to her free speech rights under the First Amendment. Because Universal's notice was intimidating, Ms. Lenz is now fearful that someone might construe some portion of a new home video to infringe a copyright. As a result, she has not posted a single video on YouTube since she received the takedown notice.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

1. Injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from bringing any lawsuit or threat against Plaintiff for copyright infringement in connection with the Holden Dance Video, including, but not limited to, the video's publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website;

2. Damages according to proof;

3. Attorneys fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, on a Private Attorney General basis, or otherwise as allowed

-7-
SECOND AMENDED COMPLAINT

by law;

4. Plaintiff's costs and disbursements; and

5. Such other and further relief as the Court shall find just and proper.

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED: April 18, 2008

By      /s/
Corynne McSherry, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
STEPHANIE LENZ

-8-
SECOND AMENDED COMPLAINT