*E-FILED: March 1, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>    Plaintiff,<br><br>  v.<br><br>UNIVERSAL MUSIC CORP.; UNIVERSAL MUSIC PUBLISHING, INC.; and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>    Defendants. | No. C07-03783 JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FIND PLAINTIFF IN CONTEMPT, TO COMPEL COMPLIANCE AND IN CAMERA REVIEW, AND FOR SANCTIONS**<br><br>[Re: Docket No. 365] |

BACKGROUND

On defendants' prior motion to compel, Magistrate Judge Trumbull issued a discovery order finding that plaintiff Stephanie Lenz waived the attorney-client privilege with respect to certain matters. (Dkt. No. 334). Lenz, who is represented by the Electronic Frontier Foundation (EFF),[1] was ordered to produce documents and to provide deposition testimony accordingly. Plaintiff objected to that ruling. Judge Fogel overruled Lenz's objections (Dkt. No. 351), and Judge Trumbull's order stands.

The parties subsequently presented to this court[2] a dispute over the intent and meaning of Judge Trumbull's order. Specifically, the parties take divergent (and sometimes very

---

[1] Lenz has also been represented by various law firms throughout these proceedings.

[2] Judge Trumbull has since retired, and the undersigned eventually was assigned to the case to address all discovery matters.

1 nuanced) views as to whether Lenz has fully complied with her obligations to produce attorney-client communications falling within three categories: (1) communications re motives for pursuing this litigation; (2) those concerning the Ninth Circuit's decision in *Rossi v. Motion Picture Ass'n of America, Inc.*, 391 F.3d 1000 (9th Cir. 2004); and (3) communications re Lenz's factual allegations. Defendants claim that Lenz has taken an unreasonably narrow view of her court-ordered obligations and that she has improperly withheld documents and redacted information. Additionally, they claim that Lenz has failed to conduct a reasonable search for documents to be produced. Plaintiff argues that defendants are stretching Judge Trumbull's rulings well beyond their intended limits and that defendants are, in any event, now seeking from this court different or additional relief that was not sought (or even at issue) in their underlying motion to compel.

Pursuant to Fed. R. Civ. P. 37(b), defendants move for an order finding plaintiff in contempt and imposing sanctions. They also request an order directing plaintiff to produce all documents they contend are required for full compliance with Judge Trumbull's order. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies the request for a finding of contempt and sanctions. Nevertheless, plaintiff will be required to conduct a further search for documents, as discussed more fully below.

## LEGAL STANDARD

A court may sanction a party for failing to obey a discovery order and may treat the failure as contempt of court. FED. R. CIV. P. 37(b)(2)(A)(vii). Civil contempt[3] "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." Id. (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). "But a person should not be

---

[3] "Where the purpose of contempt is 'remedial, i.e., to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order, the contempt order is civil.'" Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1130 n.5 (9th Cir. 2006) (quoting Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.3d 787, 790 (9th Cir. 1989)).

2

1 held in contempt if his action appears to be based on a good faith and reasonable interpretation
2 of the court's order." Id. (internal quotations and citations omitted). "The party alleging civil
3 contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and
4 convincing evidence,' not merely a preponderance of the evidence." Id. (quoting Vertex
5 Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)).

## DISCUSSION

A.  Communications re Motives for Pursuing Litigation

Based on statements Lenz made to third parties, Judge Trumbull found a waiver of the attorney-client privilege as to motives for pursuing this action. (Dkt. No. 334 at 5). Among the statements giving rise to that waiver is an email in which Lenz mentioned that EFF was planning a "publicity blitz and/or a lawsuit against Universal." (Dkt. 334 at 4). Plaintiff says that she has produced all publicity-related communications that reflect her or her counsel's motives for filing suit—namely, communications (without any limitation as to when the documents were generated or dated) concerning the *initial* publicity that occurred in the several weeks after this lawsuit was filed. However, she has not produced publicity-related communications that she says do not reflect motives for filing suit—e.g., communications in which her attorneys advised her how to answer media questions without waiving the privilege. Defendants contend that, in order to fully comply with Judge Trumbull's order, Lenz must produce all communications having anything to do with *any* publicity about this case.

Defendants' interpretation of Judge Trumbull's ruling sweeps too broadly. Judge Trumbull's order, as this court reads it, found a waiver as to communications about the possible motives for bringing this action, and not as to any "publicity blitz" per se. This court also rejects defendants' contention that Judge Fogel, in overruling plaintiff's objection to Judge Trumbull's order, held that "publicity" and "motives" are so intertwined that they must be treated as one and the same. Instead, it appears that Judge Fogel was addressing the parties' disagreement whether the waiver applied only to Lenz's motives to sue, or whether it also encompassed EFF's motivations for representing her. (He concluded that Judge Trumbull's order applied to both plaintiff and her counsel.) (Dkt. 351 at 4).

