ELECTRONIC FRONTIER FOUNDATION
CINDY COHN – #145997
KURT OPSAHL #191303
CORYNNE MCSHERRY #221504
JULIE SAMUELS (*pro hac vice*)
454 Shotwell Street
San Francisco, CA  94110
Telephone:     (415) 436-9333
Facsimile:      (415) 436-9993
Email: cindy@eff.org; kurt@eff.org;
corynne@eff.org; julie@eff.org

KEKER & VAN NEST LLP
ASHOK RAMANI - #200020
MICHAEL S. KWUN -#198945
MELISSA J. MIKSCH - #249805
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188
Email: aramani@kvn.com; mkwun@kvn.com
Email: mmiksch@kvn.com

Attorneys for Plaintiff

KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (SBN 235670)
Melinda.LeMoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE LENZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSAL MUSIC CORP., UNIVERSAL MUSIC PUBLISHING, INC., and UNIVERSAL MUSIC PUBLISHING GROUP,<br><br>　　　　　　　　　　　Defendants. | Case No. C 07-03783-JF<br><br>**STIPULATION AND [PROPOSED] ORDER [1] CERTIFYING JANUARY 24, 2013 ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. No. 459) FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND [2] STAYING FURTHER DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF § 1292(b) APPEAL**<br><br>Judge:     The Hon. Jeremy Fogel |

## **STIPULATION**

Plaintiff Stephanie Lenz ("Plaintiff") and Defendants Universal Music Corp., Universal Music Publishing, Inc. and Universal Musical Publishing Group ("Universal"), by and through their respective counsel, declare and stipulate as follows:

WHEREAS, on July 17, 2012, the parties filed cross-motions for summary judgment (the public redacted version of Plaintiff's motion at Dkt. No. 390, and the public redacted version of Defendants' motion at Dkt. No. 395);

WHEREAS, by Order entered January 24, 2013 (Dkt. No. 459) (the "Order"), the Court denied both motions for summary judgment;

WHEREAS, after reviewing the Order, the parties' counsel met and conferred regarding the most expeditious and efficient means of bringing this action closer to final resolution;

WHEREAS, the parties agree that the Order merits certification for an interlocutory appeal to the United States Court of Appeals for the Ninth Circuit pursuant to the terms of 28 U.S.C. § 1292(b); and

WHEREAS, the parties agree that, if the Court certifies the Order pursuant to 28 U.S.C. § 1292(b), further proceedings in this Court should be stayed pending resolution of the interlocutory appeal proceedings, so as to conserve judicial and party resources.

**ACCORDINGLY, THE PARTIES STIPULATE AS FOLLOWS:**

[1] The Order "involves … controlling question[s] of law," 28 U.S.C. § 1292(b), *i.e.*, questions whose "resolution … on appeal could materially affect the outcome of litigation in" this Court, *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), including but not limited to:

  a) Whether 17 U.S.C. § 512 applies in this case (Order at 4-6);

  b) Whether a copyright owner must consider fair use before proceeding to send a takedown notice under the DMCA; if a copyright owner must do that, whether as a matter of law a copyright owner's not so considering fair use suffices to show a "knowing[] material[] misrepresent[ation]" for purposes of establishing liability

|   |   |   |
|---|---|---|
| 1 |   | under 17 U.S.C. § 512(f); and if that showing may establish liability, whether as a |
| 2 |   | matter of law Plaintiff did or did not make that showing (Order at 6-11); |
| 3 | c) | Whether Plaintiff otherwise did or did not show that Universal made a "knowing[] |
| 4 |   | material[] misrepresent[ation]," including whether as matters of law Plaintiff |
| 5 |   | could, and whether she did or did not, establish liability under a theory of "willful |
| 6 |   | blindness" (Order at 9-11); and |
| 7 | d) | Whether Plaintiff did or did not show that she incurred "damages" that suffice for |
| 8 |   | a claim under 17 U.S.C. § 512(f) (Order at 12-14). |

[2] There is "substantial ground for difference of opinion" as the questions identified in Paragraph 1, above.  28 U.S.C. § 1292(b).  While the parties disagree as to the proper answers to all of the controlling legal questions the Order involves, the parties agree that the questions have been vigorously contested, and that a number of them raise questions of first impression.  There is "a substantial ground for difference of opinion" when a controlling legal question "is difficult and of first impression." *Marsall v. City of Portland*, 2004 U.S. Dist. LEXIS 15976 at *20 (D. Or. Aug. 9, 2004) (quotation omitted).  *See also Kersh v. General Council of the Assemblies of God*, 535 F. Supp. 494, 498 (N.D. Cal. 1982) (finding substantial grounds on "difficult questions of first impression in this Circuit"), overruled on other grounds, *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1575 (9th Cir. 1990); *Klinghoffer v. Achille Lauro Lines*, 921 F.2d 21, 25 (2d Cir. 1990) ("substantial grounds for difference of opinion" when the "issues are difficult and of first impression").  This Court has held that the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  October 28, 2008 Order Denying Motion to Certify Interlocutory Appeal, at 3 (Dkt. No. 53).  However, in light of the number of controlling questions of first impression, as well as the more fully developed factual record at the summary judgment stage, the parties believe that the Order merits interlocutory appeal at this juncture.