3

1 Nevertheless, the court agrees that publicity-related documents reflecting plaintiff's or
2 her counsel's motives may not be limited to those concerning the initial publicity after the
3 complaint was filed. As defendants point out, this case has received, and continues to receive,
4 considerable media attention. Accordingly, to the extent she has not already done so, plaintiff
5 shall conduct a diligent inquiry and reasonable search and produce all publicity-related
6 communications that reflect her or her counsel's motives for pursuing this litigation, including
7 any such communications pertaining to publicity that occurred later in the litigation. Lenz's
8 further search for responsive documents shall be conducted in compliance with this court's
9 order, as set out below in Section E. Additional responsive documents, if any, shall be
10 produced within 14 days from the date of this order.

B.   Communications re the *Rossi* Decision

Judge Trumbull found that Lenz waived the attorney-client privilege with respect to certain legal issues, including communications about "'the clarification of the *Rossi* decision.'" (Dkt. No. 334 at 6). Plaintiff says that she has produced all communications about *Rossi*, including documents about the legal standard in that case, without any temporal limitation. Defendants accept plaintiff's representation, and it appears that this issue is largely moot. The only remaining dispute concerns the sufficiency of plaintiff's search for documents, which is discussed below.

C.   Communications re Plaintiff's Factual Allegations

Judge Trumbull found that Lenz waived the attorney-client privilege based on (1) statements plaintiff made to third parties in Gmail chats and blog comments and (2) Lenz's own deposition testimony in which she stated that, at the time she made a particular blog comment, she may have misunderstood what her counsel told her. Defendants contend that Judge Trumbull found a broad waiver as to the subject matter of those statements. In their view, plaintiff is obliged to produce all communications that relate to, reference, or reflect issues of infringement or non-infringement. Lenz argues that Judge Trumbull's order is limited to attorney-client communications about the specific statements forming the basis for the waiver. Plaintiff says that she has produced (1) all communications with her counsel about the

4

1  conclusion they reached early on about noninfringement; (2) all of her communications with
2  counsel or counsel's employees prior to the blog comment that Lenz testified about in
3  deposition; and (3) all communications about that blog comment. Lenz also says that she did
4  not have any particular attorney-client communications in mind when she testified about
5  possibly misunderstanding what counsel told her. (Lenz Decl. ¶ 10).

6  Judge Trumbull's order states that plaintiff waived the privilege "on this subject matter,"
7  which would seem to suggest that defendants are correct. But, her order then goes on to say
8  that defendant is entitled to obtain attorney-client communications "as to the specific factual
9  allegations set forth above." (Dkt. No. 334 at 7). The only "specific factual allegations"
10 preceding this language in the order are those specific statements Lenz made to third parties and
11 in deposition. Nowhere in her order does Judge Trumbull say that plaintiff waived the privilege
12 as to all communications concerning infringement or noninfringement generally. Moreover, as
13 plaintiff points out, defendants' proposed order on their underlying discovery motion sought
14 only those communications about "how Plaintiff and her counsel *came to conclude* . . . that her
15 posting was not an infringement of copyright." (Kwun Decl., Ex. H at 1:20-22) (emphasis
16 added). This court therefore declines to read Judge Trumbull's order as broadly as defendants
17 urge. Except for any issues about the sufficiency of plaintiff's search for documents (see
18 below), defendants' motion as to this category of communications is denied.

19 D.   Redactions

20 Defendants complain that roughly half of the documents plaintiff produced in response
21 to Judge Trumbull's order have been redacted, including information in the middle of sentences.
22 Lenz says that the redacted information concerns matters that are not covered by Judge
23 Trumbull's rulings. Asserting that her communications with counsel cover multiple subjects
24 (including within single sentences), Lenz contends that she has done nothing wrong.
25 Defendants remain skeptical and request that this court conduct an *in camera* review of
26 plaintiff's production to confirm the propriety of the redactions.

27 Defendants' skepticism evidently stems from certain documents that Lenz produced and
28 then agreed, during meet-and-confer negotiations, to unredact in part (without conceding that

5

1    the redactions were improper). Defendants have filed examples of those unredacted
2    communications under seal. Having reviewed them, this court finds the unredacted information
3    is largely mundane. Some of the unredacted information, however, does appear to fall within
4    the ambit of Judge Trumbull's order, as affirmed by Judge Fogel, and as now construed by this
5    court. So, although the undersigned is underwhelmed by the need for an *in camera* review to
6    confirm the propriety of her redactions, this court will conduct one in the interest of putting this
7    issue to rest. Within 14 days from the date of this order, plaintiff shall lodge <u>unredacted</u>
8    versions of her document production with the undersigned's chambers, clearly indicating (e.g.,
9    by highlighting) precisely what information has been redacted.