1   [3] "[A]n immediate appeal from the order may materially advance the ultimate
2   termination of the litigation[.]" 28 U.S.C. § 1292(b).  The Parties recognize that this
3   litigation has been lengthy.  An interlocutory appeal is significantly more likely than
4   an immediate trial to bring this litigation closer to its ultimate termination.  It is
5   possible that the appeal will result in a ruling that one side is entitled to judgment as a
6   matter of law.  Even if the appeal does not result in such a ruling, it is likely that the
7   resolution of one or more questions involved in the Order will significantly narrow or
8   otherwise alter the nature of the issues to be decided at any trial.  Further, if this
9   matter does proceed to trial, it is likely that one or both parties may seek to appeal one
10  of more of the issues raised above; resolution of these issues is likely to conserve
11  judicial resources later.

[4] If the Court certifies the Order for interlocutory appeal, further proceedings in this Court should be stayed pending the resolution of the interlocutory appeal process.

**IN SUPPORT OF SAID STIPULATION**,

a) Pursuant to Civil Local Rule 6-2(a)(1), the parties state that the stipulation set forth above is requested in order to materially advance the ultimate termination of this litigation in the most expeditious and efficient manner possible;

b) Pursuant to Civil Local Rule 6-2(a)(2), the parties disclose the following previous time modifications in this case:

  (1) August 20, 2007 (Docket No. 8), time to respond to first amended complaint;

  (2) October 11, 2007 (Docket No. 19), briefing schedule on Universal's motion to dismiss and special motion to strike;

  (3) November 16, 2007 (Docket No. 26), briefing schedule on Universal's motion to dismiss and special motion to strike;

  (4) April 30, 2008 (Docket No. 35), time to respond to second amended complaint;

(5) August 29, 2008 (Docket No. 46), time to respond to second amended complaint and briefing schedule for motion for to certify for interlocutory appeal;

(6) April 15, 2009 (Docket No. 63), briefing schedule for motion for protective order;

(7) September 9, 2009 (Docket No. 166), briefing schedule for administrative motion;

(8) September 14, 2009 (Docket No. 176), modifications to case management schedule;

(9) November 3, 2009 (Docket No. 206), briefing schedule on Plaintiff's motion for summary judgment on certain of Universal's affirmative defenses; and

(10) July 16, 2010 (Docket No. 291), modifications to case management schedule;

(11) November 4, 2010 (Docket No. 349), modifications to case management schedule;

(12) March 11, 2011 (Docket No. 381), modifications to case management schedule; and

(13) May 2, 2012 (Docket No. 388), setting forth discovery and briefing schedule on cross-motions for summary judgment.

    c) Pursuant to Civil Local Rule 6-2(a)(3), the parties state that the requested time modifications will not affect any dates currently scheduled, as this Court has not set a trial date.

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated: February 25, 2013 | ELECTRONIC FRONTIER FOUNDATION |
| | By: _/s/ Corynne McSherry[*]_<br>CORYNNE MCSHERRY<br>Attorneys for Plaintiff |
| Dated: February 25, 2013 | MUNGER, TOLLES & OLSON LLP |
| | By: _/s/ Kelly M. Klaus_<br>KELLY M. KLAUS<br>Attorneys for Defendants |

### **ORDER**

The Court, having independently reviewed the matter, finds that, for the reasons stated above, the Order Denying Cross-Motions for Summary Judgment entered January 24, 2013 (Dkt. No. 459) (the "Order"), involves controlling questions of law as to which there are substantial grounds for differences of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of this litigation.

In accordance with Fed. R. App. P. 5(a)(3), the Court hereby amends the Order to add the following paragraph at page 14, line 18:

> "The Court finds that this Order involves controlling questions of law as to which there are substantial grounds for differences of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b)."

---

[*] Electronically signed by Defendants' counsel with the concurrence of Plaintiff's counsel. N.D. Cal. G.O. 45 ¶ X.B.

Further proceedings in this Court are stayed pending the resolution of the interlocutory appeal process.

**IT IS SO ORDERED.**

Dated:                          By: _____
                                             HON. JEREMY FOGEL
                                             United States District Judge