10   E.    <u>Sufficiency of Plaintiff's Search for and Production of Documents</u>

11   Finally, defendants take issue with the quality of plaintiff's search for documents. Lenz
12   admittedly searched only her files, and not those of her attorneys, when looking for
13   communications to be produced pursuant to Judge Trumbull's order. One of plaintiff's
14   attorneys, Corynne McSherry, says that she conducted a spot check of her own files for
15   documents covered by the waiver ruling. McSherry acknowledges, however, that she "did not
16   engage in the sort of full search one might perform for a full document review." (McSherry
17   Decl. ¶ 11). Plaintiff contends that searching her attorneys' files will be entirely duplicative,
18   and therefore burdensome and unnecessary. Here, Lenz says that she has kept all
19   communications to and from her attorneys. But, her declaration merely attests that she has a
20   practice of doing so (<u>see</u> Lenz Decl. ¶ 4), which is less than an unqualified affirmation that all
21   such communications have been saved. Moreover, Lenz did not satisfactorily explain why
22   certain communications called for by Judge Trumbull's order were not produced or included on
23   her privilege log (that is, until defendants pointed out the discrepancy).

24   Accordingly, plaintiff's attorneys shall conduct a reasonable search of their own files for
25   communications with plaintiff that are subject to Judge Trumbull's waiver rulings. Plaintiff's
26   counsel need not, however, produce communications that are duplicative of those that have
27   already been produced.
28

6

This court also declines defendants' invitation to rule, in a vacuum, that Judge Trumbull's order requires plaintiff's counsel to produce claimed work product (e.g., notes, memoranda, and other such documents) that reflect their discussions with Lenz. The fact that Judge Trumbull found that Lenz waived the attorney-client privilege does not necessarily mean that protection of the work product doctrine was also waived. See Handguards, Inc. v. Johnson & Johnson, 413 F. Supp. 926, 929 (N.D. Cal. 1976) ("The work product doctrine is an independent source of immunity from discovery, separate and distinct from the attorney-client privilege. . . . [W]aiver of the privilege does not necessary mean that the protection afforded by the work product doctrine is also breached."). In any event, the work product doctrine was not an issue briefed on defendants' prior motion to compel before Judge Trumbull.

ORDER

Based on the foregoing, defendants' motion for contempt and for sanctions is granted in part and denied in part. Plaintiff shall search for and produce any additional documents, in compliance with the rulings above, within 14 days from the date of this order. Additionally, within 14 days from the date of this order, plaintiff shall submit documents for this court's *in camera* review as discussed above. Nevertheless, defendants' request for a finding of contempt and for sanctions is denied. Defendants' arguments sometimes depended on very nuanced interpretations of Judge Trumbull's rulings, and were also, at times, overreaching. Defendants have not carried their burden of establishing by clear and convincing evidence that plaintiff's conduct was not the product of a good faith or reasonable interpretation of Judge Trumbull's order. Accordingly, except as specifically set out above, defendants' motion is denied in all other respects.

SO ORDERED.

Dated: March 1, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

5:07-cv-03783-JF Notice has been electronically mailed to:

Andrew Frederick Dawson     adawson@kvn.com, jselby@kvn.com

Ashok Ramani     aramani@kvn.com, efiling@kvn.com, mls@kvn.com

Cindy Ann Cohn     cindy@eff.org, rebecca@eff.org, steph@eff.org

Corynne McSherry     corynne@eff.org, cindy@eff.org, kurt@eff.org, michael@eff.org, steph@eff.org

Jason M. Schultz     jschultz@law.berkeley.edu

Julie P. Samuels     julie@eff.org

Kelly Max Klaus     kelly.klaus@mto.com, jillian.song@mto.com, shari.lorand@mto.com

Laura Ashley Aull     ashley.aull@mto.com, shari.lorand@mto.com

Marcia Clare Hofmann     marcia@eff.org, steph@eff.org

Melinda Eades LeMoine     melinda.lemoine@mto.com

Melissa Jeanne Miksch     mmiksch@kvn.com, efiling@kvn.com, jwinars@kvn.com

Michael S Kwun     mkwun@kvn.com, rcirelli@kvn.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.